IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>　　　　**Plaintiff**<br><br>　　v.<br><br>EVAN P. JOWERS, YULIYA VINOKUROVA, and JOWERS/VARGAS,<br><br>　　　　**Defendants.** | **Civil Action No. 1:18-cv-00444** |

## DEFENDANT EVAN P. JOWERS'S NOTICE OF REMOVAL

Without waiving any challenges to jurisdiction, venue, or lack of proper service, Defendant Evan P. Jowers ("**Jowers**") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and removes this action from the 53rd Judicial District Court of Travis County, Texas. This Notice of Removal is supported by the facts set forth below and the attached declarations and exhibits, including an appendix containing all documents filed in the state court action. This Court's original jurisdiction is based upon 28 U.S.C. § 1332 (i.e., diversity).

### I.　PRELIMINARY STATEMENT AND PROCEDURAL BACKGROUND

On March 27, 2017, Plaintiff MWK Recruiting, Inc. ("**MWK**") filed its Original Petition in Travis County, Texas, where it was assigned to the 53rd Judicial District Court (the "**State Court**"), Cause No. D-1-GN-17-001330 (the "**State Court Action**"). Almost exactly one year later—prior to serving the instant lawsuit on any of the defendants—MWK filed its First Amended Petition (the "**Petition**") on March 26, 2018.

Defendant Jowers was not served with process in the State Court Action until April 26, 2018. On that same date, MWK attempted to serve Defendant Legis Ventures (HK) Company

Limited (sometimes referred to as Jowers/Vargas) ("**Legis Ventures**") by serving Jowers on that entity's behalf, although that service was improper. MWK has yet to serve Defendant Yuliya Vinokurova ("**Vinokurova**").

As set forth more fully below, the State Court Action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. The Court has diversity jurisdiction over this case because (i) this is a civil action between citizens of different states in which a single subject of a foreign state is an additional party; (ii) the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest; and (iii) Jowers has satisfied the procedural requirements for removal.

Finally, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it is being filed within 30 days after MWK's service of the Petition on Jowers in the State Court Action. Further, the one year time limit in 28 U.S.C. § 1446(c)(1) does not apply, because this case is being removed pursuant to § 1446(b)(1), not (b)(3). And, in any event, MWK acted in bad faith by waiting more than a year to serve this lawsuit on Jowers. It could not equitably exhaust the time limit under the statute, and only then choose to serve the lawsuit. For these reasons, removal is timely.

## II. GROUNDS FOR REMOVAL

### A. Diversity Jurisdiction Exists

*1. Legal Standard*

Under 28 U.S.C. § 1332, U.S. district courts have original jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, between … citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a). "Consistent with general principles for determining federal jurisdiction, diversity of citizenship must exist at the time the action is commenced."

*Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989)). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986)).

Here, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because this is a case between citizens of different States in which a subject of a foreign state is an additional party.

### 2.     *The Amount in Controversy Exceeds $75,000*

It is apparent from the face of the Petition that the amount in controversy in this action exceeds $75,000. In particular, paragraph 39 of the Petition specifically states that a certain placement fee "in excess of $200,000" is owed to MWK and that "MWK has a pending claim against Jowers for the fee in question." *See* Petition ¶ 39. MWK also expressly seeks to recover two alleged commission advances totaling $73,088.15. *See id.* ¶ 61. Further, MWK seeks to recover exemplary damages and attorneys' fees, which would certainly be in excess of $5,000— more than enough to cause the total amount in controversy to exceed $75,000. *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.7 (5th Cir. 1998) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (quoting *Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D. Miss. 1988)); *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."). Thus, it is beyond dispute that the amount in controversy exceeds $75,000.00.

      3.      *There Is Complete Diversity Between Citizens of Different States, with One Subject of a Foreign State as an Additional Party.*

          a.      *Jowers Is a Citizen of Florida.*

At the time this action was filed and at all times since, Defendant Evan P. Jowers was and remains a citizen of the State of Florida for diversity purposes.

For purposes of diversity jurisdiction, "[a] United States citizen who is domiciled in a state is a citizen of that state." *Coury*, 85 F.3d at 249. "Thus, with few exceptions, state citizenship for diversity purposes is regarded as synonymous with domicile." *Id.* A change in domicile requires the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely or the absence of any intention to go elsewhere. *See Coury*, 85 F.3d at 250. "[M]ere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent." *Id.* Thus, "[a] person's domicile persists until a new one is acquired or it is clearly abandoned." *Id.* "There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Id.*

"In determining a litigant's domicile, the court must address a variety of factors." *Id.* "No single factor is determinative." *Id.* "The court should look to all evidence shedding light on the litigant's intention to establish domicile." *Id.* Relevant factors may include, but are not limited to: "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.*

Here, Jowers is a citizen of the United States and is not a citizen of any other country or jurisdiction. **Exhibit B**, **Declaration of Evan P. Jowers** ("**Jowers Decl.**") ¶ 3. Beginning in June 2003, Jowers resided in Florida continuously for more than 11 years. *Id.* ¶ 4. Jowers temporarily

relocated to Hong Kong, S.A.R., China ("**Hong Kong**") in June 2015 for work. *Id.* Jowers does not intend to remain in Hong Kong long term. *Id.* ¶ 5. He is only in Hong Kong because he places attorney candidates in the Asian offices of U.S. and U.K. based law firms. *Id.* He has a firm, fixed intention to permanently remain in Florida. *Id.*

Although he works in Hong Kong, Jowers enters Hong Kong using a United States passport on the Hong Kong visa waiver program; he does not have any type of visa for Hong Kong, and he does not have a "right of abode" (*i.e.*, the legal right to permanently reside) in Hong Kong. *Id.* ¶ 3. Further, he maintains a leased apartment at 1830 S. Ocean Dr., Apt. 5102, Hallandale Beach, Florida 33009, to which he often returns. *Id.* ¶ 5. For example, Jowers will be spending substantially all of the summer of 2018 at that address in Florida. *Id.* In fact, this lawsuit was served on Jowers while he was physically present in Florida. *Id.* Jowers's wife, Tatjana Suhotska, is a U.S. permanent resident and stays at the same address in Florida for a substantial portion of each year. *Id.* Ms. Suhotska is Russian, and there is a large Russian community (sometimes referred to as "Little Moscow") along approximately 4 miles of beach front located partly in Hallandale Beach and partly in adjacent towns, in which Jowers and his wife have a number of close friends. *Id.* As a result, they intend to live in this community permanently. *Id.* Indeed, Jowers lived in this same area of Florida from June 2003 onward, including after marrying his wife in 2008. *Id.*

Further, Jowers has a valid Florida driver's license. *Id.* ¶ 6. He is registered to vote in Florida. *Id.* He has no bank account in Hong Kong; his only bank accounts are located in Florida. *Id.* He does not own any real property in Hong Kong, and instead leases a furnished apartment to sleep in when he is working there. *Id.* Further, Jowers files U.S. tax returns every year. *Id.* Members of his extended family, with whom he is close, live in Florida, including his aunt,

uncle, and three cousins. *Id.* Jowers and his wife own a Mercedes automobile, which is kept in Florida. *Id.* Jowers received a Bachelor of Arts degree from the University of Florida in 1997. *Id.*

For these reasons, Jowers is domiciled in, and is therefore a citizen of, the State of Florida for purposes of diversity jurisdiction.

### b. Legis Ventures Is a Citizen of Hong Kong.

At the time this action was filed and at all times since, Legis Ventures was and remains a Hong Kong private company limited by shares with its principal place of business in Hong Kong. *Id.* ¶ 7. Its sole owner and officer is Alejandro Vargas. *Id.* As federal courts have recognized, a Hong Kong limited company is "treated as [a] corporation[] for purposes of § 1332(c)[]." *Flextronics Int'l USA, Inc. v. Sparkling Drink Sys. Innovation Ctr.,* 186 F. Supp. 3d 852, 861 (N.D. Ill. 2016); *accord Li v. Fidelity Investment Limited*, Civ. Ac. No. 4:15-3248, 2015 WL 9583991, at *2 (S.D. Tex. Dec. 31, 2015) ("It is undisputed that Fidelity [Investment Limited] is a Hong Kong citizen … for purposes of diversity jurisdiction."); *WMH Tool Grp. H.K. Ltd. v. Ill. Indus. Tool, Inc.*, 2006 WL 1517778, at *1 (N.D. Ill. May 24, 2006). Under federal law, a foreign corporation, like a domestic one, is deemed to be a citizen of its place of incorporation and its principal place of business—*i.e.*, where its "nerve center" is located. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92–93 (2010).

Here, Legis Ventures is indisputably a Hong Kong private company that is treated like a corporation for purposes of determining diversity. *See* Jowers Decl. ¶ 7. Further, Legis Venture's principal place of business is in Hong Kong—its sole owner and officer, Alejandro Vargas, works in Hong Kong, making Hong Kong the "nerve center" of the company. *Id.* Thus, Legis Ventures is a citizen of Hong Kong for purposes of diversity.

      *c.*     *Yuliya Vinokurova Is a Citizen of Florida.*

At the time this action was filed and at all times since, Defendant Yuliya Vinokurova ("**Vinokurova**") was and remains a citizen of Florida for diversity purposes.

Vinokurova is a natural person who is a dual citizen of the United States and of the Russian Federation. **Exhibit C, Declaration of Yuliya Vinokurova** ("**Vinokurova Decl.**") ¶ 3. For purposes of diversity jurisdiction, federal courts ignore the dual nationality of a foreign citizen and only consider that person's American citizenship. *Coury*, 85 F.3d at 250.

Like Jowers, Vinokurova intends to permanently reside in the Miami area for personal and career reasons. *See* Vinokurova Decl. ¶ 5. She lived in Miami, Florida for two years prior to temporarily relocating to St. Petersburg, Russia to help take care of her parents and grandmother. *Id.* ¶ 4. She is the sole breadwinner for her family. *Id.* In fact, she did not want to move to Russia, and did so only because of the needs of her relatives. *Id.* But for the need to care for her family, Vinokurova would not have moved to St. Petersburg. *Id.*

Vinokurova does not intend to remain in Russia long term. *Id.* ¶ 5. She works remotely in St. Petersburg for Legis Ventures, assisting in the placement of attorney candidates in the Asian offices of U.S. and U.K. based law firms. *Id.* Like Jowers, Vinokurova has a firm, fixed intention to permanently reside in Florida, where she intends to continue working for Legis Ventures to help establish its U.S. operations. *Id.* Vinokurova does not earn any money from or have any employment with any business located in Russia. *Id.*

Vinokurova intends to return to and permanently reside in Florida because she has a substantial connection with the State of Florida. *Id.* ¶ 6. She lived in the United States for 13 years prior to relocating to St. Petersburg. *Id.* She previously lived in Gainesville, Florida, and again in Miami for two years prior to moving to St. Petersburg. *Id.* Her closest friends are Evan

P. Jowers and his wife, Tatjana Suhotska, both of whom are citizens of Florida and live there for a substantial part of each year. *Id.* She remains registered to vote in Florida. *Id.* Vinokurova also files a tax return in the United States every year. *Id.*

For these reasons, Vinokurova has been and remains domiciled in the State of Florida for purposes of diversity jurisdiction.

    d.  *MWK Is a Citizen of Texas.*

Plaintiff MWK is citizen in the State of Texas. At the time this action was filed, Plaintiff MWK Recruiting, Inc. was registered as a limited liability company in Texas, known as MWK Recruiting, LLC. **Exhibit D, Certificate of Conversion** dated March 12, 2018. In diversity cases, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F3d 1077, 1080 (5th Cir. 2008).

Here, based upon a reasonable investigation of public records and statements made by Robert Kinney, all of the members in MWK Recruiting, LLC at the time of filing of this lawsuit were citizens of Texas. No member in MWK Recruiting, LLC was a corporation, LLC, limited partnership, or other entity. *See* **Exhibit E**, **2016 Public Information Report** for MWK Recruiting, LLC (most recent PIR filed by MWK).[1] Instead, all of the members of MWK Recruiting, LLC were either natural persons domiciled in Texas or in states other than Florida. *See id.* In particular, each of Robert Kinney, his wife (Michelle Kinney), and his parents held a membership interest in MWK Recruiting, LLC. *See* Jowers Decl. ¶ 9; **Exhibit F**, **Certificate of Formation** of MWK Recruiting, LLC (establishing that the company was formed in 2012). Mr. Kinney, his wife, and his parents are all citizens and residents of Texas and have been for many

---

[1] Like virtually all U.S. jurisdictions, Texas does not require a limited liability company to disclose the identities of all of its members. In particular, in Texas, the LLC need only disclose the identity of members that are certain types of business entities and hold interests of more than 10% in the company. *See* TEX. TAX CODE § 171.203(a)(2). Natural persons who are members need not be disclosed. *See*, *e.g.*, Ex. E.

years. *Id.* While other Kinney relatives might have conceivably had an interest in MWK Recruiting, LLC, none of them is a citizen of or resides in Florida. *Id.* Thus, no member of MWK Recruiting, LLC was ever domiciled in Florida. For purposes of diversity jurisdiction, at the time this suit was filed, MWK Recruiting, LLC was a citizen of Texas.

Further, as of the time of removal, MWK Recruiting, Inc. is also a citizen of Texas. MWK is a Texas corporation with its principal place of business at 824 W. 10th Street, Suite 202, Austin, Texas 78703. *See* Petition ¶ 2; *accord* Ex. C. The Petition admits that these facts are true. *See* Petition ¶ 2. Further, MWK's Certificate of Conversion on file with the Texas Secretary of State, which is MWK's latest public filing, sets forth the same facts. Ex. C. For these reasons, MWK was and remains a citizen of Texas and nowhere else.

    *e.*  *The Citizenship of the Parties Satisfies the Diversity Statute.*

Thus, diversity exists under 28 U.S.C. § 1332(a)(3) because, both now and when this lawsuit was filed, the sole plaintiff, MWK, was and remains a citizen of Texas, and defendants Jowers and Vinokurova were and remain citizens of Florida and the only other defendant, Legis Ventures, was and remains a subject of a foreign state. Thus, diversity jurisdiction is proper under federal law.

**B. Jowers Has Complied with All Removal Procedures.**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. Jowers was served with MWK's Petition on April 26, 2018. Thus, the Notice of Removal is being filed within thirty (30) days of service as required.

Additionally, the one year time limit in 28 U.S.C. § 1446(c)(1) does not apply to this case. By its clear terms, that limit applies only to removal under 28 U.S.C. § 1446(b)(3), which relates solely to cases that are not removable under the initial pleading, but become removable in

a subsequent amended pleading.[2] *See N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (holding that one year limit applies only to cases that are not initially removable, not cases removed within the first 30 days after service). This does not apply here because this case is being removed pursuant to 28 U.S.C. 1446(b)(1)—*i.e.*, within 30 days after service of the Petition on Jowers. *E.g.*, *Breese v. Hadson Petroleum (USA), Inc.*, 947 F. Supp. 242, 243 (M.D. La. 1996) (holding, under essentially identical language of pre-amendment § 1446(b), that one year limit does not apply to cases where plaintiff fails to serve defendant until after time limit expires). The Petition is the first pleading as to Jowers because it is the first and only one that MWK actually served on him.

Further, the time limit in § 1446(c)(1) is subject to a bad faith exception, which applies here because MWK failed to serve Jowers until more than one year after it filed the instant lawsuit. This case has been pending longer than the total amount of time permitted in the Texas Supreme Court's standards for trial and final disposition in civil nonjury cases. *See* Tex. R. Judicial Admin. 6.1(a)(2) (providing that, in civil nonjury cases, trials should occur within 12 months of the appearance date).[3] Further, Texas law requires due diligence in attempting to serve a defendant. *See, e.g.*, *Sharp v. Kroger Tex., L.P.*, 500 S.W.3d 117, 119–20 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Here, MWK didn't serve Jowers until more than a year after this case was filed. MWK cannot equitably fail to serve Jowers for more than one year and then claim the right to prevent removal based upon its own failure. This would allow MWK to manipulate the removal rules to its advantage. Tellingly, MWK only appears to have obtained

---

[2] 28 U.S.C. § 1446 was amended in 2011 to clarify that the one year time limit, which was previously located in 28 U.S.C. § 1446(b), applies only to one removal under § 1446(b)(3), and not (b)(1). *See, e.g.*, *Rantz v. Shield Coat, Inc.*, 2017 WL 3188415, at *5 n.23 (E.D. La. July 26, 2017).

[3] These time standards are incorporated by reference directly into Texas Rule of Civil Procedure 165a(2), concerning dismissal for want of prosecution.

**DEFENDANT EVAN P. JOWERS'S NOTICE OF REMOVAL**                                                            **PAGE 10**
WEST\281632595.1

process and served Jowers shortly *after* the first year expired. Such conduct constitutes bad faith, and, if it were necessary, this case would fall within the exception to § 1446(c)(1).

Pursuant to 28 U.S.C. § 1446(a) and the local rules, copies of all process, pleadings, orders, and other documents on file with the District Court of Travis County, attached hereto. *See* **Exhibit A**.

Pursuant to 28 U.S.C. § 1446(a) and FED. R. CIV. P. 7.1, Legis Ventures submits a Corporate Disclosure Statement contemporaneously with this Notice.

Each of the properly named and joined defendants has consented to removal of this action to this Court. *See* 28 U.S.C. § 1446(b)(2)(A). Jowers and Legis Ventures are the only defendants that MWK has actually served with this lawsuit. *See* Ex. A. Jowers himself files the instant Notice of Removal, and Legis Ventures has expressly consented to it. Jowers Decl. ¶ 7. Ms. Vinokurova has not yet been served with this lawsuit and therefore has not been properly joined as a party; however, to the extent necessary she has also consented to this removal. Vinokurova Decl. ¶ 7.

A copy of this Notice of Removal is being filed with the Clerk of the District Court of Travis County, as provided by law. Written notice of removal is also being given to MWK, by and through its attorney of record.

Jowers respectfully reserves the right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal of this action, Jowers requests the opportunity to present a brief and requests oral argument in support of removal or, if necessary, the opportunity to take limited jurisdictional discovery.

### III.   CONCLUSION

Jowers prays that the State Court Action be removed to the United States District Court for the Western District of Texas, that the State Court proceed no further, and that he be awarded any other relief to which he may be entitled.

Dated: May 25, 2018.                              Respectfully submitted,

By:   */s/ Marc D. Katz*
   Marc D. Katz
   State Bar No. 00791002
   marc.katz@dlapiper.com
   James C. Bookhout
   State Bar No. 24087187
   james.bookhout@dlapiper.com
   **DLA PIPER LLP (US)**
   1717 Main Street, Suite 4600
   Dallas, TX 75201
   Telephone: (214) 743-4500
   Facsimile:  (214) 743-4545

   **COUNSEL FOR DEFENDANTS
   EVAN P. JOWERS AND LEGIS
   VENTURES (HK) COMPANY LIMITED**

### CERTIFICATE OF SERVICE

I hereby certify that, on May 25, 2018, a true and accurate copy of the foregoing document was served via the Court's CM/ECF facilities and via certified mail, return receipt requested to all counsel of record.

   */s/ James C. Bookhout*
   James C. Bookhout