IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC. | § | |
| | § | |
| VS. | § | NO. 1:18-cv-0444 RP |
| | § | |
| EVAN P. JOWERS, et al. | § | |

**ORDER**

Before the Court is the Plaintiff's Motion for Discovery Regarding Personal Jurisdiction (Dkt. No. 51), as well as the Response (Dkt. No. 53) and Reply (Dkt. No. 57). The motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).

This is a suit brought by a MWK Recruiting, Inc., a legal recruiting firm, against former employees of the firm, the former employees' new firm, and the owner of the new firm, alleging that the former employees misappropriated trade secrets and breached their employment agreements, and that all defendants tortiously interfered with MWK's existing and prospective contracts. All of the defendants have moved to dismiss the case for various reasons, including the allegation that the Court lacks personal jurisdiction over them. Dkt. Nos. 19, 39, & 44. In the current motion, MWK requests leave to conduct discovery on the factual issues raised by the motions to dismiss for lack of personal jurisdiction.[1] The defendants oppose the motion, arguing that MWK sat on its hands too

---

[1] On December 17, 2018, Judge Pitman granted the defendants' joint motion to stay discovery pending the ruling on the motions to dismiss. *See* Dkt. No. 63. Though the order does not purport to rule on the present motion, by its literal terms it could be seen as rejecting the Plaintiff's request to conduct jurisdictional discovery. It is also possible to construe the order as not ruling out the possibility of jurisdictional discovery being allowed (but all other discovery being stayed), given that the Plaintiff's motion requesting discovery was referred to the undersigned, and was still pending at the time the order staying discovery was entered. Given this possibility, the Court addresses the merits of the motion in this order.

long to now seek such discovery, and further contending that MWK cannot meet the threshold standard required before jurisdictional discovery is permitted. The Court agrees.

To obtain discovery on jurisdiction, MWK must demonstrate its necessity. *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013). This requires making a "preliminary showing" of jurisdiction, which is something less than a prima facie case. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). If the record suggests that the discovery sought is "not likely to produce the facts needed to withstand" the jurisdictional challenge, the plaintiff is not entitled to conduct the discovery. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014); *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). Further, to obtain discovery, MWK "is expected to identify with particularity the discovery sought, explain what information it expects to obtain, and explain how that information would support the assertion of personal jurisdiction." *Broadway Nat'l Bank v. Plano Encryption Techs, LLC*, 173 F. Supp. 3d 469, 480 (W.D. Tex. 2016) (citing *Fielding*, 415 F.3d at 429).

MWK has failed to meet its burden. The case for personal jurisdiction it has laid out does not meet the "preliminary showing of jurisdiction" required. It notes that it is not contending that there is a case for general jurisdiction over any of the defendants, and thus is relying on the argument that the defendants each have sufficient contacts with this jurisdiction specific to the claims in the case to sustain jurisdiction over them. But a review of MWK's responses to the motions to dismiss and its motion for leave to conduct discovery shows that MWK is short of the kind of facts it would need to make a persuasive case for specific jurisdiction. For example, though MWK is located in Austin, substantially all, if not all, of the relevant events noted in the Amended Complaint appear to have taken place outside Austin, and mostly in Hong Kong. Further, all of the defendants reside

outside of the United States. Jowers and Vargas both reside in Hong Kong, and Legis is a company created under the laws of Hong Kong, with its offices there. Vinokurova resides in St. Petersburg, Russia. Further, there is insufficient specificity in MWK's motion regarding what it expects to find through discovery, and how that would support its jurisdictional argument.[2] Moreover, both Jowers and Vinokurova were longtime employees of MWK, and it should therefore have knowledge of any facts connecting them to this forum, at least as it relates to their prior employment with MWK.

With regard to Legis and Vargas, MWK has failed to articulate a persuasive, basic case of personal jurisdiction over either of them. Legis is a Hong Kong corporation, solely owned by Vargas. Vargas is a citizen of Spain and Chile, and a permanent resident of Hong Kong. His "involvement" in this case appears to be that his company, Legis, became the employer of Jowers and Vinokurova when they left working for Kinney Recruiting. He denies in his affidavit that he recruited either Jowers or Vinokurova, or that he has ever had any relationship or business with MWK or any of its affiliates. The Amended Complaint does not make specific factual allegations that Vargas himself was engaged in any of the alleged wrongdoing MWK's claims rely upon. Indeed, the allegations connecting Vargas to any wrongdoing are completely conclusory. Finally,

---

[2] The Court notes that MWK alleges that Jowers and Vinokurova each signed an employment agreement in which they agreed to waive any objection to venue or jurisdiction for any suit arising out of the agreements brought in any court in Travis County, Texas. Jowers and Vinokurova both contest that MWK has standing to raise this argument, because the signatory on their employment agreement is a different entity, and because they do not believe MWK has adequately demonstrated that the employment agreements were assigned to it or that it has the right to enforce the agreements' terms. If in fact MWK can demonstrate that the two employment agreements were assigned to it, and that it retains the right to enforce those agreements, then it may have a tenable basis on which it could defeat these defendants' jurisdictional objection (at least as to the claims based on the employment agreements). But there is no need to permit MWK discovery for this purpose, as MWK is already in possession of any of the facts needed to support such an argument.

none of the minimal contacts MWK alleges exist between Legis and the United States relate to the claims at issue in this suit, and MWK's attempts to connect them to this case are unpersuasive.[3]

In sum, MWK has failed to make a "preliminary showing" of jurisdiction over the defendants sufficient to allow discovery on that issue. It has also failed to provide a sufficiently specific list of the discovery it would do if permitted, and how, if it were permitted to do the discovery, it would support its claim that the Court has jurisdiction over the defendants. Jurisdictional discovery is therefore not appropriate here.

Accordingly, Plaintiff's Motion for Discovery Regarding Personal Jurisdiction (Dkt. No. 51) is **DENIED**.

SIGNED this 22nd day of January, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[3] The contacts are simply general business contacts with the U.S., and the alleged relationship between those contacts and the claims raised in the Amended Complaint are tenuous, to be kind. *See, e.g.* Dkt. No. 49 at 20-21 ("Without a presence in the United States, and consistent and deliberate contacts with law firms headquartered in the United States, it would have been impossible to convert the misappropriated trade secrets stolen by Vargas and Jowers from MWK to cash. . . . Jowers, on behalf of Legis, has entered into multiple contracts with law firms headquartered in the United States. Setting up a website using a United States server was a necessary step to creating a business which could be used, effectively, to sell their stolen trade secret information, and Jowers chose to do so using a United States based domain name registrar and server. Without a United States presence, and a representative in New York, it would have been more difficult to place the candidates as well.")