## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC.** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 1:18-cv-00444 |
| **EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas)** | |
| **Defendants.** | |
| **EVAN P. JOWERS** | |
| **Counterclaimant,** | |
| **v.** | |
| **MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED** | |
| **Counter-defendants.** | |

## DEFENDANT EVAN P. JOWERS'S MOTION TO
## DISMISS COUNTER-DEFENDANTS' COUNTERCLAIMS

Defendant Evan P. Jowers ("**Jowers**") moves to dismiss the counterclaims (the "**Kinney Counterclaims**") [ECF No. 99] brought in conjunction with the answer to Jowers's counterclaims filed by Recruiting Partners GP, Inc. ("**RP GP**"), Kinney Recruiting LLC ("**KR LLC**"), Counsel Unlimited LLC ("**CU LLC**"), Kinney Recruiting Limited ("**Kinney Recruiting HK**," and collectively, the "**Kinney Entities**"), MWK Recruiting, Inc. ("**MWK**"), Robert E. Kinney ("**Kinney**"), and Michelle W. Kinney ("**M.W. Kinney**") (collectively, the "**Kinney Parties**").

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................... 2

APPLICABLE LEGAL STANDARDS ....................................................................................... 4

ARGUMENT AND AUTHORITIES .......................................................................................... 5

      I.      Counterclaim I Is Barred As a Matter of Law Because Jowers's Allegedly Defamatory Statements Are Protected by Absolute Privilege. ........................... 5

      II.     Counterclaim I Also Fails to State a Claim Upon Which Relief Can Be Granted. .................................................................................................................. 7

      III.    Counterclaim II Must Be Dismissed Because the Declaratory Judgment Act Cannot Be Used to Obtain a Declaration of Non-liability for Defamation. ..................................................................................................... 10

      IV.    Counterclaim II Also Fails to State a Claim Upon Which Relief Can Be Granted. ................................................................................................................ 11

CONCLUSION........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*5-State Helicopters, Inc. v. Cox*,
146 S.W.3d 254 (Tex. App.—Fort Worth 2004, pet. denied) ....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4, 10, 12

*Avdeef v. Royal Bank of Scotland, P.L.C.*,
616 F. App'x 665 (5th Cir. 2015) ....................6

*BancPass, Inc. v. Highway Toll Admin., L.L.C.*,
863 F.3d 391 (5th Cir. 2017) ....................6

*Barnes v. Madison*,
79 F. App'x 691 (5th Cir. 2003) ....................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 9, 12

*Bentley v. Bunton*,
94 S.W.3d 561 (Tex. 2002)....................9

*CEDA Corp. v. City of Houston*,
817 S.W.2d 846 (Tex. App.—Houston [1st Dist.] 1991, writ denied) ....................6

*Certain Underwriters at Lloyd's London v. A & D Interests, Inc.*,
197 F. Supp. 2d 741 (S.D. Tex. 2002) ....................10

*Chevron U.S.A., Inc. v. Traillour Oil Co.*,
987 F.2d 1138 (5th Cir. 1993) ....................10

*Crouch v. J. C. Penney Corp., Inc.*,
564 F. Supp. 2d 642 (E.D. Tex. 2008)....................8

*Cuba v. Pylant*,
814 F.3d 701 (5th Cir. 2016) ....................6

*Davis v. Prosperity Bank*,
383 S.W.3d 795 (Tex. App.—Houston [14th Dist.] 2012, no pet.)....................4, 8, 9

*Ersek v. Twp. of Springfield, Delaware Cty.*,
822 F. Supp. 218 (E.D. Pa. 1993) ....................8

*Evolve Fed. Credit Union v. Rodriguez*,
     No. EP-11-CV-367-KC, 2012 WL 695714 (W.D. Tex. Feb. 29, 2012)...................................11

*Fiber Sys. Int., Inc. v. Roehrs*,
     470 F.3d 1150 (5th Cir. 2006) ........................................................................................7, 8

*Garrett v. Celanese Corp.*,
     No. 3:02-CV-1485-K, 2003 WL 22234917 (N.D. Tex. Aug. 28, 2003) .................................9

*Great-West Life Annuity Co. v. Petro Stopping Centers, L.P.*,
     No. 3:01-CV-1847-G, 2001 WL 1636413 (N.D. Tex. Dec. 18, 2001)...................................10

*I Love Omni, LLC v. Omnitrition Int'l, Inc.*,
     No. 3:16-CV-2410-G, 2017 WL 1036662 (N.D. Tex. Mar. 17, 2017)...................................12

*IBP, Inc. v. Klumpe*,
     101 S.W.3d 461 (Tex. App.—Amarillo 2001, pet. denied)......................................................5

*Jackson v. Dallas Indep. Sch. Dist.*,
     No. 3:98-CV-1079-D, 1998 WL 386158 (N.D. Tex. July 2, 1998)
     (Fitzwater, J.) ...............................................................................................................4, 8

*James v. Brown*,
     637 S.W.2d 914 (Tex. 1982).................................................................................................6

*Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*,
     20 F.3d 1362 (5th Cir. 1994) ..........................................................................................4, 7

*Lorfing v. Gerdau Ameristeel U.S., Inc.*,
     No. 3:16-CV-915-L, 2017 WL 9471835 (N.D. Tex. Jan. 26, 2017) .......................................9

*McLean v. Int'l Harvester Co.*,
     817 F.2d 1214 (5th Cir. 1987) ..............................................................................................6

*Moore v. Waldrop*,
     166 S.W.3d 380 (Tex. App.—Waco 2005, no pet.)............................................................7, 8

*Moyer v. Jos. A. Bank Clothiers*, *Inc*.,
     No. 3:11-CV-3076-L, 2013 WL 4434901 (N.D. Tex. Aug. 19, 2013)..................................4, 8

*Reagan v. Guardian Life Ins. Co.*,
     166 S.W.2d 909 (Tex. 1942).................................................................................................7

*Sacchetti v. Optiv Sec., Inc.*,
     No. 4:18-CV-0099, 2019 WL 4727418 (E.D. Tex. Sept. 27, 2019).......................................9

*Shanks v. AlliedSignal, Inc.*,
     169 F.3d 988 (5th Cir. 1999) .................................................................................................6

*Shell Oil Co. v. Writt*,
  464 S.W.3d 650 (Tex. 2015) ..................................................................................... 6

*Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*,
  99 F.3d 746 (5th Cir. 1996) ..................................................................................... 10

*Skelly Oil Co. v. Phillips Petroleum Co.*,
  339 U.S. 667 (1950) ................................................................................................. 10

*Sneed v. Ibarra*,
  No. EP-17-CV-00072-PRM-ATB, 2017 WL 1180965 (W.D. Tex. Mar. 29,
  2017) ................................................................................................................... 4, 8

*Strickland v. Aaron Rents, Inc.*,
  No. EP-05-CA-013-DB, 2006 WL 770578 (W.D. Tex. Mar. 24, 2006) ................................ 6

*Torch, Inc. v. LeBlanc*,
  947 F.2d 193 (5th Cir. 1991) ..................................................................................... 10

*Trafton v. Ditech Fin., LLC*,
  No. 1-18-CV-00580-RP, 2019 WL 488927 (W.D. Tex. Feb. 7, 2019) ................................. 11

*U.S. Enercorp, Ltd. v. SDC Montana Bakken Exploration, LLC*,
  966 F. Supp. 2d 690 (W.D. Tex. 2013) ............................................................................ 4

*United of Omaha Life Ins. Co. v. Region 19 Educ. Serv. Ctr.*,
  No. 3:02CV0279D, 2002 WL 1285204 (N.D. Tex. June 4, 2002)
  (Fitzwater, J.) ..................................................................................................... 10

*Wiggins v. Dist. Cablevision, Inc.*,
  853 F. Supp. 484 (D.D.C. 1994) ................................................................................... 8

**OTHER AUTHORITIES**

5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1309
  (2d ed.1990) ..................................................................................................... 4, 8

Fed. R. Civ. P. 8 ................................................................................................... 4, 9

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 13

Fed. R. Civ. P. 12(b)(2) ................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) .......................................................................................... passim

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 5

## PRELIMINARY STATEMENT

This Motion is necessary because Robert Kinney and the Kinney Parties have alleged two facially invalid counterclaims in this action solely in an attempt to manufacture a basis for their companion Expedited Motion for Issuance of a Preliminary and a Permanent Injunction ("**Anti-suit Injunction Motion**") [ECF No. 102]. Kinney filed the Anti-suit Injunction Motion on October 9, 2019, just nine days after filing the Kinney Counterclaims. Prior to that time, no party had raised any defamation allegations in this lawsuit. The Kinney Counterclaims' only purpose is to create artificial overlap between this lawsuit—which has never concerned Kinney's post-employment defamation of Jowers; and a lawsuit in Hong Kong—which solely concerns Kinney's defamatory statements to persons in Hong Kong, many of which were made while physically present there. In their haste to create that overlap, the Kinney Parties succeeded only in asserting two claims that are wholly inviable.

Both of the Kinney Counterclaims fail as a matter of law.

*As to Counterclaim I*, the Kinney Parties allege that Jowers defamed them based solely on allegations contained in Jowers's pleadings filed with this Court. Under bedrock principles of Texas law, statements made during the course of judicial proceedings, particularly in pleadings actually filed in the litigation itself, are absolutely privileged. They simply cannot form the basis of a defamation claim. Moreover, the Kinney Parties failed to allege *any* facts to support such a cause of action. There is no identification of any specific, allegedly defamatory statement; any time and place such supposed statements were published; or any third parties to whom such supposedly defamatory statements were made. Instead, the Kinney Parties raise only threadbare, conclusory allegations that are insufficient to state a claim, let alone meet the "more particular pleading" standard applicable to defamation claims.

*As to Counterclaim II*, Kinney and Kinney Recruiting HK expressly seek a declaration of non-liability for Jowers's defamation claim, which Jowers brought in the Hong Kong Action five months ago. This request is wholly improper. A party may not invoke the Declaratory Judgment Act to seek a declaration of non-liability for defamation—or for any other tort, absent peculiar facts not present here. Even if a party could, Kinney and Kinney Recruiting HK's request for a declaration of non-liability in tort is duplicative of a prior action pending in Hong Kong, and Hong Kong is clearly the locus of Jowers's defamation claims.

The Kinney Counterclaims are legally barred and, in any event, fail to state a claim. Given their invalidity under controlling law, dismissal with prejudice is appropriate.

## FACTUAL AND PROCEDURAL BACKGROUND

From April 2006 until June 2015, Jowers was an attorney recruiter and employee of Kinney Recruiting, LLC (and its predecessor Recruiting Partners GP, Inc.), an attorney placement business of which Robert E. Kinney ("**Kinney**") is the principal officer and manager. *See* Sec. Am. Compl. ("**SAC**") ¶¶ 12–13, ECF No. 80.

In or about June 2015, Jowers relocated primarily to Hong Kong, where he worked on behalf of Kinney Recruiting Limited, a Hong Kong limited company ("**Kinney Recruiting HK**"). *See* SAC ¶ 75. In December 2016—more than one year after relocating—he ended his relationship with Kinney Recruiting HK and soon thereafter became an attorney recruiter for Legis Ventures. *Id.* ¶ 111, 119.

MWK filed this lawsuit in Texas state court on March 27, 2017. ECF No. 1-2. More than a year passed, with no service on any of the defendants. ECF No. 9-1. On March 26, 2018, MWK amended its pleading in state court by filing its First Amended Petition, and it later finally served Jowers in Florida. ECF Nos. 1-3, 9-1. On March 25, 2019, MWK filed its Second Amended Complaint. ECF No. 80. On April 17, 2019, Jowers and the other defendants moved to dismiss

MWK's case for lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim under Rule 12(b)(6). ECF No. 84.

Separately, on May 9, 2019, Jowers and (former) defendant Alejandro Vargas filed a defamation suit in Hong Kong against Kinney and Kinney Recruiting HK for defamatory statements Kinney made against Jowers and Vargas in Hong Kong (the "**Hong Kong Action**"). *See* Endorsement of Claim, Anti-suit Injunction Motion Ex. 1. At that time, none of the Kinney Parties were parties to this case.

On July 29, 2019, this Court issued an order dismissing all claims against the non-Jowers defendants and dismissing certain claims against Jowers (the "**Order**"). ECF No. 87. On August 19, 2019, Jowers answered the SAC and asserted claims against MWK, Kinney, Michelle W. Kinney, RP GP, KR LLC, CU LLC, and Kinney Recruiting HK. ECF No. 90. Jowers amended his answer and claims on September 9, 2019. ECF No. 96. Neither the original nor the amended claims contained defamation-related causes of action or even factual allegations.

On September 30, 2019, the Kinney Parties—including Plaintiff MWK—filed their answer to Jowers's counterclaims and asserted two counterclaims of their own (the "**Kinney Counterclaims**"). ECF No. 99. The first counterclaim is asserted by all Kinney Parties (including Plaintiff MWK) and alleges defamation against Jowers based solely on allegations contained in Jowers's pleadings filed with this Court. *E.g.*, *id.* ¶¶ 12, 30. The second counterclaim is asserted by Kinney and Kinney Recruiting HK and seeks a declaration of nonliability in tort, namely, nonliability for Jowers's defamation claim brought in the Hong Kong Action. *Id.* ¶¶ 32-33. Nine days later, on October 9, 2019, the Kinney Parties filed their Anti-suit Injunction Motion, asking the Court to require Jowers to dismiss the suddenly "duplicative" Hong Kong Action. Jowers filed his response in opposition to the Anti-suit Injunction Motion on October 17, 2019. ECF No. 107.

## APPLICABLE LEGAL STANDARDS

Rule 8 requires that a pleading contain sufficient facts that, if accepted as true, state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires more than threadbare, unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, courts require "more particular pleading" for defamation claims to allow the opposing party to raise the appropriate defenses. *Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901, at *6 (N.D. Tex. Aug. 19, 2013) (quoting *Jackson v. Dallas Indep. Sch. Dist.*, No. 3:98-CV-1079-D, 1998 WL 386158, *5 (N.D. Tex. July 2, 1998) (Fitzwater, J.)). To state a claim for defamation, a plaintiff must specifically identify the statements it claims are defamatory. *See Sneed v. Ibarra*, No. EP-17-CV-00072-PRM-ATB, 2017 WL 1180965, at *6 (W.D. Tex. Mar. 29, 2017) ("Plaintiff's allegations necessarily fail because he does not identify any allegedly defamatory statement(s) made by Defendants."); *Davis v. Prosperity Bank*, 383 S.W.3d 795, 804 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Nowhere in the [plaintiffs'] pleadings … have they identified any specific statements they claim to be defamatory."). Further, "[d]efamation claims must specifically state the time and place of the publication." *Jackson*, 1998 WL 386158, at *5 (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1309 at 698 (2d ed.1990)). An affirmative defense can serve as the basis for dismissal under Rule 12(b)(6) if the facts giving rise to the affirmative defense appear "clearly on the face of the pleadings." *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *see also U.S. Enercorp, Ltd. v. SDC Montana Bakken Exploration, LLC*, 966 F. Supp.

2d 690, 707 (W.D. Tex. 2013) ("*Except where the plaintiff's petition shows on its face that the alleged wrongful action is protected by a privilege*, the defendant has the burden of proving that the act in question is privileged." (emphasis added) (quoting *IBP, Inc. v. Klumpe*, 101 S.W.3d 461, 471 (Tex. App.—Amarillo 2001, pet. denied))).

## ARGUMENT AND AUTHORITIES

Both of Kinney's counterclaims are legally barred under well-established doctrines. Kinney's defamation counterclaim (Counterclaim I) fails because it is based exclusively on statements contained in Jowers's pleadings, which are protected by absolute privilege. Kinney has also failed to state a claim because he has not identified (i) any supposedly defamatory statements, (ii) the identities of any third parties who allegedly received these statements, and (iii) the time and place such supposed statements were made. Kinney's declaratory judgment counterclaim (Counterclaim II) fails because the Declaratory Judgment Act cannot be used to obtain a declaration of non-liability for defamation. Further, as to Plaintiff MWK, these "counterclaims" are an improper attempt to amend its Complaint without seeking leave from the Court under Fed. R. Civ. P. 15(a)(2). As to all of the Kinney Parties, their counterclaims have no basis in law. Therefore, any attempt to re-plead these claims would be futile.

## I.   Counterclaim I Is Barred As a Matter of Law Because Jowers's Allegedly Defamatory Statements Are Protected by Absolute Privilege.

The Kinney Parties' Counterclaim I purports to assert a defamation claim against Jowers based solely on the allegations contained in Jowers's pleadings filed in this case. Kinney Counterclaims ¶ 10 ("Jowers's answer and counterclaims contain false statements regarding each of [the Kinney Parties]."); *Id.* ¶ 12 ("On information and belief, Jowers republished the statements contained in his answer and counterclaims with actual malice and intent to harm each of [the Kinney Parties]."). That claim is barred on its face because, under Texas law, statements made in

judicial and quasi-judicial proceedings are absolutely privileged and cannot be used to support a defamation claim. *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982); *5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254, 256 (Tex. App.—Fort Worth 2004, pet. denied); *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 401 (5th Cir. 2017); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 675 (5th Cir. 2015) (affirming grant of Rule 12(b)(6) motion to dismiss); *Barnes v. Madison*, 79 F. App'x 691, 706 (5th Cir. 2003); *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 995 (5th Cir. 1999); *McLean v. Int'l Harvester Co.*, 817 F.2d 1214, 1220 (5th Cir. 1987) (affirming dismissal of defamation claim pursuant to Rule 12(b)(6)); *Strickland v. Aaron Rents, Inc.*, No. EP-05-CA-013-DB, 2006 WL 770578, *5–6 (W.D. Tex. Mar. 24, 2006). Thus, it is impossible to state a claim based on an absolutely privileged communication because no civil remedy exists. *See 5-State Helicopters*, 146 S.W.3d at 256.

Whether proof of the absence of absolute privilege constitutes part of the Kinney Parties' case in chief or an affirmative defense is an open question under Texas law. The Texas Supreme Court has recently declined to resolve the question. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) ("The question of whether absolute privilege must be disproved as part of the plaintiff's cause of action once it is raised, or whether it is an affirmative defense, is not an issue we need address."). The Fifth Circuit in *Cuba v. Pylant*, 814 F.3d 701 (5th Cir. 2016), without discussion, treated the issue of immunity as an affirmative defense to be established by the defendant, at least in the context of a Texas Citizens Participation Act motion to dismiss. *Id.* at 714. However, Texas authority directly on point holds that, while "***qualified*** privilege is an affirmative defense, which must both be pled and proved," "***absolute*** privilege is not a defense[;] [r]ather, absolutely privileged communications are not actionable." *CEDA Corp. v. City of Houston*, 817 S.W.2d 846, 849 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (emphasis

added) (citing *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 913 (Tex. 1942)). Accordingly, the majority of courts applying Texas law require plaintiffs to plead and prove that the defendant made the allegedly defamatory statement(s) *without legal excuse*. *See, e.g., Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1160 (5th Cir. 2006) ("Defamation is a false statement about a person, published to a third party, **without legal excuse**, which damages the person's reputation." (emphasis added) (quoting *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.))).

This Court need not resolve the question. Under either standard, the Kinney Parties' pleading establishes Jowers's absolute immunity on its face. *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (stating that an affirmative defense can serve as the basis for dismissal under Rule 12(b)(6) if the facts giving rise to the affirmative defense appear "clearly on the face of the pleadings"). The Kinney Counterclaims explicitly state that they are based on "Jowers's answer and counterclaims" and the allegedly "false statement" contained in that document, and on Jowers's allegedly having "republished the statements contained in his answer and counterclaims." Kinney Counterclaims ¶¶ 10, 12. This is the entire alleged basis for the defamation claim. Thus, the statements fall directly within the category of statements absolutely privileged under Texas law. Whether a part of Kinney's own claim or an affirmative defense, as a matter of law, the absolute privilege applies here.

Because it is barred as a matter of law, Counterclaim I must be dismissed. Further, because the statements contained in Jowers's pleadings are absolutely privileged, any attempt to replead or amend this claim would be futile. Accordingly, dismissal with prejudice is appropriate.

## II.   Counterclaim I Also Fails to State a Claim Upon Which Relief Can Be Granted.

Counterclaim I must also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because, having failed to even identify a single specific statement that he claims is defamatory,

Kinney has failed to state a claim for defamation. *See, e.g., Sneed v. Ibarra*, No. EP-17-CV-00072-PRM-ATB, 2017 WL 1180965, at *6 (W.D. Tex. Mar. 29, 2017); *Davis v. Prosperity Bank*, 383 S.W.3d 795, 804 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Under Texas law, "[d]efamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (citing *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.)). Defamatory statements are published "if they are communicated to a third party capable of understanding their defamatory connotation and in such a way that the third party did so understand." *Crouch v. J. C. Penney Corp., Inc.*, 564 F. Supp. 2d 642, 646 (E.D. Tex. 2008), *aff'd*, 337 F. App'x 399 (5th Cir. 2009).

Courts require "more particular pleading" for defamation claims to allow the opposing party to raise the appropriate defenses. *Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901, at *6 (N.D. Tex. Aug. 19, 2013). In particular, "[d]efamation claims must specifically state the time and place of the publication." *Jackson v. Dallas Indep. Sch. Dist.*, No. Civ. A. 398-CV-1079-D, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1309 at 698 (2d ed. 1990)); *see also Wiggins v. Dist. Cablevision, Inc.,* 853 F. Supp. 484, 494 (D.D.C. 1994) (requiring that plaintiff "plead the time, place, content, speaker, and listener of the alleged defamatory matter"); *Ersek v. Twp. of Springfield, Delaware Cty.*, 822 F. Supp. 218, 223 (E.D. Pa. 1993) (requiring complaint to specify "what allegedly defamatory statements were made by whom and to whom").

Central to each of these elements is the existence of a *statement*. Yet Kinney has failed to allege a single statement that he claims is defamatory. *See Sneed v. Ibarra*, No. EP-17-CV-00072-PRM-ATB, 2017 WL 1180965, at *6 (W.D. Tex. Mar. 29, 2017) ("Plaintiff's allegations

necessarily fail because he does not identify any allegedly defamatory statement(s) made by Defendants."); *Davis v. Prosperity Bank*, 383 S.W.3d 795, 804 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Nowhere in the [plaintiffs'] pleadings … have they identified any specific statements they claim to be defamatory."). Instead, Kinney merely alleges that "Jowers's answer and counterclaims contain false statements regarding each of [the Kinney Parties]" and that "Jowers republished false statements of material fact that referred to [the Kinney Parties]." Kinney Counterclaims ¶¶ 10, 30. Such threadbare, conclusory allegations are insufficient to satisfy Rule 8, let alone the "more particular pleading" standard applicable in defamation cases.

Kinney also fails to allege or identify any third party to whom an allegedly defamatory statement was made, which is another independent basis for dismissal. "[I]n order to plead a claim for defamation, the plaintiff must plead 'the full context of the allegedly defamatory statement' and 'must identify the third party to whom the defamatory statements were published.'" *Sacchetti v. Optiv Sec., Inc.*, No. 4:18-CV-0099, 2019 WL 4727418, at *3 (E.D. Tex. Sept. 27, 2019) (citing *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002)); *see also Lorfing v. Gerdau Ameristeel U.S., Inc.*, No. 3:16-CV-915-L, 2017 WL 9471835, at *3 (N.D. Tex. Jan. 26, 2017) ("[Plaintiff] fails to allege or identify any third party to whom the defamatory statements … were published and consequently fails to state an actionable defamation claim."); *Garrett v. Celanese Corp.*, No. 3:02-CV-1485-K, 2003 WL 22234917, at *5 (N.D. Tex. Aug. 28, 2003), *aff'd*, 102 F. App'x 387 (5th Cir. 2004) (dismissing defamation claims because plaintiff failed to identify any third party to whom defamatory statements were made). Kinney has failed to do so.

Consequently, Counterclaim I fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The lack of factual allegations concerning required elements of a defamation claim precludes the Court from

"draw[ing] the reasonable inference that [Jowers] is liable for" defamation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, dismissal under Rule 12(b)(6) for failure to state a claim is required.

## III.    Counterclaim II Must Be Dismissed Because the Declaratory Judgment Act Cannot Be Used to Obtain a Declaration of Non-liability for Defamation.

Counterclaim II seeks a declaration that neither Kinney nor Kinney Recruiting HK defamed Jowers. That claim is barred because it is firmly established that the federal Declaratory Judgment Act may not be used to obtain a declaration of non-liability in tort.[1] *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 n.2 (5th Cir. 1991); *United of Omaha Life Ins. Co. v. Region 19 Educ. Serv. Ctr.*, No. 3:02CV0279D, 2002 WL 1285204, at *3 (N.D. Tex. June 4, 2002) ("It is not the purpose of the federal Declaratory Judgment Act to enable a prospective defendant in tort actions to obtain a declaration of non-liability." (Fitzwater, J.)). That is because "[t]he purpose of the Declaratory Judgment Act is not the declaration of non-liability for past conduct," but rather "to settle actual controversies before they ripen into violations of law or breach of some contractual duty and to prevent the accrual of avoidable damages to those uncertain of rights." *United of Omaha*, No. 3:02CV0279D, 2002 WL 1285204, at *3 (citing *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1154 (5th Cir. 1993)). Allowing a party to seek a declaration of non-liability in tort would impermissibly "deprive[] the real tort plaintiff of its right to choose the time and venue of the tort cause of action." *Great-West Life Annuity Co. v. Petro Stopping Centers, L.P.*, No. 3:01-CV-1847-G, 2001 WL 1636413, at *4 (N.D. Tex. Dec. 18, 2001); *see also Certain Underwriters at Lloyd's London v. A & D Interests, Inc.*, 197 F. Supp. 2d 741, 750 (S.D. Tex.

---

[1] Because the Declaratory Judgment Act is procedural in nature, the federal Act applies in this case, rather than its Texas analogue. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only." (citation and internal quotation marks omitted)); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act is merely a procedural device; it does not create any substantive rights or causes of action." (internal citation omitted)).

2002) (stating the "principal justification for this rule is that it would be a perversion of the Declaratory Judgment Act to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the apparent tortfeasor.")

Here, Jowers had the right as a tort claimant to decide whether, when, and where to sue Kinney and Kinney Recruiting HK for defamation. When Jowers filed the Hong Kong Action on May 9, 2019, neither Kinney nor Kinney Recruiting HK were parties to this litigation, and Jowers had no defamation claims to assert against Plaintiff MWK—the only opposing party at the time. The Declaratory Judgment Act does not permit Kinney to bring suit in federal court for a declaration of non-liability in tort, particularly where that tort is already pending in another filed action that will resolve all of the fact issues that Kinney could raise. Counterclaim II is precisely the type of mirror image, "I-didn't-commit-that-tort" request that is improper under the Declaratory Judgment Act. For that reason, Counterclaim II should be dismissed with prejudice.

## IV.     Counterclaim II Also Fails to State a Claim Upon Which Relief Can Be Granted.

In addition to lacking any legal basis, Counterclaim II also warrants dismissal pursuant to Rule 12(b)(6) because Kinney has pleaded no facts that, taken as true, would establish that he and Kinney Recruiting HK did not defame Jowers in Hong Kong. A claim for declaratory judgment must contain sufficient *factual* allegations to demonstrate that the claimant is entitled to the relief sought. *See, e.g., Trafton v. Ditech Fin., LLC*, No. 1-18-CV-00580-RP, 2019 WL 488927, at \*3 (W.D. Tex. Feb. 7, 2019), *report and recommendation adopted sub nom. Trafton v. Citizens Bank, N.A.*, No. 1:18-CV-580-RP, 2019 WL 1922043 (W.D. Tex. Feb. 26, 2019) ("[N]othing in plaintiff's cause of action seeking a declaratory ruling provides the Court with any specific act of alleged wrongdoing by Ditech that would warrant such declaratory rulings from the Court," and it "therefore fails to state a claim on which relief may be granted."); *Evolve Fed. Credit Union v. Rodriguez*, No. EP-11-CV-367-KC, 2012 WL 695714, at \*7 (W.D. Tex. Feb. 29, 2012)

(dismissing case because "Plaintiff's res judicata argument does not demonstrate how the Complaint states a claim for declaratory relief, as the Complaint contains no substantial facts regarding the prior state court foreclosure proceeding"); *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-CV-2410-G, 2017 WL 1036662, at *4 (N.D. Tex. Mar. 17, 2017) ("[P]laintiffs' declaratory judgment claim lacks sufficient factual allegations and is a formulaic recitation of the elements. Therefore, [defendant's] motion to dismiss the plaintiffs' declaratory judgment claims pursuant to Rule 12(b)(6) is granted.") (citing *Twombly*, 550 U.S. at 555).

Here, Kinney presents no *factual* allegations from which the Court can plausibly infer that Kinney and Kinney Recruiting HK did not defame Jowers as alleged in the prior pending Hong Kong Action. At most, Counterclaim II consists of the legal conclusion that "[a]t no time did Kinney make any defamatory statement regarding Jowers" (Kinney Counterclaims ¶ 27) coupled with a formulaic recitation of the elements of a request for declaratory judgment. *Id.* ¶ 32 ("There is an actual controversy that exists between the parties as to whether statements made by Kinney or Kinney Recruiting HK constitute defamation against Jowers."). Thus, Counterclaim II represents the kind of "formulaic recitation of the elements of a cause of action" and "naked assertion[s]" devoid of "further factual enhancement" that are expressly forbidden under *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. In addition to being legally inviable, Rule 12(b)(6) also provides an independent basis for dismissal as Counterclaim II fails to state a claim upon which relief may be granted.

For these reasons, Kinney and Kinney Recruiting HK's request for declaratory relief must be dismissed. Moreover, because it is clearly not a proper request for relief under the Declaratory Judgment Act, any attempt to amend it would be futile. Therefore, this claim should also be dismissed with prejudice.

## **CONCLUSION**

The Court should dismiss with prejudice both of the Kinney Counterclaims and award Jowers all further relief to which he may be entitled.

Dated: October 21, 2019.      Respectfully submitted,

By:     */s/ James C. Bookhout*
      Marc D. Katz
      State Bar No. 00791002
      marc.katz@us.dlapiper.com
      James C. Bookhout
      State Bar No. 24087187
      james.bookhout@us.dlapiper.com
      Marina Stefanova
      State Bar No. 24093200
      marina.stefanova@us.dlapiper.com
      **DLA PIPER LLP (US)**
      1900 N. Pearl St., Ste. 2200
      Dallas, TX 75201
      Telephone:  (214) 743-4500
      Facsimile:  (214) 743-4545

      **COUNSEL FOR DEFENDANT
      EVAN P. JOWERS**

## CERTIFICATE OF SERVICE

    I hereby certify that, on October 21, 2019, a true and accurate copy of the foregoing document was served via the Court's CM/ECF facilities and via email to all counsel of record.

         */s/ James C. Bookhout*
        James C. Bookhout