IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC._____Plaintiff,_____v._____EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),_____Defendants._____EVAN P. JOWERS_____Counterclaimant,_____v._____MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED_____Counter-defendants. | Civil Action No. 1:18-cv-00444-RP |

**PLAINTIFF/COUNTERDEFENDANTS' RESPONSE TO
JOWERS'S MOTION TO STRIKE**

MWK Recruiting, Inc. ("**MWK**") and counter-defendants Robert E. Kinney ("**Kinney**"), Michelle W. Kinney ("**M.W. Kinney**"), Recruiting Partners GP, Inc., Kinney Recruiting LLC, Counsel Unlimited LLC, and Kinney Recruiting Limited (the "**Counter-defendants**" and, collectively with MWK, the "**MWK Entities**") respectfully file their response to Defendant/Counterplaintiff Evan P. Jowers's ("**Jowers**") Motion

to Strike, ECF No. 113 (the "**Motion**").

> I. **The MWK Entities Supplemental Declaration is for clarity and to avoid surprise, not argument**

The MWK Entities filed their Supplemental Affidavit ECF No. 112 to place in the record prior to the hearing scheduled for October 30 the email messages the MWK Entities believe form the basis of the Jowers defamation claims in Hong Kong. Because Jowers has filed only an "endorsement of claim" so far in the Hong Kong lawsuit, containing only a vague description with time stamps of the email messages he believes are defamatory, the MWK Entities are not sure that the email messages presented in the Supplemental Affidavit are the ones at issue. The Court could rule on the MWK Entities Motion for Antisuit Injunction ECF No. 102 (the "**Injunction Motion**") without a hearing unless there is a factual issue in dispute. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("If no factual dispute is involved, however, no oral hearing is required."). In the event that the Court conducts the hearing on October 30, 2019 as an evidentiary hearing, the MWK Entities assume that the Court may want to consider what, exactly, is at issue in Hong Kong. The purpose of the supplemental affidavit was not to add anything additional to the arguments before the Court but to avoid any surprise at the hearing and permit Jowers to have an opportunity to point to different messages if the messages at issue are different from the ones presented in the Supplemental Affidavit.

> II. **Jowers mischaracterizes what happened with the MWK Entities' response to the Motion to Disqualify**

In the Motion, Jowers incorrectly states that the MWK Entities "[…]asked for **and received** an extension of time in which to respond […]" to Jowers's Motion to

Disqualify Robert Kinney. Motion, p. 3 (emphasis added). The MWK Entities' filed their Response to Jowers's Motion to Disqualify on October 15, 2019. ECF No. 105. The Motion to Disqualify was originally filed October 7, 2019. ECF No. 100. Under the Local Rules' seven-day reply deadline, after applying the date computing rules of FRCP 6, the original deadline for filing the MWK Entities' Response was October 15 (one day after the Columbus Day holiday on October 14). On October 8, 2019, the MWK Entities filed an unopposed Motion to Extend Time For [sic] To Respond to Defendant's Motion to Disqualify, which requested a seven-day extension to the original deadline. ECF No. 101. Due to the MWK Entities' typographical error, the request for relief and the proposed Order contained October 14 instead of October 21 as the new requested deadline for filing of the MWK Entities' Response. *Id*. The Court issued its order (ECF No. 101 – Text Order) in the form requested ECF No. 101-1, which had the perverse effect of **shortening** the MWK Entities' original deadline for filing their response by one day from October 15 to October 14, a federal holiday. This scrivener's error was not discovered by the MWK Entities until the Court initially granted Jowers's Motion to Disqualify, citing lack of a response. ECF No. 106. Until that point, counsel for the MWK Entities believed, mistakenly, that they had filed the response early in the interest of providing ample time to the Court and parties prior to the upcoming motions hearing.

It is rare that the result of an unopposed motion to extend a deadline, when granted by a court, would have the effect of actually shortening the deadline sought to be extended. The MWK Entities are thankful for the Court's willingness to consider the arguments offered and would not mention this matter again except for Jowers's

incorrect statement that the MWK Entities "asked for **and received**" an extension. It is true the MWK Entities asked for an extension; what they received was a shortening of the deadline.

### III. The forum selection clause was not first raised in the reply.

Jowers argues that the MWK Entities' Reply should be stricken insofar as it related to the forum selection clauses governing Jowers's relationship with the MWK Entities. Motion, pp. 4-6. He says that he was "forced to speculate" as to what the MWK Entities could possibly have meant when, in the Injunction Motion, they raised the issue that the forum selection clauses were relevant to the Court's analysis. *Id.*, p. 5.

The presence of governing forum selection clauses and Jowers's effort to thwart them implicate an important policy of this forum in enforcing them. ECF No. 102, p. 6. The parties have briefed these clauses at length in the motions to dismiss previously filed in this suit. See, e.g., ECF Nos. 11, 19, 35, 37, and 86. The relevance of these clauses was briefed sufficiently in the Injunction Motion to give Jowers notice to respond to the argument, as is required. ECF No. 102, p. 6. Indeed, Jowers knew exactly what was at issue and he responded in full with three pages of briefing on the matter, and he has not requested an opportunity to respond further. ECF No. 107, pp. 8-10. Were he to make such a request, the MWK Entities would not object. Instead, he would like to have the Court simply strike the MWK Entities' reply to his extensive briefing on the matter, leaving him with the last word.

While it is true that a claim raised for the first time in a reply brief will generally not be considered, it is also black letter law that a party is entitled to respond to any all arguments contained in his opponent's response brief. See, e.g., *U.S. v.*

*Aguilera-Deleon*, No. 10-10788, at *4 (5th Cir. 2011), citing *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009) ("Nonetheless, the court has discretion to consider an issue raised for the first time in a reply brief if it is in response to an issue raised in an appellee's brief."). "When a potentially material issue or argument in defense of the judgment is raised for the first time in the appellee's brief, fundamental fairness requires that the appellant be permitted to respond, lest the appellate court deem the point conceded." *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347, 1356 (Fed. Cir. 2001), citing *North v. Madison Area Ass'n for Retarded Citizens-Developmental Centers Corp.*, 844 F.2d 401, 405 n.6 (7th Cir. 1988) (when the appellee raises an issue not addressed by the appellant in its opening brief, appellant is entitled to reply). *See generally* Michael E. Tigar & Jane B. Tigar, *Federal Appeals Jurisdiction and Practice* 469-70 (3d ed. 1999) (purpose of reply brief is to respond to arguments presented by appellee). See also, *Murray v. TXU Corp.*, No. 3:03-CV-0888-P, 2005 WL 1313412, at *4 (N.D. Tex. May. 27, 2005) (Denying plaintiff's motion to strike defendants' reply brief and supplemental appendix, and denying motion for leave to file a surreply because the arguments contained within did not raise new arguments or legal theories, but instead rebutted plaintiff's response or bolstered defendants' arguments contained in its initial motion).

Jowers states in his Response to the Injunction Motion (the "**Injunction Motion Response**"), "Neither is Jowers's defamation claim governed by the forum selection clause contained in the Jowers Agreement." ECF No. 107, p. 11. In fact, the Court needs to look no further than Jowers's Response to find the entire applicable forum selection clause quoted as a block quote, preceded and followed by extensive discussion

of why it does not apply to Jowers's Hong Kong claims. Response, p. 12. The MWK Entities were within their rights to reply to these arguments in their Reply.

### IV. That claims in this case are duplicative, dispositive, and determinative of his claims in Hong Kong was a major point in the Injunction Motion and Response

Jowers also complains that the MWK Entities' Injunction Motion did not give him proper notice that the claims in the present suit will be "dispositive" of the defamation claims in the Hong Kong action even apart from the declaratory judgment request filed by the MWK Entities as counterclaims. Motion, pp. 5-6. He therefore requests that the Court ignore the MWK Entities' arguments on this point. Jowers's request here is also unfounded.

First, the MWK Entities did not intend, by using the word "dispositive," to assign any special significance to that word versus alternatives such as "determinative" or "duplicative," both of which were used throughout the Injunction Motion. ECF No. 102, pp. 5-8; 15-18. In the context of a foreign antisuit injunction motion, these words are synonyms of each other; obviously, a primary reason for injunctions such as the one requested is that a suit in one country is not able to actually "dispose" of a suit in another country. Thus, as used in the Injunction Motion and the Reply, there is no difference in the meaning of these words.

Furthermore, it is far-fetched of Jowers to claim that he was prejudiced by lack of awareness that the MWK Entities were not relying on the declaratory judgment claim added by the Kinney Entities in their counterclaims. In the Injunction Motion, the MWK Entities pointed out in several ways that the Hong Kong claims were duplicative. ECF No. 102, pp. 6-8. Jowers's Injunction Motion Response goes on at

length to acknowledge the duplication but to argue that the Court should overlook it because the duplicative nature of the Hong Kong case was the MWK Entities' fault. ECF No. 102, pp. 5-8; 15-18. According to Jowers, the MWK Entities manufactured whatever duplication there is. Jowers chose not to address the fact that the original claims against Jowers, because they undermine his claims of defamation, are what make the Hong Kong action duplicative of the present action and the present action determinative of the Hong Kong action.

To claim that he had no notice that this argument was at issue is, again, a specious argument. The Injunction Motion states:

> Jowers's defamation claim involves the same facts that will be decided by the Court in this litigation; namely, whether Jowers, his employees, and his agents misappropriated MWK's trade secrets and used them to create Legis Ventures. This factual dispute was being litigated in this Court *for more than a year before Jowers even filed his claims* in Hong Kong and had been on file in state court long before that.

(emphasis added) ECF No. 102, p. 8. Clearly, this was notice to Jowers that the MWK Entities' argument was referring to the dispositive, determinative, and duplicative nature of the various claims that were before this Court before the MWK Entities' recently added counterclaims. Those claims are dispositive, determinative and duplicative of Jowers's claims in the defamation action he has brought in Hong Kong, and this is a reason the Court should grant the requested injunction. That Jowers chose, rather than to respond directly, to spend multiple pages of briefing effort on discussion of how the MWK Entities' unclean hands were the cause of any duplication was a strategic choice he must live with; however, should he wish to reply further, the MWK Entities would have no objection to such a request.

## CONCLUSION

In summary, there is no valid argument that the Supplemental Affidavit worked a surprise in this matter; to the contrary, it was filed to avoid surprise and assist the Court should it conduct an evidentiary hearing October 30. Jowers's requests regarding lack of notice of the MWK Entities' arguments regarding the forum selection clause and duplication also should be denied.

Dated: October 25, 2019

Respectfully Submitted

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyRecruiting.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF AND COUNTER-DEFENDANTS**