UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC,**<br><br>Plaintiff<br><br>v.<br><br>**EVAN P. JOWERS, YULIYA VINOKUROVA, LEGIS VENTURES (HK) COMPANY LIMITED, AND ALEJANDRO VARGAS,**<br><br>Defendants<br><br>**EVAN P. JOWERS,**<br><br>Counterclaimant<br><br>v.<br><br>**MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED,**<br><br>Counterdefendants | Case No. 1:18-cv-00444-RP |

**ORDER ON MOTION TO COMPEL**

Before the Court is Plaintiff MWK Recruiting Incorporated's Motion to Compel discovery

responses by Defendant Evan Jowers ("Jowers"), Legis Ventures Hong Kong Company Limited ("Legis"), and Kirkland & Ellis, L.L.P. ("Kirkland"). Having considered the motion and the arguments of counsel, the Court is of the opinion that the Motion should be **GRANTED**.

The Court finds that, because of his tight connection to Legis, including but not limited to the use of Jowers's personal name as the web address and DBA for Legis, Jowers's intimate knowledge of Legis's banking relationships, and Jowers's status as a "Founder" of Legis, Jowers is in possession, custody, or control within the meaning of Rule 34 of all information and documents that are in the possession, custody, or control of Legis. Jowers's objections based on his status as an employee of Legis are therefore **OVERRULED** and Jowers is hereby **ORDERED** to fully respond within 14 days of the date of this order to the discovery requests propounded by MWK as detailed in the Motion, producing all responsive information that is owned by Jowers or by Legis. Furthermore, the Court finds that Jowers's employment agreement's restrictive covenants extended by their terms to cover one year following any period during which he was in violation of those restrictive covenants. Whether those restrictive covenants are enforceable strictly by their terms is not a matter before the Court with the instant Motion, but the relevance of the requested information is clear. Therefore, information and documents related to placement activity of Jowers or Legis that occurred more than one year after Jowers's employment with MWK terminated is relevant and Jowers's objections based on relevance are therefore **OVERRULED**. Jowers is **ORDERED** to fully respond to MWK's discovery requests without any time post-employment time limitation. To the extent that Jowers requires additional time, Jowers is **ORDERED** to detail what categories of information require extra time for him to gather and to give a date certain when such information will be produced.

The Court further finds that Legis was properly served with a subpoena under Rule 45 by MWK. Legis is, therefore, **ORDERED** to respond in full within 7 days to the subpoena served

and within 14 days to any future subpoenas issued in this case. Substituted service of future subpoenas by MWK on Legis through Legis's counsel at DLA Piper is hereby **APPROVED**.

The Court further finds that the subpoena issued under Rule 45 to Kirkland & Ellis, L.L.P., as modified in the communications between counsel for MWK and counsel for Kirkland detailed in the Motion before the Court was proper. Kirkland is **ORDERED** to fully respond to such subpoena and to cooperate in good faith with regard to any further subpoenas that may be issued in this case.

It is **SO ORDERED** this _____ day of _____, 20___.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE