# Exhibit B

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

William T. Pruitt
To Call Writer Directly:
+1 312 862 3280
william.pruitt@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

December 18, 2019

**By Email**
Raymond W. Mort, III
The Mort Law Firm, PLLC
100 Congress Ave, Ste 2000
Austin, TX 78701
raymort@austinlaw.com

Re:     Subpoena to Kirkland & Ellis LLP - MWK Recruiting Inc. v. Evan P.
        Jowers, Civil Action No. 1:18-cv-00444-RP (the "Subpoena")

Dear Mr. Mort:

I write in response to the Subpoena your firm purported to serve on Kirkland & Ellis LLP ("Kirkland") in the above-referenced matter (the "Jowers Litigation"). I say purported because Kirkland received the Subpoena by certified mail. Courts have long interpreted Rule 45 as requiring personal service of subpoenas. *See, e.g., Doe v. Catholic Soc. of Religious and Literary Educ.*, 2009 WL 4506560 (S.D. Tex. 2009) (numerous bases existed to quash subpoenas, including lack of personal service on deponents; subpoenas were served by certified mail); *Bonnecaze v. Erza & Sons, LLC*, 2016 WL 1268339, *4 (E.D. La. 2016) (service of subpoena invalid if sent by email or certified mail); *S.E.C. v. Art Intellect, Inc.*, 2012 WL 776244, *3 (D. Utah 2012) (service of subpoena invalid if sent by fax). MWK's Subpoena to Kirkland is therefore facially invalid and of no legal effect.

Kirkland also objects to the Subpoena because it seeks documents just as easily, and therefore more appropriately, obtained from a party to the Jowers Litigation—namely, Evan P. Jowers. The Subpoena for the most part seeks Kirkland's correspondence with Mr. Jowers and any agreements, invoices or payments associated with Mr. Jowers or his companies. By definition, these materials are also in Jowers' possession, and as a party to the litigation Mr. Jowers is the more appropriate source from which to obtain such materials.

Kirkland also asserts the following, additional objections to MWK's subpoena:

1.      Kirkland objects to the Subpoena as overly broad, unduly burdensome, and as imposing an undue expense or burden on Kirkland.

# KIRKLAND & ELLIS LLP

Raymond W. Mort, III
December 18, 2019
Page 2

2.      Kirkland objects to the Subpoena to the extent it is vague and ambiguous and does not identify with particularity the documents or information sought.

3.      Kirkland objects to the Subpoena to the extent it asks Kirkland to produce documents or information not in its possession, custody, or control.

4.      Kirkland objects to the Subpoena to the extent it calls for documents that are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Kirkland objects to the Subpoena to the extent it is unreasonably cumulative and duplicative.

6.      Kirkland objects to the Subpoena to the extent it seeks the production of documents protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.

7.      Kirkland objects to the Subpoena to the extent that it asks Kirkland to produce a privilege log because it is unduly burdensome. Kirkland will not produce a privilege log

8.      Kirkland objects to the Subpoena to the extent it purports to vary or expand Kirkland's obligations under applicable law and thereby imposes an undue burden upon Kirkland.

9.      Kirkland objects to the Subpoena to the extent it calls for the production of documents containing proprietary or other confidential information.

10.     Kirkland objects to the Subpoena to the extent it calls for the production of electronic information that is not reasonably accessible due to undue burden or cost.

11.     Kirkland reserves the right to supplement its responses (including its objections) to the Subpoena, as Kirkland continues its investigation into the requests.

Please feel free to contact me if you would like to discuss this response or meet and confer about the validity and scope of MWK's subpoena.

\*      \*      \*      \*

## KIRKLAND & ELLIS LLP

Raymond W. Mort, III
December 18, 2019
Page 3

Sincerely,

*William T. Pruitt /grs*

William T. Pruitt



**Robert Kinney <robert@kinneyrecruiting.com>**

---

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Ray Mort** <raymort@austinlaw.com>                                   Tue, Dec 31, 2019 at 2:09 PM
To: Robert Kinney <robert@kinneyrecruiting.com>

Begin forwarded message:

**From:** "Pruitt, William T." <wpruitt@kirkland.com>
**Date:** December 31, 2019 at 2:08:11 PM CST
**To:** Ray Mort <raymort@austinlaw.com>
**Subject: RE: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena**

Mr. Mort - My understanding is that we received service yesterday, December 30, of a subpoena that
sought a response the same day, December 30. It appears to be the same subpoena we received by
certified mail previously and which I responded and objected to in the letter attached to my email below. We
object to the subpoena served yesterday as improper and unduly burdensome in light of the timeframe
provided for a response (less than a day), and we make the same objections to it that I raised in my
December 18, 2019 correspondence. If you wish to discuss the subpoena or Kirkland's response and
objections, please feel free to contact me.

Best,

Will Pruitt

**William T. Pruitt**

Firm Counsel

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3280  **M** +1 312 860 3280
**F** +1 312 862 2200

---

william.pruitt@kirkland.com

**From:** Pruitt, William T.
**Sent:** Wednesday, December 18, 2019 11:45 AM
**To:** raymort@austinlaw.com
**Subject:** MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

Mr. Mort - Attached is a response to the subpoena we received from your office by certified mail. Please feel
free to contact me if you have any questions or would like to discuss.

Best,

Will Pruitt

**William T. Pruitt**

Firm Counsel

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3280  **M** +1 312 860 3280
**F** +1 312 862 2200

william.pruitt@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

3/24/2020                    Kinney Recruiting, Inc. Mail - FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena



Robert Kinney <robert@kinneyrecruiting.com>

---

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Robert Kinney** <robert@kinneypc.com>                                    Sun, Jan 26, 2020 at 5:12 PM
To: wpruitt@kirkland.com
Cc: Ray Mort <raymort@austinlaw.com>

Will,

Thus far, he's simply refused to produce anything. Thanks to discovery we have obtained from other firms, we know that
Jowers is withholding documents that are probably still in his possession and control, but we do not know what he has
preserved. We do know that he received payments through Legis Ventures for certain placements of candidates he
submitted through us and through third parties he used as cut-outs. One of those (at least) was a partner placed at
Kirkland. There are probably others. We are looking for evidence of our damages and we can expect him to fight us tooth
and nail. I was hoping for better treatment from y'all.

For good reason, the relevant standards under Rule 45 do not require us to sit idly by and wait to see what a defendant
like this will produce for us.  *See, e.g., Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC,* 313
F.R.D. 39, 44-45 (N.D. Tex. 2015) (quoting *Williams v. City of Dallas,* 178 F.R.D. 103, 110 (N.D. Tex. 1998)) (concluding
that "[w]hen a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured
according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)"). We have no idea what he has preserved and
what he will eventually produce, but Rule 45 exists for just this sort of case. What we are trying to get from K&E is
proportional to the needs of the case. I do not necessarily expect you to have any sympathy for us being victims of the
theft of $1-$2M+, but I do not think it is fair or accurate to say the requests are generally "improper" just because we
should get all our proof from a defendant we have accused of theft.  Please let me know if you have any authority for
another view of this situation.

Still, we do not mean to place any undue burden on Kirkland & Ellis in this. My hope was that you would treat this as
routine and just work with me like some other firms have to get me what I need. I've worked with some firms to focus on
exactly what we need with reference to what is relatively simple to obtain from the ESI the firms have in the format they
keep it in.

Would you rather discuss this first to try to simplify responding to it or should we just serve another version of the
subpoena narrowed as much as we can and conference it afterward?  If you can accept service of a revised subpoena by
email I would appreciate the gesture. Please let us know.

REK

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

---

[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Robert Kinney** <robert@kinneyrecruiting.com>                    Fri, Jan 17, 2020 at 4:50 PM
To: wpruitt@kirkland.com
Cc: Ray Mort <raymort@austinlaw.com>

Will,

Evan Jowers is not turning over much of the discoverable information in his possession, so we have to get it from third parties. It seems like K&E doesn't want to be helpful to us on this. If there's a way to get your cooperation by narrowing and focusing the scope of the subpoena, we will take our best shot at that.  Based on having worked out an agreement with some other firms responding to similar subpoenas, I can confirm that we are not looking for docs related to any internal discussions between K&E reps related to candidates, just external correspondence with people @evanjowers.com, contracts, and records of payments to them. I'm on 512-636-1395 if you want to discuss this or we can just serve a more narrowed subpoena.

Regards,
Robert

Robert E. Kinney, Esq.
Kinney Recruiting LLC

   Toll Free:  +1-888-848-5757 x701
   Cell: +1-512-636-1395
   Robert@KinneyRecruiting.com

www.kinneyrecruiting.com



This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

---------- Forwarded message ----------
From: **Ray Mort** <raymort@austinlaw.com>
Date: Tue, Dec 31, 2019 at 2:09 PM
Subject: Fwd: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena
To: Robert Kinney <robert@kinneyrecruiting.com>

Begin forwarded message:

   **From:** "Pruitt, William T." <wpruitt@kirkland.com>
   **Date:** December 31, 2019 at 2:08:11 PM CST
   **To:** Ray Mort <raymort@austinlaw.com>
   **Subject: RE:  MWK Recruiting Inc. v. Evan P. Jowers:  Kirkland Response to MWK Subpoena**

   Mr. Mort - My understanding is that we received service yesterday, December 30, of a subpoena that
   sought a response the same day, December 30. It appears to be the same subpoena we received by



Robert Kinney <robert@kinneyrecruiting.com>

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Pruitt, William T.** <wpruitt@kirkland.com>                                        Sun, Jan 26, 2020 at 8:34 AM
To: Robert Kinney <robert@kinneyrecruiting.com>
Cc: Ray Mort <raymort@austinlaw.com>

Thank you for your email, Robert. Although the breadth of the subpoena is a concern, the gating issue and our principle objection is the improper use of a third-party subpoena to obtain documents that are available from a party to the litigation. Your subpoena to Kirkland sought documents that are necessarily duplicative of what Mr. Jowers has in his possession (correspondence between Kirkland and Mr. Jowers and any payments made by Kirkland to Mr. Jowers). You acknowledge in your email that Mr. Jowers has discoverable documents in his possession that he hasn't turned over. Although you don't detail why that is (e.g., whether he's simply refused or whether the court has ruled that he isn't required to produce them), the fact remains that they are available to you through him, and you have remedies available to you if he withholds those materials improperly.

I am happy to meet and confer further regarding your subpoena, but I'll need a better understanding of what Mr. Jowers has withheld from production and why, and any efforts you've made to compel his compliance with your requests.


Best,

Will Pruitt


**William T. Pruitt**

Firm Counsel

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3280  **M** +1 312 860 3280
**F** +1 312 862 2200

william.pruitt@kirkland.com

[Quoted text hidden]
[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Pruitt, William T.** <wpruitt@kirkland.com>                                    Wed, Feb 5, 2020 at 9:19 AM
To: Robert Kinney <robert@kinneypc.com>
Cc: Ray Mort <raymort@austinlaw.com>

Robert -

This isn't about a lack of sympathy. We simply disagree about what Federal Rules of Civil Procedure require in these situations. Courts have consistently held that it is improper to subpoena a third party seeking documents available from a party to the litigation. *See Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *2-3 (N.D. Ill. Aug. 17, 2015) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative."); *Orchestrate HR, Inc. v. Trombetta*, 2014 WL 772859, at *6 (N.D. Tex. Feb. 27, 2014) ("the documents sought in [several requests] should be available from Defendants. As such, it is not necessary for Plaintiff to obtain copies of those documents from [a third party].").; *Nachurs Alpine Sols., Corp. v. Nutra-Flo Co.*, 2017 WL 1380460, at *6 (N.D. Iowa, Apr. 17, 2017) (recognizing the "general rule that a discovery request on a nonparty which seeks information readily available to a party should be quashed."). Your email concedes that's exactly what your subpoena seeks.

That Jowers, in your view, is improperly withholding documents does not change the analysis. In *Tresona Multimedia*, the Northern District of Illinois rejected the same argument. There, a plaintiff subpoenaed a third party after serving the same requests on the defendant. The plaintiff argued that the subpoena was proper because the defendant had "failed to comply" with the discovery requests. The court disagreed, stating instead that the defendant's lack of compliance "does not remedy the situation." More specifically, the court found that a party "does not demonstrate a compelling need to seek duplicative third-party requests simply because a party in the underlying action fails to comply with document requests for the same information." *Tresona Multimedia, LLC*, 2015 WL 4911093, at *3. If your adversary fails to comply with proper discovery, as you suggest Jowers has done here, your remedy is to move to compel; not to burden third parties with duplicative discovery.

At bottom, the law is clear that the subpoena is overly burdensome because it seeks documents from Kirkland -- a non-party -- that you've conceded are available from the defendant. Narrowing the scope of the subpoena will correct this issue. Kirkland continues to reserve the right to amend its objections to the subpoena.

Best,

Will Pruitt

**William T. Pruitt**

Firm Counsel

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654

Case 1:18-cv-00444-RP   Document 155-2   Filed 04/08/20   Page 11 of 23

**T** +1 312 862 3280  **M** +1 312 860 3280
**F** +1 312 862 2200

william.pruitt@kirkland.com

[Quoted text hidden]
[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Robert Kinney** <robert@kinneypc.com>                                   Fri, Feb 7, 2020 at 4:32 PM
To: wpruitt@kirkland.com
Cc: Robert Kinney <robert@kinneypc.com>, Ray Mort <raymort@austinlaw.com>

Bill,

Thank you.  We have not conceded that Jowers has the documents; we concede he should have them. He has
maintained the position that he is a mere employee of the company he and his buddy formed, Legis Ventures, and thus
that he is not in possession of those corporate documents. Nevertheless, until we have made more progress or hit a real
wall with getting him to produce them, I agree we will not burden you with the broader document request.

The following is the agreed, limited subpoena request for production that we issued to another firm that was willing to be
of some assistance to us in this investigation:

> Documents sufficient to show any placement fees paid by Kirkland & Ellis LLP to Jowers/Vargas,
> Legis Ventures (HK) Company Limited, Ropner Frederiks, or any other company or individual
> associated with the domain names www.evanjowers.com or www.ropnerfredriks.com, from July 1,
> 2016, to December 31, 2019, including:
>
> a. The amount of the placement fee.
>
> b. The names of the persons hired which were associated with such placement.
>
> c. The date any such placement fee was paid.
>
> d. The method of payment of such placement fee.

Please let me know if K&E would be willing to respond to the subpoena if it is modified to just the above.  This data
should be easily retrievable from your accounting software and may ultimately be all we need.

REK

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

---

[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

---

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Robert Kinney** <robert@kinneypc.com>                                Fri, Mar 6, 2020 at 11:38 AM
To: wpruitt@kirkland.com
Cc: Robert Kinney <robert@kinneypc.com>, Ray Mort <raymort@austinlaw.com>

Bill,

Having heard nothing from you on this proposed modification of our requests, we are going to operate under the
assumption that even this is too burdensome for K&E to be bothered to produce for us and begin proceedings to enforce
the request. Let me know if I have misunderstood you in any way.

To be clear, we have proposed to modify the requests previously served to consist of the followind records, and we are
seeking electronic delivery of the records in Austin, Texas:

Documents sufficient to show any placement fees paid by Kirkland & Ellis LLP to Jowers/Vargas, Legis
Ventures (HK) Company Limited, Ropner Frederiks, or any other company or individual associated with the
domain names www.evanjowers.com or www.ropnerfredriks.com, from July 1, 2016, to December 31,
2019, including:

a. The amount of the placement fee.

b. The names of the persons hired which were associated with such placement.

c. The date any such placement fee was paid.

d. The method of payment of such placement fee.


Regards,

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it. Any distribution
or other reproduction is strictly prohibited.

---

[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

---

## FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Pruitt, William T.** <wpruitt@kirkland.com>                                 Fri, Mar 6, 2020 at 12:03 PM
To: Robert Kinney <robert@kinneypc.com>
Cc: Ray Mort <raymort@austinlaw.com>

Robert -

As we pointed out before, all your requests to Kirkland & Ellis seek documents that should be in the defendants'
possession. You have never disputed that. The case law we cited to you is clear that information and documents
available to a litigant through discovery of a party to the case -- here, the defendants -- cannot be obtained through
third party discovery. Those cases are clear that such requests are unduly burdensome by their nature. You have not
made any attempt to distinguish those cases or cite contrary authority. I am candidly at a loss to understand why you
would institute legal proceedings to compel documents from Kirkland when you apparently have not even moved to
compel the defendant to produce the same records. Be advised, if you institute proceedings to enforce the subpoena,
we will ask the court for all fees and costs we incur in defeating that motion.

On your proposed modification, we would consider a request that identifies specific candidates for which you believe
Kirkland paid placement fees to Mr. Jowers or his related businesses that he was not entitled to, but we will not
engage in a fishing expedition, which your modified request asks us to do.

Please feel free to contact me if you have any questions.

Best,

Will

**William T. Pruitt**

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

---

# FW: MWK Recruiting Inc. v. Evan P. Jowers: Kirkland Response to MWK Subpoena

**Robert Kinney** <robert@kinneypc.com>                                    Sat, Mar 7, 2020 at 4:12 PM
To: wpruitt@kirkland.com
Cc: Ray Mort <raymort@austinlaw.com>, Robert Kinney <robert@kinneypc.com>

Bill,

We have taken more than "reasonable steps" to reduce the burden here. No court is going to force us to trust the production of a guy who has admitted stealing from us without the ability to corroborate what he says simply because a $4B/year firm can't be bothered to spit out a finance/accounting report.  It's ridiculous.

In an effort to be fair, I have read your cases.  There are plenty of cases going the other way too. *See, e.g., Andra Group, LP v. JDA Software Group, Inc.*, No. 3:15-mc-11-K-BN, at *13 (N.D. Tex. Apr. 13, 2015) ("Although [a non-party] should not be required to 'subsidize' litigation to which it is not a party, [the non-party cannot] confuse[] undue burden with its obligations, once subject to a subpoena, to participate in transparent and collaborative discovery. Third-party status does not confer a right to obfuscation or obstinacy."). Plenty of district courts have also recognized that obtaining some documents from non-parties that might otherwise be available from a party is OK. *See, e.g., Arthrex, Inc. v. Parcus Med. LLC*, CAUSE No. 1:11-mc-00107-SEB-DML, at *11 (S.D. Ind. Dec. 21, 2011) ("asking [non-party] to produce documents that [the opposing party] may also have ensures that [party] obtains as full a production as possible in the litigation as a whole").

As edited, I do not agree that the request can be construed as burdensome at all, let alone unduly so. This will take five minutes.  All we want right now is what is sufficient to show fees paid. Any amounts the firm has paid to these entities are relevant. This is most certainly not in any way a fishing expedition. The accusation is insulting.

I would like to agree with you to something that gets us where we need to be and I have been trying to do so with you for almost three months, mostly walking back our requests unilaterally to try to appease you.  We have now arrived at the bare minimum we require from K&E and have yet to receive anything even appearing to be cooperative back from you.

My understanding is that you are unwilling to comply with the modified subpoena unless I send you a list of guesses as to who the defendants might have placed. We are not willing to be constrained in that way.  If I have misunderstood you, please let me know. If not, you can expect a motion to compel in due course.  It won't be next week. We have the kids home for spring break and am going skiing after that.

The modified request, for ease of reference, is this:

Documents sufficient to show any placement fees paid by Kirkland & Ellis LLP to Jowers/Vargas, Legis Ventures (HK) Company Limited, Ropner Frederiks, or any other company or individual associated with the domain names www.evanjowers.com or www.ropnerfredriks.com, from July 1, 2016, to December 31, 2019, including:

a. The amount of the placement fee.

b. The names of the persons hired, which are associated with such placement.

c.  The date any such placement fee was paid.

d. The method of payment of such placement fee.

I believe K&E shows contempt for the discovery process (and for me/us) by its unwillingness to be the least bit cooperative here. The threat to try to hit us with costs is simply a bullying tactic. Why your firm feels the need to try to intimidate me and refuse to assist in a transparent and collaborative process, I have no idea.

Robert E. Kinney, Esq.

Attorney at Law
Mobile: +1-512-636-1395



Robert Kinney <robert@kinneyrecruiting.com>

---

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

---

**Robert Kinney** <robert@kinneypc.com>                                    Thu, Mar 26, 2020 at 6:57 PM
To: wpruitt@kirkland.com
Cc: Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Dear Mr. Pruitt:

I'm sending this to you in your capacity as counsel for Kirkland & Ellis. Attached please find a copy of MWK
Recruiting's Motion to Compel, Exhibits A-D, and Proposed Order, filed yesterday in the referenced matter.

Regards,

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

---

**6 attachments**

📄 **143 - Motion to Compel Jowers Disc.pdf**
217K

📄 **143-2 - B - RFP's and Responses.pdf**
333K

📄 **143-4 - D - RFA's and Responses.pdf**
332K

📄 **143-3 - C - Rogs and Responses.pdf**
459K

📄 **143-1 - A - Kinney Declaration iso MtCompel.pdf**
11071K

📄 **145 - Notice of Proposed Order re [143].pdf**
108K



Robert Kinney <robert@kinneyrecruiting.com>

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

**Pruitt, William T.** <wpruitt@kirkland.com>                                    Fri, Mar 27, 2020 at 12:12 PM
To: Robert Kinney <robert@kinneypc.com>
Cc: Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Mr. Kinney,

      I raised with you at the outset that you improperly served your subpoena on Kirkland. I've written you repeatedly pointing out that the subpoena is also improper because it seeks documents from Kirkland, a non-party, that are available to you from a party to the case. Your motion to compel against the defendant makes this clear. And now you've filed a motion to compel in the wrong court, seeking to enforce the subpoena in a district where Kirkland has no office.

      I've made efforts since your March 7 email to identify documents responsive to your requests. All of the responsive documents we have located concern placements in our Hong Kong office. It has taken longer than expected to collect those materials in light of office closures due to the ongoing global pandemic. Kirkland is prepared to produce those documents (redacting bank account information and the names of the lateral hires) if you withdraw your motion to compel. I would appreciate a response by the close of business Monday.

Best,

Will Pruitt

**William T. Pruitt**

Firm Counsel

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3280  **M** +1 312 860 3280
**F** +1 312 862 2200

william.pruitt@kirkland.com

[Quoted text hidden]

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.



Robert Kinney <robert@kinneyrecruiting.com>

---

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

---

**Robert Kinney** <robert@kinneypc.com>                                     Fri, Mar 27, 2020 at 2:20 PM
To: wpruitt@kirkland.com
Cc: Robert Kinney <robert@kinneypc.com>, Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Bill,

It's a good thing for us that you are not the judge.  The bottom line is that we are going to get an order that either compels Jowers or Kirkland or both of you to produce the information we require to prosecute our case. We are not going to play this Mickey Mouse game anymore with Kirkland and Jowers standing there pointing at each other, leaving us holding the bag.  It's outrageous, especially from an organization that does so well precisely because this country has an effective civil process. Every other firm we have subpoenaed, even DLA who are defending Jowers, has at least pretended to be cooperative and has come forward with the information we need. By contrast, Kirkland has produced nothing and given not the slightest hint that the firm understands its obligations.

For the record, we have been trying to work with you on this since December 2019 - three months. We served you twice, and we have had a steady back and forth ever since with you blocking us 100% all along. This is fully ripe for a motion to compel.

Since you did not reply to my March 7 email, I was not aware you had done anything to help gather information in the three months this has been pending.  If you cooperate, we will withdraw the motion. But you need to stop trying to dictate to us what we can have. I fully understand the obligation not to overburden a disinterested non-party, but we are not coming close to that with you. As I have told you previously, you can produce whatever you produce subject to the Court's protective order, for attorney's eyes only if you like. I'm attaching another copy here.

Right now, we require what was in the revised request I last sent to you and which we have asked the Court to enforce. We need the names and everything else. No redactions are acceptable. There is a strong likelihood, depending on how obstreperous Jowers continues to be, that we come back to you very soon for the names of all submitted candidates, dates they were submitted, and the result of the submissions. So for efficiency, I suggest you obtain that data as well.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

---

[Quoted text hidden]

---

📄 **70 - Protective Order.pdf**
591K



Robert Kinney <robert@kinneyrecruiting.com>

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

Pruitt, William T. <wpruitt@kirkland.com>                                   Fri, Mar 27, 2020 at 11:37 PM
To: Robert Kinney <robert@kinneypc.com>
Cc: Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Mr. Kinney -

This is the first I'm hearing of any finger-pointing by the Defendant. You have always represented that you believe the Defendant is in possession of the documents you've also asked Kirkland to produce. You've never indicated that the Defendant has suggested that you should get those documents from Kirkland. I'd appreciate if you could explain that statement.

Although I disagree that the names of the lateral candidates are necessary here, Kirkland is willing to produce the documents we have located without redacting those names if you withdraw the motion to compel. I do plan to redact all but the last four digits of Kirkland's bank account but otherwise produce the documents without redaction. Please confirm this is acceptable and that you will withdraw the motion as it concerns Kirkland.

I appreciate the notice concerning a possible subpoena for additional records. I hope you understand that we must reserve all rights in that regard.

Best,

Will Pruitt

**William T. Pruitt**

Firm Counsel

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 3280  M +1 312 860 3280
F +1 312 862 2200

william.pruitt@kirkland.com

From: Robert Kinney <robert@kinneypc.com>
Sent: Friday, March 27, 2020 2:20 PM
To: Pruitt, William T. <wpruitt@kirkland.com>
Cc: Robert Kinney <robert@kinneypc.com>; Ray Mort <raymort@austinlaw.com>; Tristan Loanzon <tristan@loanzon.com>
Subject: [EXT] Re: Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al



Robert Kinney <robert@kinneyrecruiting.com>

---

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

---

**Robert Kinney** <robert@kinneypc.com>                                      Mon, Mar 30, 2020 at 4:29 PM
To: "Pruitt, William T." <wpruitt@kirkland.com>
Cc: Robert Kinney <robert@kinneypc.com>, Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Mr. Pruitt:

Thank you, but you already told me you have what we asked for, so just hand it over.  Feel free to delete part of the bank account numbers for Kirkland, just not for Jowers/Legis. And don't delete the names, or fail to tell us when the candidates were submitted. We will look at your production when you send it to us and if we are in agreement about it and you'll stipulate to an order as in the draft, which says that you will cooperate in good faith going forward on further subpoenas, then we don't need to talk to the judge this time and will file a notice of that fact. But I only want to do this once. I don't intend to burden you excessively in the future, but if I have to come back to court again just to get something reasonable that I'm entitled to, I intend to have the threat of a contempt ruling to back me up.

As for the comment regarding playing games, I'm surprised you're surprised. Maybe you have not paid attention to this case. Jowers says he's not Legis, even though Legis's website is www.evanjowers.com. You say to get what we need from Jowers, and he says get it from Legis, or Kirkland, or whomever, but not from him. Legis ducks service. We come to you and ask again for what transpired between you and Legis, and you say to get it from Jowers. It's a joke. And this is the quintessential reason Rule 45 subpoenas exist. We have a way to check the veracity of this dude if/when we do get the communications out of him and if he never sends what he should, then we have another avenue to get it.  We should have been done with this in January.

Also, Jowers's counsel let slip that he knew we had threatened "firms" with subpoenas. You're the only one I had to threaten so far. So he inadvertently let me know they are getting back-channel communication from you or perhaps someone else at Kirkland.

Bill, I'm not easily bullied but I'm not a jerk. It's up to you but we'd probably do a lot better with each other if you just picked up the phone and called me if you want to discuss this further. It's supposed to be a collaborative process. I have had zero trouble with the GC's of quite a few firms, nor have they had trouble with me.

REK

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

---

[Quoted text hidden]



**Robert Kinney <robert@kinneyrecruiting.com>**

---

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

---

**Pruitt, William T. <wpruitt@kirkland.com>**                                    Mon, Mar 30, 2020 at 8:38 PM
To: Robert Kinney <robert@kinneypc.com>
Cc: Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Mr. Kinney,

　　　Kirkland's offer is to produce the documents we have located responsive to your requests as revised (redacting only the firm's bank account number, except for the last four digits) in exchange for you voluntarily withdrawing the motion to compel against Kirkland. We will not stipulate to any order being entered in the Western District of Texas. It's not necessary, and the Western District of Texas is not the correct court to hear or rule on any motion to compel against Kirkland.

　　　I would appreciate your response by first thing tomorrow morning. If you do not agree, Kirkland requests a fourteen-day extension to its time to respond to the motion. We will need to retain counsel in Austin to respond to the motion. We reserve all rights as it relates to the subpoena and your motion, including the right to seek fees and costs for improper use of third-party discovery and seeking to enforce a subpoena in the wrong court, even after you were made aware of that fact.

Best,

Will Pruitt

**William T. Pruitt**

Firm Counsel

---

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3280  **M** +1 312 860 3280
**F** +1 312 862 2200

---

william.pruitt@kirkland.com

**From:** Robert Kinney <robert@kinneypc.com>
**Sent:** Monday, March 30, 2020 4:30 PM
**To:** Pruitt, William T. <wpruitt@kirkland.com>
**Cc:** Robert Kinney <robert@kinneypc.com>; Ray Mort <raymort@austinlaw.com>; Tristan Loanzon <tristan@loanzon.com>
**Subject:** [EXT] Re: Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

Mr. Pruitt:



Robert Kinney <robert@kinneyrecruiting.com>

---

## Motion to Compel - Case 1:18-cv-00444-RP MWK Recruiting Inc v. Jowers et al

---

**Robert Kinney** <robert@kinneypc.com>                                   Tue, Mar 31, 2020 at 7:41 AM
To: "Pruitt, William T." <wpruitt@kirkland.com>
Cc: Ray Mort <raymort@austinlaw.com>, Robert Kinney <robert@kinneypc.com>, Tristan Loanzon <tristan@loanzon.com>

We disagree with your assertion that the Western District of Texas is not an appropriate forum for this hearing. Jowers requested a 7 day extension until April 8 which we did not oppose. That request was granted yesterday.  At the present time we agree to a 7 day for Kirkland to respond until next Wednesday, April 8.

If you will send the information you said you have already collected today, then we will agree to an extension for Kirkland of 14 days to April 15.

Robert Kinney
[Quoted text hidden]
—
[Quoted text hidden]



Robert Kinney <robert@kinneyrecruiting.com>

---

## Request for Documents Responsive to Subpoena
1 message

---

**Robert Kinney** <robert@kinneypc.com>                                    Tue, Mar 31, 2020 at 12:34 PM
To: "Pruitt, William T." <wpruitt@kirkland.com>
Cc: Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Bill,

In an effort to resolve the issues between MWK and Kirkland, we request that you produce the responsive documents and sign the attached stipulation for filing with the Court.

Regards,

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

---

📄 **Stipulation Re Compliance.pdf**
77K