**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MWK RECRUITING, INC.**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),**<br><br>    **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>    **Counterclaimant,**<br><br>**v.**<br><br>**MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED**<br><br>    **Counter-defendants.** | |

**MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**
**THIRD-PARTY SUBPOENAS**

Defendant/Counter-claimant Evan P. Jowers ("**Jowers**" or "**Defendant**") files this Motion for Protective Order and Motion to Quash Third-Party Subpoenas ("**Motion**") pursuant to Federal Rules of Civil Procedure 45 and 26.

**I.      INTRODUCTION**

Defendant files this Motion to prohibit Plaintiff/Counter-defendant MWK Recruiting, Inc. ("**MWK**") and Counter-defendants Robert E. Kinney, Michelle W. Kinney, Recruiting

Partners GP, Inc., Kinney Recruiting LLC, Counsel Unlimited LL, and Kinney Recruiting Limited (collectively, the "**Kinney Parties**") from continuing to engage in improper discovery tactics in this case. Specifically, the Kinney Parties have served, or indicated their intent to serve, several third-party subpoenas duces tecum (the "**Third-Party Subpoenas**") that are facially deficient pursuant to the Federal Rules of Civil Procedure. Defendant's counsel has alerted the Kinney Parties to the same facial defects in these subpoenas with respect to prior subpoenas, but the Kinney Parties continue to knowingly serve invalid subpoenas in apparent intentional disregard of the federal rules. The Kinney Parties' conduct demonstrates their intent to harass Defendant and his business partners and associates while circumventing the procedural safeguards put in place to protect third parties from such abusive discovery tactics. Accordingly, Defendant seeks an order from the court quashing the improper Third-Party Subpoenas and preventing the Kinney Parties from continuing to engage in such abusive discovery tactics.

## II.    FACTUAL BACKGROUND

1.      MWK filed this lawsuit in Texas state court on March 27, 2017. [ECF No. 1-2.] On May 25, 2018, Jowers timely removed the case to this Court. [ECF No. 1.] MWK filed its Second Amended Complaint on March 25, 2019, which remains the operative pleading in this case. [ECF No. 80.]

2.      On April 17, 2019, Defendants Jowers, Yuliya Vinokurova ("**Vinokurova**"), Legis, and Alejandro Vargas ("**Vargas**") filed a Motion to Dismiss. [ECF No. 84.] The Court granted Defendants' Motion to Dismiss in part on July 29, 2019; specifically, the Court dismissed the claims against Legis and Vargas for lack of personal jurisdiction and the claims

against Vinokurova on Rule 12(b)(6) grounds. [ECF No. 87.] Jowers is the only remaining defendant as to the claims asserted by MWK.[1]

2.      The Kinney Parties have served or attempted to serve several third party subpoenas in this matter, including but not limited to the subpoena directed at Kirkland & Ellis, LLP, which is the subject of that firm's Special Appearance, Response to MWK's Motion to Compel Production, Motion to Quash Subpoena, and Motion for Protective Order (the "**Kirkland Motion**") [ECF No. 155]. As explained in the Kirkland Motion, the Kinney Parties' subpoena violated Federal Rule of Civil Procedure 45 because it required production of documents more than 100 miles from where Kirkland & Ellis conducts business (among other reasons). *See id.* at 6.

3.      The Kinney Parties have also attempted multiple times to serve a defective subpoena on Legis Ventures HK Company Limited ("**Legis Ventures**"), a Hong Kong entity, which is the subject of multiple motions filed by the Kinney Parties, including the Motion to Compel Production [ECF No. 143] and the Motion to Permit Service by Alternate Means of Subpoenas and Related Documents on Legis Ventures ("**Motion for Alternate Service**")  [ECF No. 149.] After the Kinney Parties' first attempt to serve to serve the defective subpoena on Legis Ventures in New York (where Legis Ventures has never had an office), Defendant's counsel was specially retained to represent Legis Ventures in responding to that subpoena and served a letter on the Kinney Parties' counsel objecting to the facially invalid subpoena and outlining the subpoena's myriad deficiencies. A true and correct copy of the January 14, 2020 letter to the Kinney Parties is attached as **Exhibit A**.  Defendant's counsel again pointed out the

---

[1] Jowers asserted counterclaims against MWK, Robert E. Kinney, Michelle W. Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Counsel Unlimited LLC, and Kinney Recruiting Limited on August 19, 2019.  [ECF No. 90].

Legis Ventures subpoena's failure to comply with the geographic restrictions set forth in Rule 45 in Defendant's response to the Kinney Parties' Motion for Alternate Service [ECF No. 151], and the Kinney Parties addressed the argument in their reply [ECF No. 153] in support of the Motion for Alternate Service only by stating "how the subpoena can be enforced is for another day." *See id*. at 3.

4.      Defendant's counsel has notified the Kinney Parties of their repeated failure to comply with the requirements of Federal Rule of Civil Procedure 45 on multiple occasions, most recently on April 9, 2020, with respect to another attempt to serve a facially invalid subpoena on Legis Ventures. A true and correct copy of Defendant's counsel's April 9, 2020 e-mail exchange with Robert Kinney is attached hereto as **Exhibit B**. Mr. Kinney responded that he "really [doesn't] know what [Defendant's counsel] is talking about" and thinks he "[has] followed all rules to a T." *See id*.

5.      On April 13, 2020, the Kinney Parties sent Defendant's counsel several additional third-party subpoenas, stating that they intended to serve the subpoenas "in the near future"— even though, in violation of Rule 45(a)(4), at least one of the subpoenas had already been served several days previously. A true and correct copy of Kinney's email transmitting the subpoenas is attached hereto as **Exhibit C**. These subpoenas are directed at the following third parties: Cooley LLP, Alexis Lamb (who resides in Florida), Jowers/Langer, LLC (through Alexis Lamb, its purported registered agent, who resides in Florida), Legis Ventures Hong Kong Company Ltd, d/b/a Jowers/Vargas (through its purported partner, Alexis Lamb, who resides in Florida), and Adam Langer (who resides in New York). *See* Ex. C. All the subpoenas require compliance by April 30, 2020 at The Mort Law Firm, 100 Congress Avenue, Suite 2000, Austin, Texas 78701. *See id*.

### III.    ARGUMENTS AND AUTHORITIES

Rule 45 of the Federal Rules governs the issuance of subpoenas to obtain discovery from non-parties. Fed. R. Civ. P. 45. Although any party to a case necessarily undertakes burdensome discovery obligations, "[n]on-parties have a different set of expectations … [and the] concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

Pursuant to Rule 45(d)(3), the court where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply, (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c), (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden. Pursuant to Rule 45(d)(3)(A)(ii), a court must quash a subpoena when it requires production of documents more than 100 miles from where a person resides, is employed, or regularly transacts business in person.

"As a general rule, a party has standing to challenge a nonparty subpoena in order to protect a personal right or privilege in the requested production." *Turnbow v. Life Partners, Inc.*, No. 3:11-CV-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013). "[I]f the person to whom the document request is made is a non-party," courts "consider the expense and inconvenience to the non-party." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). To determine whether a subpoena presents an undue burden, courts consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden

imposed." *Id*. A subpoena may also present an undue burden if the subpoena is overbroad. *Id*. at 818.

"Third party subpoenas are also subject to the parameters established by Rule 26."' *Hahn v. Hunt*, No. CV-15-2867, 2016 WL 1587405, at *1 (E.D. La. Apr. 20, 2016), *aff'd*, No. CV 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016) (quotations omitted). Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense … ." Fed. R. Civ. P. 26(c). A party seeking a protective order must show good cause and the specific need for protection. *Kimberly-Clark Corp. v. Continental Cas. Co.,* 2006 WL 3436064, at *2 (N.D. Tex. 2006) (Fitzwater, C.J.) (internal quotations and brackets omitted). In deciding whether a protective order should issue, "[t]he court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Id.* (quotations omitted).

Here, the Court should enter an order quashing the Third-Party Subpoenas and protecting Defendant's customers, associates, and business partners from the harassing discovery sought by the Kinney Parties because the subpoenas violate Rule 45 and impose an undue burden on the third parties. As shown above, the geographic requirements of Rule 45 have been pointed out to Mr. Kinney numerous times. Nevertheless, the Kinney Parties are intentionally serving facially invalid subpoenas requiring entities and individuals to produce documents at a geographic location more than 100 miles from where they reside or regularly conduct business. Despite Defendant's counsel's (and Kirkland & Ellis's counsel's) repeated notifications to Mr. Kinney of the facial defects with these subpoenas, the Kinney Parties continue to serve invalid subpoenas in disregard of the plain language of the Federal Rules. Such conduct is abusive and harassing, and the Court should not endorse it. Accordingly, the Court should enter an order quashing the Third-

Party Subpoenas and enter a protective order prohibiting the Kinney Parties from serving any additional third-party subpoenas that violate the requirements of Rule 45.

## IV.    CONCLUSION

For these reasons, Defendant respectfully requests that the Court quash the Third-Party Subpoenas and enter a protective order forbidding the Kinney Parties from serving any additional facially invalid subpoenas.  Defendant also requests that the Court grant such other relief to which he may be justly entitled.

Dated: April 24, 2020.                                  Respectfully submitted,

By:    */s/ James C. Bookhout*
       Marc D. Katz
       State Bar No. 00791002
       marc.katz@dlapiper.com
       James C. Bookhout
       State Bar No. 24087187
       james.bookhout@dlapiper.com
       **DLA PIPER LLP (US)**
       1717 Main Street, Suite 4600
       Dallas, TX 75201
       Telephone:  (214) 743-4500
       Facsimile:  (214) 743-4545

**COUNSEL FOR DEFENDANT AND
COUNTER-CLAIMANT EVAN P. JOWERS**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 24, 2020, I conferred via email with Robert Kinney, counsel for Plaintiff MWK Recruiting, Inc. and all the Counter-Defendants, regarding the subject matter of this Motion, and he stated that he was opposed to the relief sought herein.

  */s/ Micala R. Bernardo*
Micala R. Bernardo

## CERTIFICATE OF SERVICE

I hereby certify that, on April 24, 2020, a true and accurate copy of the foregoing document was served via the Court's CM/ECF facilities and via email to all counsel of record.

  */s/ James C. Bookhout*
James C. Bookhout