**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MWK RECRUITING, INC.** | § | |
| | § | |
| **VS.** | § | **No. 1:18-cv-0444 RP** |
| | § | |
| **EVAN P. JOWERS, et al.** | § | |

## ORDER

Before the Court is Defendant Evan Jowers' Motion for Protective Order and Motion to Quash Third Party Subpoenas (Dkt. No. 165).  On April 27, 2020, Judge Pitman referred the motion to the undersigned for disposition. The Court held a telephonic hearing on the motion on May 1, 2020.

For reasons stated on the record, Defendant's motion (Dkt. No. 165) is hereby **DISMISSED WITHOUT PREJUDICE** for failure to confer in good faith, as required by Local Rule CV-7(i).

As stated in the hearing, as they confer on these issues, the parties are advised to take into consideration the issue of standing,[1] as well as the effect of available mailing or electronic production methods on the validity of subpoenas.[2]

SIGNED this 1st day of May, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Generally a party lacks standing to challenge subpoenas to third parties under Rule 45, save as to matters of privilege or personal interest.  *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Cooley v. Curves Int'l, Inc.*, 2008 WL 11333881 (W.D. Tex. May, 19, 2008).

[2] Courts have found that where a subpoena does not require attendance of witnesses, but only production of documents which may be mailed or electronically produced, there is no violation of the 100 mile limitation of Rule 45.  *See Curtis v. Progressive Northern Insurance Co.*, 2018 WL 2976432 (W.D. Okla. June 13, 2018); *Frick v. Henry Industries, Inc.*, 2016 WL 6966971 (D. Kansas Nov. 29, 2016).