## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC,** | |
| Plaintiff, | |
| v. | |
| **EVAN P. JOWERS, YULIYA VINOKUROVA, LEGIS VENTURES (HK) COMPANY LIMITED, AND ALEJANDRO VARGAS,** | **Case No. 1:18-cv-00444-RP** |
| Defendants | |
| **EVAN P. JOWERS,** | |
| Counterclaimant, | |
| v. | |
| **MWK RECRUITING, INC.,** | |
| **ROBERT E. KINNEY,** | |
| **MICHELLE W. KINNEY,** | |
| **RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC,** | |
| **COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED,** | |
| Counterdefendants. | |

## DECLARATION OF ROBERT E. KINNEY

I, Robert E. Kinney, declare as follows:

1.    My name is Robert E. Kinney. I am of sound mind, I am capable of making this declaration ("Declaration"), and I have personal knowledge of the facts stated in this Declaration. All of the facts stated in this Declaration are true and correct. I am over 21 years of age and have never been convicted of a felony or a crime of moral turpitude in any jurisdiction.

2.    On February 22, 2019, counsel for MWK and James Bookhout, acting as counsel for Evan Jowers ("**Jowers**"), discussed seeking entry of a protective order in this case. MWK sought entry of the protective order, counsel for Jowers reviewed the form, commented, and stated that he was not opposed to the entry of a protective order in this case if his requested change was made. The form was based on the standard form used in the Western District of Texas. A true and correct copy of email correspondence between counsel for MWK and counsel for Jowers related to entry of the protective order in February 2019, is attached hereto as **<u>Exhibit 1</u>**, including a redline of the change requested by Mr. Bookhout. I was retained by MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.), for representation in this matter, and I also represent the counter-defendants. At all times relevant, I have been retained counsel in this matter.

3.    On May 6, 2020, Mr. Bookhout asked, on a telephone conference attended by Tristan Loanzon and myself for the MWK Entities, whether the MWK Entities would be opposed to an amendment to the Protective Order which would allow Jowers to designate certain documents as a special category of "Attorneys' Eyes Only," which I would be excluded from viewing. Mr. Bookhout stated that Jowers felt that certain information was very sensitive competitive information and that my dual role as counsel for MWK and as President of Kinney Recruiting made a change to the Protective Order to hide this information from me imperative in Jowers's view. I told Mr. Bookhout I would consider any amendment he wanted to propose but that I did

not see the need, especially with regard to old information. Following the conference call, on May 6, 2020, I sent Mr. Bookhout an email to follow-up regarding AEO designations attached as **Exhibit 1A**. The message indicated that we did not agree that a special AEO designation excluding my ability to view the information was appropriate, and also indicated that MWK does not believe any of the information identifying his clients and candidates was appropriate for AEO designation.

4.    On May 14, 2020, Mr. Bookhout followed up with an email to me (copying Jowers's new counsel, Robert Tauler) and included a redline of the Protective Order showing his requested changes, which added an "Outside Attorneys' Eyes Only" designation for what Mr. Bookhout described as a "small subset" of documents "containing attorney candidates' confidential information that they had a reasonable expectation would not be disclosed to third parties except for recruiting purposes." He argued that the use of the term "outside counsel" in two places in the Protective Order (¶7(b) and ¶7(c)) indicated that only outside counsel was intended to be permitted to see AEO-designated material. A true and correct copy of the correspondence and the proposed amendments is attached hereto as **Exhibit 2**.

5.    On May 20, 2020, after careful consideration of Mr. Bookhout's request related to amending the Protective Order, I responded to his request in writing. I provided a counterproposal which would have added a special designation but would only permit it to apply to active client roles and candidates under present, active consideration. A true and correct copy of the transmittal email and the portion of my letter to Mr. Bookhout dealing with amending the Protective Order is attached as **Exhibit 3**. Jowers's new counsel, Mr. Tauler, was copied on this correspondence.

6.    I did not receive a response to my counterproposal from Mr. Bookhout or Mr. Tauler.

7.    On behalf of Jowers, responding to the Court's Order, Mr. Tauler produced by email to me supplemental responses to Interrogatory No. 1 on May 27, 2020 listing Jowers's placements in 2016-2017, and then on May 28, 2020 and on June 1, 2020, he sent me links to electronically

storied document images. A true and correct copy of the correspondence from Mr. Tauler transmitting his supplemental responses is attached hereto as **Exhibit 4**. Mr. Tauler had asked us for an extension to the Court's May 25 deadline. I had told him I had no objection to the requested extension of a few days. Nowhere in his transmittal email did Mr. Tauler indicate that any of the information he was producing was marked AEO or that he viewed me as being excluded from viewing any material marked AEO.

8.    In total, the documents produced by Jowers in response to the Court's Order of April 27, 2020 (Dkt. 168), consisted of 2,013 documents with a total of 16,089 pages. Of these, Jowers labeled 5,915 pages (651 documents) "Attorneys' Eyes Only." The remainder were labeled "Confidential." Jowers's supplemental response to Interrogatory No. 1 had no protective order designation until it was amended by Mr. Tauler June 24, 2020, to add an AEO designation. On July 1, 2020, Mr. Tauler again removed the AEO designation from Jowers's response to Interrogatory No. 1, a list of 2016-2017 placements.

9.    The load file for the pages did not contain a field mapped to protective order designations such that document management software could flag the documents as Attorneys Eyes Only. The only indication of the protective order designations of the documents was the stamp on the face of each document. As noted above (¶8), Jowers's original supplemental response to Interrogatory No. 1 did not mention any protective order designation. Interrogatory No. 1 listed placements Jowers had made in the first year after he left. Of the 14 candidates Jowers listed as persons he had placed in that year, two came straight from the list of candidates he admitted sending out prior to departure from Kinney Recruiting and several others were persons we already knew or suspected he had placed for various reasons.

10.  I reviewed some of the material produced by Jowers. Each document was dated prior to December 16, 2017, yet many pages were marked "Attorneys' Eyes Only" ("AEO"). Jowers had

even marked information from public web pages, such as attorney biographies from law firm websites, with "AEO." For the reasons discussed above, I believed (and still believe) that I have every right to view material marked "AEO" under the current Protective Order in this case.

11. After a cursory review of the information in the Jowers supplemental production, it appeared evident to me that there were certain gaps in the information provided by Jowers. For example, one document dated December 18, 2016, was a letter from evan@evanjowers.com to a client law firm of Kinney Recruiting inquiring about an interview that had occurred the prior week in Seoul of a candidate Jowers had not submitted from his Kinney Recruiting email address (he resigned December 16, 2016), but from some other address. The original email submitting the candidate appeared to be missing. On June 16, I inquired with Mr. Tauler regarding why there were gaps in Jowers's production and whether his production was complete. In response, for the first time, Mr. Tauler articulated his view that I am not qualified under the Protective Order to see AEO-designated documents. A true and correct copy of correspondence between myself and Mr. Tauler on this subject dated June 16, 2020, is attached hereto as **Exhibit 5**. In his letter, Mr. Tauler stated, "I acknowledge that this may not have been made clear to you by my predecessor, so I am not trying to cast blame at your side if this had not been previously communicated to you. Rather, I think this is something we need to immediately address with the Court if we cannot reach an agreement."

12. Mr. Tauler followed up with a formal "meet and confer" letter June 17, 2020, in which he sought a telephone conference with counsel other than me to discuss the AEO-designated information and threatened to seek sanctions and an order of contempt for my having looked at AEO information improperly in his opinion. A true and correct copy of Mr. Tauler's letter of June 17, 2020 is attached hereto as **Exhibit 6**. Only I was available for a telephone conference with Mr. Tauler.

13.  On June 18, 2020, during a telephone conference which I attended for the MWK Entities but which was attended by Mr. Tauler and two other attorneys for Jowers, Mr. Tauler acknowledged that the information contained in the produced materials marked AEO all related to placement activity by Jowers in 2016-2017. I pointed out to Mr. Tauler that, while my review had been limited, I had seen public web page screenshots marked AEO. Mr. Tauler told me that Jowers felt that information about placement activity that was several years old could provide actionable intelligence to a competitor, and thus that he felt that this information was properly marked AEO. I told him that I do not believe anything that old could possibly rise to the level that is required for an AEO designation. I told Mr. Tauler that, of the pages I had reviewed which contained an AEO designation, some of them were verbatim copies of attorney biography pages from public websites. I told him that, in one other case I could remember, the email marked AEO related to the submission by Jowers using his private, non-work email, of a candidate to one of the Kinney Recruiting clients, and that Jowers had made the submission during the period when he was employed by Kinney Recruiting LLC. In good faith I attempted to reach a compromise, but Mr. Tauler did not agree that any of this information did not qualify as AEO information, and just reiterated his view that I had no business even knowing what had been marked AEO. He refused to discuss the details further with me. I reminded Mr. Tauler about the extensive meet and confer process I had gone through on the same subject with Mr. Bookhout of DLA Piper, and of the fact that Mr. Tauler was copied on much of that correspondence, and that I had received no response to the compromise proposal I had sent on May 20, 2020. (*See* ¶5, *supra*). I asked Mr. Tauler if he had a response to my proposal, and he had none.

14.  While I did not (and still have not) reviewed all of the information in the production marked AEO, I used optical character recognition software to identify which documents contained the words "Attorneys' Eyes Only." Since there was no metadata showing protective order

designations, this was the only way to determine what was marked AEO without looking at each page. By pulling up a list of these documents, I was able to determine what the dates of the documents were without reviewing them, and I was able to export a list of documents marked AEO, a redacted copy of which is attached to Jowers's Motion. (Dkt. 180). The list shows the dates.

15.  Because all of the information marked Attorneys' Eyes Only in this production was from 2016-2017 and in no way analogous to other categories of information that could properly be marked AEO, I reviewed the Protective Order for the proper procedure to follow for dispute resolution. (Dkt. 70). On June 18, 2020, I sent Mr. Tauler a challenge to his designation of each of the 5,915 pages as Attorneys' Eyes Only pursuant to ¶11(a) of the Protective Order, a true and correct copy of which is attached hereto as **Exhibit 7**, and also I sent him a formal notice of our designations of qualified persons under ¶11(b) of the Protective Order, a true and correct copy of which is attached hereto as **Exhibit 8**. I invited Mr. Tauler to use the procedure specified in Section 11(b) of the Protective Order to object to my designation as a person qualified to view AEO-designated material. Although DLA Piper was on explicit notice of our view that I am qualified to view AEO-designated material since at least May 6, 2020, I did not assert that Mr. Tauler had missed the 14 day window to challenge that designation, but instead offered him 14 more days, until July 2, 2020.

16. When originally transmitted on May 27, 2020, Jowers's supplemental interrogatory response had no Protective Order designation. On June 24, 2020, Mr. Tauler emailed counsel for MWK to designate his Court-ordered response to Interrogatory 1 as "Attorneys Eyes Only" under the Protective Order. A true and correct copy of Mr. Tauler's letter of June 24, 2020 is attached hereto as **Exhibit 9**. On July 1, 2020, Mr. Tauler sent a second letter, changing the Protective Order

designation from "AEO" to "Confidential" on his response to Interrogatory 1, at true and correct copy of which is attached hereto as **Exhibit 9A**.

17.   Instead of seeking to challenge my designation as a Qualifed Person able to view AEO-designated material, Mr. Tauler filed his Motion to Enforce Confidentiality and Protective Order (Dkt. 180) on June 26, 2020, seeking sanctions. At no point in the process has Mr. Tauler provided a response to the counterproposal that I had included in my letter of May 20, 2020 or an explanation for why he waited until after he had produced AEO-designated documents he knew I would see to make clear his position that I was not entitled to look at them.

18.   Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

19.   Executed in East Hampton, NY, on July 4, 2020.

/s/ Robert E Kinney

Robert E. Kinney



**Robert Kinney <robert@kinneyrecruiting.com>**

## RE: MWK v. Jowers et al - Protective Order
1 message

**Ray Mort** <raymort@austinlaw.com>                                              Fri, Feb 22, 2019 at 1:25 PM
To: "Bookhout, James" <James.Bookhout@dlapiper.com>
Cc: "Stefanova, Marina" <Marina.Stefanova@dlapiper.com>, "Katz, Marc" <Marc.Katz@dlapiper.com>, Robert Kinney
<robert@kinneypc.com>

Thanks,

Made the change and will file as unopposed.


- Ray




RAYMOND W. MORT, III

–

THE MORT LAW FIRM, PLLC

106 E. SIXTH STREET · SUITE 900

AUSTIN · TEXAS · 78701

AustinLaw.com · (512)-865-7950 · RayMort@AustinLaw.com


The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written
to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal
tax law or otherwise.


CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If
the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that
you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you
have received this communication in error, please notify us immediately by e-mail, and delete the original message.


**From:** Bookhout, James <James.Bookhout@dlapiper.com>
**Sent:** Friday, February 22, 2019 1:17 PM
**To:** Ray Mort <raymort@AUSTINLAW.COM>
**Cc:** Stefanova, Marina <Marina.Stefanova@dlapiper.com>; Katz, Marc <Marc.Katz@dlapiper.com>; Robert Kinney
<robert@kinneypc.com>
**Subject:** RE: MWK v. Jowers et al - Protective Order

Exhibit 1 to REK Decl. July 4, 2020

6/27/2020                          Kinney Recruiting, Inc. Mail - RE: MWK v. Jowers et al - Protective Order

Ray,


We are unopposed to the proposed Protective Order save for the single change that appears in
track changes in the attached, which is also part of the current version of the order on the Western
District's website. I believe this just corrects a typo from an older version that you may have used.


We are fine with you filing a Motion for a Protective Order and listing us as unopposed. We don't
see the need for it to be a Joint Motion. Please revise accordingly.


Thanks.



James C. Bookhout
Associate


**T** +1 214.743.4549
**E** james.bookhout@dlapiper.com





**NOTE**: *Effective February 15, 2019, we have relocated to the following address:*


DLA Piper LLP (US)
1900 North Pearl Street

Suite 2200
Dallas, Texas 75201
United States
www.dlapiper.com


---

**From:** Ray Mort <raymort@AUSTINLAW.COM>
**Sent:** Friday, February 22, 2019 11:57 AM
**To:** Bookhout, James <James.Bookhout@dlapiper.com>
**Cc:** Stefanova, Marina <Marina.Stefanova@dlapiper.com>; Katz, Marc <Marc.Katz@dlapiper.com>; Robert Kinney
<robert@kinneypc.com>
**Subject:** RE: MWK v. Jowers et al - Protective Order


**[EXTERNAL]**

---

Exhibit 1 to REK Decl. July 4, 2020

It is.  No changes.


- Ray




RAYMOND W. MORT, III

–

THE MORT LAW FIRM, PLLC

106 E. SIXTH STREET · SUITE 900

AUSTIN · TEXAS · 78701

AustinLaw.com  ·  (512)-865-7950  ·  RayMort@AustinLaw.com


The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.


CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Bookhout, James <James.Bookhout@dlapiper.com>
**Sent:** Friday, February 22, 2019 11:54 AM
**To:** Ray Mort <raymort@AUSTINLAW.COM>
**Cc:** Stefanova, Marina <Marina.Stefanova@dlapiper.com>; Katz, Marc <Marc.Katz@dlapiper.com>; Robert Kinney <robert@kinneypc.com>
**Subject:** RE: MWK v. Jowers et al - Protective Order


Ray,


Is this the version from the Western District's website? If so, have there been any changes to that version?


James C. Bookhout
Associate

**T** +1 214.743.4549
**E** james.bookhout@dlapiper.com

Exhibit 1 to REK Decl. July 4, 2020

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MWK RECRUITING INC.,** | **Civil Action No.: 1:18-cv-00444-RP** |
| Plaintiff | |
| v. | **JURY TRIAL DEMANDED** |
| **EVAN P. JOWERS,** | |
| **YULIYA VINOKUROVA,** | |
| **ALEJANDRO VARGAS, AND** | |
| **LEGIS VENTURES (HK)** | |
| **COMPANY LIMITED**, | |
| Defendants | |

**<u>CONFIDENTIALITY AND PROTECTIVE ORDER</u>**

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.      Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.      Qualified Persons**

"Qualified Persons" means:

Exhibit 1 to REK Decl. July 4, 2020

a.    For Counsel or Attorneys Only information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    iv.    the party, if a natural person;

    v.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    vi.    litigation vendors, court reporters, and other litigation support personnel;

    vii.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

**3.    Designation Criteria**

a.    *Nonclassified Information.* Classified Information shall not include information

Exhibit 1 to REK Decl. July 4, 2020

that either:

      i.     is in the public domain at the time of disclosure, as evidenced by a written document;

      viii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

      ix.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      x.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

      b.    *Classified Information*. A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

      Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

      Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

      c.    *For Counsel or Attorneys Only*. The designation "For Counsel Only" or

Exhibit 1 to REK Decl. July 4, 2020

"Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

       d.    *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

       **4.**       **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

       **5.**       **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

       **6.**       **Disclosure at Depositions**

Exhibit 1 to REK Decl. July 4, 2020

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7.    Disclosure to Qualified Persons**

a.    *To Whom*. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in

Exhibit 1 to REK Decl. July 4, 2020

the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.    *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.    Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8.    Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all

Exhibit 1 to REK Decl. July 4, 2020

reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9.      Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

### 10.      Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11.      Challenging the Designation

a.      *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed

CONFIDENTIALITY AND PROTECTIVE ORDER                                                                 7

Exhibit 1 to REK Decl. July 4, 2020

information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the ~~disposed~~ disputed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 12.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 13.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in

CONFIDENTIALITY AND PROTECTIVE ORDER                                                    8

Exhibit 1 to REK Decl. July 4, 2020

this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 14.     Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15.     Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16.     Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order;

Exhibit 1 to REK Decl. July 4, 2020

provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17.     Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18.     Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19.     Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

Exhibit 1 to REK Decl. July 4, 2020



Robert Kinney <robert@kinneyrecruiting.com>

# Protective Order Amendment
1 message

**Robert Kinney** <robert@kinneypc.com>                                                 Wed, May 6, 2020 at 5:54 PM
To: "Katz, Marc" <Marc.Katz@dlapiper.com>, "Bookhout, James" <james.bookhout@dlapiper.com>, "Bernardo, Micala" <micala.bernardo@dlapiper.com>
Cc: Ray Mort <raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Marc and James,

Regarding your request that we agree to amend the protective order to create a special AEO designation that excludes my ability to see the material Jowers produces, I think you would need to show that the material you want to exclude me from seeing is both 1) actionable competitive information; and 2) I should not be entitled to see it.

With regard to lists of placed or submitted candidates,  as well as the email associated with the submissions and placements on that list, I think Jowers fails 1 before getting to 2.  Jowers will have additional difficulty since he has contended throughout the case that information related to candidates and clients (where they might go and what might motivate them) is readily obtainable by proper means and therefore not capable of constituting a trade secret.

With regard to whether I should be excluded from seeing something that is otherwise competitive information, in most cases I expect we will find that Jowers made the submissions and placements in violation of his obligations under the relevant trade secret laws or his contractual obligations. So, I don't know why I should be excluded from seeing that evidence.

On this discrete issue, unless you have some basis for the request that I am not understanding fully, I think you will probably need to ask the Court's help. But please let me know on our call tomorrow if I missed some consideration and let us see your motion before you file it if you decide to file one. Maybe there will be something in there I'm missing; I would not want to bother the Court with it if so.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

_____
This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.
_____

Exhbit 1A to REK Decl. July 4, 2020



Robert Kinney <robert@kinneyrecruiting.com>

## RE: MWK Recruiting, Inc. v. Jowers -- Follow up regarding trade secrets/confidential information interrogatories and requests for production
1 message

**Bookhout, James** <james.bookhout@dlapiper.com>                          Thu, May 14, 2020 at 1:51 PM
To: Tristan Loanzon <tristan@loanzon.com>
Cc: "Bernardo, Micala" <micala.bernardo@dlapiper.com>, Robert Kinney <robert@kinneyrecruiting.com>,
"raymort@austinlaw.com" <raymort@austinlaw.com>, "Katz, Marc" <marc.katz@dlapiper.com>, Robert Tauler
<rtauler@taulersmith.com>

Tristan:


Thank you for your email.  As a further follow up to our second telephone conference on May 11,
we wanted to address the points raised in your email below and summarize the additional
discovery matters we discussed during the conference.


(1) **Identification of trade secrets**.  Thank you for confirming that the MWK will supplement its
interrogatory responses by May 18 and identify the trade secrets/confidential information that it
contends Jowers misappropriated or used in violation of a restrictive covenant and/or that it
believes support the non-solicitation covenant in the Jowers Employment Agreement. As we have
relayed during our telephonic conferences on May 6 and May 11, we have been frustrated by
MWK's continued unwillingness thus far to identify its trade secrets/confidential information in any
way despite our repeated efforts. To be clear, MWK is required to **specifically** identify all trade
secrets/confidential information it contends that Jowers misappropriated (not just by categories) or
that Mr. Jowers allegedly used in breach of any agreement; however, given that you have so
far refused to provide any description of the alleged trade secrets/confidential information at issue,
this should at least be a step toward resolution of this issue.


(2) **Modification of protective order**.  As discussed during our telephonic conference, we want to
clarify that the Protective Order in place in this case prohibits the disclosure of information marked
as "Attorneys' Eyes Only" to persons who are not outside counsel for a party. Given the use of the
phrase "outside counsel" in several locations in the existing order in direct reference to materials
marked as AEO, it is our position that the intent of the current language is to limit disclosure of
AEO-designated information to true outside counsel only and that the current language of the order
prevents Robert from reviewing materials marked as AEO. However, you have indicated that you
do not agree with our interpretation. As discussed, this is an important issue because the attorney
candidates have a reasonable belief that their personal information will not be disclosed to other
persons and that it will be kept confidential. Therefore, we would like to amend the Protective
Order to clarify this by adding a limited "Outside attorneys' eyes only" designation for a small
subset of documents containing attorney candidates' confidential information that they had a
reasonable expectation would not be disclosed to third parties except for recruiting purposes.
Attached please find a clean and red-lined copy of the proposed amended protective order
showing the requested modifications to the existing protective order for your review and
consideration. As you will see, the information that may be designated as "Outside attorneys' eyes

Exhibit 2 to REK Decl. July 4, 2020

only" information is fairly narrow, so we hope that this can be easily agreed to. Please confirm if you will agree to these proposed clarifications.

(3) **RFP 65 – Documents concerning other employees' restrictive covenants**.  As we discussed during our telephonic conference, the documents requested in RFP 65 are relevant to whether or not MWK actually has a legitimate, protectable business interest that could support the restrictive covenants MWK is seeking to enforce against Mr. Jowers. As you know, the Florida statute, which you allege applies to these covenants, requires the plaintiff to "plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant." Fla. Ann. Stat. § 542.335(1)(b). If the MWK entities enter into different types of agreements with different employees or enforces these types of restrictions inconsistently, that would be relevant to whether or not a protectible business interest exists. *See, e.g., Star Direct Inc. v. Dal Pra,* 767 N.W. 2d 898 (Wis. 2009); *Hydroaire, Inc. v. Sager,* 98 Ill. App. 3d 758 (Ill. App. 1981). Differences between versions of the restrictive covenants are also relevant to the extent that the covered matters vary between documents (*e.g.*, the definition of "confidential information," etc.), because they go to whether the covenants in this case are reasonably necessary to protect any purported interest supporting them and whether their scope is reasonable.

(4) **RFPs 13, 14, 15, and 16 – Requests for original digital files of assignment documents**. During our telephonic conference, Robert stated that he could not find the original word files for the assignment documents requested in RFPs 13, 14, 15, and 16 because these documents were created years ago. Robert additionally stated that he conducted a good faith search for these records but had not been able to locate them. Please confirm this accurately states your position with respect to these documents.

(5) **RFP 66-68 – Documents relating to Kinney's placements in Asia** – During our teleconference, Robert questioned the relevance of the documents requested in these RFPs, and, during the teleconference and in your email below, you appear to argue that these documents are irrelevant pursuant to the Florida statute.  As previously mentioned, we do not agree that the Florida statute applies. However, even if it did, the case law clearly supports Jowers' position that these documents are relevant to show whether MWK has a legitimate, protectible business interest in the Asia market. In addition to requiring that the plaintiff "plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant," the Florida statute is explicit that the plaintiff must "plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction." Fla. Stat. Ann. § 542.335(1)(b), (1)(c). Whether or not MWK placed candidates in Asia during the requested time periods, including before Jowers joined MWK and since Jowers left MWK, is clearly relevant to both (a) whether MWK has a legitimate protectible business interest in the Asia market and (b) whether the restrictive covenants are reasonably necessary to protect those interests. Case law in several jurisdictions supports the argument that a covenant may not be enforced when the business interest that is sought to be protected by the covenant has been abandoned by the covenantee. *See, e.g., Premier Health Care Services, Inc. v. Schneiderman,* 2001 WL 1658167 (Ohio Ct. App. 2d Dist. Montgomery County 2001); *Peachtree Fayette Women's Specialists, LLC v. Turner,* 699 S.E.2d 69 (Ga. 2010); *In re Bob Nicholas Enterprise, Inc.*, 358 B.R. 693 (Bankr. S.D. Tex. 2007). The Florida statute you cite in your email additionally expressly contemplates the relevance of such documents. Please confirm whether any placements were made in Asia during the time periods referenced in Request Nos. 66–68; if any such placements were made, please also confirm whether you are refusing to produce documents associated with those placements. If you are refusing to produce documents, would you be willing to stipulate that placements in Asia are outside the relevant scope of discovery in this case?

Exhibit 2 to REK Decl. July 4, 2020

(6) **RFP 69-84, ROGs 21-22 – Documents related to Civil RICO and veil piercing claims** –
During our telephonic conference, Robert stated that MWK and the counter-defendants intend to
stand on their objections to these requests and interrogatories and would not consider producing
documents and/or responding to interrogatories even if Jowers agreed to narrow the
requests/interrogatories.


Please let us know if you believe anything stated herein does not accurately characterize your
position and/or if you would like to discuss any of them further. We would be happy to have an
additional conference with you.


Very truly yours,


James



James C. Bookhout
Associate


**T** +1 214.743.4549
**E** james.bookhout@dlapiper.com





DLA Piper LLP (US)
1900 North Pearl Street

Suite 2200
Dallas, Texas 75201
United States
www.dlapiper.com


**From:** Tristan Loanzon <tristan@loanzon.com>
**Sent:** Monday, May 11, 2020 7:37 PM
**To:** Bookhout, James <James.Bookhout@us.dlapiper.com>
**Cc:** Bernardo, Micala <Micala.Bernardo@us.dlapiper.com>; Robert Kinney <robert@kinneyrecruiting.com>;
raymort@austinlaw.com; Katz, Marc <marc.katz@us.dlapiper.com>
**Subject:** Re: MWK Recruiting, Inc. v. Jowers -- Follow up regarding trade secrets/confidential information interrogatories
and requests for production


**[EXTERNAL]**

Exhibit 2 to REK Decl. July 4, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC.**<br><br>        **Plaintiff,**<br><br>  **v.**<br><br>**EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),**<br><br>        **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>        **Counterclaimant,**<br><br>  **v.**<br><br>**MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED**<br><br>        **Counter-defendants.** | |

## AMENDED CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of aan amended confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

    1.  **Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential",; "For Counsel Only",; or "Attorneys Eyes Only"; or "Outside

Exhibit 2 to REK Decl. July 4, 2020

Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2. Qualified Persons**

"Qualified Persons" means:

a.     For Outside Attorneys Eyes Only information:

    i.    Outside retained counsel for a party. With respect to MWK Recruiting, Inc. and the counter-defendants represented by the same counsel, this means outside retained counsel (i.e. Ray Mort) and their staff having no business or familial connection to those entities, their affiliates, or any of their employees;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been  designated in writing by notice to all counsel;

    iii.   this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    ~~a.~~ For Counsel or Attorneys Eyes Only information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.   actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.   this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

c.    ~~b.~~ For Confidential information:

    i.   the persons identified in subparagraph 2(a);

    ii.   the party, if a natural person;

2

Exhibit 2 to REK Decl. July 4, 2020

iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

iv. litigation vendors, court reporters, and other litigation support personnel;

v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

iv. ii. Such other persons as this court may designate after notice and an opportunity to be heard.

### 3. Designation Criteria

a. *Nonclassified Information*. Classified Information shall not include information that either:

i. is in the public domain at the time of disclosure, as evidenced by a written document;

ii. becomes part of the public domain through no fault of the recipient, as evidenced bv a written document;

iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b. *Classified Information*. A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational

3

Exhibit 2 to REK Decl. July 4, 2020

data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.    *For Counsel or Attorneys Only*. The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d. *Ultrasensitive Information*. At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

a.    *Outside Attorneys Eyes Only Information*. The designation "Outside Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing parties and is ultrasensitive to third parties such that disclosure to a competing entity would be detrimental to such third parties.  For the purposes of this order, so-designated information is

4

Exhibit 2 to REK Decl. July 4, 2020

limited to include confidential information provided by third parties to Jowers with the reasonable expectation that Jowers would not disclose such information except for the purpose of recruiting activities.

### 4. Use of Classified Information

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5. Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential"; "For Counsel Only", or "Attorneys Eyes Only"; or "Outside Attorneys' Eyes Only." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of

Exhibit 2 to REK Decl. July 4, 2020

the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7. Disclosure to Qualified Persons**

a.    *To Whom*. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only or Outside Attorneys' Eyes Only shall be restricted in circulation to Qualified Persons described in subparagraph subparagraphs 2(a) and (b).

b.    *Retention of Copies During this Litigation*. Copies of For Counsel Only/Attorneys Eyes Only or Outside Attorneys' Eyes Only

6

Exhibit 2 to REK Decl. July 4, 2020

information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in ~~subparagraph~~subparagraphs 2(a)(ii) or 2(b)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.      Each party's outside counsel shall maintain a log of all copies of For Counsel Only/Attorneys Eyes Only or Outside Attorneys' Eyes Only documents that are delivered to Qualified Persons.

**8.  Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information ~~or~~, For Counsel Only, or Outside Attorneys' Eyes Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.  Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only",

Exhibit 2 to REK Decl. July 4, 2020

or "Attorneys Eyes Only" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11. Challenging the Designation

a.      *Classified Information*. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.      *Qualified Persons*. In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified

8

Exhibit 2 to REK Decl. July 4, 2020

Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 12. Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 13. Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 14. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any

Exhibit 2 to REK Decl. July 4, 2020

Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

**15. Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**16. Advice to Clients**

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17. Duty to Ensure Compliance**

Exhibit 2 to REK Decl. July 4, 2020

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18. Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19. Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, 20_____

_____

UNITED STATES DISTRICT JUDGE

11

WEST\290481984.1WEST\290481984.2

Exhibit 2 to REK Decl. July 4, 2020

| | |
|---|---|
| **Summary report:**<br>**Litera® Change-Pro for Word 10.8.2.11 Document comparison done on**<br>**5/14/2020 1:46:24 PM** | |
| **Style name:** DLAPiper | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://USDMS.PIPER.ROOT.LOCAL/WEST/290481984/1 | |
| **Modified DMS:** iw://USDMS.PIPER.ROOT.LOCAL/WEST/290481984/2 | |
| **Changes:** | |
| Add | 30 |
| Delete | 15 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 45 |

Exhibit 2 to REK Decl. July 4, 2020



Robert Kinney <robert@kinneyrecruiting.com>

---

**Letter Responding to your Emailed Issues May 8-14**

1 message

---

**Robert Kinney** <robert@kinneyrecruiting.com>                                   Wed, May 20, 2020 at 8:42 PM
To: "Bookhout, James" <james.bookhout@dlapiper.com>
Cc: "Katz, Marc" <Marc.Katz@dlapiper.com>, "Bernardo, Micala" <micala.bernardo@dlapiper.com>, Robert Tauler <rtauler@taulersmith.com>, Ray Mort
<raymort@austinlaw.com>, Tristan Loanzon <tristan@loanzon.com>

Please see the attached letter.

Also attached is the verification page for the interrogatory responses.

Robert E. Kinney, Esq.
Kinney Recruiting LLC

Office: +1-512-377-1686
Cell: +1-512-636-1395
Toll Free:  +1-888-848-5757 x701
Robert@KinneyRecruiting.com

www.kinneyrecruiting.com



---

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

---

**2 attachments**

📄 **VERIFICATION of Rogs.pdf**
    72K

📄 **2020_5_20 - Response Re Discovery Issues Raised May 8-14.pdf**
    179K

---

Exhibit 3 to REK Decl. July 4, 2020

promoted despite having had stellar reviews of his work. He may have known that the
candidate received a special and rare associate bonus for having originated work for the
firm as an associate. On the basis of this knowledge and conversations with the candidate,
Jowers may have known that the candidate would accept a step down in terms of the
prestige of his firm — that he might accept a counsel or junior partner role at a new but
lower-ranked firm. This is a hypothetical scenario, but is an example of what we believe could
have happened with the number of placements Jowers made after leaving MWK's
employment. We think it highly unlikely that Jowers recorded evidence of all the confidential
information or trade secrets he used in his possession our databases prior to leaving, but we
know these placements do not happen without such information. This is a major reason for
your request to modify the protective order, presumably which I will respond to below in the
next section of this letter.

One reason we have provided you with all the email and chat information from our systems
that Jowers ever sent or received is because evidence of his activity may be buried in them.
We are continuing to review the material we produced ourselves and have equal access
to all the documentary evidence we have in our possession regarding what Jowers knew
about clients and candidates as soon as we iron out the few technical issues on the last
couple of volumes we sent.

So, in summary, we are unable to promise you that within one week of receiving Jowers's list
we will supplement our interrogatory responses with further responses identifying all the trade
secrets and confidential information Jowers used to make those placements, because we
are confident we do not know or have evidence of at least some of the information he used.
What we will do is take the information we have specifically with respect to the candidates
and clients who are identified through your production and supplement in a reasonable time
with anything we identify that is relevant to information Jowers had about those candidates
and clients.

## IV.    Modification of Protective Order

You would like to be able to exclude Robert Kinney from viewing documents marked
"Outside Attorneys Eyes Only" under an amended protective order. You described the
documents you are talking about excluding from his view as a "small subset," but whether the
"subset" is small is hard to tell from your proposal and, apparently, what is included would be

Exhibit 3 to REK Decl. July 4, 2020

entirely up to Jowers's subjective judgment. The description you gave of the material in your cover letter says you want to protect "attorney candidates' confidential information that they had a reasonable expectation would not be disclosed to third parties except for recruiting purposes." This is overbroad because it covers, literally, every single piece of information ever given by a candidate to his recruiter. Your redline adds some further detail: the designation would be reserved for "information that is believed to be unknown to the opposing parties and is ultrasensitive to third parties such that disclosure to a competing entity would be detrimental to such third parties." Again, the universe of candidate information covered by this description covers every resume, submission, interview or placement of every candidate for all time. The redline further appears to add the requirement that the information have been provided to "Jowers with the reasonable expectation that Jowers would not disclose" it "except for the purpose of recruiting activities." But this does not help limit it.  Just because a candidate's expectation was reasonable when he expected his materials to remain confidential does not mean that it should be hidden from your adversary's lawyer in litigation just because that lawyer happens to also manage the adversary. It needs to be clear that allowing Kinney to see the material would jeopardize those candidates in some way and no other solution would accomplish the goal you have. It is not clear why Kinney cannot be trusted not to respect his obligation as a licensed attorney not to abuse the information he obtains which is designated "attorneys' eyes only" under the current protective order.

You made a technical argument that use of the word "outside" before "counsel" in two of the twenty-two references to "counsel" in the current protective order indicates that Robert Kinney was meant to be excluded all along. This is the sort of technical argument we think we need to avoid putting before the court if possible, but it is up to you. In the cases we are aware of, courts typically would at least allow one representative within an organization to see material designated for "outside attorneys' eyes only." Courts tend to focus on the prejudice to a litigant of having no person within a company be permitted to see relevant evidence. Here, it is not clear who the designated person at the MWK Entities would be other than Robert Kinney or why Robert, even if he were not an attorney, would not be permitted to see the materials subject to a stipulation that the materials would not be shared further within the MWK Entities' organization or used by them for any purpose other than the litigation. To refuse to allow even a single witness in an organization to access or view some documents relevant to a case would be highly unusual. We searched and could find no example.

Exhibit 3 to REK Decl. July 4, 2020

Even though we do not think it is necessary, we would like to avoid the burden on the Court of a motion about this issue because we should be able to work out a mutually satisfactory agreement that gets Jowers a fair result and is not unduly prejudicial to MWK.  How about if we agree to a solution that accomplishes the following results: a) information about live candidates of Jowers, Jowers/Vargas, etc. who have been submitted or have interviewed within the last 90 days may be designated for "outside attorneys' eyes only"; and b) the information so designated will be viewable by outside counsel only until after 90 days have passed from the date of a candidate's last interview or the date the person was submitted to potential employers; and c) after 90 days have passed from the relevant date, the designation will revert automatically to "Attorneys' Eyes Only;" and d) Jowers may designate information regarding candidates who have been submitted, interviewed, or placed since May 25, 2019 as "Attorneys' Eyes Only;" and e) Robert Kinney will stipulate that any information designated "AEO" shall not be shared internally with any other person employed by any MWK Entity and will not be used by him for recruiting purposes in any way?

We have worked hard to think this through, so please give it due thought and, if you believe this generally works, provide us a new draft of the amended protective order accomplishing these objectives and we will review. Otherwise, please let us know what concerns you have that this proposal does not appear to you to address.

## V.    RFP 65 – Documents Concerning other employees' restrictive covenants

You have demanded to see employment agreements of all other employees of the MWK Entities, without regard to which jurisdiction's law governs the agreements or when they were entered into, because you believe pointing to potential differences between the agreements and Jowers's agreement might allow you to show that the MWK Entities did not have "legitimate business interests justifying the restrictive covenant" in Jowers's agreement. We asked that you cite to us any authority you have for the proposition that this evidence might be relevant under Florida law, specifically under Fla. Stat. § 542.335. In your letter of May 14, you cited a Wisconsin case, applying Wisconsin law, which concluded that the court was "untroubled by the fact that not every salesperson had a non-compete" agreement and enforced the agreement at issue. *Star Direct, Inc. v. Dal Pra*, 319 Wis. 2d 274, 300 (Wis. 2009). You also cited an Illinois case, applying Illinois law, in which the court held that lack of similar

Exhibit 3 to REK Decl. July 4, 2020



Robert Kinney <robert@kinneyrecruiting.com>

---

**Rog Responses and Verification**
1 message

---

**Robert Tauler** <rtauler@taulersmith.com>                                                                 Wed, May 27, 2020 at 9:12 PM
To: robert@kinneypc.com, raymort@austinlaw.com, Luca Stein <lstein@taulersmith.com>, "Tristan L." <tristan@loanzon.com>, Valerie Saryan <vsaryan@taulersmith.com>

Counsel,

Please see attached supplemental responses to the SROGS.  Link to documents should follow within the next hour or so.

Thank you for your patience and professionalism,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com



**2 attachments**

📄 **2020-5-27 Jowers Supplemental Responses to MWK_S First (Revised) Interrogatories.pdf**
    126K

📄 **2020-5-27 Verification for Supplemental Response to MWK_s  Interrogatories.pdf**
    86K

---

Exhibit 4 to REK Decl July 4, 2020



**Robert Kinney <robert@kinneyrecruiting.com>**

## Document Production
1 message

**Robert Tauler** <rtauler@taulersmith.com>                           Thu, May 28, 2020 at 1:37 AM
To: robert@kinneypc.com, raymort@austinlaw.com, Luca Stein <lstein@taulersmith.com>, "Tristan L."
<tristan@loanzon.com>, Valerie Saryan <vsaryan@taulersmith.com>

Counsel,

Today's document production, bates-labeled EJ0000001 – EJ0010178 is available at the following link:


The password for download is as follows:


Happy trails,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

Exhibit 4 to REK Decl July 4, 2020

6/27/2020                     Kinney Recruiting, Inc. Mail - Re: Document Production



Robert Kinney <robert@kinneyrecruiting.com>

## Re: Document Production

1 message

**Robert Tauler** <rtauler@taulersmith.com>                     Mon, Jun 1, 2020 at 9:31 AM
To: robert@kinneypc.com, raymort@austinlaw.com, Luca Stein <lstein@taulersmith.com>, "Tristan L."
<tristan@loanzon.com>, Valerie Saryan <vsaryan@taulersmith.com>

   Counsel,

   The second part of our document production is complete.  Please download via the following link:


   The password for download is as follows:


   Robert Tauler, Esq.
   Tauler Smith LLP
   626 Wilshire Blvd. Suite 510
   Los Angeles, CA 90017
   www.taulersmith.com


          On May 27, 2020, at 11:37 PM, Robert Tauler <rtauler@taulersmith.com> wrote:


          Counsel,

          Today's document production, bates-labeled EJ0000001 – EJ0010178 is available at the following link:


          The password for download is as follows:


          Happy trails,

          Robert Tauler, Esq.
          Tauler Smith LLP
          626 Wilshire Blvd., Suite 510
          Los Angeles, CA 90017
          (213) 927-9270
          www.taulersmith.com

Exhibit 4 to REK Decl July 4, 2020

6/27/2020                          Kinney Recruiting, Inc. Mail - Discovery Gaps - Steve Kang Email



                                                    Robert Kinney <robert@kinneyrecruiting.com>

## Discovery Gaps - Steve Kang Email

**Robert Tauler** <rtauler@taulersmith.com>                          Tue, Jun 16, 2020 at 11:56 AM
To: Robert Kinney <robert@kinneyrecruiting.com>
Cc: Ray Mort <raymort@austinlaw.com>, Robert Kohn <rkohn@taulersmith.com>, Valerie Saryan
<vsaryan@taulersmith.com>

  We will be preparing a meet and confer letter regarding this issue, which we expect to have to you within a day.  We can
  discuss a potential resolution after you have had the opportunity to review.

  Robert Tauler, Esq.
  Tauler Smith LLP
  626 Wilshire Blvd., Suite 510
  Los Angeles, CA 90017
  (213) 927-9270
  www.taulersmith.com




    On Tue, Jun 16, 2020 4:53 PM, Robert Kinney robert@kinneyrecruiting.com wrote:
    Robert,

    That case you cited has no applicability to our case. The facts here are not even close, not least because the Court
    looked at a motion to disqualify me (Dkt. 100)  and denied it (Dkt. 110). Attached is a copy of the protective order in this
    case. I'm not excluded from viewing anything. This was an agreed protective order and there is no special designation
    for excluding me. In denying the request to disqualify me, the Court said: "The MWK entities suggest that Kinney's
    potential disqualification is a question better left for final pretrial conference, (Id. at 10); the Court agrees." Jowers has
    not asked for any modification to the protective order as an alternative to my disqualification. Obviously, you can do that
    if you want. Let us know your exact proposal and we might be able to negotiate something. But what we are talking
    about here is information from 2016-2017. I do not know how you could even make a colorable claim that information
    about that time period has a potential negative impact on Jowers and I should not be able to see it.

    But that's a separate (and not very important) issue. What is important is that Jowers was under a court order to
    produce certain information by May 25 and is in contempt of that order. Not one of the attorneys on our side has seen
    the documents I was referring to. They clearly exist. We need a date certain within the next week or so when we are
    going to see these documents or will need to meet and confer on a motion for contempt.

    REK

    Robert E. Kinney, Esq.
    Kinney Recruiting LLC

      Office: +1-512-377-1686
      Cell: +1-512-636-1395
      Toll Free:  +1-888-848-5757 x701
      Robert@KinneyRecruiting.com

    www.kinneyrecruiting.com

    

    _____

    This communication may be privileged or contain confidential information. If it has been sent to you in
    error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
    or other reproduction is strictly prohibited.

    _____

                          Exhibit 5 to REK Decl. July 4, 2020

On Tue, Jun 16, 2020 at 10:48 AM Robert Tauler <rtauler@taulersmith.com> wrote:

Respectfully, that is wrong.  You are a competitor of Evan's and you are prohibited from reviewing any documents marked Attorney's Eyes Only.  This is true irrespective of your status as an attorney for MWK and the other entities.  *Diamond Consortium, Incorporated v. Hammervold* (5th Cir. 2018) 737 Fed.Appx. 194, 196–197.   You cannot, as a competitor of Evan, have access to any material deemed Attorneys Eyes Only or "Classified" under the protective order.

The "Classified" designation is defined in the protective order as including "confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject theproducing or disclosing person to competitive or financial injury or potential legal liability to third parties."

Please let me know if you have been reviewing documents with the AEO/Classified designation as I believe this is improper.

I acknowledge that this may not have been made clear to you by my predecessor, so I am not trying to cast blame at your side if this had not been previously communicated to you.  Rather, I think this is something we need to immediately address with the Court if we cannot reach an agreement.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Tue, Jun 16, 2020 at 8:06 AM Robert Kinney <robert@kinneyrecruiting.com> wrote:

Robert,

We have a current agreed protective order. There is no designation that excludes me. I am an attorney of record in the case. I'm entitled to see everything.

Moreover, there's a court order to produce the information. You didn't produce it to anyone. You need to produce the information immediately or we will be moving to compel.

REK

On Tue, Jun 16, 2020 at 09:20 Robert Tauler <rtauler@taulersmith.com> wrote:

Robert, I think some of the gaps you describe result from the fact that some documents were marked "Attorney's Eyes Only" meaning that you are unable to view them as a party to the lawsuit and a direct competitor of Defendant.

I am happy to set up a meet and confer with Ray or your other counsel to discuss this further, but obviously we can't share these documents with you.

Thank you,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Tue, Jun 16, 2020 12:38 AM, Robert Kinney robert@kinneyrecruiting.com wrote:

Rob,

Exhibit 5 to REK Decl. July 4, 2020

As we discussed this morning, there are some significant gaps in Mr. Jowers's production following the Court's order on our Motion to Compel. The attached email is one example.  In his most recent production, Mr. Jowers produced this email he sent to Joseph Bevash at Latham on December 18, 2016, two days after resigning from MWK's employment on Friday, December 16, 2016. He refers in the letter to a conversation he had with Latham & Watkins attorney Sungjin Kang, which occurred on Friday, December 16, the day of his resignation. The letter says that they talked about an interview of Steve Kang by Sungjin Kang which had occurred prior to December 16, 2016.

In this letter, Jowers introduces his new "evan@evanjowers.com" email address, which implies he did not send the original email submitting Steve Kang from that address, bur rather from a different one, or Mr. Vargas sent the submission. We have no record that he sent Mr. Kang's submission from any @kinneyrecruiting.com email address.

This raises two questions:

1. Will Mr. Jowers produce the email related to candidate submissions regardless of what email server he used to send them?

2. By when can he produce the rest of the email messages that the court-ordered produced by May 25?

Robert

Robert E. Kinney, Esq.
Kinney Recruiting LLC

    Office: +1-512-377-1686
    Cell: +1-512-636-1395
    Toll Free:  +1-888-848-5757 x701
    Robert@KinneyRecruiting.com

www.kinneyrecruiting.com



_____

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

_____
_____

Exhibit 5 to REK Decl. July 4, 2020



Robert Tauler, Esq.
(310) 590-3927
rtauler@taulersmith.com

June 17, 2020

***Via Email***

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX  78701
*raymort@austinlaw.com*

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX  78701
*robert@kinneyrecruiting.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of The Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

Re:   ***MWK Recruiting Inc. v. Jowers, et al., etc.***, Civil Action No.: l:l8-cv-00444-RP

Dear Counsel:

On behalf of Defendant Evan Jowers, I request to meet-and-confer with you regarding your evident non-compliance with the Confidentiality and Protective Order of February 26, 2019 (Dkt. 70) (the "Order").

The Order specifies that Robert Kinney is not a "Qualified Person[ ]" who is permitted to receive any "Counsel or Attorneys Only" information.  Robert Kinney is not "retained counsel for the parties in this litigation," under the definition contained in ¶ 2.a.i of the Order.  Instead, Robert Kinney is a principal executive of the Plaintiff in this action.  His name appears on every single one of the agreements and other business documents attached to his company's Second Amended Complaint in this action – starting with the employment agreement with Mr. Jowers that Robert Kinney signed for the "Company" (*see* Dkt. 80-1) and most recently, when he executed the Certificate of Merger for MWK Recruiting Inc. (the Plaintiff in this case) into Counsel Holdings Inc. (*see* Dkt. 80-10).  Indeed, he is currently using the email address of "robert@kinneyrecruiting.com," which includes the same domain as the recruiting business where he works (or which he runs) in collaboration with its "sister company" of Counsel Unlimited LLC.  *See https://www.kinneyrecruiting.com/about-us/* (accessed June 16, 2020).  In

Exhibit 6 to REK Decl. July 4, 2020

June 17, 2020
Page 2

fact, Robert Kinney is the chief executive of Counsel Unlimited LLC – which does business through the "www.kinneyrecruiting.com" website.  And, of course, Robert Kinney is personally named in this action as a Counterdefendant in the counterclaims by Mr. Jowers against him and his business affiliates.

  Evidently, however, Robert Kinney has viewed information that Mr. Jowers has designated "Attorney's Eyes Only" under the Order.  From certain recent emails, I understand that Robert Kinney also proposes to continue viewing such information – despite Mr. Jowers having designated it for "Attorney's Eyes Only" protection.  After we meet and confer, I hope you will stipulate that Raymond Mort and Tristan Loanzon must disclose (by Bates number) all such documents that have been shared with Robert Kinney and/or with anyone else who is not a Qualified Person for receiving them.  Additionally, I hope you will also stipulate that no such documents other designated information (such as deposition testimony, for instance) will be shared with Robert Kinney (nor with anyone else who is not a Qualified Person) in the future.

  I offer those proposals now, in an effort to resolve this dispute by agreement.  However, depending on the number and importance of the designated "Attorney's Eyes Only" documents that we may learn Robert Kinney has already have seen, further relief may be necessary.  This could include monetary or other sanctions for contempt of the Order.

  Would each of you three counsel kindly let me know your availability to meet and confer by telephone regarding this issue?  Thank you.

    Sincerely,

    Robert Tauler
    *Counsel for Evan Jowers*

Exhibit 6 to REK Decl. July 4, 2020

6/27/2020                                    Kinney Recruiting, Inc. Mail - Improperly Marked Documents



**Robert Kinney <robert@kinneyrecruiting.com>**

## Improperly Marked Documents
1 message

**Robert Kinney** <robert@kinneypc.com>                          Thu, Jun 18, 2020 at 5:23 PM
To: Robert Tauler <rtauler@taulersmith.com>
Cc: jthompson@kinneypc.com, Ray Mort <raymort@austinlaw.com>, Luca Stein <lstein@taulersmith.com>, Robert Kohn
<rkohn@taulersmith.com>, Tristan Loanzon <tristan@loanzon.com>

Robert,

Today we discussed our position that the documents marked AEO by Jowers in his most recent production were
improperly classified as "Attorneys Eyes Only." The documents so marked include such things as pages that came
straight from public websites. These would not even qualify as Classified Information under the Protective Order (Dkt. 70)
such that they could have been marked "Confidential," yet they were marked AEO. Of 17,000 pages produced, almost
6,000 were marked AEO. All of them are three or four years old.

We object to the designation of all the documents that were designated by you as AEO documents in the most recent
production.  These documents were, at most, documents that could have been designated "Confidential."  I have
attached an HTML file with the relevant Bates numbers of the documents marked AEO in this production. While we
believe this list is fully inclusive, we have not reviewed all of the pages. You did not include the protective order
designation in the exported metadata or text, so we had to use OCR to determine what pages were stamped "Attorneys'
Eyes Only," then run a search and export the attached index. To be clear, our objection relates to every document in the
most recent production marked "Attorneys' Eyes Only," whether included in the attached index list or not.

Under the Protective Order, you now have 14 days to move the court for an order preserving the designated status of
these documents.

Regards,

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

_____

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

_____


**AEO - Marked index.html**
991K

Exhibit 7 to REK Decl. July 4, 2020



Robert Kinney <robert@kinneyrecruiting.com>

## Qualified Person Designations

1 message

**Robert Kinney** <robert@kinneypc.com>                              Thu, Jun 18, 2020 at 5:23 PM
To: Robert Tauler <rtauler@taulersmith.com>
Cc: jthompson@kinneypc.com, Ray Mort <raymort@austinlaw.com>, Luca Stein <lstein@taulersmith.com>, Robert Kohn
<rkohn@taulersmith.com>, Tristan Loanzon <tristan@loanzon.com>

Robert,

As we discussed today, we had extensive communication with Mr. Bookhout from May 14 to  May 20, 2020, regarding
establishing a third category of protective order designation ("POD") so that Jowers would be able to exclude me from
viewing a set of documents which Mr. Bookhout described as "very limited." We believe it was clear from those
communications that we (and DLA) viewed me as Retained Counsel under the Protective Order in this case. You were
copied on those communications, which included a suggested compromise regarding an amendment to the protective
order.  I have attached another copy of Mr. Bookhout's letter of May 14 and my letter of May 20 here. I never received a
response.

As discussed, we have a dispute regarding whether I am properly to be considered retained counsel under Section 2(a)(i)
of the Protective Order (Dkt. 70). We have now discussed that dispute informally and were unable to agree that I am
properly to be considered retained counsel.

You may have waived any objection to my designation as retained counsel by failing to object until a month after this
conversation began, but perhaps not. You may seek an order under the current Protective Order denying me status as
retained counsel under the Protective Order if you wish to do so.

Pursuant to Section 11(b) of the Protective Order, this will constitute official notice that the following persons are
designated by us as Qualified Persons under the Protective Order in the categories stated:

a. For Counsel or Attorneys Only information:

- Robert Kinney (retained counsel; attorney of record)
- Raymond Mort (retained counsel; attorney of record)
- Tristan Loanzon (retained counsel; attorney of record)
- Jennifer Thomson (retained counsel)

b. For Confidential information:

- The persons listed above under (a)

You now have 14 days to move the court for an order denying me status as a Qualified Person with Access to AEO
information. You have the burden to demonstrate that disclosure to me of information marked AEO would expose Jowers
to the risk of "serious harm." My review of the information marked AEO has been limited so far, and I will not engage in
further review pending your motion for 14 days.

Regards,

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

---

Exhibit 8 to REK Decl. July 4, 2020

**2 attachments**

**2020_5_20 - MWK Response to Letter from DLA re prot order.pdf**
247K

**2020_5_14 - Letter from DLA re Request to Amend Protective Order.pdf**
421K

Exhibit 8 to REK Decl. July 4, 2020



Robert Tauler, Esq.
(310) 590-3927
rtauler@taulersmith.com

June 24, 2020

***Via Email***

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX  78701
*raymort@austinlaw.com*

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX  78701
*robert@kinneyrecruiting.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of The Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

   Re: ***MWK Recruiting Inc. v. Jowers, et al., etc.*, Civil Action No.: l:l8-cv-00444-RP**

Dear Counsel:

   Pursuant to Paragraph 8 of the Confidentiality and Protective Order (Dkt. 70):

    Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

    If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

On May 27, 2020, I unintentionally produced the "Defendant/Counterclaimant Evan P. Jowers's Supplemental Responses and Objections to MWK's First Revised Set of Interrogatories" without having designated as "Attorney's Eyes Only" the response to Interrogatory No. 1.  This letter now affords you notice of the designation.

Exhibit 9 to REK Decl. July 4, 2020

June 24, 2020
Page 2

       Mr. Kinney and his in-house associate Jennifer Thomas are not "Qualified" to receive such designated information, under ¶ 2(a) of the order.  Accordingly, I request that you please inform me of all pertinent facts relating to any disclosure to Mr. Kinney or Ms. Thomas (or to anyone else who is not so "Qualified") concerning the information contained in the Jowers response to Interrogatory No. 1, and that you make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.  Thank you.

                      Sincerely,

                      Robert Tauler
                      *Counsel for Evan Jowers*

Exhibit 9 to REK Decl. July 4, 2020



Robert Tauler, Esq.
(310) 590-3927
rtauler@taulersmith.com

July 1, 2020

***Via Email***

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX  78701
*raymort@austinlaw.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of The Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX  78701
*robert@kinneyrecruiting.com*

  Re: ***MWK Recruiting Inc. v. Jowers, et al., etc.*, Civil Action No.: l:l8-cv-00444-RP**

Dear Counsel:

  Mr. Kinney disputed the "Attorney's Eyes Only" designation for Mr. Jowers's response to Interrogatory No. 1 contained in "MWK's First Revised Set of Interrogatories to Defendant Evan P. Jowers."  During our call on Friday, Mr. Kinney represented that he already knew the answer to Interrogatory No. 1 before he received the written response.

  Based on that representation, we are re-designating Mr. Jowers's response to Interrogatory No. 1 as "Confidential" rather than "Attorney's Eyes Only" under the Confidentiality and Protective Order (Dkt. 70).

  Thank you.

    Sincerely,

    Robert Tauler
    *Counsel for Evan Jowers*

Exhibit 9A to REK Decl. July 4, 2020