IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br>        Plaintiff,<br>v.<br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br>        Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>        Counterclaimant,<br><br>v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>        Counter-defendants. | |

**REPLY IN SUPPORT OF EVAN P. JOWERS'S MOTION (DKT. 184) TO COMPEL FURTHER RESPONSES TO INTERROGATORIES; AND <u>DECLARATION OF ROBERT TAULER, ESQ.</u>**

## **TABLE OF AUTHORITIES**

**CASES**

*Abe's Boat Rentals, Inc. v. WAS Marine Serv., Inc.*, 2017 U.S. Dist. LEXIS 225446
  (E.D. La. Nov. 9, 2017) ..................................................................................................1

*ALS Scan, Inc. v. Cloudflare, Inc.*, 2017 U.S. Dist. LEXIS 211088
  (C.D. Cal. June 28, 2017) ...............................................................................................1

*Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014) ..........................................................2

*Hernandez v. Baylor Univ.*, 2016 U.S. Dist. LEXIS 189917 (W.D. Tex. Sept. 21, 2016) .............2

**RULES**

Fed. R. Civ. P. 12(c) .....................................................................................................................2

Fed. R. Civ. P. 33(b)(4) ........................................................................................................ 1, 4, 5

Fed. R. Civ. P. 33(d)(1) ............................................................................................................ 3, 5

Fed. R. Civ. P. 37(a)(4) ........................................................................................................ 1, 2, 4

Fed. R. Civ. P. 37(a)(5)(A) ...........................................................................................................2

Fed. R. Civ. P. 37(a)(5)(A)(ii) ......................................................................................................5

**TREATISES**

*Restatement (Third) of Unfair Competition*, § 45, com. d ...........................................................4

While signing on behalf of the business entities in this action, Mr. Kinney is ***still*** attempting to limit his answers to only information within his personal knowledge – as of July 24, 2020, in the new "Verification." *See* Exhibit A, *infra*. "Each of the undersigned hereby declares …. the MWK Entities' Supplemental Responses … are true and correct to the best of ***his/her*** knowledge, information, and belief." *Ibid.* (emphasis added). Consequently, all the entities' purported answers are incomplete for this reason – on top of other reasons, discussed *infra* – for purposes of Rule 37(a)(4). The entities should be directed to answer, completely and straightforwardly, with sworn verifications from outside counsel ***and*** from the Kinneys that each of the answers "contains all information available" to them under Rule 33(b)(4), after reasonable inquiry. *See ALS Scan, Inc. v. Cloudflare, Inc.*, 2017 U.S. Dist. LEXIS 211088, *9 (C.D. Cal. June 28, 2017).

**<u>Interrogatory No. 1</u>**

MWK Recruiting Inc. *et al.* had ***not*** "fully supplemented their response to Interrogatory No. 1 on May 1, 2020." *But see* Response (Dkt. 194) at 4 (citing the Kinney declaration (Dkt. 194-1), ¶ 2(a) and its attached Exhibit 1). Kinney's Exhibit 1 was an unverified letter. *See also* Motion Exhibit 9 (Dkt. 184-9) (containing the same letter). Former counsel for Jowers at DLA Piper had sent a letter on March 27, 2020, and Kinney sent back a version with additions, but no verification. *See id.* at 5. "If this were allowed" – *i.e.* using "an unsworn letter or other unsworn document as a supplement" – then "it 'would render nugatory … the value of an interrogatory response.' " *Abe's Boat Rentals, Inc. v. WAS Marine Serv., Inc.*, 2017 U.S. Dist. LEXIS 225446, *17 (E.D. La. Nov. 9, 2017) (citation omitted). For this very reason, any putative agreement with DLA Piper for a further answer was long ago breached by Kinney – long before Jowers's current counsel sought to meet-and-confer over "further verified responses." *See* Dkt. 184-8 at 1.

Because Kinney and his wife did not actually answer No. 1 until July 24, 2020 (the same day as their new verifications), reimbursement of Jowers's attorney's fees is warranted, under Rule

37(a)(5)(A). Fortunately, the new answer appears straightforward – unlike the Kinney letter – because the answer (*see* Dkt. 194-1 at 79-80) now contains none of the letter's evasive qualifications (*see* Dkt. 184-9 at 19). Still, the entity verifications remain incomplete.

**Interrogatory Nos. 2, 21 and 22**

"Other than confirming that Robert and Michelle Kinney are the sole equity owners of MWK Recruiting, Inc. …, the MWK Entities refused to answer this interrogatory [No. 2]." Response at 6. That is a failure to answer under Rule 37(a)(4), because it evades the specific details that No. 2 requests. The Response urges the objections were valid, and that "[t]he Motion is therefore moot." But, as shown in the Motion (and not disputed in the Response), the objections to Nos. 2, 21 and 22 were all pure boilerplate. That precludes *post hoc* justifications like the ones in the Response now. *See Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014).

The Response makes a new argument, omitted from the timely original objections (*see* Dkt. 184-2 at 5-6, 16-17), that the RICO claims are "defective" and "likely" to be dismissed under Rule 12(c). This effectively requests a belated stay of relevant discovery – but, there is no possible "good cause" for excusing that under Rule 33(b)(4), since a stay of this type would improperly "circumvent the procedures for resolution of such a motion [under Rule 12(c)]." *Hernandez v. Baylor Univ.*, 2016 U.S. Dist. LEXIS 189917, *5 (W.D. Tex. Sept. 21, 2016) (citation omitted).

**Interrogatories No. 3, 4 and 5.**

The "supplemental" answers of July 24, 2020 are evasive and incomplete, under Rule 37(a)(4). The new answer to No. 3 states, "To date, the trade secrets … which the MWK Entities know to have been misappropriated include, ***but are not limited to***, those specified below." Dkt. 194-1 at 87 (Exhibit 7 at 14) (emphasis added). This is incomplete, because it omits the ***other*** trade secrets that Kinney and his wife "know" were misappropriated. The answer is also incomplete, because it does not describe any trade secrets as requested – *i.e.*, "with particularity

and specifically." *See* Dkt. 184-1 at 9.  For instance:

> The trade secrets misappropriated by Jowers included … the firms she would consider moving to [*which firms?*], the size of her practice at Cadwalader [*how big?*], her client mix [*what clients?*], her difficulties with Cadwalader (client conflicts, both business and legal) [*what were they?*], the financial situation at Cadwalader's offices in Asia [*what was it?*], … and other matters [*what are they?*].

Dkt. 194-1 at 87 (Exhibit 7 at 14).  The new answer to No. 4 is incomplete for the same reasons, because it merely incorporates "the … responses to Interrogatory No. 3." Dkt. 194-1 at 88 (Exhibit 7 at 15).  And, the new answer to No. 5 is a total evasion.  The *question* in No. 5 is:

> Describe with particularity all facts that support your contention that "[o]nly by improperly utilizing MWK trade secret information obtained by improper means ha[s] Jowers ... managed to make multiple matches of candidates and clients [he] would not otherwise have made" in paragraphs 139 and 149 of the Complaint.

The new answer – "[s]ee the … Response to Interrogatories 3 and 4, above" (*see* Dkt. 194-1 at 89 (Exhibit 7 at 16)) – just evades *that* question, because nothing in the new answers to Nos. 3 and 4 even tries to answer that question, not "with particularity" nor even generically.

### Interrogatory No. 7

The entities have ***not*** "fully supplemented and verified this contention interrogatory …." *But see* Response at 8.  As shown *supra*, the entities have not properly verified the new response at all.  *See* Exhibit A, *infra*.  Furthermore, the new response improperly refers to other, unspecified documents – without having identified them in the manner required by Rule 33(d)(1).  Instead, it merely ***describes*** generic ***examples*** of documents, "***such as*** [Jowers's] email regarding [redacted] which he sent to [redacted] while he was still employed by Kinney Recruiting LLC., ***or*** by using third parties ***such as*** Alejandro Vargas prior to resigning his employment from Kinney Recruiting LLC on December 16, 2016." Dkt. 194-1 at 90-91 (Exhibit 7 at 17-18) (emphases added).

### Interrogatory No. 8

The entities have ***not*** "fully supplemented this interrogatory with a verified response," nor is there any reason to believe they "will continue to do so." *But see* Response at 8.  Instead of

describing damages "with particularity," the new answer of July 24, 2020 asserts only generalities:

> From those placements, Jowers was unjustly enriched and the MWK Entities lost profits. Moreover, Jowers's regular use of the misappropriated trade secrets [*sic*] allowed him to trade on the goodwill associated with Kinney Recruiting [*sic*], for which Jowers owes a reasonable royalty to MWK.

Dkt. 194-1 at 92 (Exhibit 7 at 19). The answer does not identify even a single dollar of the claimed profits, enrichment, or royalty. This is just a failure to answer, under Rule 37(a)(4).

The Response also asserts that the interrogatory supposedly "makes no sense" in asking why any damages would not have occurred "but for" the alleged misappropriation – because, there is no such contention "in the SAC." As explained in the *Restatement (Third) of Unfair Competition*, "[t]he plaintiff's loss" in a trade secrets case "usually consists of profits lost on sales diverted from the plaintiff by the appropriation, loss of royalties, or other income that would have been earned by the plaintiff **but for** the appropriation …." *Id.* § 45, com. d (emphasis added). Kinney and his wife contend there were lost profits. So, the interrogatory does "make[ ] … sense."

**Interrogatory No. 9**

There is nothing "muddled" about this question. *But see* Response at 4. There was also no such timely objection (*see* Dkt. 184-2 at 9), which means that this argument was waived under Rule 33(b)(4) – as the Response does not dispute. Consequently, a complete and straightforward answer is warranted, stating "all facts" that support the SAC's allegation that "the MWK trade secret information" supposedly is not readily ascertainable using proper means.

**Interrogatories No. 11 and 14**

The "supplemental" responses to Interrogatory No. 11 (concerning the damages claimed for breach of contract) and No. 14 (concerning the claimed loan balances) are the only non-evasive answers of July 24, 2020. *See* Dkt. 194-1 at 94-97, 100 (Exhibit at 21-34, 27). Still, the new answer to No. 11 remains incomplete under Rule 37(a)(4), because it still does not specify the damages to MWK Recruiting Inc. (as distinct from the fees garnered by Jowers) that resulted when

Jowers "used confidential information that was not his" in making the listed placements. The answer also does not identify the particular "information" that supposedly was "used."

Because the new answers were not provided until after the Motion by Jowers on July 9, 2020, reimbursement of his attorney's fees is warranted. Nothing in the Response even attempts to show that delaying the (incomplete) answer to No. 11 until after July 9, 2020 was substantially justified, to escape reimbursing Jowers under Rule 37(a)(5)(A)(ii). Kinney's indefinite vacation in the Hamptons certainly provides no justification (*see* Dkt. 194-1, ¶ 13), and the AEO dispute involving Kinney is also no justification (*see* Dtk. 180) – because Kinney has two outside co-counsel of record, who are not vacationing. The new answer to No. 14 complies with Rule 33(d)(1), by identifying documents produced way back on May 1, 2020. Necessarily, that precludes any possible justification for this delay. Instead, the Response attacks Jowers's current counsel for a "failure to even attempt to catch up with the work that had been done by … DLA Piper …." Not so. Counsel for Jowers did the work that DLA Piper left undone, starting with the letter on June 24, 2020 explaining Rule 33(d)(1) (*see* Dkt. 184-8 at 7), and then filing this Motion.

**Interrogatories No. 18, 19 and 20**

There is no new answer to No. 18. *See* Dkt. 194-1 at 103 (Exhibit 7 at 30) (just reiterating the original answer to No. 18, "by means of the document production"). The "supplemental" answers to Nos. 19 and 20 are deficient – just like the original answers – because they once again refer to documents, while not even attempting to identify those documents in compliance with Rule 33(d)(1). *See* Dkt. 194-1 at 103-05 (Exhibit 7 at 30-32). All the timely objections to Nos. 18, 19 and 20 were waived, because the responses also provide (evasive) answers, "[d]espite" or "subject to" or "[n]otwithstanding" the objections. *See* Motion at 4, 10. The new argument that the RICO claims "likely will be dismissed" was also not raised in a timely objection, and thus, it too is waived too, under Rule 33(b)(4).

Respectfully submitted,

By:     */s/ Robert Tauler*
        Robert Tauler, Esq.
        State Bar No. 241964 (California)
        rtauler@taulersmith.com
        **Tauler Smith LLP**
        626 Wilshire Blvd., Suite 510
        Los Angeles, CA 90017
        Telephone: (213) 927-9270
        Facsimile:  (310) 943-1455

**COUNSEL FOR DEFENDANT
AND COUNTERCLAIMANT
EVAN P. JOWERS**

## DECLARATION OF ROBERT TAULER

I, Robert Tauler, hereby declare as follows:

1.      I am counsel of record for Evan P. Jowers. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.      Attached hereto as Exhibit A is a true and correct copy of the "MWK Entities' Verification of Interrogatory Responses and Supplementary Responses" that I received by email on July 24, 2020.  I am providing this purported "[v]erification" to the Court, because it was not mentioned or included in the exhibits to Mr. Kinney's declaration in Dkt. 194-1.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration is executed on July 29, 2020 in Los Angeles, California.

                                                  _/s/ Robert Tauler_
                                                  Robert Tauler

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 29, 2020, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                              */s/ Robert Tauler*
                                              Robert Tauler