UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>      Plaintiff,<br><br>  v.<br><br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br><br>      Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>      Counterclaimant,<br><br>  v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>      Counter-defendants. | |

**MWK'S RESPONSE TO JOWERS'S SECOND MOTION TO COMPEL**

Jowers's motion is, again, meritless. MWK has not waived any objections, has produced 180,870 pages in response to Jowers's requests, has produced a privilege log, and is diligently obtaining further discovery from third parties and supplementing as it is received. This is a further effort to waste time and money at

MWK's expense, an unfortunate trend that began in this case when Robert Tauler ("**Tauler**") entered the case *pro hac vice* in May 2020.

1. **Timely Objections – No Waiver**

MWK has timely responded to all Jowers's discovery requests. Where objections were warranted, MWK timely objected within 30 days of the requests. MWK stands on its objections to Jowers's requests; any claim they were waived is ridiculous. *See* **Exhibits 1, 2, and 3**. With regard to RFP's 148 and 149, MWK did not object and all responsive documents have been produced; however, MWK will be receiving documents from third parties and will supplement its responses with those.

2. **The MWK Entities Produced Documents Pursuant to Search Terms Agreed with Prior Counsel for Jowers**

MWK agreed with prior counsel for Jowers, DLA Piper, regarding search terms for responsive documents. MWK and related entities span multiple companies and the relevant parties have had many email accounts over 15 years. So, search term agreements were needed and were agreed. *See* **Exhibit 4**, at 10-12. All known responsive documents based on the search terms have been produced to Jowers. Thus, Tauler's protests about MWK counsel's use of the term "unaware" are just noise; having used search terms, it is always possible some otherwise responsive documents were missed.

### 3. MWK has Produced a Privilege Log

Tauler devotes pages to complaining about lack of a privilege log, but MWK produced a privilege log as promised on September 4, 2020. This issue is moot.

### 4. Rolling Productions

Tauler complains about the fact that MWK has promised a rolling production. The MWK Entities have produced everything in their possession that they know to be responsive, but Jowers still has not produced many relevant documents requested by the MWK Entities. Because the MWK Entities expect to continue receiving responsive documents from third parties, and from Jowers, MWK will continue to make rolling productions.

### 5. Jowers Raises Only Two Specific Objections

The Motion identifies and seeks an order to compel a response related to 69 separate requests for production: RFP Nos. 2-12, 19, 21-39, 41, 44-45, 47-48, 50-61, 65, 72, 74, 76, 86, 94-95, 100, 103-106, 111, 119, 129, 135-136, and 148-150. Of these, Jowers mentions only two with enough specificity for MWK to respond: RFP Nos. 65 and 127. Although Jowers has not briefed any reasons other than his narrow technical ones why MWK should be compelled to respond to those RFP's, and therefore has waived the opportunity to do so, the MWK Entities will address each of them in turn because they exemplify what Jowers is doing in driving up the burden in this case by seeking irrelevant, non-probative material.

### A.     RFP 65 – Other Employees' Agreements

RFP 65 seeks, "All documents or communications from May 2006 to present between you and any employee of the Kinney Entities concerning or relating to non-solicitation agreements, non- competition agreements, and/or any other restrictive covenant contained in agreements with such employee's former employer." MWK has already produced all the documents it possesses related to trade secrets misappropriated by Jowers. This RFP seeks documents back to 2006, ten years before Jowers left. Any trade secret possessed by MWK in 2006 and not misappropriated is not relevant to this case, nor is any non-solicitation agreement with another employee. There simply is no authority for the relevance of such material.

### B.     RFP 129 – Documents Related to a Lawsuit from 2007

Similarly, with RFP 129, Jowers seeks "All Documents Concerning Your lawsuit against Morgan Warren." Morgan Warren was an employee who left the employment of Kinney Recruiting in January 2007. Any trade secrets she might have then could not possibly be relevant to this case. Neither could any agreement she had with MWK's predecessor entity be relevant to Jowers's agreement. His employment overlapped with that of Ms. Warren for a scant few months ten years before he left.

### 6.   The Issues in this Case Began After DLA Piper Withdrew

Tauler, a Los Angeles-based attorney not admitted in Texas, entered this case in May 2020 on a motion for admission *pro hac vice*. Dkt. 166. Pursuant to that

motion, Tauler represented that he would have co-counsel "who is admitted to practice before the United States District Court for the Western District of Texas." *Id.*, at ¶8. Shortly after his admission *pro hac vice* was granted, DLA Piper withdrew from the case, leaving Tauler with no co-counsel admitted in the Western District. Dkt. 175. It appears this may have been an end-run around the requirements for *pro hac vice* admission. As of 8 p.m. on September 8, 2020, the Court's website shows no application for Tauler to be fully admitted has been filed.

### A. Efforts to Waste Time

Tauler's efforts to waste time and create needless headaches in this case are clear from a look at the current docket sheet. Since he entered the case, Tauler has filed four discovery motions (Dkt. 180, Dkt. 181, Dkt. 184, Dkt. 199), three of which seek sanctions, and all of which lack merit. Less clear to the Court but clear to counsel who work in the Western District of Texas regularly, Tauler has been regularly using methods that violate the local rules and practices in both letter and spirit. For example, with every meet and confer letter he sends, Tauler attempts to have each of the three counsel of record for MWK get on a phone call with him to discuss his vaguely described issues. On those calls, Tauler has, literally, raised his voice at opposing counsel to the point where the volume could only be called screaming. Tauler has dialed from unknown numbers to ambush counsel at their desks and deliberately files motions and opposes extensions to try to hamstring opposing counsel. Dkt. 201; Dkt. 203. The level of harassment is not common. MWK

will be seeking a protective order with regard to further harassing requests irrelevant documents and information.

### B. Tauler's Methods are Not Designed to Obtain Relevant Information

If Tauler's methods were designed to obtain relevant information, some of them might be excusable. As is evident from this Motion, though, and from his overdesignation of documents as AEO (Dkt. 180; Dkt. 181), his efforts have been about wasting time.

### C. Prior Problems with Tauler

It not clear whether Tauler would be eligible for full admission to the Western District of Texas. Tauler has been previously sanctioned $2,500 by a federal judge under Federal Rule of Civil Procedure 11 for a "failure to conduct a reasonable and competent inquiry" before filing, and associated assertions of "demonstrably false representations and arguments." *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-CV-02810-BEN-BGS, 2018 WL 4385368, at *7 (S.D. Cal. Sept. 14, 2018). **Exhibit 5.** A second federal judge warned him to "be mindful of Rule 11 standards" in a different case. *JST Distribution, LLC v. CNV.com, Inc.*, No. 17-CV-6264-PSG-MRWX, 2018 WL 6113092, at *8 (C.D. Cal. Mar. 7, 2018). **Exhibit 6**. The federal judge overseeing another case, when dismissing Tauler's firm's frivolous RICO counterclaim against a former bookkeeper with prejudice, said that he "tends to agree that 'by appearances' the RICO claim

was added for an 'improper purpose.'" *Tauler Smith, LLP v. Valerio*, No. 20-CV-00458 AB (ASX), 2020 WL 1921789, at *5 (C.D. Cal. Mar. 6, 2020). **Exhibit7**.

## 7. Request

Jowers's latest motion is meritless because the documents he seeks to compel production of either have already been produced, they are being produced as received, or they are not relevant to the claims and defenses in this case. Moreover, the presence of counsel in this case who is not generally admitted in the Western District of Texas and is intent on disregarding the rules and practices of the district foretell additional difficulty with the case unless Jowers obtains counsel admitted to practice in the district, preferably local counsel. MWK requests that the Court 1) deny Jowers's Motion to Compel; 2) issue an order pursuant to Local Rule AT-2 that, within 21 days, Jowers hire local counsel admitted in the Western District of Texas; and 3) further order that, within 10 days of new counsel for Jowers entering the case, such counsel and counsel for MWK meet and confer regarding discovery issues and the progress of further discovery in the case.

Dated: September 8, 2020          Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyRecruiting.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF MWK AND FOR COUNTER-DEFENDANTS**