IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br>    Plaintiff,<br>v.<br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br>    Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>    Counterclaimant,<br><br>v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>    Counter-defendants. | |

**REPLY IN SUPPORT OF MOTION (DKT. 199) TO COMPEL PRODUCTION OF DOCUMENTS BY MWK RECRUITING, INC., *ET AL.*; AND <u>DECLARATION OF ROBERT TAULER, ESQ.</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     FACTS ............................................................................................................................1

II.    ARGUMENT .................................................................................................................2

        A.     Production Should Be Compelled, Despite the Promise of a Voluntary Future "Rolling" Production ........................................................................................2

        B.     Production Should Be Compelled, Despite the Statement of Counsel that "We are unaware of any relevant, responsive documents that have not been produced." .................................................................................................2

        C.     The Attorney-Client Privilege and Work Product Objections Are Meritless .........3

        D.     The Other Objections Are Meritless ........................................................................4

        E.     The Attorney's Fees for Bringing this Motion Should Be Assessed against MWK Recruiting Inc., *et al.*, and/or Mr. Mort and Mr. Kinney ............................5

DECLARATION OF ROBERT TAULER ..................................................................................7

CERTIFICATE OF SERVICE .....................................................................................................9

## **TABLE OF AUTHORITIES**

The Motion should be granted in full (*see* Dkt. 199), because nothing in the Opposition (Dkt. 204) demonstrates full compliance by MWK Recruiting Inc., *et al*. with any of the disputed RFPs, and because the Opposition also does not carry their burden to "show specifically how each discovery request is not relevant or otherwise objectionable." *See Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 589 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

## I.     FACTS

All the facts shown by Jowers are undisputed, and indisputable. *See* Motion at 1-6. The Motion includes actual evidence to support those facts – unlike the Opposition, which includes no admissible evidence whatsoever. There is no declaration or affidavit testimony to support any of the assertions contained in the Opposition. Its attached exhibits attached are also inadmissible:

- Exhibits 1, 2 and 3 (Dkt. 204-1, 204-2 and 204-3) are duplicative of Exhibits B, E and F to the Motion by Jowers (Dkt. 199-2, 199-5 and 199-6), which makes the duplicates "needlessly … cumulative" under Rule 403 of the Fed. R. Evid.

- Exhibit 4 (Dkt. 204-4) seems to contain a mashup combining a letter from DLA Piper with "**RESPONSE**[s]" added by Mr. Kinney and/or his co-counsel. But the exhibit lacks any kind of authentication. *See* Fed. R. Evid. 901. All the reported statements by Mr. Kinney, *et al.* would also be hearsay, under Rules 801-802 of the Fed. R. Evid.

- The other three exhibits (Dkt. 204-5, 204-6 and 204-7) are irrelevant, because none of them tends to show actual compliance with any of the RFPs in this case; also, they are hearsay too. *See* Fed. R. Evid. 401-402; *see also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830-31 (5th Cir. 1998) ("a court cannot take judicial notice of the factual findings of another court"; citations omitted).

## II.     ARGUMENT

**A.     Production Should Be Compelled, Despite the Promise of a Voluntary Future "Rolling" Production.**

Citing no evidence, they now assert that "[t]he MWK Entities have produced everything in their possession that they know to be responsive." Opposition at 3. In fact, Mr. Kinney did make a production of documents on September 4, 2020, after the Motion was filed, and more than two months after their original Responses were served back on July 1, 2020 for the Second Set of RFPs. Largely, these documents are unresponsive to Nos. 100, 103-106, 111, 119, 123, 128, 131-132, 137-139, 141-142, 144-145, and 147 (from the Second Sets of RFPs) or 148-149 (from the Third Set) or any of the other RFPs in the Motion. Actually, one of the two "volumes" produced on September 4, 2020 was just a duplicate of an earlier production. *See* Tauler Decl., *infra* ¶ 3.

*If* this new (and belated) production *really* included all the responsive documents, then serving further Responses containing such a statement would have sufficed. That would have sufficed, because it would also have been signed by counsel under Rule 26(g), to certify a "reasonable inquiry." But, no such further Responses have been provided. There is also no testimony or other evidence showing that anything asserted in the Opposition is true. Even if this particular statement (on page 3) might not technically be untrue, its very language is couched in evasiveness. It simply does not say that a reasonable inquiry has been made to produce all responsive documents that are currently within the possession, custody or control of MWK Recruiting Inc., *et al.*, as required by Rules 26(g)(1)(B) and 34(a)(1).

**B.     Production Should Be Compelled, Despite the Statement of Counsel that "We are unaware of any relevant, responsive documents that have not been produced."**

The Opposition makes no effort to dispute that the Responses to RFP Nos. 2-12, 21-31, 34,

36 and 50-60 (in the First Set) and No. 150 (in the Third Set) are incomplete and evasive under Rule 37(a)(4), because they purport to re-interpret or limit the requests.  *See* Motion at 8.  Instead, MWK Recruiting Inc., *et al.* say that they have produced documents pursuant to search terms that were agreed with DLA Piper.  *See* Opposition at 2.  But, DLA Piper reportedly proposed search terms for only seven of the RFPs (*see* Dkt. 204-4 at pages 10-12); and only four of those seven are among the ones raised by Jowers in this Motion – namely, Nos. 29, 30, 40 and 42.  The reported "**RESPONSE[s]**" to DLA Piper's proposals for Nos. 29, 40 and 42 make explicitly clear that MWK Recruiting Inc., *et al.* were **not** accepting those proposed search terms.  *See* Dkt. 204-4 at 10, 12.  And, there is no evidence that documents for No. 30 were actually produced.

C.   **The Attorney-Client Privilege and Work Product Objections Are Meritless.**

"A party who has objected to a discovery request then must, in response to a motion to compel, urge and argue in support of its objection to a request, and, if it does not, it waives the objection."  *Samsung*, 325 F.R.D. at 591.  The Opposition makes no argument that any basis exists for the claims of attorney-client privilege and work product protection.  The purported "privilege log" states that it "includes privileged documents created prior to the date that the lawsuit was originally filed, March 27, 2017, which have been withheld based on privilege" – but, the list of documents attached as "Exhibit A" is actually blank.  *See* Tauler Decl., *infra* ¶ 2 & Exhibits N and O.  The "log" also states that it "does not include any communications between counsel or between the MWK Entities and counsel since the time the lawsuit was filed" and that "[f]ailure to include any such communications is not intended to waive any applicable privilege related to such documents."  But, Mr. Kinney himself is one of the "counsel" of record in this action – which means that he is (effectively) asserting privilege over all his internal communications running the "MWK Entities" since March 27, 2017.  Such "[b]lanket claims of privilege … are not sufficient

….." *EEOC v. BDO USA, L.L.P.*, 856 F.3d 356, 363 (5th Cir. 2017) (citations omitted).

Incorrectly, the Opposition asserts (on page 2) that merely by having provided the "log," MWK Recruiting Inc., *et al.* have made the issue "moot." That is incorrect, because the Motion does not ask the Court to compel their production of a log. Rather, they should be compelled to produce all documents within their possession, custody or control that are responsive to RFP Nos. 2-5, 8-9, 12, 19, 21, 29-39, 41, 44-45, 47-48, 59, 61, 65, 72, 74, 76, 86, 94-95 and 135-36.

### D.   The Other Objections are Meritless.

The Opposition does not address RFP Nos. 18, 35, 40-43, 45, 46(i) and (iv), or 48 whatsoever – and thus, the objections to those RFPs are now waived, notwithstanding the generalized assertion (in page 2) that "MWK stands on its [*sic*] objections." *See Samsung*, 325 F.R.D. at 591. Furthermore, none of these objections is anything more than boilerplate. So, even if they weren't waived (they were), such objections are invalid. *See Lechuga v. Magallanes*, 2017 U.S. Dist. LEXIS 221493, *6 (W.D. Tex. June 1, 2017).

On top of their baseless privilege claims, the asserted relevancy objections to RFP Nos. 65 and 129 are invalid too, because they too are generalized boilerplate. *See* Motion Exhibit B (Dkt. 199-2) at 25 (for RFP No. 65) and Motion Exhibit E (Dkt. 199-5) at 17 (for RFP No. 129). That also precludes *post hoc* justifications like the ones (citing no evidence at all) on page 4 of the Opposition now. *See Heller v. City of Dallas*, 303 F.R.D. 466, 484 (N.D. Tex. 2014). To the contrary, both No. 65 and No. 129 are directly relevant to the allegations in ¶¶ 138 and 148 of SAC (Dkt. 80), which makes them appropriate. The SAC's claims require "a factual inquiry" into "whether a party has taken reasonable steps under the circumstances to preserve its trade secrets" under Fla. Stat. Ann. § 688.002(4)(b). *See Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1287 (S.D. Fla. 2010); *see also* 18 U.S.C. § 1839(3)(A) (requiring "reasonable measures").

**E.     The Attorney's Fees for Bringing this Motion Should Be Assessed against MWK Recruiting Inc.,** *et al.***, and/or Mr. Mort and Mr. Kinney.**

Under Rule 37(a)(5), the movant's attorney's fees must be reimbursed if the motion is granted or if the requested discovery is provided after the motion was filed, unless one of three countervailing conditions are met, making the award unjust. According to MWK Recruiting Inc., *et al.*, they did provide requested discovery after the motion was filed, by producing documents on September 4, 2020. As just shown, there is more discovery that should be compelled.

"Of course, [Mr. Kinney] was half right—the motion was a waste of the Court's time and resources. Not because it was frivolous, but instead because it was plainly meritorious and counsel should have been reasonable and not forced [Jowers] to file it." *See Serv. Lloyds Ins. Co. v. N. Am. Risk Servs.*, 2020 U.S. Dist. LEXIS 149549, *10-11 (W.D. Tex. Aug. 18, 2020). None of the Kinney objections were even minimally justified; the Opposition does not even try to justify more than two of them (despite "stand[ing] on its objections" *in toto*); and the eventual "privilege log" (which is just a blanket claim of privilege) shows those particular objections were baseless. Moreover, none of the purported "Issues in this Case After DLA Piper Withdrew" would make reimbursing Jowers for his attorney's fees unjust. The related "Request" for an order requiring Jowers to retain a local counsel (which is really a new and defective motion, *see* Opposition at 4-7) is frivolous, because there is zero evidence to support any of the complaints leveled against Mr. Tauler in handling this case (or any others). Any reasonably capable counsel (locally or anywhere) would have done as he did here – by attempting to confer (and not just exchanging correspondence) before filing a discovery motion (*see* Motion at 4-6, Tauler Decl. ¶¶ 10-14, & Exhibits G-M (Dkt. 199-7 to 199-13)), and by offering not to oppose a two-day extension for the Opposition (rather than two extra weeks that Mr. Kinney, *et al.* did not reasonably need, *see* Dkt. 201-1).

                        Respectfully submitted,

            By:    */s/ Robert Tauler*
                    Robert Tauler, Esq.
                    State Bar No. 241964 (California)
                    rtauler@taulersmith.com
                    **Tauler Smith LLP**
                    626 Wilshire Blvd., Suite 510
                    Los Angeles, CA 90017
                    Telephone: (213) 927-9270
                    Facsimile:  (310) 943-1455

            **COUNSEL FOR DEFENDANT**
            **AND COUNTERCLAIMANT**
            **EVAN P. JOWERS**

## DECLARATION OF ROBERT TAULER

I, Robert Tauler, hereby declare as follows:

1. I am counsel of record for Evan P. Jowers in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2. On September 4, 2020, I received an email message from Robert E. Kinney, Esq. concerning a production of documents. This message also contained an attachment, called "PRIVILEGE LOG." Exhibit N hereto is a true and correct copy of the email with its attached "log." I was surprised to see that the list of documents attached to this "log" is actually blank. I sent an email back to Mr. Kinney, that "[t]he privilege log attached to your email contains no entries - it is blank. If this was sent by error, please send the correct version." *See* Exhibit O hereto. I received no response from Mr. Kinney. However, Raymond W. Mort wrote back saying, "[t]he privilege log is correct." *Id.*

3. Mr. Kinney's email of September 4, 2020 stated that "[a]lso, we are making the following supplemental production of documents" which he described as "MWK VOL011" and "MWK VOL012." I have reviewed the VOL011 and VOL012 documents. Volume 11 that Mr. Kinney produced on September 4, 2020 is a duplicate set of the identical Volume 11 that he had previously produced on June 3, 2020 in response to some of the Requests for Production (or "RFPs") contained in the First Set of RFPs issued by Mr. Jowers. Many of the documents in Volume 12 appear to be entirely unresponsive to any of the RFPs issued by Mr. Jowers.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles, California on September 11, 2020.

*/s/ Robert Tauler*
Robert Tauler

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 11, 2020, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                         */s/ Robert Tauler*
                                         Robert Tauler