**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MWK RECRUITING, INC.**<br>**Plaintiff,**<br>**v.**<br>**EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),**<br>**Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br>**Counterclaimant,**<br>**v.**<br>**MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED**<br>**Counter-defendants.** | |

**EVAN P. JOWERS'S MOTION FOR SANCTIONS RESULTING FROM RECRUITING PARTNERS GP, INC.'S FAILURE TO APPEAR AT ITS DEPOSITION; AND DECLARATION OF ROBERT TAULER, ESQ.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

I. FACTS .......... 1

II. ARGUMENT .......... 4

III. CONCLUSION .......... 7

DECLARATION OF ROBERT TAULER .......... 8

CERTIFICATE OF SERVICE .......... 10

# TABLE OF AUTHORITIES

Cases

*Chilcutt v. United States*, 4 F.3d 1313 (5th Cir. 1993) ....................7

*Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir. 1993)....................7

*King v. Fidelity Nat'l Bank*, 712 F.2d 188 (5th Cir. 1983) ....................5

*Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272 (C.D. Cal. 2008) ....................5

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964) ....................5

Rules

Fed. R. Civ. P. 26(c) ....................5, 6

Fed. R. Civ. P. 30....................5

Fed. R. Civ. P. 30(b)(6)....................1, 2

Fed. R. Civ. P. 30(d)(1)....................6

Fed. R. Civ. P. 37....................5, 6

Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii)....................7

Fed. R. Civ. P. 37(d) ....................6

Fed. R. Civ. P. 37(d)(2)....................5

Fed. R. Civ. P. 37(d)(3)....................1, 7

Other Authorities

7 Moore's Federal Practice – Civil § 37.90 (2020) ....................6

Notes of Advisory Committee on 1970 Amendment to Fed. R. Civ. P. 37(d) ....................6

Evan P. Jowers respectfully moves for sanctions against Counter-defendant Recruiting Partners GP, Inc. and its affiliates – including four other entities that are all owned and controlled by Robert E. Kinney, Esq. and his wife Michelle W. Kinney – for its willful failure to appear at its deposition on September 29, 2020, as duly noticed under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Issue- and evidence-preclusive sanctions are warranted, under Rule 37(d)(3), concerning the designated topics in the 30(b)(6) notice that Mr. Kinney willfully disregarded. An award of reasonable expenses, including attorney's fees incurred by Mr. Jowers in connection with the deposition and this resulting motion, is also warranted under Rule 37(d)(3).

## I. FACTS

Kinney himself and his wife jointly own and control MWK Recruiting Inc. (the named plaintiff in this action) and their other legal recruiting businesses. Jowers has named the Kinneys personally and their five "Kinney Entities" as the counter-defendants in this action. *See* Answer to Second Amended Complaint and Counterclaims (Dkt. 135) at 40-72. Jowers alleges – and, Kinney admits – that "Kinney is ... the principal of each of the Kinney Entities." *See id*., ¶ 3. The five "Kinney Entities" are MWK Recruiting Inc. (now allegedly known as Counsel Holdings Inc., *see* Dkt. 80 at 1), plus Recruiting Partners GP, Inc. (the would-be deponent) and three others: Kinney Recruiting LLC, Counsel Unlimited LLC, and Kinney Recruiting Limited. *See* Dkt. 135 at 1. Kinney's wife allegedly "shares ownership and control over the Kinney Entities with her husband Kinney." *Id.*, ¶ 4. Answering each of those allegations, the Kinneys and their related entities have expressly admitted them all. *See* Answer to Counterclaims (Dkt. 136), ¶¶ 3-4.

Kinney is not only the "principal" of the five Kinney Entities, but he is also one of their co-counsel of record (*see* Order (Dkt. 20)), together with Raymond W. Mort, Esq. and Tristan C. Loanzon, Esq. Counsel for Jowers initially discussed the scheduling of depositions with Kinney

by telephone on June 18, 2020. *See* Declaration of Robert Tauler, *infra* ¶ 2. During this initial call, Kinney stated that he intended to appear as the designated representative for examination under Rule 30(b)(6) at any depositions of his five entities. Because of this intention, Kinney said, he requested an agreement by Jowers to limit the number of those depositions – by combining and consolidating them – so that, Kinney would not need to be deposed for a separate, seven-hours-long day for each of the five named entities. Jowers's counsel told him during the call on June 18, 2020 that no such agreement would be acceptable. *Ibid*. Undeterred, Kinney has continued to demand that Jowers accept such an agreement, and as part of attempting to coerce such an agreement, Kinney willfully failed to appear for the duly noticed deposition of Recruiting Partners GP, Inc. on September 29, 2020.

Jowers first served a Notice of Deposition on August 24, 2020 to depose Recruiting Partners GP, Inc. concerning 25 discrete topics. *See* Exhibit A, *infra*. The deposition was noticed to commence on September 29, 2020 at a location in Austin, Texas. Kinney then wrote,

> The September 29 date is not going to work for us. Let's coordinate in the next few weeks for scheduling all the depositions in this case. Without holding us to it, we are looking at setting up a block of time in November as dates for depositions in Austin. Let us know if that works for you. Also, let us know Jowers's availability for those dates in November before Thanksgiving.

Exhibit B, *infra*. Counsel for Jowers replied, asking, "[i]s RPGP available to be deposed on any day in the last two weeks of September?" *Ibid.* Kinney wrote back on September 1, 2020 (in a separate email thread), "[t]hanks for your note" – but, no dates were offered in the last two weeks of September. *See* Exhibit C, *infra*. He explained, instead, that "[w]e do not think it's appropriate to ask me to be presented for seven hours for each of those 30(b)(6) depositions, plus a seven hour deposition of me personally." *Ibid.* Instead, "[w]e think it is appropriate to ask that we coordinate this process and apply some reasonable limits." *Ibid.* Thus:

> Based on the depositions you have indicated you want to take so far, we propose the following arrangemenst [*sic*]:
>
> 1. We will schedule all of the depositions at one time, including the deposition of Renee Sommers which you have noticed.
>
> 2. The depositions of Kinney Entity deponents, including Renee Sommers, myself, and Michelle (if you choose to depose her) will occur in November (or, if you prefer, December or January or February).
>
> 3. I will be presented during two days of one week, separated by one day. I will not be required to do two days back to back.
>
> 4. I will be presented for 6 hours on the record, maximum, for each of the two days. Thus, you would get to depose me both for 30(b)(6) purposes and as an individual for 12 total hours on the record if you use the full six hours on each day.
>
> 5. We will count those two days as two of the ten total depositions you are permitted to take.
>
> 6. We do not know yet when or whether we will depose Jowers. If we do depose him, you can decide whether you present him before me or after.

*Ibid.* Jowers again rejected this proposal, by reply email on September 4, 2020, saying:

> We have previously considered essentially the same proposal by Mr. Kinney to bypass Mr. Jowers's use of legitimate depositions to obtain discovery under Rule 30(b)(6). Mr. Kinney has raised several versions of this proposal in previous phone calls.
>
> As has always been our position, we intend to conduct depositions that are both efficient and effective in obtaining relevant discovery, within the limitations and under the standards of Rule 30(a).
>
> I propose we get on the telephone for a call to work out any scheduling or other issues pertaining to the upcoming depositions. What time would work for you? I am available today, over the holiday weekend, as well as Tuesday and Wednesday of next week to discuss.

*Ibid.* No such telephone call occurred. *See* Tauler Decl., *infra* ¶ 4. On September 9, 2020, counsel for Jowers issued an Amended Notice of Deposition. Like the original, this amended notice designated 10:00 a.m. on September 29, 2020 and a location in Austin, Texas as the time and place

for the deposition to commence. *See* Exhibit D, *infra*.

More emails were exchanged on September 16, 2020, in which Kinney wrote, "these depositions that you set without agreeing with us as to the time/place/program are not going to work. You have set them up without agreeing with us which is a violation of the local rules." *See* Exhibit E, *infra.* Counsel for Jowers replied:

> The parties are not required to agree on depo dates; only to confer, and attempt to agree. We are still available to confer, however, it is clear that you are falsely claiming to be unavailable for the next several months for this video deposition, as you have similarly claimed to be unavailable over the previous few months for discovery phone calls.

*Ibid.* To this, Mr. Mort responded:

> We provided you our available dates and the witnesses' available dates. The local rules do not require us to continuously suffer your rants and yelling on endless phone calls for what most every attorney except perhaps you is able to accomplish via rather routine emails. … We don't need a phone call to hear the dates you want- just put them in an email response.

*Ibid.* However, Kinney and his co-counsel did not seek (and thus, they did not obtain) a protective order regarding the scheduled deposition of Recruiting Partners GP, Inc. on September 29, 2020.

No witness appeared for deposition on September 29, 2020. *See* Certificate of Nonappearance (Exhibit F, *infra*). Counsel for Jowers sent a letter on October 1, 2020, requesting to meet-and-confer regarding a potential motion for sanctions as a result. *See* Exhibit G, *infra*. In the ensuing email exchange, Kinney again refused to confer by telephone; and, no such telephone call occurred. *See* Tauler Decl., *infra* ¶ 9. Instead, Kinney's email on October 7, 2020 re-iterated "the verbatim text" of the same proposals from September 1, 2020. *See* Exhibit H, *infra*.

## II. ARGUMENT

No prior court order is necessary to ***compel*** a party's attendance at its own deposition, which is why the Federal Rules of Civil Procedure do not provide for an opposing party to move

for an order compelling attendance. Instead, Rule 37 only provides (in subsection (d)) for a range of sanctions that may be imposed if a party ***fails*** to appear in response to notice of deposition under Rule 30. When considering such a motion, "[a] failure [to attend one's own deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Indeed, the would-be deponent cannot evade compliance with a Rule 30 deposition notice, even by moving for a protective order. "Any such rule would be an intolerable clog upon the discovery process." *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Rather, to excuse compliance, "a motion to quash must be not only made but ***granted*** before the scheduled deposition." *King v. Fidelity Nat'l Bank*, 712 F.2d 188, 191 (5th Cir. 1983) (emphasis in original; citing *Pioche Mines*).

Here, no such motion for a protective order was ever made, nor granted. Instead, Kinney's emails repeatedly acknowledged the deposition notices for Recruiting Partners GP, Inc. to appear on September 29, 2020 – but, he simply refused to appear as they directed. That fact alone demonstrates that the failure to appear was willful. *See Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 n.2 (C.D. Cal. 2008) (plaintiff's own purported "notice of nonappearance" showed that plaintiff had actual notice of the time and place of the deposition, but willfully chose not to appear). Moreover, Kinney's expressly-stated purpose in refusing to appear was his desire to obstruct Jowers in pursuing discovery that Rule 30 expressly permits. "To fully understand the role of this provision and its relationship to the other subsections of Rule 37, it is necessary to understand that the primary expectation of the drafters of the Federal Rules of Civil Procedure was that the discovery system would be, in most part, self-executing." 7 Moore's Federal Practice – Civil § 37.90 (2020). Rule 37(d) addresses "total noncompliance" that may – as it would do here

– "impose severe inconvenience or hardship on the discovering party and substantially delay the discovery process." Fed. R. Civ. P. 37(d), Notes of Advisory Committee on 1970 Amendment.

> The misconduct at which subdivision (d) is directed consists of a party's complete failure to respond, by way of appearance … or motion for protective order …. Such a complete failure strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing.

7 Moore's, *supra* § 37.90 (footnotes omitted). Kinney avowedly sought to hinder Jowers in pursuing discovery, by withholding the examination of Recruiting Partners GP, Inc. unless and until Jowers would ***(a)*** agree on scheduling all the depositions at one time, without the benefit of early deposition testimony to guide Jowers in selecting and scheduling later examinations; ***(b)*** agree on delaying all depositions into November 2020 or later, based on Kinney's own bogus assertions that none of his team could be deposed in the last two weeks of September or any date(s) in October; and ***(c)*** agree on reducing six days of seven hours-long examination – which is the presumptive limit when deposing six witnesses, under Rule 30(d)(1) – down to just two depositions of six hours. The assertions of unavailability for deposition any time in the last two weeks of September or the entire month of October were obviously bogus, because if they were not bogus, then MWK Recruiting Inc., *et al.* would obviously have raised them in seeking a protective order under Rule 26(c). Reducing six days of seven hours down to two days of six hours was the explicit "offer" that Kinney made in ¶ 4 of the emails on September 1, 2020 (before the failure to appear) and again on October 7, 2020 (after the failure to appear) concerning the depositions of all five Kinney Entities plus himself "as an individual." *See* Exhibits C & H, *infra*.

The Fifth Circuit has emphasized "that the sanction meet the Rule 37 goals of punishing the party which has obstructed discovery and deterring others who would otherwise be inclined to pursue similar behavior[.]" *Chilcutt v. United States*, 4 F.3d 1313, 1319-20 (5th Cir. 1993).

Jowers, therefore, is not asking the Court to compel the appearance of Recruiting Partners GP, Inc. at a future deposition. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (affirming a dismissal sanction, noting that earlier failures are not purged by subsequent compliance). Rather, the least severe appropriate remedy under Rule 37(d)(3) and Rule 37(b)(2)(A)(i)-(ii) is to impose issue- and evidence-preclusion sanctions against the Kinney Entities and Kinney himself (who is their controlling principal) and his wife, corresponding the 25 designated topics in the Amended Notice of Deposition of September 9, 2020 (Exhibit D, *infra*). As set forth in the accompanying [Proposed] Order, Jowers requests sanctions for each topic. An award of reasonable expenses, including attorney's fees incurred by Mr. Jowers in connection with the deposition and this resulting motion, is also warranted under Rule 37(d)(3).

## III. CONCLUSION

The requested sanctions should be granted.

DATED: October 27, 2020

Respectfully submitted,

By: */s/ Robert Tauler*

Robert Tauler, Esq.
State Bar No. 241964 (California)
rtauler@taulersmith.com
**Tauler Smith LLP**
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (213) 927-9270
Facsimile: (310) 943-1455

**COUNSEL FOR DEFENDANT AND COUNTERCLAIMANT EVAN P. JOWERS**

**DECLARATION OF ROBERT TAULER**

I, Robert Tauler, hereby declare as follows:

1. I am counsel of record for Evan P. Jowers in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2. I initially discussed the scheduling of depositions with Robert E. Kinney, Esq. by telephone on June 18, 2020. During this initial call, Mr. Kinney stated that he intended to appear as the designated representative for examination under Rule 30(b)(6) at any depositions of his five entities. Because of this intention, Mr. Kinney said, he requested an agreement by Mr. Jowers to limit the number of those depositions – by combining and consolidating them – so that, Mr. Kinney would not need to be deposed for a separate, seven-hours-long day for each of the five named entities. I told Mr. Kinney during the call on June 18, 2020 that no such agreement would be acceptable.

2. Attached hereto as Exhibit A is a true and correct copy of Evan P. Jowers's Notice of Deposition of Recruiting Partners GP, Inc., dated August 24, 2020.

3. Attached hereto as Exhibit B are true and correct copies of emails between myself and Mr. Kinney dated August 26, 2020 through August 31, 2020.

4. Attached hereto as Exhibit C are true and correct copies of emails between myself and Mr. Kinney dated September 1, 2020 through September 4, 2020. Though I repeatedly requested to confer by telephone regarding the scheduling of depositions, no such call occurred.

5. Attached hereto as Exhibit D is a true and correct copy of Evan P. Jowers's Amended Notice of Deposition of Recruiting Partners GP, Inc., dated September 9, 2020.

6. Attached hereto as Exhibit E are true and correct copies of emails between myself,

Mr. Kinney, and Raymond W. Mort dated September 16, 2020.

7. Attached hereto as Exhibit F is a true and correct copy of the Certificate of Nonappearance from the Oral Deposition of Recruiting Partners GP, Inc., dated September 29, 2020.

8. Attached hereto as Exhibit G is a true and correct copy of a meet-and-confer letter sent by me to Mr. Kinney, Mr. Mort, and Tristan Loanzon, dated October 1, 2020.

9. Attached hereto as Exhibit H are true and correct copies of emails between myself, Robert Kinney, and Mr. Mort dated October 1, 2020, through October 7, 2020. Though I repeatedly requested to confer by telephone regarding the potential motion for sanctions, no such call occurred.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles, California on October 27, 2020.

*/s/ Robert Tauler*
Robert Tauler

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 27, 2020, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Robert Tauler*
Robert Tauler