IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC.**<br>                **Plaintiff,**<br><br>v.<br><br>**EVAN P. JOWERS, YULIYA**<br>**VINOKUROVA, ALEJANDRO VARGAS,**<br>**and LEGIS VENTURES (HK) COMPANY**<br>**LIMITED (aka Jowers / Vargas),**<br>                **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>                **Counterclaimant,**<br><br>v.<br><br>**MWK RECRUITING, INC., ROBERT E.**<br>**KINNEY, MICHELLE W. KINNEY,**<br>**RECRUITING PARTNERS GP, INC.,**<br>**KINNEY RECRUITING LLC, COUNSEL**<br>**UNLIMITED LLC, and KINNEY**<br>**RECRUITING LIMITED**<br><br>                **Counter-defendants.** | |

**EVAN P. JOWERS'S MOTION FOR SANCTIONS RESULTING FROM RECRUITING
PARTNERS GP, INC.'S FAILURE TO APPEAR AT ITS DEPOSITION; AND
<u>DECLARATION OF ROBERT TAULER, ESQ.</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.........................................................................................ii

I.      FACTS..............................................................................................................1

II.     ARGUMENT ....................................................................................................4

III.    CONCLUSION .................................................................................................7


DECLARATION OF ROBERT TAULER ...............................................................8

CERTIFICATE OF SERVICE...............................................................................10

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Chilcutt v. United States*, 4 F.3d 1313 (5th Cir. 1993) ..................................................................7

*Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir. 1993)..............................................................7

*King v. Fidelity Nat'l Bank*, 712 F.2d 188 (5th Cir. 1983) ........................................................5

*Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272 (C.D. Cal. 2008) .......................................5

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir. 1964) ........................................5


<u>Rules</u>

Fed. R. Civ. P. 26(c) ................................................................................................................5, 6

Fed. R. Civ. P. 30.........................................................................................................................5

Fed. R. Civ. P. 30(b)(6)............................................................................................................1, 2

Fed. R. Civ. P. 30(d)(1)................................................................................................................6

Fed. R. Civ. P. 37.....................................................................................................................5, 6

Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii)................................................................................................7

Fed. R. Civ. P. 37(d) .....................................................................................................................6

Fed. R. Civ. P. 37(d)(2).................................................................................................................5

Fed. R. Civ. P. 37(d)(3).............................................................................................................1, 7


<u>Other Authorities</u>

7 Moore's Federal Practice – Civil § 37.90 (2020) .....................................................................6

Notes of Advisory Committee on 1970 Amendment to Fed. R. Civ. P. 37(d) .............................6

Evan P. Jowers ("Jowers" or "Defendant") respectfully moves for terminating sanctions against Plaintiff and its affiliates – for multiple failures to appear at duly noticed under Rule 30(b)(6) and/or 41 of the Federal Rules of Civil Procedure, for willful conduct establishing a clear record of delay, and for the resulting prejudice to defendant.

Alternatively, Defendant seeks issue sanctions under FRCP 37(d)(3) and 37(b)(2)(A)(i)-(ii) against Counsel Unlimited, LLC ("Counsel Unlimited") for its failure to appear for its December 1, 2020 deposition, as well as an award of reasonable expenses, including attorney's fees under Rule 37(d)(3) caused by its failure to appear.

## I.      FACTS

Jowers first served a Notice of Deposition on August 24, 2020 to depose Recruiting Partners GP, Inc. concerning 25 discrete topics regarding this entities' employment of Mr. Jowers from 2006-2012. (Declaration of Robert Tauler ["Tauler Dec."], Exhibit A) Mr. Kinney willfully failed to appear for the duly noticed deposition of Recruiting Partners GP, Inc. on September 29, 2020, as detailed in Jowers' pending motion for evidentiary and monetary sanctions.  (Dkt. 214).

Jowers first noticed the deposition of another party to the lawsuit, Counsel Unlimited, on November 5, 2020 (for a deposition to commence on November 19, 2020). Counsel Unlimited entered into various payday loan agreements with Mr. Jowers according to the Second Amended Complaint and administered these loans until Mr. Jowers stopped working for Mr. Kinney.  [Dkt. 73-1 at ¶¶ 32-33] With respect to Counsel Unlimited, Mr. Kinney stated initially that he would be the 30(b)(6) witness for Counsel Unlimited, but that he "can't do it November 19 or 20th and I do not want to do it during Thanksgiving week." (Tauler Dec., Ex. G)  Jowers then noticed the deposition of Counsel Unlimited for December 1, 2020 (a date Mr. Kinney had said he was

available), by way of deposition notice issued on November 12, 2020.  (Tauler Dec., Ex. H)

Mr. Kinney filed a "Motion for Protective Order" four hours after receiving the November 12, 2020 notice.  (Dkt. 217)   Once Zoom credentials were obtained for the previously notices December 1, 2020 deposition of Counsel Unlimited, Jowers sent an amended deposition notice for Counsel Unlimited on November 23, 2020 with these credentials.  (Tauler Dec., Ex. K)   Mr. Kinney then responded the same day, suggesting that all depositions were stayed by his filing of a motion for protective order, and intimating as well that December 1, 2020 was no longer a good date because it was "not cleared with Ray [Mort]," Mr. Kinney's co-counsel. (Tauler Dec., Ex. L)

Jowers then responded by stating his position, which has remained constant, and is asserted in this motion:

> Mr. Kinney,
>
> You are mistaken as to the effect of filing a motion for protective order when a deposition notice has been issued.  As I believe you should know, the filing of a motion for protective order does not relieve a party of the duty to appear for his deposition.  *Hepperle v. Johnston* (5th Cir. 1979) 590 F.2d 609, 613.  Rather, "Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion."  *Id.*  See also *Hare v. Government Employees Ins. Co.*, 132 F.R.D. 448, 450 (E.D. Tex. 1990) citing *Fisher v. Henderson*, 105 F.R.D. 515, 517 (N.D. Tex. 1985))("a deponent who realizes he cannot appear at a scheduled deposition bears the burden under Rule 30 of the Federal Rules to get an order postponin g the deposition. In the absence of such as order, the duty to appear remains."); see also *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir.

2003) ("[T]he mere act of filing a motion for protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance.").

It is relevant that Your [sic] motion for protective order was filed well after the Counsel Unlimited was first noticed on November 5th (calling for Counsel Unlimited's appearance on November 19th). You stated in the interim that you were unavailable on the 19th, and that you "didn't want to" appear on any day on Thanksgiving week, but that you were available December 1-3. You also confirmed at this time that you would be the 30(b)(6) witness for Counsel Unlimited. Thus, to accommodate your requests, we renoticed Counsel Unlimited's deposition on November 12, setting the current date of December 1st, since it was one of the only days you stated you were available to appear to testify regarding the 30(b)(6) topics on behalf of Counsel Unlimited.

(Tauler Dec., Ex. M)

In response to the apparent revelation that his motion for protective order did not buy him any additional time, Mr. Kinney's counsel, Ray Mort stepped in with a proverbial dust cloud of half-baked excuses, insults, accusations, and objections – most of which were eventually abandoned, but which culminated in the service of "objections" the day before Mr. Kinney was set to appear for the December 1, 2020 deposition of Counsel Unlimited, primarily based on defects in the three deposition notices served on Counsel Unlimited.

No witness appeared for deposition on December 1, 2020 and no protective order was secured before this day. (Tauler Dec., ¶ 17).  Counsel for Jowers sent an email the same day, requesting to meet-and-confer regarding a potential motion for terminating sanctions as a result,

as well as two follow up emails on December 2-3 seeking to meet and confer, however, no substantive response was ever received to these efforts.  (Tauler Dec., Ex. O)

## II.     ARGUMENT

### A.     Terminating Sanctions Should Be Issued Against Plaintiff.

The Federal Rules of Civil Procedure permit the imposition of terminating sanctions for failure to appear at a properly noticed deposition. *See* FED. R. CIV. P. 37(b)(2),(d); *see also* FED. R. CIV. P. 41(b). See also, *Hepperle v. John*ston (5th Cir. 1979) 590 F.2d 609, 613 (affirming dismissal of claims based on discovery misconduct where "the district court rested its dismissal upon appellant's repeated failures to appear for deposition").

Dismissal of an action with prejudice under rule 37 or 41 is permitted only upon a showing of a  "clear record of delay or contumacious conduct by the plaintiff ... and when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir.1985) (quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir.1982)(internal quotations omitted).

In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present:

(1) delay caused by the plaintiff;

(2) actual prejudice to the defendant; or

(3) delay as a result of intentional conduct.

*Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

Here, a clear record exists of all three aggravating factors.

### 1.     Plaintiff's Delay.

Plaintiff has deployed a variety of stalling tactics since written discovery was first sought

in December 2019 (Dkt. 184-2; 199-1). Plaintiff's refusal to participate in nearly every form of discovery at Mr. Jowers disposal has led to several discovery motions, including motions to compel special interrogatory responses (Dkt. 184), production of documents (Dkt. 199), and discovery related to Mr. Kinney's efforts to set forth his damages calculations and his efforts to preserve evidence (Dkt. 207). Mr. Kinney has also interfered with the production of documents from third parties, leading to even more motion practice (Dkt. 210).

Most recently, and most detrimental to Jowers' efforts to defend Mr. Kinney's allegations, Mr. Kinney has also willfully failed to appear for the deposition of Defendant RP-GP, Inc. (who employed Mr. Jowers) leading to a motion for evidentiary and/or issue sanctions (Dkt. 214), and Counsel Unlimited (which administered payday loans to Mr. Jowers) on December 1, 2020.

Where, as here, the docket sheet contains voluminous filings demonstrating refusal to participate in the case, terminating sanctions are appropriate. *Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Mr. Kinney's refusal to participate is consistent with his stated objective to "bankrupt Jowers with legal fees," according to Mr. Kinney's former employees. (See, Request for Judicial Notice ["RJN"] Exhibit 1 [Declaration of Peter Gutensohn, Dkt. 192-1] at ¶ 3) Considering Mr. Kinney's record, his second failure to appear for a properly noticed deposition is more than enough to strike the complaint and enter judgment on behalf of Jowers.

## 2.    Prejudice to Defendant.

No lesser sanction would achieve the desired deterrent effect of stopping the misconduct, chiefly because the damage to Mr. Jowers has already been done. Jowers' counsel has devoted hundreds of hours to written discovery, review of Mr. Kinney's "document drop" of over

"180,870 pages" of emails (Dkt. 204 at pg. 1), as well marshaling evidence for depositions of two parties to the lawsuit who never intended to appear for their depositions.

Kinney's most recent failure to appear comes less than three months before the discovery cut off of February 19 (Dkt 198), which leaves defendant without time to complete the remaining depositions of the seven remaining parties to the case (besides the two who have failed to appear), which include (1) the named plaintiffs MWK Recruiting, Inc., and its (apparent) successor plaintiff Counsel Holdings, Inc.; (2) parties who at one time or another were assigned claims against Mr. Jowers according to the Second Amended Complaint, including Kinney Recruiting, LP & Kinney Recruiting LLC, and (3) Counterclaim-Defendants Robert Kinney, Michelle Kinney and Kinney Recruiting Limited.

Jowers simply will not have the time[1] to depose the entities who are parties to this case (all of whom have designated Robert Kinney as their sole witness) if terminating sanctions are not granted. "Without the ability to take [Plaintiff's] deposition, [Defendant] face[s] substantial prejudice in defending itself in this litigation." *Paskauskiene v. Alcor Petrolab, L.L.P* 275 Fed.Appx. 329, 334 (5th Cir. 2013)("[Plaintiff] had a duty to cooperate with [Defendant] and the court in its prosecution. Her failure to do so is determinative of this issue."). Plaintiff continues to this very day with his refusal to appear for deposition. (*See*, Dkt. 225) Accordingly, without the relief sought, Jowers will be unable to timely obtain the evidence needed to dispose of the case and will thereby be prejudiced.

### 3. Delay Caused by Willful Conduct.

The record also demonstrates that Mr. Kinney's conduct is willful. This is most clearly evidenced by Plaintiff's opposition to Jowers' Motion to Disqualify Mr. Kinney as counsel in

---

[1] A further modification of the scheduling order (already modified on two separate occasions, including most recently for 120 days, would be similarly prejudicial since it would, again, simply serve to advance Mr. Kinney's stated goal to "break Mr. Jowers with legal fees." (Dkt. 192-1 at ¶ 3)

October 2019 (Dkt 105), where Mr. Kinney stated in his capacity as counsel that "it is too early to tell" whether he would be a necessary witness in this case, and there was "not yet sufficient discovery done to determine whether Kinney is a necessary witness."  (Dkt 105 at pgs. 5-10)  The Court sided with Mr. Kinney, based in part on his arguments that it was uncertain whether he would be a necessary witness. (Dkt. 100). However, as Mr. Kinney recently made clear on November 5, 2020 he is the *only* "30(b)(6) witness for any and all of the Kinney entities" (Tauler Dec., Ex G). The inescapable conclusion is that Mr. Kinney lied to the Court in October 2019, so that he could continue to avoid paying attorney's fees and litigate this case "as long as Mr. Kinney wants." (RJN Ex. 1 at ¶ 3).

Similar inferences of improper statements made under oath can be made by examining Mr. Kinney's first iteration of this lawsuit dated March of 2017, filed under penalty of perjury, sought a temporary restraining order and an injunction based on alleged "immediate and irreparable harm" caused by Mr. Jowers misappropriation of "trade secrets," (Dkt. 1-2 at ¶ 60). However, as of the date of this filing -- three and a half years into the case -- Mr. Kinney has not even noticed Mr. Jowers' deposition.

Mr. Kinney's willful delay is also demonstrated by other conduct in the record, including:

 (1) providing a "privilege log" promised over a span of several months on September 4, 2020 which was blank - containing no entries in it at all (Dkt. 205-1, p.5), meanwhile previously asserting on June 6, 2020 that communications between himself and all of his employees are protected from discovery by the attorney/client privilege.  (Tauler Dec., Exhibit N)

 (2) asserting under oath that he did not know all of the trade secrets were at issue in the case because Jowers was the "sole custodian" of certain trade secrets. (Dkt. 194-1 at pg 86 of 107).

(3) openly altered evidence supporting his claims after his accountant was deposed on November 9 by providing a new accounting of the payday loans that departed from the evidence provided by his accountant (Tauler Dec., Exhibits I & J) and also departed from Mr. Kinney's own sworn averments as to amounts due and owing (Dkt. 1-2 at ¶ 34).

Neither the Court nor Defendant should countenance repeated misconduct such as that exhibited by Mr. Kinney.  Terminating sanctions are necessary.

### 3.    Plaintiff is Not Excused by Filing a Motion for Protective Order.

Leaving aside all of the other misconduct, Mr. Kinney posits that his filing of a motion for protective order in November, relieves him of the obligation to appear for this deposition. This is not so.  The filing of a motion for protective order does not relieve a party of the duty to appear for his deposition.  *Hepperle v. Johnston* (5th Cir. 1979) 590 F.2d 609, 613.  Rather, "Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion." *Id.*  See also *Hare v. Government Employees Ins*. Co., 132 F.R.D. 448, 450 (E.D. Tex. 1990) citing *Fisher v. Henderson*, 105 F.R.D. 515, 517 (N.D. Tex. 1985))("a deponent who realizes he cannot appear at a scheduled deposition bears the burden under Rule 30 of the Federal Rules to get an order postponin g the deposition. In the absence of such as order, the duty to appear remains."); see also *Barnes v. Madis*on, 79 F. App'x 691, 707 (5th Cir. 2003) ("[T]he mere act of filing a motion for protective order does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance."). Rather, to excuse compliance, a motion "must be not only made but ***granted*** before the scheduled deposition." *King v. Fidelity Nat'l Bank*, 712 F.2d 188, 191 (5th Cir. 1983) (emphasis in original; citing *Pioche Mines*).

In *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979), the trial court dismissed a case

*sua sponte* for plaintiff's failure to attend his deposition on multiple occasions, among other reasons.   On appeal, plaintiff claimed that the district court's dismissal was an abuse of discretion, "because of the court's refusal to rule on his various motions," namely "a motion for a protective order to postpone the taking of his deposition pursuant to Fed.R.Civ.P. 26(c)(1, 3), after he received his first notice for deposition." *Id.* at 613. The Fifth Circuit disagreed, concluding that "the court's inaction on appellant's motion did not relieve him of the duty to appear for his deposition." *Id.* at 613.   Similarly here, Mr. Kinney is not excused from his multiple failures to appear by filing a protective order, and this argument should be ignored.

### B.      Alternatively, Issue Sanctions Should Be Issued Against Plaintiff

If the Court is not inclined to order terminating sanctions, Defendant asks that they Court impose issue sanctions against Counsel Unlimited under Rule 37(d)(3) and Rule 37(b)(2)(A)(i)-(ii), corresponding the 17 designated topics in the Amended Notice of Deposition of September 9, 2020 (Exhibit D, *infra*).  As set forth in the accompanying [Proposed] Order, Jowers requests sanctions for each topic.

### C.      Monetary Sanctions are Also Proper

An award of reasonable expenses, including attorney's fees incurred by Mr. Jowers in connection with the deposition and this resulting motion, is also warranted under Rule 37(d)(3).

## III.   CONCLUSION

The requested sanctions should be granted.

DATED: December 7, 2020                    Respectfully submitted,

                                           By:     */s/ Robert Tauler*
                                                   Robert Tauler, Esq.
                                                   State Bar No. 241964 (California)
                                                   rtauler@taulersmith.com
                                                   **Tauler Smith LLP**
                                                   626 Wilshire Blvd., Suite 510
                                                   Los Angeles, CA 90017
                                                   Telephone: (213) 927-9270
                                                   Facsimile:  (310) 943-1455

                                           **COUNSEL FOR DEFENDANT
                                           AND COUNTERCLAIMANT
                                           EVAN P. JOWERS**

## DECLARATION OF ROBERT TAULER

I, Robert Tauler, hereby declare as follows:

1.      I am counsel of record for Evan P. Jowers in this action.  I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.      I initially discussed the scheduling of depositions with Robert E. Kinney, Esq. by telephone on June 18, 2020.  During this initial call, Mr. Kinney stated that he intended to appear as the designated representative for examination under Rule 30(b)(6) at any depositions of his five entities.  Because of this intention, Mr. Kinney said, he requested an agreement by Mr. Jowers to limit the number of those depositions – by combining and consolidating them – so that, Mr. Kinney would not need to be deposed for a separate, seven-hours-long day for each of the five named entities.  I told Mr. Kinney during the call on June 18, 2020 that no such agreement would be acceptable.

2.      Attached hereto as Exhibit A is a true and correct copy of Evan P. Jowers's Notice of Deposition of Recruiting Partners GP, Inc., dated August 24, 2020.

3.      Attached hereto as Exhibit B are true and correct copies of emails between myself and Mr. Kinney dated August 26, 2020 through August 31, 2020.

4.      Attached hereto as Exhibit C are true and correct copies of emails between myself and Mr. Kinney dated September 1, 2020 through September 4, 2020.  Though I repeatedly requested to confer by telephone regarding the scheduling of depositions, no such call occurred.

5.      Attached hereto as Exhibit D is a true and correct copy of Evan P. Jowers's Amended Notice of Deposition of Recruiting Partners GP, Inc., dated September 9, 2020.

6.      Attached hereto as Exhibit E is a true and correct copy of the Certificate of

Nonappearance from the Oral Deposition of Recruiting Partners GP, Inc., dated September 29, 2020.

7.      Attached hereto as Exhibit F is a true and correct copy of a meet-and-confer letter sent by me to Mr. Kinney, Mr. Mort, and Tristan Loanzon, dated October 1, 2020.

8.      Attached hereto as Exhibit G are true and correct copies of emails between myself, Robert Kinney, and Mr. Mort dated October 1, 2020, through November 6, 2020. Though I repeatedly requested to confer by telephone regarding the potential motion for sanctions, no such call occurred.

9.      Attached hereto as Exhibit H is a true and correct copy of Evan P. Jowers's Amended Notice of Deposition of Counsel Unlimited LLC, dated November 12, 2020.

10.      Attached hereto as Exhibit I is a true and correct copies of emails between Robert Kinney and me dated November 23, 2020.

11.      Attached hereto as Exhibit J is a true and correct copies of emails between Robert Kinney and me dated November 23, 2020.

12.      Attached hereto as Exhibit K is a true and correct copy of Evan P. Jowers's Second Amended Notice of Deposition of Counsel Unlimited LLC, dated November 23, 2020.

13.      Attached hereto as Exhibit L is a true and correct copies of emails between Robert Kinney and me dated November 23, 2020.

15.      Attached hereto as Exhibit M are true and correct copies of emails between Mr. Mort and me dated November 23, 2020 through November 25, 2020.

16.      Attached hereto as Exhibit N is a true and correct copy of objections served by Kinney asserting that written communications between himself and his employees are privileged.

17.      No witness appeared for deposition on December 1, 2020 and no protective order

was secured before this day.  Attached hereto as Exhibit O are true and correct copies of emails between Mr. Mort and me dated December 1, 2020 through December 2, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Los Angeles, California on December 7, 2020.

_/s/ Robert Tauler_____
Robert Tauler

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on December 7, 2020, a true and accurate copy of the foregoing

document was served on all counsel of record via the Court's CM/ECF system.


<u>  /s/ Robert Tauler           </u>
Robert Tauler