# EXHIBIT C



# Gmail

**Robert Tauler** <rtauler@taulersmith.com>

## Re: FW: MWK Recruiting, Inc. v. Jowers -- Follow up regarding trade secrets/confidential information interrogatories and requests for production

**Robert Tauler** <rtauler@taulersmith.com>  Wed, May 13, 2020 at 6:28 PM
To: Evan Jowers <evan@evanjowers.com>
Cc: "Bookhout, James" <James.Bookhout@dlapiper.com>, "Katz, Marc" <Marc.Katz@dlapiper.com>, "Bernardo, Micala" <micala.bernardo@dlapiper.com>

Comments inline in **RED**.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd, Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Wed, May 13, 2020 at 4:45 PM Evan Jowers <evan@evanjowers.com> wrote:
> Thanks! I think that drafted email to Tristan looks great. Rob, do you have any comments or suggested edits / add ons?
>
> On Wed, May 13, 2020, 2:52 PM Bookhout, James <james.bookhout@dlapiper.com> wrote:
>>
>> Evan and Rob,
>>
>> Based on our discussion yesterday, we have put together a draft email to Kinney on discovery issues. We also address a number of other outstanding discovery issues, including the trade secrets and confidential information matter, on which we expect new information from Kinney by next Monday.
>>
>> As set forth in our explanation below, we certainly don't disagree with you that the current version of the protective order (PO) contemplates that Attorneys' Eyes Only (AEO) information should only be disclosed to true outside counsel (and the PO does use that phrase once or twice in reference to AEO information). However, the PO does not explicitly state that a person who is a client cannot also be retained counsel; it just says you have to be retained counsel to view AEO information. Technically, Kinney has appeared in this case through his outside law practice entity, Kinney P.C. Therefore, the current version of the PO is ambiguous as to whether or not the PO would

Robert Tauler <rtauler@taulersmith.com>

technically prevent Kinney from accessing AEO information, even if that is the PO's intent. For that reason, we think that we should propose the attached amended PO for clarification purposes and to remove the ambiguity.

We would like to send this back to Kinney relatively soon. Please let us know if you have any comments or if you would like to discuss.

_____

Tristan:

Thank you for your email. As further follow up to our second telephone conference on May 11, we wanted to address the points raised in your email below and summarize the additional discovery matters we discussed during the conference.

(1) **Identification of trade secrets**. Thank you for confirming that MWK will supplement its interrogatory responses by May 18 and identify **what the trade secrets at issue are. For example, is it a database? Is it an email server? Is it a personal relationship? If we don't know what trade secret is at issue, we cannot defend the claim.** ~~categories of trade secrets/confidential information that it contends Jowers misappropriated~~ and/or that it believes support the non-solicitation covenant in the Jowers Employment Agreement. As we have relayed during our telephonic conferences on May 6 and May 11, we have been frustrated by MWK's continued unwillingness to identify its trade secrets/confidential information in discovery thus far. MWK is required to **specifically** identify all trade secrets/confidential information it contends that Jowers misappropriated (not just by categories) or that that Jowers allegedly used in breach of any agreement; however, as you have thus far refused to provide any description of the alleged trade secrets/confidential information at issue, this should at least be a step toward resolution of this issue.

(2) **Modification of protective order**. As discussed during our telephonic conference, we want to clarify that the Protective Order in place in this case prohibits the disclosure of information marked as "Attorneys' Eyes Only" to persons who are not outside counsel for a party. Given the use of the phrase "outside counsel" in several locations in the existing order in direct reference to materials marked as AEO, it is clear that the current language is intended to limit disclosure of AEO-designated information to outside counsel only.

**I disagree completely with this approach. I would tell him that Kinney (a competitor of Evan) should not be able to see any documents related to Jowers business. Kinney will harass everybody on every email we give to them, which will damage Evan even more. This issue is clear as day to me -- we should at least try it given the stakes.**

This means that the current language of the order prevents Robert from reviewing materials marked as AEO. For that reason, we would like to amend the Protective Order to clarify this by adding a limited "Outside attorneys' eyes only" designation for a small subset of documents containing attorney candidates' confidential information that they had a reasonable expectation would not be disclosed to third parties except for recruiting purposes. Attached please find a red-lined copy of the protective order showing the requested modifications to the existing protective order for your review and consideration. As you will see, the information that may be designated as "Outside attorneys' eyes only" information is fairly narrow, so we hope that this can be easily agreed to. Please confirm if you will agree to these proposed clarifications.

(3) **RFP 65 – Documents concerning other employees' restrictive covenants**. As we discussed during our telephonic conference, the documents requested in RFP 65 are relevant to whether or not MWK actually has a legitimate, protectable business interest that could support the restrictive covenants MWK is seeking to enforce against Mr. Jowers.

As you know, the Florida statute, which you allege applies to these covenants, requires the plaintiff to "plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant." Fla. Ann. Stat. § 542.335(1)(b). If MWK enters into different types of agreements with different employees or enforces these types of restrictions inconsistently, that would be relevant to whether or not a protectible business interest exists. See, e.g., *Star Direct Inc. v. Dal Pra*, 767 N.W. 2d 898 (Wis. 2009).

(4) **RFPs 13, 14, 15, and 16 – Requests for original digital files of assignment documents**. During our telephonic conference, Robert stated that he could not find the original word files for the assignment documents requested in RFPs 13, 14, 15, and 16 because these documents were created years ago. Robert additionally stated that he conducted a good faith search for these records but had not been able to locate them. Please confirm this accurately states your position with respect to these documents.

(5) **RFP 66-68 – Documents relating to Kinney's placements in Asia** – During our teleconference, Robert questioned the relevance of the documents requested in these RFPs, and, during the teleconference and in your email below, you appear to argue that these documents are irrelevant pursuant to the Florida statute.

As previously mentioned, we do not agree that the Florida statute applies. However, even if it did, the case law clearly supports Jowers' position that these documents are relevant to show whether MWK has a legitimate, protectible business interest in the Asia market. In addition to requiring that the plaintiff "plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant," the Florida statute is explicit that the plaintiff must "plead and prove that the contractually specified restraint is reasonably necessary to protect the legitimate business interest or interests justifying the restriction." Fla. Stat. Ann. § 542.335(1)(b), (1)(c).

Whether or not MWK placed candidates in Asia during the requested time periods, including before Jowers joined MWK and since Jowers left MWK, is clearly relevant to both (a) whether MWK has a legitimate protectible business interest in the Asia market and (b) whether the restrictive covenants are reasonably necessary to protect those interests. Case law in several jurisdictions supports the argument that a covenant may not be enforced when the business interest that is sought to be protected by the covenant has been abandoned by the covenantee. See, e.g., *Premier Health Care Services, Inc. v. Schneiderman*, 2001 WL 1658167 (Ohio Ct. App. 2d Dist. Montgomery County 2001); *Peachtree Fayette Women's Specialists, LLC v. Turner*, 699 S.E.2d 69 (Ga. 2010); *In re Bob Nicholas Enterprise, Inc.*, 358 B.R. 693 (Bankr. S.D. Tex. 2007). The Florida statute you cite in your email additionally expressly contemplates the relevance of such documents. Please confirm whether any placements were made in Asia during the time periods referenced in Request Nos. 66–68; if any such placements were made, please also confirm whether you are refusing to produce documents associated with those placements. If you are refusing to produce documents, would you be willing to stipulate that placements in Asia are outside the relevant scope of discovery in this case?

(6) **RFP 69-84, ROGs 21-22 – Documents related to Civil RICO and veil piercing claims** – During our telephonic conference, Robert stated that MWK and the counter-defendants intend to stand on their objections to these requests and interrogatories and would not consider producing documents and/or responding to interrogatories even if Jowers agreed to narrow the requests/interrogatories.

Please let us know if you believe anything stated herein does not accurately characterize your position and/or if you would like to discuss any of them further. We would be happy to have an additional conference with you.

Sincerely,

_____

**James C. Bookhout**
Associate

DLA Piper Logo

DLA Piper LLP (US)
1900 North Pearl Street
Suite 2200
Dallas, Texas 75201
United States
www.dlapiper.com

**T** +1 214.743.4549
**E** james.bookhout@dlapiper.com

**From:** Tristan Loanzon <tristan@loanzon.com>
**Sent:** Monday, May 11, 2020 7:37 PM
**To:** Bookhout, James <James.Bookhout@us.dlapiper.com>
**Cc:** Bernardo, Micala <Micala.Bernardo@us.dlapiper.com>; Robert Kinney <robert@kinneyrecruiting.com>; raymort@austinlaw.com; Katz, Marc <marc.katz@us.dlapiper.com>
**Subject:** Re: MWK Recruiting, Inc. v. Jowers -- Follow up regarding trade secrets/confidential information interrogatories and requests for production

[EXTERNAL]

Dear James,

On reflection, it seems like a quick follow up note is worthwhile after our meet and confer today.

What we will do:

1. Get you the categories of trade secrets you requested, to the extent that plaintiff is or was aware of what trade secrets Jowers took, by Monday. In doing so, we will use Section 1.6 from his agreement (the definition of confidential information) as our guidepost. We do not have all the information because Jowers could well have communicated with candidates or clients over channels that plaintiff was not aware of, but we will do our best.

2. Get you the verification of interrogatory responses by Robert Kinney, also by Monday.

Questions:

1. We don't understand your argument about the other recruiters' employment agreement provisions, details regarding lawsuits involving former recruiters, or communications about restrictive covenants in the agreements of plaintiff's recruiters with their former employers. What is or is not in other agreements does not appear to us to be probative of anything that is relevant to Jowers's situation. Do you mean that this information would affect whether there is a "legitimate business interest" to protect, because (for example) something Jowers was prohibited from taking might not have been prohibited in the agreement of another recruiter? If you have any authority that would demonstrate that this sort of evidence might be relevant under Florida law, or if you think that it's relevant to another question, let us know.

2. We don't understand how the question of whether Jowers's departure hurt the Kinney business is relevant to whether Kinney had a legitimate and protectible business interest in the material that Jowers misappropriated. To the extent that you would argue that Jowers's departure eliminated plaintiff's business in Asia, that would be irrelevant under Fla Stat 542.222(g)(2) - "A court....may consider as a defense the fact that the person seeking enforcement no longer continues in business in the area or line of business that is the subject of the action to enforce the restrictive covenant only if such discontinuance of business is not the result of a violation of the restriction." The cases we have seen interpreting this issue make it clear that - assuming for the sake of argument that Jowers destroyed plaintiff's Asia business by leaving - unless you can show plaintiff abandoned the market before Jowers destroyed it, this won't help Jowers.

If you disagree, can you explain the issues to us in writing and let us know where they were implicated in your defenses/pleadings?

We will get you what we promised by Monday. Thanks for the consideration.

Sincerely,

Tristan

LOANZON LLP

1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
(212) 760-1515
(212) 760-1717 (fax)

On Fri, May 8, 2020 at 8:32 PM Bookhout, James <james.bookhout@dlapiper.com> wrote:

Robert,

Thanks for your email.

We can confirm that, as required by the Court's order, we will produce documents related to all placements by Mr. Jowers, Legis, or its employees/agents for the period between December 16, 2016 and December 16, 2017. Although we continue to reserve our objection to the conflation of Mr. Jowers's documents and Legis's documents, we will of course always comply with an order from the Court and we agree with your interpretation of the same.

As to the balance of your email, please note that the items requested below are less than what we are entitled to obtain in this case. Like all parties to litigation, you have an obligation to comply with discovery requests for relevant information. The trade secrets and confidential information at issue in this litigation are clearly relevant topics for discovery. We also respectfully note that you cannot refuse to respond to proper discovery requests with information currently available to you simply because you anticipate receiving additional information from Mr. Jowers in future. However, if you can agree to provide the items requested in my email, that will at least alleviate the current situation in which you have not provided any information in response to the interrogatories identified below.

We look forward to our conference with you on Monday. Hope you have a good weekend.

**James C. Bookhout**
Associate

**T** +1 214.743.4549
**E** james.bookhout@dlapiper.com



DLA Piper LLP (US)
1900 North Pearl Street
Suite 2200
Dallas, Texas 75201
United States
www.dlapiper.com

**From:** Robert Kinney <robert@kinneypc.com>
**Sent:** Friday, May 8, 2020 6:14 PM
**To:** Bookhout, James <James.Bookhout@us.dlapiper.com>
**Cc:** Robert Kinney <robert@kinneypc.com>; Tristan Loanzon <tristan@loanzon.com>; raymort@austinlaw.com; Katz, Marc <marc.katz@us.dlapiper.com>; Bernardo, Micala <Micala.Bernardo@us.dlapiper.com>
**Subject:** Re: MWK Recruiting, Inc. v. Jowers -- Follow up regarding trade secrets/confidential information interrogatories and requests for production

[EXTERNAL]

James,

I'll give this email a more thorough look on Monday and endeavor to respond to you on it before our scheduled call, but just initially with regard to the highlighted sentence below, I want to make sure we are on the same page about what was ordered to be produced. Jowers was ordered to fully respond to Interrogatory 1 and the related RFP for all placements through Dec 16, 2017: "Accordingly, the Court will ORDER that Jowers respond to Interrogatory No. 1 and the related RFP in full for the period December 16, 2016, to December 16, 2017." That interrogatory asked for placement info for any placement Jowers, Legis, or any employee or agent of Legis have participated. I assume your formulation below is just shorthand and that you will be including placement information for all placements in which "Jowers, Legis, or any employee or agent of Legis" participated during that time frame, but please let me know as soon as possible if you have a different view of what the Court ordered so that we can seek clarification should we need to.


image.png

I do not understand what you say you understood from what I said on the call in your last sentence of the first paragraph, below, but maybe I will after I study the email more thoroughly.

Have a nice weekend.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it. Any distribution or other reproduction is strictly prohibited.

On Fri, May 8, 2020 at 11:54 AM Bookhout, James <james.bookhout@dlapiper.com> wrote:

Robert,

We wanted to follow up on our telephone conversation on Wednesday, May 6, and our discussion during that call concerning your identification and production of the trade secrets and/or other confidential information that you believe is at issue in this case, as requested by Mr. Jowers's Interrogatory Nos. 3, 4, 5, and 7 and RFP Nos. 17, 18, 19, 21. As you know, under the Court's Order on your motion to compel, we are required to produce certain information and communications to you related to placements that Mr. Jowers made between December 16, 2016, and December 16, 2017. We understand from our call that you intend to argue that, for some of those attorney candidates, certain trade secrets or confidential information existed, but that you claim you cannot do so until we produce this information.

We understand that you may argue there are trade secrets and confidential information that you might not have in your possession or be able to identify with particularity until you receive that placement information. However, you still have an obligation to respond to our discovery requests to the extent that you can do so. Because you have

brought claims for alleged trade sec`gret misappropriation and breaches of the restrictive covenants in Mr. Jowers's Employment Agreement, it is also clear that, as required by Rule 11, there must already be trade secrets and/or confidential information that you contend are at issue in this case, at least in terms of categories. That is, since you have brought those claims, you are apparently alleging that you are already aware of certain trade secrets and/or confidential information that you believe Mr. Jowers has allegedly misappropriated or that you claim support the restrictive covenants in Mr. Jowers's Employment Agreement.

Again, while it is our position we are entitled to specific information, we request that at least by description of category, you supplement your answers to Mr. Jowers's Interrogatory Nos. 3, 4, 5, and 7 with the following:

1. The categories of trade secrets and/or confidential information that you currently claim Mr. Jowers misappropriated and/or allegedly used in violation of any applicable law and/or any covenant in Mr. Jowers's Employment Agreement;
2. The categories of trade secrets and/or confidential information (or other business interests) that you claim make the restrictive covenants in Mr. Jowers's Employment Agreement necessary and enforceable; and
3. That you supplement your answers after you receive placement information from us with respect to any additional trade secrets and/or confidential information that fall into either of the foregoing categories with respect to any of those attorney candidates.

Further, to the extent that you have not already produced copies of such information, we request that you do so as requested by RFP Nos. 17, 18, 19, and 21.

We respectfully request that you both supplement your interrogatory answers as requested above (along with a verification of any supplemental answers to interrogatories) and produce any supplemental documents as to categories **1.** and **2.** by May 20, 2020, and as to category **3.** within one week after you receive our list of placements.

Please confirm by return email if you are in agreement with this proposal. We appreciate your assistance in resolving this issue.

**James C. Bookhout**
Associate

**T** +1 214.743.4549
**E** james.bookhout@dlapiper.com

Laurie Hahn – Assistant

T +1.214.743.4523

E laurie.hahn@dlapiper.com

DLA Piper Logo

DLA Piper LLP (US)
1900 North Pearl Street
Suite 2200
Dallas, Texas 75201
United States
www.dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.