**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MWK RECRUITING, INC.** | § | |
| | § | |
| VS. | § | No. 1:18-cv-0444-RP |
| | § | |
| **EVAN P. JOWERS** | § | |

## ORDER

On December 18, 2020, the Court entered an order directing that by January 5, 2021, Defendant Evan Jowers and his attorney Robert Tauler "file a written brief showing cause why they should not both be sanctioned for the costs they have caused the Plaintiff and Counter-Defendants to incur to respond to the baseless motions disposed of" in that order. Dkt. 236 at 19. On January 5, 2021, two documents were filed, one response on behalf of Robert Tauler, and one on behalf of Evan Jowers. Dkts. 245, 246. The former is what one would expect in response to an order to show cause—it contains factual and legal argument regarding why Mr. Tauler believes the filing of the motions at issue was justified, and why neither he nor Mr. Jowers should be sanctioned. The latter is filed under a cover sheet in which Mr. Tauler explains that he

> has advised Mr. Jowers to obtain independent counsel for the purposes of preparing a response to the Court's Order to Show Cause, and has not reviewed Mr. Jowers' response prior to its submission. However, counsel is submitting Mr. Jowers' brief at his request due to Mr. Jowers' unfamiliarity with filing procedures in this district.

Dkt. 246 at 2. Behind this is a 33-page document written by Mr. Jowers. Unlike the first filing, these 33 pages are very much not what one would expect in response to an order to show cause.

When a court is considering whether to impose discovery sanctions against a party to a case (as opposed to that party's attorney), the primary question is whether the conduct or actions at issue took place at the instruction of the client, or instead were actions that the attorney himself decided

to take. So here, where the focus is on the filing of six motions to compel in rapid succession, the main question is who made the decision to file those motions—the attorney, the client, or some combination of the two? Thus, in Mr. Jowers' response to the order to show cause all the Court was hoping to hear from Mr. Jowers was whether he directed the filing of the motions, or whether he left those decisions to Mr. Tauler. Mr. Jowers, however, addresses far more than this in his response, going well beyond the simple question of who decided to file the discovery motions. He goes into detail to express his feelings about this lawsuit, the Plaintiff, the Court, the judicial system, and much more. As noted, the document was actually submitted by Mr. Tauler on behalf of Mr. Jowers, and Mr. Tauler explicitly stated that he had not reviewed the document before submitting it. If he has since read it, Mr. Tauler likely regrets his decision to submit it sight unseen, given how much of it is not appropriate or, frankly, helpful, in response to an order to show cause.[1]

In an effort to give Mr. Jowers an opportunity to reconsider this filing, the Court **ORDERS** the following: (1) the Clerk place Mr. Jowers' filing (Dkt. 246) under seal; and (2) Mr. Tauler review the entirety of Mr. Jowers' submission and should either he or Mr. Jowers decide they wish to take any action to amend, withdraw or otherwise repair the filing, they make such amendments no later than January 18, 2021.

SIGNED this 11th day of January, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Why an attorney would ever file a document authored by his client without first reading it is a mystery to the undersigned. By doing so here Mr Tauler did not do Mr. Jowers any favors.