UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC, <br><br> Plaintiff <br><br> v. <br><br> EVAN P. JOWERS, YULIYA VINOKUROVA, LEGIS VENTURES (HK) COMPANY LIMITED, AND ALEJANDRO VARGAS, <br><br> Defendants <br><br> EVAN P. JOWERS, <br><br> Counterclaimant <br><br> v. <br><br> MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED, <br><br> Counterdefendants | Case No. 1:18-cv-00444-RP |

**PLAINTIFF/COUNTER-DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

I. **INTRODUCTION**

On December 21, 2020, Evan P. Jowers ("Jowers") filed his Third Amended Answer, Affirmative Defenses, and Counterclaims of Defendant Evan P. Jowers to MWK Recruiting, Inc.'s Second Amended Complaint ("Jowers's Counterclaims"). (Dkt. 237). Jowers's Counterclaims assert the following causes of action (collectively, the "Causes of Action"):

- COUNT I: Breach of Contract – Hong Kong Office Expenses (against Kinney, Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 50-52);

- COUNT II: Breach of Contract – Unpaid Bonuses (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 52-53);

- COUNT III: Breach of Contract – Retroactive Reduction of Commissions (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 53-54);

- COUNT IV: Promissory Estoppel (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 54-55);

- COUNT IX: Usury – Revolving Loan Agreement (against MWK, Kinney, and Counsel Unlimited) (Dkt. 237, at 55-56); and

- COUNT XI: Unjust Enrichment (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 56-57).

Jowers plead his Causes of Action on August 19, 2019. (Dkt. 90). Jowers's causes of action for breach of contract, promissory estoppel, and unjust enrichment are NOT compulsory counterclaims. Jowers's causes of action for breach of contract and promissory estoppel are governed by a four-year statute of limitation. Thus, any claim

for breach of contract or promissory estoppel accruing before August 19, 2015, is time barred. Jowers's cause of action for unjust enrichment is governed by a two-year statute of limitation. Thus, any claim for unjust enrichment accruing before August 19, 2017, is time barred. Aside from the time bar, Jowers has no or insufficient evidence to support his Causes of Action.

The Court should grant summary judgment that Jowers's causes of action for breach of contract and promissory estoppel accruing prior to August 19, 2015 are time barred, that Jowers's cause of action for unjust enrichment is time barred, and that for any of his remaining claims, those claims are dismissed for lack of evidence.

## II.  STATEMENT OF THE ISSUES TO BE DECIDED

- Whether Jowers's claims for breach of contract that accrued before August 19, 2015 are barred by the statute of limitations;

- Whether Jowers's claims for promissory estoppel that accrued before August 19, 2015 are barred by the statute of limitation;

- Whether Jowers's claims for unjust enrichment are barred by the statute of limitations;

- Whether Jowers has any evidence to support his claims for breach of contract that accrue after August 19, 2015;

- Whether Jowers has any evidence to support his claims for promissory estoppel that accrued after August 19, 2015; and

- Whether Jowers has any evidence to support his claims for usury.

## III.  LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). The movant has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Once the movant demonstrates the absence of a genuine dispute, the burden shifts to the nonmovant to show there is a genuine factual issue. *Id*. at 323–24. "[M]ere conclusory allegations are not competent summary judgment evidence." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

### B.   Statutes of Limitations

#### 1.   Breach of Contract

The statute of limitations for a breach of contract is four years. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3).

#### 2.   Promissory Estoppel

The statute of limitations for promissory estoppel is four years. TEX. CIV. PRAC. & REM. CODE §16.051 (Vernon 1997); *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 680 (Tex. App.—Houston [1st Dist.] 1996, no writ).

#### 3.   Unjust Enrichment

Claims of unjust enrichment are governed by the two-year statute of limitations in section 16.003 of the Texas Civil Practice and Remedies Code. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam); see TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014).

## IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1.   Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK did not contract with or promise Jowers that they would pay him a bonus for 2015 or 2016.

2.      There is no writing evidencing a contract or promise to pay Jowers a bonus for 2015 or 2016 by Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK.

3.      The Jowers Agreement allowed Jowers's employer the unilateral ability to prospectively change his commission rates.

4.      From 2011 onward, Jowers's commission schedule was never changed by Kinney, Kinney Recruiting LLC, Kinney Recruiting HK, or MWK.

5.      The Jowers Agreement permitted his employer to unilaterally determine, prior to a placement having been made, Jowers's percentage credit for any placement.

6.      At no time did Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK change Jowers's percentage credit for a placement after the placement had been made.

7.      Kinney, Kinney Recruiting LLC, Kinney Recruiting HK, or MWK paid all authorized business expenses submitted by Jowers.

8.      At no time did MWK, Kinney, or Counsel Unlimited ever charge interest on any loan in excess of the maximum amount allowed under Texas law.

9.      Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK never made a promise to Jowers in which his reliance was foreseeable, reasonable, and was to his detriment.

V.   **SUMMARY JUDGMENT OF DISMISSAL OF JOWERS'S COUNTER-CLAIMS SHOULD BE GRANTED**

Jowers's Causes of Action should be dismissed because they are either time barred or because Jowers has insufficient evidence to demonstrate genuine issue of disputed material fact.

MOTION FOR PARTIAL SUMMARY JUDGMENT                                                        PAGE | 4

A.   **Contract Claims**

Jowers alleges three separate breaches of contract:

- COUNT I: Breach of Contract – Hong Kong Office Expenses (against Kinney, Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 50-52);

- COUNT II: Breach of Contract – Unpaid Bonuses (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 52-53); and

- COUNT III: Breach of Contract – Retroactive Reduction of Commissions (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 53-54).

(collectively the "Contract Claims") (Dkt 237, at 50-54).

   1.   **Jowers's Contract Claims that accrued before August 19, 2015 are time barred.**

The Court has recognized that Jowers's Contract Claims for unpaid bonuses, unpaid commissions, and unpaid expenses are not compulsory counterclaims because they do not arise out of the same set of operative facts of MWK's claims for breach of the covenants and theft of trade secrets, which accrued in 2016 and beyond. Dkt. 229, at 8-11. Because Jowers's Contract Claims are not compulsory counterclaims, they are governed by the four-year statute of limitation for breach of contract claims. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3). Jowers first plead his Contract Claims on August 19, 2019. Thus, any Contract Claim accruing before August 19, 2015 is time barred. Therefore, the Court should dismiss all Jowers's Contract Claims that accrued before August 19, 2015.

### 2. Jowers has no or insufficient evidence to support any claims accruing after August 19, 2015

#### a. Count I – Hong Kong Office Expenses

Jowers lacks any evidence that he incurred an authorized office expense that was submitted for payment and not reimbursed by Kinney, Kinney Recruiting LLC, Kinney Recruiting HK, or MWK. Because Jowers has no or insufficient evidence to demonstrate a genuine issue of material fact, the Court should dismiss any breach of contract claim for Hong Kong Office Expenses that accrued after August 19, 2015.

#### b. Count II – Unpaid Bonuses

Jowers lacks any evidence that Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MW failed to pay Jowers's a contractual mandated bonus after August 19, 2015. Because Jowers has no or insufficient evidence to demonstrate a genuine issue of material fact, the Court should dismiss any breach of contract claim for unpaid bonuses that accrued after August 19, 2015.

#### c. Count III - Retroactive Reduction of Commissions

Jowers lacks any evidence that Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK retroactively reduced Jowers's commissions in violation of the terms of Jowers's employment contract after August 19, 2015. Because Jowers has no or insufficient evidence to demonstrate a genuine issue of material fact, the Court should dismiss any breach of contract claim for Retroactive Reduction of Commissions that accrued after August 19, 2015.

### B. Promissory Estoppel

Jowers alleges one count of promissory estoppel: COUNT IV: Promissory Estoppel (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney

Recruiting HK, and MWK) (Dkt. 237, at 54-55). (the "Promissory Estoppel Claims").

### 1. Jowers's Promissory Estoppel Claims that accrued before August 19, 2015 are time barred.

Like the Contract Claims, the Court has recognized that the factual allegations of Jowers's Promissory Estoppel claims are not compulsory counterclaims because they do not arise out of the same set of operative facts of MWK's claims for breach of the covenants and theft of trade secrets, which accrued in 2016 and beyond. (Dkt. 229, at 8-11). Because Jowers's Promissory Estoppel Claims are not compulsory counterclaims, they are governed by the four-year statute of limitation for promissory estoppel. TEX. CIV. PRAC. & REM. CODE §16.051; *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 680 (Tex. App.—Houston [1st Dist.] 1996, no writ). Jowers first plead his Promissory Estoppel Claim on August 19, 2019. Thus, any Promissory Estoppel Claim accruing before August 19, 2015 is time barred. Therefore, the Court should dismiss all Jowers's Promissory Estoppel claims that accrued before August 19, 2015.

### 2. Jowers has no or insufficient evidence to support any Promissory Estoppel claims accruing after August 19, 2015

The requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment. *Aubrey v. Workman*, 384 S.W.2d 389, 393 (Tex.Civ. App.—Fort Worth 1964, writ ref'd n.r.e.). "Promissory estoppel generally is a defensive doctrine in that it estops a promisor from denying the enforceability of [a] promise." *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997) ("Promissory estoppel generally is a defensive doctrine in that it estops a promisor from denying the enforceability of [a] promise.").

While a specific, detailed promise might support a promissory estoppel claim, relying on a vague, indefinite promise of future business is unreasonable as a matter of law. See *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141-42 (Tex. App.-Houston [14th Dist.] 1999, pet. denied); *Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558-59 (Tex. App.-San Antonio 1998, no pet.); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 570 (Tex. App.-Dallas 1989, no pet.); cf. *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 503 (Tex. 1998) ("Only when the promises are definite and, thus, of the sort which may be reasonably or justifiably relied on by the employee, will a contract claim be viable, not when the employee relies on only vague assurances that no reasonable person would justifiably rely on.").

Jowers lack any evidence that Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK made any promise to Jowers that was foreseeably relied upon by Jowers and was reasonably relied upon by Jowers to his detriment. Because Jowers has no or insufficient evidence to demonstrate a genuine issue of material fact, the Court should dismiss any breach of contract claim for Retroactive Reduction of Commissions that accrued after August 19, 2015.

### C.   Usury

Jowers alleges one count of usury: COUNT IX: Usury – Revolving Loan Agreement (against MWK, Kinney, and Counsel Unlimited) (Dkt. 237, at 55-56). (the "Usury Claims").

####   1.   **Jowers has no or insufficient evidence to support any Usury claim**

The essential elements of a usurious transaction are: (1) a loan of money; (2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater

compensation than allowed by law for the borrower's use of the money. *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994); *Varel Mfg. Co. v. Acetylene Oxygen Co.*, 990 S.W.2d 486, 491 (Tex. App.-Corpus Christi 1999, no pet.). Usury is defined as "interest that exceeds the applicable maximum amount allowed by law." Tex. Fin. Code Ann. 301.001(4) (Vernon 1998). Interest is the "compensation for the use, forbearance, or detention of money." Tex. Fin. Code Ann. 301.002(a)(4) (Vernon Supp. 2003). Jowers has no or insufficient evidence that any loan agreement is usurious. In particular, Jowers lacks any evidence that MWK, Kinney, and Counsel Unlimited charged an interest on any loan that exceeded the applicable maximum amount allowed by law.

### D. Unjust Enrichment

Jowers alleges one count of unjust enrichment: COUNT XI: Unjust Enrichment (against Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Kinney Recruiting HK, and MWK) (Dkt. 237, at 56-57). (the "Unjust Enrichment Claims").

#### 1. Jowers's Unjust Enrichment claims that accrued before August 19, 2017 are time barred

Like the Contract Claims, the Court has recognized that the factual allegations of Jowers's Unjust Enrichment Claims are not compulsory counterclaims because they do not arise out of the same set of operative facts of MWK's claims for breach of the covenants and theft of trade secrets, which accrued in 2016 and beyond. Dkt. 229, at 8-11. Because Jowers's Unjust Enrichment Claims are not compulsory counterclaims, they are governed by the two-year statute of limitation for unjust enrichment. TEX. CIV. PRAC. & REM. CODE §16.003. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam). Jowers first plead his Unjust Enrichment claim on August

19, 2019. Thus, any Unjust Enrichment claim accruing before August 19, 2017 is time barred. Therefore, the Court should dismiss all Jowers's Unjust Enrichment claims that accrued before August 19, 2017.

### 2. Jowers has no or insufficient evidence to support any claims accruing after August 19, 2017

Jowers has not plead any claim for unjust enrichment that accrued after August 19, 2017. Because all claims for unjust enrichment, as plead, must have accrued before August 19, 2017, the Court should dismiss Jowers's claim of unjust enrichment in its entirety.

## VI. CONCLUSION

Jowers's Contract Claims and Promissory Estoppel Claims accruing before August 19, 2015 and Unjust Enrichment Claims accruing before August 19, 2017 are barred by the applicable statutes of limitations. For Jowers's remaining claims, he lacks sufficient evidence to establish a genuine issue of material fact.

Dated:  January 13, 2021　　　　　　　　　Respectfully Submitted

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave., Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**