# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MWK RECRUITING, INC.** | § | |
| | § | |
| VS. | § | No. 1:18-cv-0444 RP |
| | § | |
| **EVAN P. JOWERS, et al.** | § | |

## ORDER

On December 18, 2020, in light of the Court's concerns regarding the ability of Defendant Evan Jowers' counsel, Robert Tauler, to comply with the local rules of this District, the undersigned entered an order directing that "for Tauler to maintain his ability to appear in this case, no later than January 5, 2020, an attorney licensed to practice in this District and resident in the Austin Division of the Court must appear as counsel for Jowers." Dkt. No. 236 at 18. On January 5, 2021, Mr. Tauler filed his Notice of Change of Status and Attorney Information Change, informing the Court that he was now a licensed member of the State Bar of Texas and that he had opened an office in Austin. Dkt. No. 244. Mr. Tauler is not yet, however, licensed to practice in the Western District of Texas. In an apparent attempt to assist the Court in policing its own orders, on January 12, 2021, counsel for the Plaintiff sent an email to the undersigned's Courtroom Deputy Clerk, requesting "additional guidance as to the requirement for Mr. Jowers to secure local counsel." The email goes on to complain that MWK does not believe that the actions taken by Mr. Tauler satisfy the directives of the December 18, 2020 order.

The Court wishes to make two points. First, the order regarding Mr. Tauler's *pro hac vice* status concerns the Court and *its* rules regarding those permitted to practice before it. The Court will oversee compliance with that order and does not need MWK's help in doing so. Second, as MWK's counsel should know well, the Court addresses issues in its cases via motion, not email. Sending

an email requesting clarification of an order is inappropriate. In the future, such emails will be ignored.

Finally, when the Court inquired into the status of Mr. Tauler's application for admission to the bar of this Court, it was informed by the Committee for Admissions for the Austin Division that the application is under review by the Committee, and that a third party (presumably MWK or its counsel) had brought the Court's order of December 18, 2020, to the Committee's attention. The Court made clear to the Committee chair that (1) the Committee should make a fully independent review of the application and act on it in whatever manner the Committee sees fit, and (2) the undersigned will abide by whatever decision the Committee reaches. That is to say, if the Committee acts favorably on the application, Mr. Jowers will not need to add a Western District-licensed attorney to his case. On the other hand, if the Committee does not act favorably on the application, then an attorney licensed in the Western District of Texas who resides in the Austin Division will need to appear in the case on behalf of Mr. Jowers. In the mean time, pending action by the Committee on Admissions, Mr. Tauler may continue to act as counsel for Mr. Jowers in this case.

SIGNED this 15th day of January, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE