## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC.**<br>                    **Plaintiff,**<br>       **v.**<br>**EVAN P. JOWERS, YULIYA**<br>**VINOKUROVA, ALEJANDRO VARGAS,**<br>**and LEGIS VENTURES (HK) COMPANY**<br>**LIMITED (aka Jowers / Vargas),**<br>                    **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>            **Counterclaimant,**<br><br>     **v.**<br><br>**MWK RECRUITING, INC., ROBERT E.**<br>**KINNEY, MICHELLE W. KINNEY,**<br>**RECRUITING PARTNERS GP, INC.,**<br>**KINNEY RECRUITING LLC, COUNSEL**<br>**UNLIMITED LLC, and KINNEY**<br>**RECRUITING LIMITED**<br><br>            **Counter-defendants.** | |

## EVAN P. JOWERS'S RENEWED MOTION TO DISQUALIFY ROBERT E. KINNEY AS <u>COUNSEL FOR PLAINTIFF AND COUNTER-DEFENDANTS</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................................ii

    I.      INTRODUCTION ...........................................................................1

    II.     RELEVANT PROCEDURAL BACKGROUND ......................................2

    III.    ARGUMENT ................................................................................3

    A. Legal Standards.......................................................................................3

    B. The Court Should Disqualify Kinney from Appearing as Counsel for MWK and the Counter-Defendants Because He Is a Necessary Witness in this Case.................4

    C. Kinney's Intimate Involvement With Witnesses and Facts Warrant Disqualification.........6

    D. Jowers Has Suffered, and Will Continue to Suffer, Prejudice if Kinney Continues to Represent All Kinney Entities .................................................................8

    IV.    CONCLUSION ...........................................................................10

CERTIFICATE OF CONFERRING ...........................................................................13

DECLARATION OF ROBERT TAULER.....................................................................11

CERTIFICATE OF SERVICE...................................................................................13

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Boettcher v. N. Tr., N.A.,* (S.D. Tex. May 18, 2009) No. 4:08-2217, 2009 WL 10695753 ........... 6

*Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621 (W.D. Tex. May 31, 2006) ........................................................................................ 4

*F.D.I.C. v. United States Fire Ins. Co.*, 50 F .3d 1304, 1317 (5th Cir. 1995) ........................... 2, 4

*In re Dresser Indus., Inc.*, 972 F.2d 540 (5th Cir. 1992) ............................................................. 3

*K.R. ex rel. Doe v. Clarity Child Guidance Ctr.*, 4 F. Supp. 3d 856 (W.D. Tex. 2014) ............. 3, 4

<u>Rules</u>

Western District of Texas Local Rule AT–7(a) ............................................................................ 4

<u>Other Authorities</u>

ABA Model Code of Professional Responsibility ..................................................................... 3, 4

American Bar Association Model Rules of Professional Conduct ................................................. 3

Tex. Disc. R. Prof'l Conduct 3.08(a) .................................................................................... 3, 4, 6

Evan P. Jowers ("Jowers" or "Defendant") respectfully renews its motion to disqualify Robert E. Kinney ("Kinney") from acting as counsel for the Kinney Entities in this case based on the Court's October 21, 2019 Order on Jowers's Motion to Disqualify Robert E. Kinney as Counsel (Dkt. 110), which denies Jowers's first motion, stating "[s]hould Jowers wish to renew his motion, he may do so later."

Defendant hastens to file another motion given the Court's limited resources and the many docket entries in this matter, however, Defendant believes the Court's consideration is necessary to the integrity and fairness of the proceedings.

## I.  INTRODUCTION

On October 21, 2019 the Court denied Mr. Jowers' initial Motion to Disqualify Robert Kinney as counsel for Plaintiff MWK Recruiting, Inc.[1] (Dkt. 110.) The Court ruled at that time that "unless and until Jowers can establish with a higher degree of certainty that Kinney is a necessary witness with exclusive knowledge of matters likely to be the subjects of testimony, the scope of the representation he may undertake is not a question for today." (Dkt. 110 at 7.)

Since the Court's Order, Mr. Kinney has made clear in the context of discovery disputes that he has exclusive knowledge of all subjects of testimony for each Kinney Entity.  Kinney has recently stated under oath that he "was ***the only person*** who had any role in drafting each agreement at issue in the present lawsuit." (Kinney Entities' Motion for Protective Order, November 2020, Dkt. 217-1 at ¶ 12.)(emphasis added). Additionally, Kinney has subsequently made it clear on multiple occasions that he would be the *only* 30(b)(6) deponent for *all* of the Kinney Entities (an admission Kinney made before reviewing the areas of testimony sought from

---

[1] MWK Recruiting has been merged into an entity called "Counsel Holdings." MWK Recruiting, Inc., Recruiting Partners GP, Inc., Kinney Recruiting LLC, Counsel Unlimited LLC, and Kinney Recruiting Limited are referred to herein as the "Kinney Entities."

each entity.) (Declaration of Robert Tauler ["Tauler Dec."], Exhibit A) ("There are four companies Jowers has sued, and I will be the corporate representative for each of them if you decide to do a 30(b)(6) deposition of each.").

Indeed, Kinney himself contends in his Response to Jowers's first motion for disqualification, "matters for which the attorney was the sole possible witness, mak[e] him ***very clearly*** a 'necessary' witness at the time of the motion to disqualify him." (Dkt. 105 at 8)(emphasis added.) Given the undisputed facts that Kinney has exclusive knowledge of the drafting of "every agreement at issue in the present lawsuit" and that Kinney is the sole 30(b)(6) witness for every party in this case (besides Defendant), it is very clear that Kinney is a necessary witness at this time.

Other subsequent developments further establish that Kinney has scrambled his role as attorney, witness, party, direct competitor, and employer of numerous witnesses detailed further herein. *F.D.I.C. v. United States Fire Ins. Co.*, 50 F .3d 1304, 1317 (5th Cir. 1995) (attorney's "disqualification [was] premised on a tangible and unavoidable scrambling of roles…").

## II.     RELEVANT PROCEDURAL BACKGROUND

Jowers brought his initial motion to disqualify on October 7, 2019. (Dkt. 100). On October 8, 2019, the Kinney Entities filed an Unopposed Motion to Extend Time to Respond to Defendant's Motion to Disqualify (Dkt. 101), extending Kinney Entities' response deadline to October 14, 2019. (Text Order, Oct. 9, 2019). The Kinney Entities responded a day late on October 15, 2019 (Dkt. 105) The Court initially granted Jowers's motion for disqualification on October 17, 2019, stating that "Robert E. Kinney is DISQUALIFIED as counsel for the MWK entities as of the filing of this Order." (Dkt. 106.) The same day, Kinney was reinstated pending an amended order (Dkt. 108.) The operative Amended Order Denying Jowers's Motion to

Disqualify was entered on October 22, 2019. (Dkt. 110.)  The Court ruled that "unless and until Jowers can establish with a higher degree of certainty that Kinney is a necessary witness with exclusive knowledge of matters likely to be the subjects of testimony, the scope of the representation he may undertake is not a question for today." (Dkt. 110 at 7.); *see also*, Tex. Disc. R. Prof'l Conduct 3.08(a).

The Court based its decision in part on the Kinney Entities' argument that "it is far too early to say whether Kinney is truly 'the exclusive witness to a disputed fact.'" (Dkt. 110 at 7) citing Kinney Entities Response Brief (Resp., Dkt. 105, at 6.) The Court explicitly adopted Kinney's statements in rendering its decision ("The MWK entities' response is well taken"). Kinney Entities' Response Brief, that the Court relied upon, flatly stated that it was "[t]oo [e]arly to [t]ell" whether Kinney was a necessary witness (Dkt. 105 at 5) because Kinney did not have "exclusive knowledge or understanding of the disputed evidence." (*Id.* at 6). Kinney Entities' Response Brief was signed by Robert Kinney in his capacity as attorney. (*Id.* at 11.)

### III.    ARGUMENT

#### A.    Legal Standards

"Motions to disqualify attorneys are substantive motions, which are determined by standards developed under federal law." *K.R. ex rel. Doe v. Clarity Child Guidance Ctr.*, 4 F. Supp. 3d 856, 857 (W.D. Tex. 2014) (citing *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992)). A motion to disqualify "filed in a federal district court is governed by at least four separate ethical canons: the local rules of the district court in which the motion is brought, the American Bar Association ('ABA') Model Rules of Professional Conduct ('Model Rules'), the ABA Model Code of Professional Responsibility ('Model Code'), and the rules of professional conduct employed by the bar of the state in which the court sits." *Crossroads Sys. (Texas), Inc. v.*

*Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *9 (W.D. Tex. May 31, 2006)

(citing *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F .3d 1304, 1312 (5th Cir. 1995)).

Texas Disciplinary Rule of Professional Conduct 3.08(a) (the "Texas Rules") provides:

A lawyer shall not accept or continue employment as an advocate before a tribunal ... if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless [certain enumerated exceptions apply].

Tex. Disc. R. Prof'l Conduct 3.08(a).[2] The Texas Rules have been adopted by the Western

District of Texas. *Clarity Child Guidance Ctr.*, 4 F. Supp. 3d at 858 (citing Local Rule AT–7(a).)

### B. The Court Should Disqualify Kinney from Appearing as Counsel for MWK and the Counter-Defendants Because He Is a Necessary Witness in this Case.

Contrary to Kinney's prior statements in this case, Kinney has recently stated, under oath, in seeking a protective order for the Kinney Entities in November 2020, that he "was ***the only person*** who had any role in drafting each agreement at issue in the present lawsuit." (Dkt. 217-1 at ¶ 12.)(emphasis added). It cannot be disputed that Kinney's exclusive knowledge of the drafting of "every agreement at issue in the present lawsuit" renders him a necessary witness given Counts III, V, and VI in the Second Amended Complaint concern breach of agreements that Kinney drafted. (Second Amended Complaint, Dkt. 80.)

In October of 2019, Kinney also falsely stated to the Court that he may not be the only Rule 30(b)(6) witness for the Kinney Entities, stating at the time that "Rule 30(b)(6) does not give Jowers the right to determine who would testify on behalf of any of the Kinney Entities as their 30(b)(6) deponent in any case." (Dkt. 217-1 at ¶ 8.) However, Kinney has made it clear on

---

[2] The Model Code likewise states that "[a] lawyer shall not accept or continue employment as an advocate before a tribunal ... if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client [unless certain enumerated exceptions apply]." Model Code of Prof'l Responsibility DR 5-101(B).

multiple occasions detailed below that he will be the only Rule 30(b)(6) deponent for *all* of the Kinney Entities, and he did so before even reviewing the areas of testimony sought from each entity.

For example, on August 26, 2020, after Jowers served his first deposition notice to Recruiting Partners GP, Inc., Kinney wrote in an email to Jowers's counsel: "[t]here are four companies Jowers has sued, and I will be the corporate representative for each of them if you decide to do a 30(b)(6) deposition of each."[3] (Tauler Dec. ¶ 2, Ex A.)

Jowers tried to depose a second Kinney Entity, Counsel Unlimited, LLC, in November 2020. In the parties' meet and confer scheduling efforts, Kinney re-iterated to Jowers's counsel, "I told you that I would be the 30(b)(6) witness for any of the MWK Entities you wish to depose." (Tauler Dec. ¶ 3, Ex B.) Again, when Jowers sought confirmation that Kinney would be the only witness for Counsel Unlimited, LLC, Kinney confirmed, "I will be the 30(b)(6) witness for any and all of the Kinney entities, as I have told you several times." (Tauler Dec. ¶ 4, Exhibit C.)

Thus, Kinney has made it abundantly clear that he is the *sole* individual who will testify as a 30(b)(6) witness for any and all of the Kinney Entities, regardless of the area of testimony, and certainly as to the 25 areas of testimony sought from Recruiting Partners, GP, Inc., and 17 different areas of testimony sought from Counsel Unlimited LLC (attached hereto for the Court's reference as Exhibits D & E to the Tauler Declaration.)

In sum, Kinney is a necessary witness with exclusive knowledge of matters that are relevant subjects of testimony (no objections were timely filed with respect to the relevance of the categories). Accordingly, Kinney should be disqualified as counsel at this time.

---

[3] Presently, neither Robert Kinney nor Recruiting Partners GP, Inc. have been deposed as anticipated by Jowers in his initial motion to disqualify. (Dkt. 100 at 10.)

### C.     Kinney's Intimate Involvement With Witnesses and Facts Warrant Disqualification.

The Court must disqualify Kinney from appearing as counsel in the entire proceeding where, as here, he is "intimately involved with the parties and facts." *See Boettcher v. N. Tr., N.A.,* (S.D. Tex. May 18, 2009) No. 4:08-2217, 2009 WL 10695753, at *3. In *Boettcher*, the attorney facing disqualification served as the decedent's estate planner and communicated with the entity that held the decedent's IRA account. *Id.* at *1–2. The same attorney subsequently represented the estate and trusts in the dispute that arose regarding the distribution of the decedent's estate. *Id.* at *2. Because these claims were "based on statements allegedly made to" the attorney, and in light of the attorney's involvement in the case, the Court concluded that he was a necessary witness, warranting disqualification. *Id.* at *2–3. The Court declined to limit the disqualification to representation during trial, explaining that "the degree to which [the attorney was] so intimately involved with the parties and facts here" also required disqualification from pretrial proceedings. *Id.* at *3. In reaching its decision, the Court in *Boettcher* noted that the rules prohibiting attorneys' dual role as counsel and witness "seek to prevent the prejudice or confusion that may arise when a lawyer acts as an advocate and as a witness in the same litigation," and that "[a] lawyer who assumes these dual roles[] makes it unclear whether his statements should be taken as proof or as an analysis of proof." *Id.* at *2 (citing Comment 4, Texas Rule 3.08.)

Here, Kinney has blurred the lines between his multiple roles as employer, former employer, party, and counsel. Specifically, Kinney has acted outside of the scope of the proper duties of counsel when deposing current and former employees of the Kinney Entities, whom he directly supervised and managed as their employer.

For example, Kinney, acting in his capacity as counsel during a deposition of Jowers's witness, Peter Gutensohn, a former employee of Kinney, used the deposition as an opportunity to question Mr. Gutensohn about potential claims for breach of contract Kinney might have against the witness:

> Q  Thanks. Do you remember what your draw balance was when your employment was terminated?
> A It was big. Probably a couple of hundred thousand dollars.
> Q If I told you it was $254,433.77, would that sound accurate?
> A No. I think I'd -- I think I'd dispute the 77 cents.
> Q Were you paying any interest on that draw?
> A Not on the draws, no.
> Q Have you had to pay any of that money back?
> A You told me flat out you considered it uncons-- uncollectable and we're not going to pursue it.
> Q And did I ever tell you I had a contractual right to recover it?
> A Probably.
> MR. TAULER: Objection. Objection, you know, I think we're blurring the lines here between an attorney and a witness. You can ask questions in your capacity as an attorney, Mr. Kinney.
> BY MR. KINNEY:
> Q Did Mr. Kinney ever tell you that he was going to --
> A I'm a little confused as to who's talking about what here.
> (Tauler Dec. ¶ 7, Ex. F, Deposition Transcript of Peter Gutensohn at 103:11-104:10.)

Kinney's purported "contractual right" to recover $254,433.77 from Mr. Gutensohn (a witness favorable to Mr. Jowers) is plainly not relevant to the claims or defenses in this action. At best, Kinney is scrambling his multiple roles in a manner that impacts the proceedings negatively. At worst, Kinney is using his platform as counsel, along with knowledge obtained as former employer, to intimidate Mr. Gutensohn, an unfavorable third-party witness, in order to improperly influence the witness' testimony.

Kinney has also used his dual role as counsel for the Kinney Entities, and employer of Renee Sommers (an independent CPA), to assert "attorney-client" privilege regarding her search for documents relevant to Mr. Jowers' defense":

Q. And you didn't look through that data in response to the documents we requested for today, correct?
A. Correct.
Q. Why didn't you look through that data?
MR. KINNEY: It's calling for attorney-client privilege information. Don't answer the question.
Q. Will you take your attorney's instruction?
A. Yes.
Q. So you understand that Mr. Kinney is your attorney for purposes of this subpoena?
A. Yes.
Q. Do you also understand that he pays your salary?
A. He pays me to be his contractor. He does not pay a salary to me.
(Tauler Dec. ¶ 8, Ex. G, Deposition Transcript of Renee Sommers at 17:3-23.)

Based on  the limited depositions that have occurred to date in this action, it is evident that Kinney is abusing his position as counsel to protect himself (as a party) against the disclosure of information from unfavorable third party witnesses. In the interests of fairness, the Court should disqualify Kinney so that Jowers can obtain relevant discoverable information without Kinney exerting undue influence over third party witnesses.

### D.	Jowers Has Suffered, and Will Continue to Suffer, Prejudice if Kinney Continues to Represent All Kinney Entities.

Kinney has used his position as counsel, party, competitor, and employer to improperly impact the proceedings, including, without limitation, asserting attorney-client privilege as to communications between the Kinney Entities and third parties, threatening former employees with unrelated legal claims who are important witnesses, and otherwise using discovery for improper purposes.

First, Kinney's role as counsel has made it so that Jowers cannot obtain discovery needed to defend against the Kinney Entities claims. In one exchange, Kinney refused to allow his accountant to testify if she looked for documents responsive to a subpoena:

Q. You didn't search your e-mail address for any Kinney Recruiting to see if you could provide any documents for today, did you?
A. No.
Q. And you did that because Robert Kinney told you not to, right?
MR. KINNEY: Objection. That's attorney-client privilege information.
Q. You're also the employer and you're also the defendant, so...
MR. KINNEY: Okay. But it's not going to get you around the privilege as far as I am aware, but if you'd like to certify the question. I mean, take it up.
(Tauler Dec. ¶ 8, Ex. G, Deposition Transcript of Renee Sommers at 149:4-21.)

Second, Kinney's position as a competitor provides improper incentives for Mr. Kinney to use the discovery process as a way to harm Mr. Jowers' business. In this regard, the Kinney Entities have served seventeen subpoenas and thirteen deposition notices in this case – all to law firms which Mr. Jowers' does business or employees of Mr. Jowers (Mr. Kinney has not yet noticed the deposition of Mr. Jowers). The recent deposition of Alexis Lamb, a new hire of Jowers' competing recruiting business, and former employee of Kinney Recruiting, is illustrative why Mr. Kinney should be disqualified.

Ms. Lamb was deposed for over six hours on subjects bearing no relevance to the dispute. At the end of the deposition, Mr. Kinney continuously questioned Ms. Lamb regarding an instance (that occurred approximately ten years ago) where Ms. Lamb testified she felt humiliated by Mr. Kinney's treatment of her. (Tauler Dec. ¶ 9, Ex. H, Deposition Transcript of Alexis Lamb at 223:3-224:24.)("Did you write your mom an e-mail and tell her how awful you felt?"). Suffice to say that no independent counsel would have pursued this line of questioning. Rather, Mr. Kinney's questioning, as with all aspects of the discovery he was pursued, is designed to leverage his unique position as competitor, party, and counsel, to cause discomfort to any party affiliated with Mr. Jowers and prejudice the cause before the Court.

## IV.    CONCLUSION

For these reasons, the Court should disqualify Robert Kinney as counsel for the Kinney

Entities in this case.


DATED: January 15, 2021                    Respectfully submitted,

                                           By:    */s/ Robert Tauler*            
                                                  Robert Tauler, Esq.
                                                  Texas State Bar No. 24122095
                                                  rtauler@taulersmith.com
                                                  Tauler Smith LLP
                                                  100 Congress Ave., Suite 2000
                                                  Austin, TX 78701
                                                  Telephone: (512) 456-8760

                                           **COUNSEL FOR DEFENDANT**
                                           **AND COUNTERCLAIMANT**
                                           **EVAN P. JOWERS**


## CERTIFICATE OF CONFERRING

I am counsel for Evan P. Jowers, the moving party. Pursuant to Rule 37(a)(1) of the

Federal Rules of Civil Procedure, I hereby certify that I have in good faith conferred or

attempted to confer with counsel for MWK Recruiting Inc., et al. in this action, in an effort to

obtain without court action the requested answers to interrogatories and productions of

documents and things.

                                           */s/ Robert Tauler*                       
                                           Robert Tauler

## DECLARATION OF ROBERT TAULER

I, Robert Tauler, hereby declare as follows:

1.     I am counsel of record for Evan P. Jowers in this action.  I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.     Attached hereto as Exhibit A is a true and correct copy of an email from Robert Kinney to me dated September 1, 2020.

3.     Attached hereto as Exhibit B is a true and correct copy of an email from Robert Kinney to me dated November 5, 2020.

4.     Attached hereto as Exhibit C is a true and correct copy of an email from Robert Kinney to me dated November 5, 2020.

5.     Attached hereto as Exhibit D is a true and correct copy of Evan P. Jowers's Notice of Deposition of Recruiting Partners GP, Inc., dated August 24, 2020 which contains the deposition topics for that entity.

6.     Attached hereto as Exhibit E is a true and correct copy of Evan P. Jowers's Notice of Deposition of Counsel Unlimited LLC dated November 5, 2020 which contains the deposition topics for that entity.

7.     Attached hereto as Exhibit F is a true and correct copy of excerpts from the transcript of the deposition of Peter Gutensohn, conducted on December 9, 2020.

8.     Attached hereto as Exhibit G is a true and correct copy of excerpts from the transcript of the deposition of Renee Sommers, conducted on November 9, 2020.

9.     Attached hereto as Exhibit H is a true and correct copy of excerpts from the transcript of the deposition of Alexis Lamb, conducted on December 16, 2020.

10.     Attached hereto as Exhibit I are copies of meet and confer emails I had with opposing counsel from December 31, 2020 until January 15, 2021.  Opposing counsel did not accept my offer to speak telephonically, however, they indicated that they had no further questions about the present motion and that they would oppose the relief sought.  As such, I believe I have made sufficient efforts to resolve the dispute without Court intervention.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Los Angeles, California on January 15, 2021.

*/s/ Robert Tauler*
Robert Tauler

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on January 15, 2021, a true and accurate copy of the foregoing

document was served on all counsel of record via the Court's CM/ECF system.


        */s/ Robert Tauler*_____
        Robert Tauler

# EXHIBIT A



**Robert Tauler <rtauler@taulersmith.com>**

---

## Depositions

**Robert Kinney** <robert@kinneypc.com>                                    Tue, Sep 1, 2020 at 12:28 PM
To: Robert Tauler <rtauler@taulersmith.com>
Cc: Ray Mort <raymort@austinlaw.com>, Katherine Loanzon <katherine@kinneyrecruiting.com>, Robert Kohn <rkohn@taulersmith.com>, Luca Stein <lstein@taulersmith.com>

Rob,

Thanks for your note. How about if we coordinate regarding the depositions in this case to make them more efficient? There are four companies Jowers has sued, and I will be the corporate representative for each of them if  you decide to do a 30(b)(6) deposition of each. So far, you have only noticed a 30(b)(6) deposition on RPGP. We do not think it's appropriate to ask me to be presented for seven hours for each of those 30(b)(6) depositions, plus a seven hour deposition of me personally. We think it is appropriate to ask that we coordinate this process and apply some reasonable limits.

Regarding timing, I am not available to be deposed or to present Renee Sommers prior to Wednesday, November 3. With the discovery deadline being in February, this is an early date and hopefully something can be arranged in November that works for you. We understand that you wish to insist that we present Ms. Sommers and the RPGP 30(b)(6) deponent in the very near future, but that's not going to work for us.

Based on the depositions you have indicated you want to take so far, we propose the following arrangement:

1. We will schedule all of the depositions at one time, including the deposition of Renee Sommers which you have noticed.
2. The depositions of Kinney Entity deponents, including Renee Sommers, myself, and Michelle (if you choose to depose her) will occur in November (or, if you prefer, December or January or February).
3. I will be presented during two days of one week, separated by one day.  I will not be required to do two days back to back.
4. I will be presented for 6 hours on the record, maximum, for each of the two days. Thus, you would get to depose me both for 30(b)(6) purposes and as an individual for 12 total hours on the record if you use the full six hours on each day.
5. We will count those two days as two of the ten total depositions you are permitted to take.
6. We do not know yet when or whether we will depose Jowers. If we do depose him, you can decide whether you present him before me or after.

Please let us know your thoughts. We hope that we can agree on this housekeeping.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution

or other reproduction is strictly prohibited.

# EXHIBIT B



**Robert Tauler <rtauler@taulersmith.com>**

---

## Meet-and-Confer re Deposition Time Limits (MWK v. Jowers)

**Robert Kinney** <robert@kinneypc.com>                                                    Thu, Nov 5, 2020 at 7:42 PM
To: Robert Tauler <rtauler@taulersmith.com>
Cc: "Kohn, Robert" <rkohn@taulersmith.com>, Luca Stein <lstein@taulersmith.com>, Ray Mort <raymort@austinlaw.com>, "Tristan L."
<tristan@loanzon.com>, Valerie Saryan <vsaryan@taulersmith.com>

Robert,

We are in receipt of your notice of 30(b)(6) deposition of Counsel Unlimited LLC for November 19. I provided that date to you a month or more ago.
The courteous thing to do would have been to confirm that date was still available.

We have already conferred extensively on the matter of scheduling depositions of myself and any 30(b)(6) witnesses you want to depose, all of which
will be me. Nevertheless, I would like to make one more attempt to meet and confer with you.  A brief recap:

1. When we spoke by phone in early June, I told you that I would be the 30(b)(6) witness for any of the MWK Entities you wish to depose. I told you I
do not believe that I should have to be presented for more than 7 hours, total, even if you want to depose five different companies' 30(b)(6) witnesses.
The reasons include: 1) this is not a particularly complicated case, (2) the counter-defendant companies were added by Jowers for dramatic effect,
not because of any legitimate claims against them; and (3) the 30(b)(6) depositions are, in effect, just a means for you to get over the 7 hour limit and
have additional chances to harass and burden me.  Your response was to say that you believed you should be able to get at least an additional two
hour time limit for each 30(b)(6) witness you want to depose, giving you a total of 17 hours to depose me. I told you that I would think about it.

2. I did think about it and provided a compromise proposal. On September 1, and again in the email chain below, I made a detailed proposal which
would allow you to depose 30(b)(6) witnesses for each company if you want, but would limit the total to two six hour back to back sessions, a total of
12 hours.

3.  You rejected the proposal and then, in your sanctions motion last week, you made clear that you believe you have the right to depose me for 42
hours if you choose to do so.  I have to assume that your intention is to use those hours. You also clearly believe you can scatter those depositions
through any part of the discovery period.

Your efforts here are driven by a desire to harass and obtain advantage by being able to depose me multiple times, not by any need in the case. I
believe the proposal I made but you rejected was generous. You have refused to even respond to state any reason why you need to have so much
time and why you I need to be burdened by repeated, scattered depositions. It appears we need the Court to intervene.

If you have any reasons I might be missing, tell me. If you are willing to provide a counter-proposal and try to compromise and save the Court some
time, now is the time to do it.

Please provide a response in writing to my proposals by noon tomorrow. Otherwise, we will have no choice but to move for a protective order. The
offer I made remains open for now, at least until noon CT tomorrow. See below for the details.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

_____

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

_____


On Mon, Oct 12, 2020 at 11:51 PM Robert Kinney <robert@kinneypc.com> wrote:
> I have taken great pains to write you a detailed proposal regarding how we can handle depositions and to respond to your accusations in writing.
>
> I request the courtesy of a counter-proposal in writing.
>
> I do not also need to get on a call with you and subject myself yet again to your abuse.
>
> Robert E. Kinney, Esq.
> Attorney at Law
> Mobile: +1-512-636-1395
>
> _____
>
> This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.
>
> _____
>
>
> On Sun, Oct 11, 2020 at 9:50 PM Robert Kinney <robert@kinneypc.com> wrote:
>> Send a counter-proposal and the specifics of any disagreement in writing.
>>
>> On Sun, Oct 11, 2020 at 21:46 Robert Tauler <rtauler@taulersmith.com> wrote:
>>> Mr. Kinney,
>>>
>>> I disagree with your characterizations below.  I am free to discuss any day this week except for Tuesday, if you wish to do so.
>>>
>>> Robert Tauler, Esq.
>>> Tauler Smith LLP
>>> 626 Wilshire Blvd., Suite 510
>>> Los Angeles, CA 90017
>>> (213) 927-9270
>>> www.taulersmith.com
>>>
>>> On Wed, Oct 7, 2020 at 8:04 AM Robert Kinney <robert@kinneypc.com> wrote:

Robert,

I have looked through all our correspondence again to check whether there could be any reason for you to say that I misrepresented the record of our communications in my email to you earlier today. There is not.

You have not responded to my email of October 1 in which I sent you a revised version of the detailed proposal regarding deposition scheduling I had first sent on September 1.  Neither had you responded to that email of September 1, except to reject it out of hand, implying that you had already rejected "several versions" of the same proposal presented by me on phone calls with you (which was untrue). We have asked you repeatedly to respond to the proposals and work with us to get depositions set up in November or December, during any of the nearly 5 whole weeks we have offered, and you have responded by simply scheduling depositions of RPGP and Renee Sommers without regard to the needs of the case or our schedules or the Local Rules and practices. You have accused us of lying about our schedules (see email Sept 16), yet you have repeated over and over that we should be willing to "get on the phone" with you to "work something out." Your mis-recollections of past calls and insulting, unprofessional behavior in oral discussions so far require that we ask for a written response to our proposals. I note that not once have you given any indication of a timing exigency requiring you to take depositions five or more months before discovery closes. In short, it appears that your main purpose in pursuing these early depositions has been to harass us because we told you November was the earliest time frame we could use for depositions.

We want to work out a schedule for depositions suited to the needs of the parties and the schedule of the case. So far, you have chosen to continue to run up costs and foment yet another unnecessary fight by unilaterally scheduling depositions on dates we told you did not work for us, refusing to compromise or even state any reason that compromise is harmful to your client, then (if you go through with it) moving for sanctions when we do not go along. You seem to be ready to waste the Court's time with yet another motion when simply agreeing to dates for depositions in a few weeks would get the matter behind us fastest.

This should be a simple matter.

Respond to my letter of October 1, please. Here is the verbatim text of that letter again, for ease of reference:

Robert,

We have offered five separate weeks during November and December to conduct depositions.  I sent you a very specific proposal about how we could agree that the depositions be conducted. We have asked you for dates in November or December when Jowers could be deposed.  You have not responded to any of that except to insist that we stick with the deposition dates you noticed unilaterally which have now passed.

November is rapidly approaching.  We need to reach an agreement about how we are going forward.

Here is a rundown of our efforts to date:

On September 1, we provided this proposal based on the depositions you have indicated you want to take so far, of Renee Sommers and myself (as a 30(b)(6) witness and personally):

1. We will schedule all of the depositions at one time, including the deposition of Renee Sommers which you have noticed.
2. The depositions of Kinney Entity deponents, including Renee Sommers, myself, and Michelle (if you choose to depose her) will occur in November (or, if you prefer, December or January or February).
3. I will be presented during two days of one week, separated by one day.  I will not be required to do two days back to back.

4. I will be presented for 6 hours on the record, maximum, for each of the two days. Thus, you would get to depose me both for 30(b)(6) purposes and as an individual for 12 total hours on the record if you use the full six hours on each day.

5. We will count those two days as two of the ten total depositions you are permitted to take.

6. We do not know yet when or whether we will depose Jowers. If we do depose him, you can decide whether you present him before me or after.

On September 16, we sent the following update and specific proposed dates:

We have previously offered any of the first three weeks in November as alternative dates.  The first week of November now is no longer available.  Please consider whether the second or third week of November works.  Additionally, any of the first three weeks of December would work for us. Those are six different weeks during which you can choose a date to depose Ms. Sommers: November 9-13, November 16-20, Nov. 30-Dec 4,  Dec 7-11, Dec. 14-18.  If you need dates in January, let us know.

Earlier this week, I also asked you when during this time frame Jowers could be presented. We received no response to these proposals or requests.

Also, December 8-9 will not work for us as of now.

Please provide a response to these proposals.

I hope that we can get these depositions scheduled at a mutually convenient time in November or December.  Please note that, regardless of your thoughts on our proposals related to handling depositions you want to take, I have asked you now several times for Jowers's availability, and you have not responded with a single option.

REK

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

_____

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

_____

On Tue, Oct 6, 2020 at 5:54 PM Robert Tauler <rtauler@taulersmith.com> wrote:

Counsel,

Several times now, I have renewed my requests to confer with you regarding the potential motion for sanctions related to the deposition of Recruiting Partners GP Inc. that it failed to attend on September 29, 2020 despite notice of the deposition.

Yes, today is October 6. Apart from that fact, Mr. Kinney's email today is inaccurate.  Candidly, "wildly inaccurate" would be a more accurate description, as I have previously responded concerning his "offer" to short-cut the 30(b)(6) depositions the entities in this action.

I am still available to confer with you regarding the potential motion for sanctions related to the deposition of Recruiting Partners GP Inc. that it failed to attend on September 29, 2020 despite notice of the deposition.

Regards,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Tue, Oct 6, 2020 at 1:14 PM Robert Kinney <robert@kinneyrecruiting.com> wrote:

Robert,

It is October 6.  We have offered lots of dates for depositions of myself as 30(b)(6) witness for RPGP (and the other MWK Entities) and of Renee Sommers and of Michelle Kinney if you want to depose her. The dates we proposed start just 5 weeks from now.  We have also asked you for dates during November and December when we can depose Jowers. You have provided us with no response other than to complain that we should have shown up after you noticed depositions unilaterally for dates we told you far in advance did not work. You have also not responded to our proposals regarding how the depositions will be handled, including our offer to allow you to depose me for up to 12 hours over two days (separated by one day), as a combined single time limit for depositions of me personally and as a 30(b)(6) witness. Will you please stop the games and respond to our proposals so we can schedule these depositions?

Robert Kinney

Robert E. Kinney, Esq.
Kinney Recruiting LLC

Office: +1-512-377-1686
Cell: +1-512-636-1395
Toll Free:  +1-888-848-5757 x701
Robert@KinneyRecruiting.com

www.kinneyrecruiting.com



This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

On Tue, Oct 6, 2020 at 4:07 PM Robert Tauler <rtauler@taulersmith.com> wrote:

Counsel,

Contrary to Mr. Mort's email, I have previously responded to what he describes as "ignoring our attempts to schedule these depositions." Kindly refer to the numerous emails.

I renew my request to confer with you regarding the potential motion for sanctions related to the deposition of Recruiting Partners GP Inc. Please let me know whether – and if so, when – we may confer.

Thank you,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Fri, Oct 2, 2020 at 4:11 PM Ray Mort <raymort@austinlaw.com> wrote:
> Robert,
>
> We have provided many requests to schedule all depositions. We sent another request and updated dates of availability yesterday. Why are you ignoring our attempts to schedule these depositions?
>
> Do you have a response to our requests? Please respond.
>
> Ray

>> On Oct 2, 2020, at 4:48 PM, Robert Tauler <rtauler@taulersmith.com> wrote:
>>
>> Counsel,
>>
>> I renew my request to confer with you regarding this potential motion. Please let me know.
>>
>> This concerns the deposition of Recruiting Partners GP, Inc. Thank you.
>>
>> Regards,
>>
>> Robert Tauler, Esq.
>> Tauler Smith LLP
>> 626 Wilshire Blvd., Suite 510
>> Los Angeles, CA 90017
>> (213) 927-9270
>> www.taulersmith.com

On Thu, Oct 1, 2020 11:47 PM, Ray Mort raymort@austinlaw.com wrote:

Is this the depo you set without conferring with us on available dates in contravention of local rule AT-4?

- Ray

| <image001.jpg> | Raymond W. Mort, III |
|---|---|
| | The Mort Law Firm, pllc |
| | 100 Congress Ave · Suite 2000 |
| | Austin · Texas · 78701 |

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Luca Stein <lstein@taulersmith.com>
**Sent:** Thursday, October 1, 2020 6:46 PM
**To:** Robert Kinney <robert@kinneyrecruiting.com>; Ray Mort <raymort@austinlaw.com>; Tristan L. <tristan@loanzon.com>
**Cc:** Robert Tauler <rtauler@taulersmith.com>; Valerie Saryan <vsaryan@taulersmith.com>; Kohn, Robert

<rkohn@taulersmith.com>
**Subject:** Meet-and-Confer Ltr. re RPGP Inc. Deposition (MWK v. Jowers)

Good afternoon,

Attached please find a meet-and-confer letter from Robert Tauler.

Luca Stein
Assistant to Robert Tauler

--

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

# EXHIBIT C

                                                          Robert Tauler <rtauler@taulersmith.com>

---

## Re: Meet-and-Confer re Deposition Time Limits (MWK v. Jowers)

**Robert Kinney** <robert@kinneypc.com>                                    Thu, Nov 5, 2020 at 9:54 PM
To: Robert Tauler <rtauler@taulersmith.com>
Cc: "Kohn, Robert" <rkohn@taulersmith.com>, Luca Stein <lstein@taulersmith.com>, Ray Mort <raymort@austinlaw.com>, Robert Kinney
<robert@kinneypc.com>, "Tristan L." <tristan@loanzon.com>, Valerie Saryan <vsaryan@taulersmith.com>

I will be the 30(b)(6) witness for any and all of the Kinney entities, as I have told you several times, including on our phone call in June which you
forgot about.

On Thu, Nov 5, 2020 at 23:40 Robert Tauler <rtauler@taulersmith.com> wrote:
> Counsel,
>
> Will Mr. Robert Kinney be the 30(b)(6) witness who appears to testify for Counsel Unlimited?
>
> Robert Tauler, Esq.
> Tauler Smith LLP
> 626 Wilshire Blvd., Suite 510
> Los Angeles, CA 90017
> (213) 927-9270
> www.taulersmith.com
>
> On Thu, Nov 5, 2020 at 7:42 PM Robert Kinney <robert@kinneypc.com> wrote:
>> Robert,
>>
>> We are in receipt of your notice of 30(b)(6) deposition of Counsel Unlimited LLC for November 19. I provided that date to you a month or more
>> ago. The courteous thing to do would have been to confirm that date was still available.
>>
>> We have already conferred extensively on the matter of scheduling depositions of myself and any 30(b)(6) witnesses you want to depose, all of
>> which will be me. Nevertheless, I would like to make one more attempt to meet and confer with you.  A brief recap:
>>
>> 1. When we spoke by phone in early June, I told you that I would be the 30(b)(6) witness for any of the MWK Entities you wish to depose. I told
>> you I  do not believe that I should have to be presented for more than 7 hours, total, even if you want to depose five different companies' 30(b)(6)
>> witnesses. The reasons include: 1) this is not a particularly complicated case, (2) the counter-defendant companies were added by Jowers for
>> dramatic effect, not because of any legitimate claims against them; and (3) the 30(b)(6) depositions are, in effect, just a means for you to get over
>> the 7 hour limit and have additional chances to harass and burden me.  Your response was to say that you believed you should be able to get at
>> least an additional two hour time limit for each 30(b)(6) witness you want to depose, giving you a total of 17 hours to depose me. I told you that I
>> would think about it.

2.  I did think about it and provided a compromise proposal. On September 1, and again in the email chain below, I made a detailed proposal which would allow you to depose 30(b)(6) witnesses for each company if you want, but would limit the total to two six hour back to back sessions, a total of 12 hours.

3.  You rejected the proposal and then, in your sanctions motion last week, you made clear that you believe you have the right to depose me for 42 hours if you choose to do so.  I have to assume that your intention is to use those hours. You also clearly believe you can scatter those depositions through any part of the discovery period.

Your efforts here are driven by a desire to harass and obtain advantage by being able to depose me multiple times, not by any need in the case. I believe the proposal I made but you rejected was generous. You have refused to even respond to state any reason why you need to have so much time and why you I need to be burdened by repeated, scattered depositions. It appears we need the Court to intervene.

If you have any reasons I might be missing, tell me. If you are willing to provide a counter-proposal and try to compromise and save the Court some time, now is the time to do it.

Please provide a response in writing to my proposals by noon tomorrow. Otherwise, we will have no choice but to move for a protective order. The offer I made remains open for now, at least until noon CT tomorrow. See below for the details.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

On Mon, Oct 12, 2020 at 11:51 PM Robert Kinney <robert@kinneypc.com> wrote:
  I have taken great pains to write you a detailed proposal regarding how we can handle depositions and to respond to your accusations in writing.

  I request the courtesy of a counter-proposal in writing.

  I do not also need to get on a call with you and subject myself yet again to your abuse.

  Robert E. Kinney, Esq.
  Attorney at Law
  Mobile: +1-512-636-1395

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

On Sun, Oct 11, 2020 at 9:50 PM Robert Kinney <robert@kinneypc.com> wrote:
Send a counter-proposal and the specifics of any disagreement in writing.

On Sun, Oct 11, 2020 at 21:46 Robert Tauler <rtauler@taulersmith.com> wrote:
Mr. Kinney,

I disagree with your characterizations below.  I am free to discuss any day this week except for Tuesday, if you wish to do so.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Wed, Oct 7, 2020 at 8:04 AM Robert Kinney <robert@kinneypc.com> wrote:
Robert,

I have looked through all our correspondence again to check whether there could be any reason for you to say that I misrepresented the record of our communications in my email to you earlier today. There is not.

You have not responded to my email of October 1 in which I sent you a revised version of the detailed proposal regarding deposition scheduling I had first sent on September 1.  Neither had you responded to that email of September 1, except to reject it out of hand, implying that you had already rejected "several versions" of the same proposal presented by me on phone calls with you (which was untrue). We have asked you repeatedly to respond to the proposals and work with us to get depositions set up in November or December, during any of the nearly 5 whole weeks we have offered, and you have responded by simply scheduling depositions of RPGP and Renee Sommers without regard to the needs of the case or our schedules or the Local Rules and practices. You have accused us of lying about our schedules (see email Sept 16), yet you have repeated over and over that we should be willing to "get on the phone" with you to "work something out." Your mis-recollections of past calls and insulting, unprofessional behavior in oral discussions so far require that we ask for a written response to our proposals. I note that not once have you given any indication of a timing exigency requiring you to take depositions five or more months before discovery closes. In short, it appears that your main purpose in pursuing these early depositions has been to harass us because we told you November was the earliest time frame we could use for depositions.

We want to work out a schedule for depositions suited to the needs of the parties and the schedule of the case. So far, you have chosen to continue to run up costs and foment yet another unnecessary fight by unilaterally scheduling depositions on dates we told you did not work for us, refusing to compromise or even state any reason that compromise is harmful to your client, then (if you go through with it) moving for sanctions when we do not go along. You seem to be ready to waste the Court's time with yet another motion when simply agreeing to dates for depositions in a few weeks would get the matter behind us fastest.

This should be a simple matter.

Respond to my letter of October 1, please. Here is the verbatim text of that letter again, for ease of reference:

Robert,

We have offered five separate weeks during November and December to conduct depositions.  I sent you a very specific proposal about how we could agree that the depositions be conducted. We have asked you for dates in November or December when Jowers could be deposed.  You have not responded to any of that except to insist that we stick with the deposition dates you noticed unilaterally which have now passed.

November is rapidly approaching.  We need to reach an agreement about how we are going forward.

Here is a rundown of our efforts to date:

On September 1, we provided this proposal based on the depositions you have indicated you want to take so far, of Renee Sommers and myself (as a 30(b)(6) witness and personally):

1. We will schedule all of the depositions at one time, including the deposition of Renee Sommers which you have noticed.
2. The depositions of Kinney Entity deponents, including Renee Sommers, myself, and Michelle (if you choose to depose her) will occur in November (or, if you prefer, December or January or February).
3. I will be presented during two days of one week, separated by one day.  I will not be required to do two days back to back.
4. I will be presented for 6 hours on the record, maximum, for each of the two days. Thus, you would get to depose me both for 30(b)(6) purposes and as an individual for 12 total hours on the record if you use the full six hours on each day.
5. We will count those two days as two of the ten total depositions you are permitted to take.
6. We do not know yet when or whether we will depose Jowers. If we do depose him, you can decide whether you present him before me or after.

On September 16, we sent the following update and specific proposed dates:

We have previously offered any of the first three weeks in November as alternative dates.  The first week of November now is no longer available.  Please consider whether the second or third week of November works.  Additionally, any of the first three weeks of December would work for us. Those are six different weeks during which you can choose a date to depose Ms. Sommers: November 9-13, November 16-20, Nov. 30-Dec 4,  Dec 7-11, Dec. 14-18.  If you need dates in January, let us know.

Earlier this week, I also asked you when during this time frame Jowers could be presented. We received no response to these proposals or requests.

Also, December 8-9 will not work for us as of now.

Please provide a response to these proposals.

I hope that we can get these depositions scheduled at a mutually convenient time in November or December.  Please note that, regardless of your thoughts on our proposals related to handling depositions you want to take, I have asked you now several times for Jowers's availability, and you have not responded with a single option.

REK

Robert E. Kinney, Esq.

Attorney at Law
Mobile: +1-512-636-1395

_____
This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.
_____

On Tue, Oct 6, 2020 at 5:54 PM Robert Tauler <rtauler@taulersmith.com> wrote:

Counsel,

Several times now, I have renewed my requests to confer with you regarding the potential motion for sanctions related to the deposition of Recruiting Partners GP Inc. that it failed to attend on September 29, 2020 despite notice of the deposition.

Yes, today is October 6.  Apart from that fact, Mr. Kinney's email today is inaccurate.  Candidly, "wildly inaccurate" would be a more accurate description, as I have previously responded concerning his "offer" to short-cut the 30(b)(6) depositions the entities in this action.

I am still available to confer with you regarding the potential motion for sanctions related to the deposition of Recruiting Partners GP Inc. that it failed to attend on September 29, 2020 despite notice of the deposition.

Regards,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Tue, Oct 6, 2020 at 1:14 PM Robert Kinney <robert@kinneyrecruiting.com> wrote:

Robert,

It is October 6.  We have offered lots of dates for depositions of myself as 30(b)(6) witness for RPGP (and the other MWK Entities) and of Renee Sommers and of Michelle Kinney if you want to depose her. The dates we proposed start just 5 weeks from now.  We have also asked you for dates during November and December when we can depose Jowers. You have provided us with no response other than to complain that we should have shown up after you noticed depositions unilaterally for dates we told you far in advance did not work. You have also not responded to our proposals regarding how the depositions will be handled, including our offer to allow you to depose me for up to 12 hours over two days (separated by one day), as a combined single time limit for depositions of me personally and as a 30(b)(6) witness. Will you please stop the games and respond to our proposals so we can schedule these depositions?

Robert Kinney

Robert E. Kinney, Esq.
Kinney Recruiting LLC

Office: +1-512-377-1686
Cell: +1-512-636-1395
Toll Free:  +1-888-848-5757 x701
Robert@KinneyRecruiting.com

www.kinneyrecruiting.com



This communication may be privileged or contain confidential information. If it has been sent to you in
error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

On Tue, Oct 6, 2020 at 4:07 PM Robert Tauler <rtauler@taulersmith.com> wrote:
> Counsel,
>
> Contrary to Mr. Mort's email, I have previously responded to what he describes as "ignoring our attempts to schedule these
> depositions."  Kindly refer to the numerous emails.
>
> I renew my request to confer with you regarding the potential motion for sanctions related to the deposition of Recruiting
> Partners GP Inc.  Please let me know whether – and if so, when – we may confer.
>
> Thank you,
>
> Robert Tauler, Esq.
> Tauler Smith LLP
> 626 Wilshire Blvd., Suite 510
> Los Angeles, CA 90017
> (213) 927-9270
> www.taulersmith.com
>
> On Fri, Oct 2, 2020 at 4:11 PM Ray Mort <raymort@austinlaw.com> wrote:
>> Robert,
>>
>> We have provided many requests to schedule all depositions. We sent another request and updated dates of availability
>> yesterday. Why are you ignoring our attempts to schedule these depositions?
>>
>> Do you have a response to our requests? Please respond.
>>
>> Ray

On Oct 2, 2020, at 4:48 PM, Robert Tauler <rtauler@taulersmith.com> wrote:

Counsel,

I renew my request to confer with you regarding this potential motion.  Please let me know.

This concerns the deposition of Recruiting Partners GP, Inc.  Thank you.

Regards,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Thu, Oct 1, 2020 11:47 PM, Ray Mort raymort@austinlaw.com wrote:

Is this the depo you set without conferring with us on available dates in contravention of local rule AT-4?

- Ray

<image001.jpg>

RAYMOND W. MORT, III

THE MORT LAW FIRM, PLLC

100 CONGRESS AVE · SUITE 2000

AUSTIN · TEXAS · 78701

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Luca Stein <lstein@taulersmith.com>
**Sent:** Thursday, October 1, 2020 6:46 PM
**To:** Robert Kinney <robert@kinneyrecruiting.com>; Ray Mort <raymort@austinlaw.com>; Tristan L. <tristan@loanzon.com>
**Cc:** Robert Tauler <rtauler@taulersmith.com>; Valerie Saryan <vsaryan@taulersmith.com>; Kohn, Robert <rkohn@taulersmith.com>
**Subject:** Meet-and-Confer Ltr. re RPGP Inc. Deposition (MWK v. Jowers)

Good afternoon,

Attached please find a meet-and-confer letter from Robert Tauler.

Luca Stein
Assistant to Robert Tauler

--

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395

_____

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.
_____

--

Robert E. Kinney, Esq.

Attorney at Law
Mobile: +1-512-636-1395

---

This communication may be privileged or contain confidential information. If it has been sent to you in error, please do not read it, reply to the sender that you received it in error, and delete it.  Any distribution or other reproduction is strictly prohibited.

---

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**MWK RECRUITING, INC.**

        **Plaintiff,**

    **v.**

**EVAN P. JOWERS, YULIYA**
**VINOKUROVA, ALEJANDRO VARGAS,**
**and LEGIS VENTURES (HK) COMPANY**
**LIMITED (aka Jowers / Vargas),**

        **Defendants.**

**Civil Action No. 1:18-cv-00444**

**EVAN P. JOWERS**

        **Counterclaimant,**

    **v.**

**MWK RECRUITING, INC., ROBERT E.**
**KINNEY, MICHELLE W. KINNEY,**
**RECRUITING PARTNERS GP, INC.,**
**KINNEY RECRUITING LLC, COUNSEL**
**UNLIMITED LLC, and KINNEY**
**RECRUITING LIMITED**

        **Counter-defendants.**

**NOTICE OF DEPOSITION OF RECRUITING PARTNERS GP, INC.**

To:    MWK RECRUITING INC. (also known as COUNSEL HOLDINGS INC.), ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED, by and through their attorneys, Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com; Raymond W. Mort, III, The Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701, raymort@austinlaw.com; and Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas 78701, robert@kinneyrecruiting.com

1

PLEASE TAKE NOTICE that Evan P. Jowers will take the oral deposition of Recruiting Partners GP, Inc. at Kim Tindall & Associates 2550 S Interstate 35, Suite 110 Austin, TX 78704 on September 29, 2020, commencing at 10:00 a.m., and continuing thereafter from day to day until completed.

The address of the deponent Recruiting Partners GP, Inc. is:

c/o Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com;

c/o Raymond W. Mort, III, The Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701, raymort@austinlaw.com; and

c/o Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas 78701, robert@kinneyrecruiting.com

Unless otherwise ordered by the Court or stipulated by the parties, the deposition will be taken upon oral examination before an officer authorized by law to administer oaths.  The deposition will be recorded by stenographic means and by audio/video means.

PLEASE TAKE FURTHER NOTICE that the deponent Recruiting Partners GP, Inc. is required, pursuant to Rule 30(b)(6), to designate and produce at the deposition those of its officers, directors, managing agents, or other person(s) who are most qualified to testify on its behalf as to the matters set forth in Exhibit A to this Notice.

DATED:  August 24, 2020                     TAULER SMITH LLP

By:     */s/ Robert Tauler*
       Robert Tauler, Esq.
       State Bar No. 241964 (California)
       rtauler@taulersmith.com
       **Tauler Smith LLP**
       626 Wilshire Blvd., Suite 510
       Los Angeles, CA 90017
       Telephone: (213) 927-9270
       Facsimile:  (310) 943-1455

**COUNSEL FOR DEFENDANT**
**AND COUNTERCLAIMANT**
**EVAN P. JOWERS**

2

**EXHIBIT A**

TOPICS FOR DEPOSITION

1.      The formation, modification or termination of any agreements with Evan P. Jowers, whether in writing or otherwise, including (but not limited to) the Associate Recruiter Employment Agreement dated as of May 1, 2006 between Kinney Recruiting, L.P. (as the "Company") and Evan Jowers (as the "Employee").

2.      The negotiation of any agreements with Evan P. Jowers, including (but not limited to) the Associate Recruiter Employment Agreement dated as of May 1, 2006.

3.      Any transfers or assignments of any agreements with Evan P. Jowers, whether the transfer or assignment occurred by written instrument or otherwise, including (but not limited to) any transfers or assignments of the Associate Recruiter Employment Agreement dated as of May 1, 2006.

4.      Any terms and conditions of the employment of Evan P. Jowers, including (but not limited to) compensation, wages, salaries, bonuses, commissions, health insurance, expense accounts, profit sharing, or retirement benefits.

5.      Any actual or proposed changes to the terms and conditions of the employment of Evan P. Jowers.

6.      Any payments to Evan P. Jowers or for his benefit, including (but not limited to) any payments to reimburse him for expenses.

7.      Any loans or advances of money to Evan P. Jowers, including (but not limited to) any payments or credits against the balances of those loans and any interest accrued.

8.      Any registration or other disclosure that "Kinney Recruiting, L.P." was being used as a fictitious business name, including (but not limited to) any registration of such a fictitious name in Florida.

9.      Any registration or other disclosure that "Kinney Recruiting, Inc." was being used as a fictitious business name, including (but not limited to) any registration of fictitious name in Florida.

10.     Any trade secrets of Kinney Recruiting, L.P. that were ever known by Evan P. Jowers or disclosed to him.

11.     Any trade secrets of Recruiting Partners, L.P. that were ever known by Evan P. Jowers or disclosed to him.

12.     Any trade secrets of Recruiting Partners GP, Inc. that were ever known by Evan P. Jowers or disclosed to him.

3

NOTICE OF DEPOSITION OF RECRUITING PARTNERS GP, INC.

13.     Any trade secrets of Kinney Recruiting, Inc. that were ever known by Evan P. Jowers or disclosed to him.

14.     Any actions taken to preserve the secrecy of any trade secrets of Kinney Recruiting, L.P., Recruiting Partners, L.P., Recruiting Partners GP, Inc. and/or Kinney Recruiting, Inc.

15.     Any databases used to store or retrieve any trade secrets of Kinney Recruiting, L.P., Recruiting Partners, L.P., Recruiting Partners GP, Inc. and/or Kinney Recruiting, Inc.

16.     Any lawsuits threatened or filed (other than this action against Evan P. Jowers) ostensibly to remedy or to prevent any misappropriation of the trade secrets of Kinney Recruiting, L.P., Recruiting Partners, L.P., Recruiting Partners GP, Inc. and/or Kinney Recruiting, Inc.

17.     Any transfers or assignments, whether the by written instrument or otherwise, of any trade secrets of Kinney Recruiting, L.P., Recruiting Partners, L.P., Recruiting Partners GP, Inc. and/or Kinney Recruiting, Inc.

18.     Any transfers or assignments, whether the by written instrument or otherwise, of any other assets (other than trade secrets) of Kinney Recruiting, L.P., Recruiting Partners, L.P., Recruiting Partners GP, Inc. and/or Kinney Recruiting, Inc.

19.     The formation, creation, organization, capitalization, termination and/or winding-up of Kinney Recruiting, L.P.

20.     The formation, creation, organization, capitalization, termination and/or winding-up of Recruiting Partners, L.P.

21.     The formation, creation, organization, capitalization, termination and/or winding-up of Recruiting Partners GP, Inc.

22.     The formation, creation, organization, capitalization, termination and/or winding-up of Kinney Recruiting, Inc.

23.     The employment policies and practices of Kinney Recruiting, L.P., Recruiting Partners, L.P., Recruiting Partners GP, Inc. and/or Kinney Recruiting, Inc. since January 1, 2005, including (but not limited to) any such policies or practices described in employee handbooks or manuals.

24.     All steps taken to preserve relevant evidence in this matter, including (but not limited to) any electronically stored information.

25.     All steps taken to locate responsive documents to requests for production of documents issued by Evan P. Jowers in this action.

NOTICE OF DEPOSITION OF RECRUITING PARTNERS GP, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I electronically served the foregoing document by email, pursuant to agreement of the parties, addressed as follows to counsel of record:

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX 78701
*robert@kinneyrecruiting.com*

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX 78701
*raymort@austinlaw.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

/s/Robert Tauler

NOTICE OF DEPOSITION OF RECRUITING PARTNERS GP, INC.

# EXHIBIT E

1
2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

3   **MWK RECRUITING, INC.**

4          **Plaintiff,**

5          **v.**                                    **Civil Action No. 1:18-cv-00444**

6   **EVAN P. JOWERS, YULIYA**
    **VINOKUROVA, ALEJANDRO VARGAS,**
7   **and LEGIS VENTURES (HK) COMPANY**
    **LIMITED (aka Jowers / Vargas),**
8
9          **Defendants.**

10  **EVAN P. JOWERS**

11         **Counterclaimant,**

12         **v.**

13
14  **MWK RECRUITING, INC., ROBERT E.**
    **KINNEY, MICHELLE W. KINNEY,**
15  **RECRUITING PARTNERS GP, INC.,**
    **KINNEY RECRUITING LLC, COUNSEL**
16  **UNLIMITED LLC, and KINNEY**
    **RECRUITING LIMITED**
17
18         **Counter-defendants.**

19
20
21         **NOTICE OF DEPOSITION OF COUNSEL UNLIMITED LLC**

22  To:    MWK RECRUITING INC. (also known as COUNSEL HOLDINGS INC.), ROBERT E.
            KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY
23         RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED,
            by and through their attorneys, Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the
24         Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com; Raymond W. Mort, III, The
            Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701,
25         raymort@austinlaw.com; and Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas
            78701, robert@kinneyrecruiting.com
26
27
28
                                        1
                    NOTICE OF DEPOSITION OF COUNSEL UNLIMITED LLC

PLEASE TAKE NOTICE that Evan P. Jowers will take the oral deposition of Counsel Unlimited LLC at Kim Tindall & Associates 2550 S Interstate 35, Suite 110 Austin, TX 78704 on November 19, 2020, commencing at 11:00 a.m. CST, and continuing thereafter from day to day until completed.

The address of the deponent Counsel Unlimited LLC is:

c/o Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com;

c/o Raymond W. Mort, III, The Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701, raymort@austinlaw.com; and

c/o Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas 78701, robert@kinneyrecruiting.com

Unless otherwise ordered by the Court or stipulated by the parties, the deposition will be taken upon oral examination before an officer authorized by law to administer oaths. The deposition will be recorded by stenographic means and by audio/video means.

PLEASE TAKE FURTHER NOTICE that the deponent Counsel Unlimited LLC is required, pursuant to Rule 30(b)(6), to designate and produce at the deposition those of its officers, directors, managing agents, or other person(s) who are most qualified to testify on its behalf as to the matters set forth in Exhibit A to this Notice.

DATED: November 5, 2020

TAULER SMITH LLP

By:     _/s/ Robert Tauler_____
          Robert Tauler, Esq.
          State Bar No. 241964 (California)
          rtauler@taulersmith.com
          **Tauler Smith LLP**
          626 Wilshire Blvd., Suite 510
          Los Angeles, CA 90017
          Telephone: (213) 927-9270
          Facsimile:  (310) 943-1455

          **COUNSEL FOR DEFENDANT
          AND COUNTERCLAIMANT
          EVAN P. JOWERS**

2

NOTICE OF DEPOSITION OF COUNSEL UNLIMITED LLC

**EXHIBIT A**

TOPICS FOR DEPOSITION

1.      The formation, modification or termination of Counsel Unlimited LLC.

2.      All contracts between Counsel Unlimited LLC and Evan P. Jowers ("Jowers"), including, but not limited to: (1) the "Promissory Note" dated November 1, 2012 referenced in paragraph 185 of the Second Amended Complaint and attached as part of Exhibit 6 to the Second Amended Complaint; (2) the "Revolving Loan Agreement" dated December 29, 2012, referenced in paragraph 37 of the Second Amended Complaint and attached as part of Exhibit 6 to the Second Amended Complaint; and (3) the "Security Agreement" dated October 15, 2012, attached as part of Exhibit 6 to the Second Amended Complaint.  These agreements shall be referred to as the "Counsel Unlimited Contracts."

3.      The identity of all persons or entities who helped draft the Counsel Unlimited Contracts.

4.      Any transfers or assignments of the Counsel Unlimited Contracts, whether the transfer or assignment occurred by written instrument or otherwise, including (but not limited to) any transfers or assignments of the Promissory Note, Revolving Loan Agreement or Security Agreement from Counsel Unlimited LLC to MWK Recruiting LLC on January 31, 2017, as alleged in paragraph 41 of the Second Amended Complaint, and any subsequent assignments or agreements pertaining to the Counsel Unlimited Contracts.

5.      The method by which "advances" were made under the under the Counsel Unlimited Contracts by Counsel Unlimited LLC or any other entity to Jowers.

6.      The manner by which interest, late fees, or any additional fees were calculated and assessed to Jowers for any advances made under the Counsel Unlimited Contracts by Counsel Unlimited LLC or any other entity to Jowers.

7.      The collateral for the Counsel Unlimited Contracts, including any security interest provided by Jowers to Counsel Unlimited LLC or any of its assignees.

8.      The manner by which payments to Counsel Unlimited LLC from Jowers were made under the under the Counsel Unlimited Contracts by Counsel Unlimited LLC or any other entity to Jowers.

9.      The identity of all persons or entities who helped manage, distribute, calculate, or initiate "advances" or "loans" under the Counsel Unlimited Contracts.

10.     The identity of all persons or entities who helped manage, calculate, or assess collection of interest and additional fees under the Counsel Unlimited Contracts.

11.     The identity of all persons or entities who helped manage, calculate, assess or categorize payments from Jowers relating to the Counsel Unlimited Contracts.

12.     The manner in which the amount of $48,535.98 was calculated as "balance outstanding under the Jowers Line of Credit" as of the date of Jowers resignation, as alleged in paragraph 190 of the Second Amended Complaint.

13.     The identity of all persons or entities that calculated that the amount of $48,535.98 was "balance outstanding under the Jowers Line of Credit" as of the date of Jowers resignation, as alleged in paragraph 190 of the Second Amended Complaint.

14.     All of the ways that Jowers "breached the terms of the note" as alleged in paragraph 191 of the Second Amended Complaint.

15.     The manner in which it was determined when the Counsel Unlimited Contracts became "due in full."

16.     The manner in which the "offsets, payments and credits" were calculated as alleged in paragraph 192 of the Second Amended Complaint, including the amount of offsets, the amount of payments, and the amount of credits, including the date when such offsets, payments and credits were assessed and applied.

17.     The identity of all persons or entities that calculated the "offsets, payments and credits" asserted in paragraph 192 of the Second Amended Complaint.

NOTICE OF DEPOSITION OF COUNSEL UNLIMITED LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2020, I electronically served the foregoing document by email, pursuant to agreement of the parties, addressed as follows to counsel of record:

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX 78701
*robert@kinneyrecruiting.com*

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX 78701
*raymort@austinlaw.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

/s/Robert Tauler

NOTICE OF DEPOSITION OF COUNSEL UNLIMITED LLC

# EXHIBIT F



1   IN THE UNITED STATES DISTRICT COURT    **ORIGINAL**
    FOR THE WESTERN DISTRICT OF TEXAS
2   AUSTIN DIVISION
    CIVIL ACTION NO. 1:18-CV-00444
3
    MWK RECRUITING, INC.,
4   PLAINTIFF

5   V.

6   EVAN P. JOWERS, YULIYA
    VINOKUROVA, ALEJANDRO VARGAS,
7   AND LEGIS VENTURES (HK) COMPANY
    LIMITED (AKA JOWERS / VARGAS),
8   DEFENDANTS
    _____/
9
    EVAN P. JOWERS,
10  COUNTERCLAIMANT,

11  V.

12  MWK RECRUITING, INC., ROBERT E.
    KINNEY, MICHELLE W. KINNEY,
13  RECRUITING PARTNERS GP, INC.,
    KINNEY RECRUITING LLC, COUNSEL
14  UNLIMITED LLC, AND
    KINNEY RECRUITING LIMITED,
15  COUNTER-DEFENDANTS
    _____/
16  VIDEOCONFERENCE DEPOSITION OF PETER GUTENSOHN
    DATE:          DECEMBER 9, 2020
17  REPORTER:      KRISTEN LIVESEY
    PLACE:         ALL PARTIES APPEARED VIDEOCONFERENCE
18

19

20

21

22

23

24

25

407.423.9900
Fax 407.841.2779
Toll Free 855-MYDEPOS

MILESTONE | REPORTING COMPANY

TOMORROW'S TECHNOLOGY TODAY

 1     A     Are you talking to me?

 2     Q     Yes, Peter.  I am.

 3     A     Yes.  I do understand this is a question from

 4  Renee asking you what your instructions are to Audrey --

 5  for Audrey.

 6     Q     Do you see what my response was regarding

 7  Audrey in the text that's above the part that's

 8  highlighted?

 9     A     Oh, make it 1,500.  I guess I won the

10  argument.

11     Q     Thanks.  Do you remember what your draw

12  balance was when your employment was terminated?

13     A     It was big.  Probably a couple of hundred

14  thousand dollars.

15     Q     If I told you it was $254,433.77, would that

16  sound accurate?

17     A     No.  I think I'd -- I think I'd dispute the 77

18  cents.

19     Q     Were you paying any interest on that draw?

20     A     Not on the draws, no.

21     Q     Have you had to pay any of that money back?

22     A     You told me flat out you considered it uncons

23  -- uncollectable and we're not going to pursue it.

24     Q     And did I ever tell you I had a contractual

25  right to recover it?

**MILESTONE** | **REPORTING  COMPANY**

TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900          www.MILESTONEREPORTING.com          Toll Free 855-MYDEPOS

166367 Peter Gutensohn 12-09-2020          Page 104

1      A     Probably.

2           MR. TAULER:  Objection.  Objection, you know, I

3      think we're blurring the lines here between an

4      attorney and a witness.  You can ask questions in

5      your capacity as an attorney, Mr. Kinney.

6           BY MR. KINNEY:

7      Q     Did Mr. Kinney ever tell you that he was going

8   to --

9      A     I'm a little confused as to who's talking

10  about what here.

11          MR. KINNEY:  I don't have any further

12     questions.

13          MR. TAULER:  All right.

14          THE WITNESS:  Are we done?

15          MR. TAULER:  We're done.

16          THE WITNESS:  Okay.

17          COURT REPORTER:  Hang on before anybody hangs

18     up.  Just a few things.  First, Mr. Gutensohn, I

19     just need to know if you'd like to read or waive the

20     transcript and if one of the legal parties would

21     like to explain that.

22          MR. TAULER:  Yeah.  So Mr. Gutensohn,

23     typically, under the federal rules, you have the

24     opportunity to review the final transcript and to

25     make changes to it or you can waive this


MILESTONE | REPORTING COMPANY

TOMORROW'S TECHNOLOGY TODAY

CORPORATE **ORLANDO, FL 32801**
**JACKSONVILLE, FL 32256**
**TAMPA, FL 33602**

407.423.9900          www.MILESTONEREPORTING.com          Toll Free 855-MYDEPOS

# EXHIBIT G

Transcript of the Testimony of

# Renee Sommers

## Date:

November 09, 2020

## Case:

MKW RECRUITING vs EVAN P. JOWERS

 1  computer, correct?

 2      A.    Correct.

 3      Q.    And you didn't look through that data in response to

 4  the documents we requested for today, correct?

 5      A.    Correct.

 6      Q.    Why didn't you look through that data?

 7            MR. KINNEY:  It's calling for attorney-client

 8  privilege information.

 9            Don't answer the question.

10      Q.    Will you take your attorney's instruction?

11      A.    Yes.

12      Q.    So you understand that Mr. Kinney is your attorney

13  for purposes of this subpoena?

14      A.    Yes.

15      Q.    Do you also understand that he pays your salary?

16      A.    He pays me to be his contractor.  He does not pay a

17  salary to me.

18      Q.    Okay.

19            And did he tell you how to respond to certain

20  questions?

21      A.    No.

22      Q.    Have you ever signed a declaration for this case?

23      A.    Not that I'm aware of.

24      Q.    Well, how did you prepare for today?

25      A.    I read through the subpoena, and read through the

 1  underlying data for the QuickBooks, right, so if someone --

 2  like do you have expense reports in there too?

 3      A.    Yes.  Bank, credit card statements, receipts.

 4      Q.    What about if there's a wire transfer, is that

 5  information kept in the DropBox too?

 6      A.    It's usually given to me via e-mail.

 7      Q.    Okay.

 8      A.    Or when I get one of the bank statements on here.

 9      Q.    You didn't search your e-mail address for any Kinney

10  Recruiting to see if you could provide any documents for today,

11  did you?

12      A.    No.

13      Q.    And you did that because Robert Kinney told you not

14  to, right?

15              MR. KINNEY:  Objection.

16  That's attorney-client privilege information.

17      Q.    You're also the employer and you're also the

18  defendant, so...

19              MR. KINNEY:  Okay.  But it's not going to get

20  you around the privilege as far as I am aware, but if you'd

21  like to certify the question.  I mean, take it up.

22              MR. TAULER:  I'm not sure what you mean by

23  "certify the question."

24              MR. KINNEY:  If you want to move to compel her

25  to answer that question, you may do that, but I'm not going to

# EXHIBIT H

```
 1            IN THE UNITED STATE DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TEXAS
 2                   AUSTIN DIVISION

 3   MWK RECRUITING,
     INC.,
 4       Plaintiff,             Civil Action No.
                                1:18-cv-00444.
 5   VS.

 6   EVAN P. JOWERS,
        Defendant.
 7
     EVAN P. JOWERS,
 8     Counterclaimant,

 9   MWK RECRUITING,
     INC., ROBERT E.
10   KINNEY, MICHELLE
     W. KINNEY,
11   RECRUITING
     PARTNERS GP, INC.,
12   KINNEY RECRUITING
     LLC, COUNSEL
13   UNLIMITED, LLC,
     and KINNEY
14   RECRUITING
     LIMITED,
15
     Counter-defendants
16

17
                 Deposition of ALEXIS LAMB
18                     Via Zoom
               Wednesday, December 16, 2020
19                 10:00 o'clock a.m.

20

21

22

23

24   Job No.: 340746
     Pages: 1 - 227
25   Reported By: Susan M. Katz
```

Transcript of Alexis Lamb
Conducted on December 16, 2020                    3

```
1                  A P P E A R A N C E S

2    ON BEHALF OF THE PLAINTIFF MWK RECRUITING LLC:

3    ROBERT E. KINNEY, ESQUIRE
     Attorney at Law
4    824 West 10th Street
     Suite 200
5    Austin, Texas 78701
     (512) 636-1395
6
     ON BEHALF OF THE DEFENDANT EVAN P. JOWERS:
7
     ROBERT TAULER, ESQUIRE
8    TAULER SMITH
     626 WILSHIRE BOULEVARD
9    SUITE 510
     LOS ANGELES, CA 90017
10   310-590-3927

11   COUNSEL FOR PLAINTIFF AND
     COUNTER-DEFENDANTS:
12
     RAYMOND W. MORT, III, ESQ.
13   THE MORT LAW FIRM, PLLC
     100 CONGRESS AVENUE
14   SUITE 2000
     AUSTIN, TEXAS 78701
15   (512) 865-7950
     (NOT PRESENT)
16

17

18

19

20

21

22

23

24

25
```

Transcript of Alexis Lamb
Conducted on December 16, 2020                                    223

1    and it's another one of these do you see my value

2    as ornamental?

3         Do you really just see me as, you know, an

4    attractive young lady that, you know, are you gonna

5    -- you know, that partners like to look at or do you

6    see the value of my professional capabilities?

7         That's another one of these humiliating

8    statements that, you know, it's not an -- my job is

9    not a function of my appearance.

10        I'm not on America's Next Hot Model.  I'm not

11   selling sun dresses.  I am a legal recruiter, you

12   know, working for the world's best law firms and

13   representing some of the world's top lawyers.

14        MR. TAULER:  All right, no further questions.

15        MR. KINNEY:  All right, I'll just follow up.

16             FURTHER DIRECT EXAMINATION

17   BY MR. KINNEY:

18    Q.   Who else was there when this incident

19   occurred with Phil Culhane?  Was it just --

20    A.   I believe it -- I believe it was you and

21   I believe Evan was also walking there too.

22    Q.   And did you tell anybody about it at the

23   time?

24    A.   No.

25    Q.   Did you keep any notes about that?  Did you

Transcript of Alexis Lamb
Conducted on December 16, 2020                    224

1   at all?

2       A.   I mean I didn't write down any notes but it's

3   something that's been seared in my mind.

4       Q.   Did you write your mom an e-mail and tell her

5   how awful you felt, anything?

6            MR. TAULER:  Objection to form.

7       A.   I may very well have.  I -- I don't remember

8   who I told.  I think a lot of this could be verbal.

9   I might have just told people verbally.

10  BY MR. KINNEY:

11      Q.   You're not aware of any documents that

12  describe at the time this occurred that it had

13  occurred?

14           MR. TAULER:  Objection.  Objection to form.

15      A.   I do not remember.

16  BY MR. KINNEY:

17      Q.   What is it you don't remember?

18      A.   I don't remember putting anything into

19  writing.

20      Q.   And that's true regarding that Phil Culhane

21  incident as well as the other incidents you

22  mentioned or are there any writings out there that

23  you created at the time these statements --

24      A.   I --

25      Q.   -- occurred?

# EXHIBIT I



**Robert Tauler <rtauler@taulersmith.com>**

---

## RE: Motion to Disqualify

**Ray Mort** <raymort@austinlaw.com>                                    Fri, Jan 15, 2021 at 4:27 AM
To: Robert Tauler <rtauler@taulersmith.com>
Cc: Robert Kinney <robert@kinneypc.com>, Valerie Saryan <vsaryan@taulersmith.com>, Tristan Loanzon
<tristan@loanzon.com>, Luca Stein <lstein@taulersmith.com>

Robert,


If the below is the extent of your claims for your basis to move to disqualify, we will certainly oppose your request as your
assertions, which mischaracterize the events described, do not support a motion to disqualify opposing counsel.




Ray




RAYMOND W. MORT, III

–

THE MORT LAW FIRM, PLLC



100 CONGRESS AVE · SUITE 2000

AUSTIN · TEXAS · 78701

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Friday, January 15, 2021 3:05 AM
**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** Robert Kinney <robert@kinneypc.com>; Valerie Saryan <vsaryan@taulersmith.com>; Tristan Loanzon <tristan@loanzon.com>; Luca Stein <lstein@taulersmith.com>
**Subject:** Re: Motion to Disqualify

Answers inline below.  Please call me this would be more effective. I would appreciate a fresh start considering that we work in the same community. You can record the call if you deem it necessary to keep a record.  I honestly think Mr. Kinney should bow out.  I don't want to make this motion but continually asking me questions is not really what I consider a meet and confer.  Let's just try to work it out.  I am free until noon pacific on Friday.

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd. Suite 510

Los Angeles, CA 90017

www.taulersmith.com

On Jan 14, 2021, at 11:54 AM, Ray Mort <raymort@austinlaw.com> wrote:

Robert,

For starters, please respond to the following request for more information:

1. What witness was threatened with a suit?

Peter Gutensohn

Please provide all such threats as you claim were made. We have previously requested this information and have not received a response.

See my 12/31/2020 email below in red.

      2. Please identify with specificity how Mr. Kinney is abusing the "attorney/client" relationship.

There is no attorney/client relationship between Mr. Kinney and the Kinney Entities.  They are one the same.  Kinney is also counsel for his employees and third party contractors/witnesses.  Conflicts abound.  He is also threatening his former employees in depositions.

      3. What "forging" of a signature are you talking about? Please explain.

Compare Dkt 247-1 with Renee Sommers deposition at Pg 41


 MR. TAULER:· I'll note that the witness was

·3· looking at Mr. Kinney.

·4· · · ·Q.· · You signed it with a pen, right?

·5· · · ·A.· · I don't remember, but I always sign everything with

·6· a pen.

·7· · · ·Q.· · You don't remember signing this declaration?· It was

·8· less than two weeks ago.· Do you have a bad memory or

·9· something?

10· · · · · · · MR. KINNEY:· Objection.

11· · · ·Q.· · Do you have problems with your memory?

12· · · ·A.· · No.

13· · · ·Q.· · So do you remember signing a declaration two weeks

14· ago for this case?

15· · · ·A.· · Yes.

16· · · ·Q.· · Did you sign with a blue pen or a black pen?

17· · · ·A.· · I don't know.· Probably black.

18· · · ·Q.· · Did you sign at all?

19· · · ·A.· · I don't remember.

20· · · ·Q.· · But you do remember scanning it in and sending it to

21· Mr. Kinney, correct?

22· · · · · · · MR. KINNEY:· Objection; mischaracterizing the

23· testimony.

24· · · ·A.· · Yes.

25· · · ·Q.· · And so you printed it up, you read it, you signed it

1· and you scanned it in; is that right?

·2· · · · · · · MR. TAULER:· And I'll note that the witness

·3· looked at Mr. Kinney again.

·4· · · ·A.· · Yes

4. How is representing himself abuse of the attorney/client relationship?

This is not what I suggested so I don't understand.

5. What representation of Mr. Jowers are you talking about?

Kinney sued a former employee called Morgan Warren in. 2006.  Kinney asserted a "fraud" claim against Ms. Warren on behalf of Mr. Jowers without Mr. Jowers knowledge or consent.  It's all publicly available and obviously Mr. Kinney knows what he did, so I believe this issue should be closed.

6. Please provide an engagement agreement supporting your claim.

There was none which is what makes the conduct improper - among other reasons.

What information are you contending Mr. Kinney obtained in 2006 that he is now using against Mr. Jowers?

Jowers signature on the employment agreement, while he represented

Jowers in the Warren case.  Also, you shouldn't be sued by your former lawyer, who is also your former employer, who is also your payday lender, etc.  This is a conflict of interest, immoral and unethical.

I encourage you to call me if you have any more questions.  Otherwise I will assume that our "meet and confer" is closed and Kinney will not withdraw voluntarily.  He needs a lawyer.

- Ray

RAYMOND W. MORT, III

THE MORT LAW FIRM, PLLC

100 CONGRESS AVE · SUITE 2000

AUSTIN · TEXAS · 78701

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Thursday, January 14, 2021 1:12 PM
**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** Robert Kinney <robert@kinneypc.com>; Valerie Saryan <vsaryan@taulersmith.com>; Tristan Loanzon <tristan@loanzon.com>; Luca Stein <lstein@taulersmith.com>
**Subject:** Motion to Disqualify

Counsel,

In an effort to exhaust all of the possible ways to resolve the issue of Mr. Kinney representing all the Kinney Entitie, could you please confirm that Mr. Kinney will not voluntarily withdraw from the case?

As I have stated, Mr. Jowers does not have new counsel, so there is no one for you to confer with but me.  I would like to discuss this, but if you don't want to, please say so.  We first informed you of this motion over two weeks ago, and given Mr. Kinney's erratic behavior over the last several days, we have no choice but to file in order to protect the integrity of the proceeding.

As ever, feel free to call me.  We can record the call if you have any concerns about speaking to me.

Thank you for your courtesy and professionalism,

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd. Suite 510

Los Angeles, CA 90017

www.taulersmith.com

On Jan 6, 2021, at 9:21 AM, Ray Mort <raymort@austinlaw.com> wrote:

Robert,

Please put us in touch with new counsel for Jowers.

- Ray

| <image001.jpg> | Raymond W. Mort, III |
| | The Mort Law Firm, pllc |
| | 100 Congress Ave · Suite 2000 |
| | Austin · Texas · 78701 |

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter. They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If

you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Wednesday, January 6, 2021 10:45 AM
**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** Robert Kinney <robert@kinneypc.com>; Valerie Saryan <vsaryan@taulersmith.com>; Tristan Loanzon <tristan@loanzon.com>; Luca Stein <lstein@taulersmith.com>
**Subject:** Re: Request for Extension - Jowers' Responses to 6th RFPs


Counsel,


One form of intimidation is when you threaten to sue witnesses that come forward against you, like what happened with Peter Gutensohn.  The facts supporting the motion are that Mr. Kinney told the Court that he he wasn't sure if he would be a necessary witness in 2019 and has now stated time and again that he is the ***only*** witness for all the entities and the only witness that knows anything about all of the contracts, something he obviously knew in 2019.  Also, Robert Kinney is abusing the attorney/client privilege by forging Renee Sommers' signature on her declaration, representing both himself, the various Kinney entities, his employees and Ms. Sommers.  Also, Kinney represented Jowers in a 2006 fraud case against Morgan Warren and the course of that representation obtained knowledge that is now being used against Jowers, which is a conflict of interest, as well as a violation of the attorney/client privilege.  I think all of this could be resolved if he simply subs out of the case.  I don't see the need to make a motion for no reason.

Other than that, I am not sure how to respond to your email.  Please let me know if you would like to discuss, or perhaps we can meet for a beer later today.  I will be in Austin for most of the month as I begin my move out here, so I am sure I will run into you sooner or later once things ease up with COVID.  In this regard, I hope you and your family are staying safe.


Thank you,


Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 510

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com


On Thu, Dec 31, 2020 at 6:10 PM Ray Mort <raymort@austinlaw.com> wrote:

> Robert,
>
>
> Looks like the witness was cross examined. Please explain what the intimidation is.

Also, please identify ALL witnesses and ALL acts of intimidation you contend that has occurred so we can fully address it.

The reasons we want to confer with the new local counsel is pretty well set forth in Judge Austin's order. To be even more clear, I believe local counsel will be professional and reasonable. Further, we will most likely resolve the issues you are pressing. Perhaps not in the way you envision.

Also, before there is any phone call with the new local counsel, we want to know explicitly all grounds and factual assertions you contend support your position regarding any motion to disqualify.

Thanks,

Ray

On Dec 31, 2020, at 5:56 PM, Robert Tauler <rtauler@taulersmith.com> wrote:

Answers inline in **RED**.  Please confirm that you don't want to speak telephonically.

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 510

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com

On Thu, Dec 31, 2020 at 3:29 PM Ray Mort <raymort@austinlaw.com> wrote:

> Robert,
>
> Also, please let us know what witness has been intimated by Mr. Kinney and what
> actions you contend constituted any asserted intimidation.

**Peter Gutensohn - here is one example.**

> **Q Thanks. Do you remember what your draw balance was when your
> employment was terminated?**
>
> **A It was big. Probably a couple of hundred thousand dollars.**
>
> **Q If I told you it was $254,433.77, would that sound accurate?**
>
> **A No. I think I'd -- I think I'd dispute the 77 cents.**

**Q Were you paying any interest on that draw?**

**A Not on the draws, no.**

**Q Have you had to pay any of that money back?**

**A You told me flat out you considered it uncons-- uncollectable and we're not going to pursue it.**

**Q And did I ever tell you I had a contractual right to recover it?**

**A Probably.**

**MR. TAULER: Objection. Objection, you know, I think we're blurring the lines here between an attorney and a witness. You can ask questions in your capacity as an attorney, Mr. Kinney.**

**BY MR. KINNEY:**

**Q Did Mr. Kinney ever tell you that he was going to --**

**A I'm a little confused as to who's talking about what here.**

**(Deposition Transcript of Peter Gutensohn at 103:11-104:10.)**

With respect to local counsel, will Jowers be compiling with Judge Austin's order?

**I don't know why Mr. Jowers wouldn't comply with a Court Order.  In any case, we are appealing that portion of the Order, so it likely won't be determined for some time.**

We request a M&C with the new local counsel on each of these issues before we conclude there is an impasse.

**Why?  Can you please elaborate?**

I believe local counsel and I will be able to resolve each of these issues without burdening the Court further.

**You believe that Robert Kinney would withdraw if local counsel were to suggest it?  Can you please elaborate on that?**

I'm pretty positive neither Judge Pitman nor Judge Austin wants to see another non-merits based motion in this case - nor do we.

**I can only assume that Robert Kinney doesn't want to be disqualified, but that is not grounds to oppose it.  We all have a duty to comply with the law to ensure fair proceedings.**

Thanks,

Ray

On Dec 31, 2020, at 5:14 PM, Robert Tauler <rtauler@taulersmith.com> wrote:

Counsel,

(1) We intend to file a Renewed Motion to Disqualify Robert Kinney as counsel based on his averment under oath in Dkt 217-1 paragraph 12 that he "was the only person who had any role in drafting each agreement at issue in

the present lawsuit."   We will make the argument that this statement, along with his position that he will be the only deponent for all of the Kinney Entities (regardless of topic) makes him a necessary witness.  We will also argue that Mr. Kinney's dual representation creates a conflict of interest and that he should be disqualified for this reason as well.  We will also argue that Mr. Kinney has used his role as counsel and party to intimidate witnesses and that he should be disqualified on this basis as well.

(2) The Court asked us to meet and confer regarding the Proposed Protective Order.

Please let me know if you intend to oppose our Renewed Motion to Disqualify, and whether you would like to discuss either items (1) or (2), or both.

Have a nice holiday,


Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 510

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com

On Thu, Dec 31, 2020 at 2:34 PM Ray Mort <raymort@austinlaw.com> wrote:

Robert,

Please set forth the issues you believe need to be addressed.

Ray

On Dec 31, 2020, at 4:28 PM, Robert Tauler
<rtauler@taulersmith.com> wrote:

Hi Robert,

I should have an update on local counsel for you real soon.  In the meantime, we need to confer regarding a couple issues in Judge Austin's December 18 Order. Are you free today by chance for a quick call?


Thanks,


Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 510

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com


On Thu, Dec 31, 2020 at 1:32 PM Robert Kinney <robert@kinneypc.com> wrote:

> We are not opposed to a 7 day extension until next
> Friday, January 8, for your initial responses; however, due to the
> impending closure of fact discovery and the fact that there
> remain significant gaps in what Jowers has produced so far in

response to our discovery requests, we are not able to agree to
an extension beyond next Friday at this time.


Can you update us on the status of Jowers adding local counsel
per the Court's recent order?  If we can get a meet and confer
on the schedule with him or her next week, then perhaps we
can agree to a further extension with some guarantees about
what will be produced by Jowers and by when it will be
produced.


I hope you have a safe and healthy New Year.

Robert E. Kinney, Esq.
Attorney at Law
Mobile: +1-512-636-1395


_____
_____
_____
This communication may be privileged or contain confidential
information. If it has been sent to you in
error, please do not read it, reply to the sender that you received
it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.
_____
_____
_____


---------- Forwarded message ---------
From: **Robert Kinney** <robert@kinneyrecruiting.com>

Date: Thu, Dec 31, 2020 at 10:37 AM
Subject: Fwd: Request for Extension - Jowers' Responses to
6th RFPs
To: Robert Kinney <robert@kinneypc.com>

Robert E. Kinney, Esq.
Kinney Recruiting LLC

Office: +1-512-377-1686
Cell: +1-512-636-1395

Toll Free:  +1-888-848-5757 x701
Robert@KinneyRecruiting.com

www.kinneyrecruiting.com

my Linked in profile

_____
_____
_____
This communication may be privileged or contain confidential
information. If it has been sent to you in
error, please do not read it, reply to the sender that you received
it in error, and delete it.  Any distribution
or other reproduction is strictly prohibited.

_____
_____
_____

On Wed, Dec 30, 2020 at 6:56 PM Valerie Saryan
<vsaryan@taulersmith.com> wrote:

Hello Mr. Kinney,

As you know, Jowers' responses to MWK's sixth set of
requests for production of documents are due tomorrow. Can
Jowers please get a ten day extension to respond?

Thank you,

Valerie Saryan

Associate | Tauler Smith LLP

626 Wilshire Boulevard, Suite 510 | Los Angeles, California 90017

(213) 927-9270 | vsaryan@taulersmith.com

 Robert Tauler <rtauler@taulersmith.com>

## RE: Motion to Disqualify

**Ray Mort** <raymort@austinlaw.com>
To: Robert Tauler <rtauler@taulersmith.com>
Cc: Robert Kinney <robert@kinneypc.com>, Valerie Saryan <vsaryan@taulersmith.com>, Tristan Loanzon <tristan@loanzon.com>, Luca Stein <lstein@taulersmith.com>

Robert,

Your assertion of Mr. Kinney's "erratic behavior" does not support a motion to disqualify opposing counsel.

Ray



RAYMOND W. MORT, III
-
THE MORT LAW FIRM, PLLC
100 CONGRESS AVE · SUITE 2000
AUSTIN · TEXAS · 78701

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other p avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client com and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have receiv that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original messa

**From:** Robert Tauler <rtauler@taulersmith.com>
**Sent:** Friday, January 15, 2021 3:39 AM

**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** Robert Kinney <robert@kinneypc.com>; Valerie Saryan <vsaryan@taulersmith.com>; Tristan Loanzon <tristan@loanzon.com>; Luca Stein <lstein@taulersmith.com>
**Subject:** Re: Motion to Disqualify

Counsel,

Below are some examples of Mr. Kinney's erratic conduct this week.

Mr. Kinney served four separate sets of RFPs on Tuesday, which are numbered up to nine hundred and six (906).

Mr. Kinney also served additional interrogatories even though he has acknowledged he is past the limit of 25.

Mr. Kinney also filed a No-Evidence Motion for Summary Judgment, even though it is only available in state court.

Finally, and most disturbingly, it appears that Mr. Kinney has begun to stalk his former employee Alexis Lamb on social media (screenshot below).







Robert Kinney and 8 others gave you kudos on 11
and low miles, no pain! .

Today at 8:44 AM



Nicole Martel and 4 others gave you kudos on
Morning Run .

Today at 8:17 AM



Your run is ready to view.

Yesterday at 8:31 AM

Oh god. Robert is stalking me on Strava (my running social media app). I promptly blocke (and also Ray Mort, who has a profile), and it looks like he just had recently formed a pro sure what he hoped to gain by "liking" one of my runs 🤔

Alexis testified at her deposition that Mr. Kinney made several inappropriate sexual gestures during her employment with one of the Kinney Entities.  After Ms. Lamb testified about one such incic examined her and asked her if she "emailed her momma" after the incident.  Mr. Kinney did this so that he could demean the witness.  Also, whether Ms. Lamb "emailed her momma" after being relevant to the case.  Mr. Kinney went out of his way to humiliate a victim of his own misconduct.  That Mr. Kinney is now following her social media is further meant to degrade and intimidate his other reason than answering questions at a deposition Mr. Kinney himself obtained by way of subpoena.  Mr. Kinney's harassment is made worse because Mr. Kinney was the alleged perpetrato questions.  This is inexcusable behavior.

Accordingly, I believe it would be best for everyone if Mr. Kinney withdraw as counsel.  Let me know if you agree or do not agree.

Again, I believe a phone call would be useful if you have any other items you would like to discuss.

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd. Suite 510

Los Angeles, CA 90017

www.taulersmith.com

> On Jan 14, 2021, at 11:58 AM, Ray Mort <raymort@austinlaw.com> wrote:
>
> Robert,
>
> Additionally, please describe in detail what erratic behavior you are alleging, and explain how such "erratic behavior" qualifies as a basis to disqualify Mr. Kinney.