## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC,** | |
| Plaintiff | **Case No. 1:18-cv-00444-RP** |
| v. | |
| **EVAN P. JOWERS, YULIYA VINOKUROVA, LEGIS VENTURES (HK) COMPANY LIMITED, AND ALEJANDRO VARGAS,** | |
| Defendants | |
| **EVAN P. JOWERS,** | |
| Counterclaimant | |
| v. | |
| **MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED,** | |
| Counterdefendants | |

## PLAINTIFF/COUNTER-DEFENDANTS' REPLY IN SUPPORT OF MOTION
## <u>FOR PARTIAL SUMMARY JUDGMENT</u>

## I.  <u>INTRODUCTION</u>

The law on the burdens of the moving and non-moving parties for summary judgment is well settled: "On summary judgment, the moving party is not required to present evidence proving the absence of a material fact issue; rather, the moving party may meet its burden by simply 'pointing to an absence of evidence to support the nonmoving party's case.'" *Morris v. Select Portfolio Servicing Inc.*, 1:16-CV-1315-RP (W.D. Tex. Jan. 26, 2018). Here, Jowers has the burden of proof on each element of his counterclaims. To satisfy his burden, Jowers must produce more than conclusory allegations, unsubstantiated assertions, and inadmissible hearsay; he must articulate (with competent summary judgment evidence) a genuine issue of material fact on each element his claims. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Because Jowers has completely failed to establish at least one essential element for each of his counterclaims, he has failed to satisfy his summary judgment burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The Court should, therefore, grant MWK's motion and dismiss each of Jowers's counterclaims.

## II.  <u>STATUTE OF LIMITATIONS</u>

The Court has previously addressed many of Jowers's prior counterclaims in MWK's prior Motion to Dismiss under Rule 12(c). Dkt. 229 (concluding a series of Jowers's claims were barred by the statute of limitations and the limitation periods were not tolled as compulsory counterclaims). Based, in part, on the Court's prior analysis, MWK's summary judgment motion demonstrates that Jowers's remaining counterclaims suffer the same defects as the prior counterclaims. Specifically, each of Jowers's contract

and promissory estoppel counterclaims that accrued before August 19, 2015 are time barred by Texas' four-year statute of limitations for such claims. Additionally, Jowers's unjust enrichment counterclaim is barred by Texas' two-year statute of limitations.

### A.    The Texas Statute of Limitations Apply

Under the *Erie* doctrine, a federal court in Texas must apply the Texas statute of limitations even in cases involving a choice of law provision calling for out of state law. *Cypress/Spanish Fort I, L.P. v. Prof'l Serv. Indus., Inc.*, 814 F. Supp. 2d 698 (N.D. Tex. 2011) (applying the Texas statute of limitations to claims brought under a contract calling for application of Alabama law). Accordingly, this Court must apply the Texas statutes of limitation to the present claims – not the Florida statutes of limitation as Jowers asserts. The Texas statute of limitations for breach of contract claims and for promissory estoppel claims is four years from the date of accrual. For unjust enrichment claims, the Texas statute of limitations is two years from the date of accrual.

Jowers first raised his counterclaims in his original answer and counterclaims filed on August 19, 2019. Dkt. 90. Thus, all breach of contract claims and promissory estoppel claims that accrued before August 19, 2015, are time barred and must be dismissed. Additionally, because his claim for unjust enrichment accrued prior to August 19, 2017, it must also be dismissed.

### B.    Jowers's claims (other than for usury) are not compulsory counterclaims.

To avoid a time bar, Jowers asserts the statutes of limitation are tolled because his counterclaims are compulsory. He is wrong. The Court addressed the issue of what constitutes a compulsory counterclaim in its prior order. Dkt. No. 229. The test for what constitutes a compulsory counterclaim is not whether the same parties are involved or

even whether the same contractual agreement is implicated. Instead, for a claim to qualify as a compulsory counterclaim such that a statute of limitation is tolled, the court must find "the issues of fact and law greatly overlap and that a jury would hear substantially the same facts in regard to both." *Salas v. Ford Motor Credit Co.*, 1:18-CV-748-RP, 2019 WL 1472888, at *5 n.3 (W.D. Tex. Apr. 3, 2019) (cleaned up). As noted below, except for the usury claim, none of Jowers's counterclaims involve any of the same facts or issues of law as MWK's claims, and are therefore not compulsory counterclaims:

- MWK's claims relate to three primary causes of action: theft of trade secrets, breaches of two loan agreements, and breaches of two contractual covenants.

- Jowers's claims relate to breaches of contract for unpaid bonuses, unpaid office expenses, and retroactive reduction in commissions, promissory estoppel for a work visa in Hong Kong, unjust enrichment resulting from Kinney benefiting from the placements made by Jowers, and for usury.

### 1. None of Jowers's claims are compulsory counterclaims to MWK's theft of trade secret claims.

MWK's trade secret claims assert Jowers misappropriated MWK confidential information by submitting candidates for placement for his personal gain. None of Jowers's counterclaims relate in any way to the facts, law, or circumstances in MWK's claims for theft of trade secret. Therefore, none of Jowers's claims are compulsory to MWK's trade secret claims.

### 2. None of Jowers's claims are compulsory counterclaims to MWK's breach of the non-solicitation and non-compete covenants.

MWK's claims for breach of the non-solicitation and non-compete provisions in Jowers's contract assert that, following his employment with Kinney Recruiting LLC,

Jowers provided services to candidates and clients of MWK in violation of his agreement not to do so. None of Jowers's counterclaims, even those based on his employment agreement, involve facts, law, or circumstances that overlap with MWK's claims for breaches of the non-solicitation and non-compete covenants.

> ### 3. None of Jowers's claims are compulsory counterclaims to MWK's breach of the loan agreements.

MWK's claims for breach of the loan agreements assert that, following his employment, Jowers failed to repay loans of money that had been made to him by two of the MWK Entities in breach of the loan agreements. Only Jowers's usury claim has facts, law, or circumstances that substantially overlap with MWK's claims related to the loan agreements; therefore, only the usury claim is a compulsory counterclaim to MWK's claims for breaches of the loan agreements.

> ## C. The statutes of limitation bar all Jowers's claim for unjust enrichment and all claims for breach of contract and promissory estoppel that accrued prior to August 19, 2015.

Because none of Jowers's claims for breach of contract (bonuses, office expenses, retroactive reduction of commissions), promissory estoppel, and unjust enrichment are compulsory counterclaims to any of MWK's claims, the statute of limitation is not tolled for any of these causes of action and the applicable four or two-year statute of limitation applies to each of these claims from the date each claim accrued.

## III. JOWERS'S FAILURE OF PROOF

### A. Contract Claims

#### 1. COUNT I: Hong Kong Office Expenses

Jowers has failed to produce any evidence of an enforceable agreement for any MWK Entity to pay him his personal or "office expenses" in Hong Kong. His only

semblance of "evidence" is a proposed draft contract that was under consideration, which was never signed or executed, even by Jowers himself. Resp. at 8 (Jowers asserting the "Hong Kong Contract" as the only basis for his claim for "office expenses."). An unsigned, unexecuted, draft agreement is not a contract. Because this is not a contract, it cannot be breached. Because Jowers has failed to provide any admissible evidence of an enforceable contract requiring any MWK Entity to pay him his personal "office expenses," Jowers has failed to meet his summary judgment burden. The Court should, therefore, dismiss his claims for breach of contract for office expenses.

### 2.      COUNT II: Unpaid Bonuses

Jowers has failed to produce any evidence of a contractual obligation for any of the MWK Entities to pay him a bonus. To be enforceable under Florida law, an agreement to pay a bonus must set forth "the amount or method of calculating" the bonus, because this is an essential term of the alleged contract. *See Uphoff v. Wachovia Sec., LLC*, No. 09-80420, 2009 U.S. Dist. LEXIS 116679, at *6-11 (S.D. Fla. Dec. 14, 2009) (dismissing breach-of-contract claim where plaintiff seeking payment of bonus did not plead contract's essential term of amount or means of calculating bonus). Here, the only semblance of evidence Jowers references to support his claim is an internal communication of MWK relating to the payment of a discretionary bonus to Jowers. Tauler Decl., at ¶¶9-10, Ex. H-I. An internal communication not involving Mr. Jowers, however, even one regarding how much bonus might be paid to him, is not an agreement, nor does it set forth the "amount or method of calculating" a bonus, as is required to be enforceable under Florida law. Because Jowers has failed to produce an enforceable agreement (including an agreement setting forth the amount or method of calculating)

to pay him a bonus, he has failed to meet his summary judgment burden. Accordingly, the Court should dismiss Jowers's claims for unpaid bonuses.

### 3.   COUNT III: Retroactive Reduction of Commissions

Jowers has failed to produce any evidence that any commission amount he was due was reduced, much less reduced retroactively in violation of his Employment Agreement. In his response, he asserts two circumstances for his counterclaim for breach of contract: one involving Hui Zhu and one involving unidentified placements that occurred between 2014 and 2016. Because he has failed to provide evidence supporting his claim that his commissions were retroactively reduced in violation of his Employment Agreement, both claims should be dismissed.

### a.   Commission for Hui Zhu

With respect to Hui Zhu, Jowers asserts he received a commission of 70%. Resp. at 9 (Jowers saying that he was "only credited with 70% of the placement fee"). With respect to Hui Zhu, Jowers fails to provide any evidence he was ever entitled to a commission greater than 70%. Without such evidence, Jowers cannot establish that the 70% commission he received was a reduction or that it is a retroactive reduction of his commission. Further, the only evidence of record regarding his commissions is the Employment Agreement. At the time of signing, this agreement provided for a maximum commission of 65%. Dkt. 80-1, at 9. Thus, the evidence of record demonstrates that his claim of receiving a 70% commission is not a reduction of his commission – it represents an increase. Because Jowers has failed to show a reduction in his commission and that any such claimed reduction was retroactive, Jowers has failed to meet his summary judgment burden. The Court should, therefore, dismiss Jowers's counterclaim with respect to his breach of contract claim related to Hui Zhu.

**b.** **Commissions for unidentified placements between 2014 and 2016**

As with his response regarding Hui Zhu, Jowers has failed to provide any evidence demonstrating a retroactive reduction in commissions with respect to the unidentified placements between 2014 and 2016. Further, Jowers has failed to provide any evidence of any actual commission he received for any placement. Instead, Jowers provides only an unverified "summary" hearsay table of numbers admittedly generated by his attorney's staff. Resp. at 10; Tauler Decl., at ¶16 (stating that the table was generated by his staff). Jowers has failed to provide any underlying admissible evidence supporting this summary table. Such assertions are not competent evidence that can be relied upon in support of responding to a motion for summary judgment. *Penta v. Cenlar Capital Corp.*, 2020 U.S. Dist. LEXIS 242569, 2020 WL 7695831; *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (hearsay evidence and unsworn documents do not qualify as competent summary judgment evidence).

Further, the summary table is internally inconsistent, and therefore unreliable even if it were admissible. For example, in the "total" row, the table shows Jowers received $3,678,593 in commissions for the years 2014-2016. However, the sum of commissions he asserts he earned under the Employment Agreement for same period total equals $2,844,114 ($920,020 + $1,057,617 + $872,477). Thus, according to Jowers's chart, he received more than what he earned. Additionally, this summary table does not identify the commission % he contends he was due or the commission % he contends he received. Without evidence of either, he cannot plausibly meet his burden to show his commission was retroactively reduced. The Court should, therefore, dismiss Jowers's counterclaim with respect to his breach of contract claim related to the unnamed placements in 2014-2016.

**B.     Count IV - Promissory Estoppel**

Jowers has failed to produce any evidence of "foreseeability of reliance" (by Jowers) on any purported promise by an MWK Entity to apply for a Hong Kong work visa. To meet his summary judgment burden, he must, at a minimum, produce admissible evidence that it was foreseeable he would rely on a promise and that he in fact did substantially rely on the promise to his detriment. *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014). While Jowers's response is long on argument regarding alleged promises, it is completely devoid of any evidence that Jowers relied on any purported promise to his detriment.[1] Instead, Jowers's evidence, at best, suggests Jowers hoped an MWK Entity would apply for a visa on his behalf. Resp. at 12 (describing how Jowers repeatedly urged that a visa application was important for him and that he wanted one). This is not evidence of detrimental reliance needed to establish a claim for promissory estoppel. *Germeyer v. HFG Engineering US Inc.*, 2010 U.S. Dist. LEXIS 99461, 2010 WL 3749392 (S.D. Tex. Sep. 22, 2010) (dismissing claims of promissory estoppel on summary judgment for failure to exhibit detrimental reliance on the alleged promises). Because Jowers has failed to produce any evidence for a required element of promissory estoppel, he has failed to meet his summary judgment burden. Accordingly, the Court should dismiss his counterclaim for promissory estoppel.

**C.     Count IX - Usury**

A party claiming usury has the burden of proof. *Am. Century Mortg. Inv'rs v. Reg'l Ctr., Ltd.*, 529 S.W.2d 578, 583 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). Jowers

---

[1] Jowers's evidence is also lacking regarding whether there was a sufficiently definite promise to justify any reliance. *See Emeribe v. Wells Fargo Bank, N.A.*, 2013 WL 140617, at *8(S.D. Tex. Jan 10, 2013) (dismissing a complaint in which the plaintiff had been repeatedly told that the defendant bank was processing short sale paperwork for lack of a sufficiently definite promise).

has failed to present any evidence that MWK committed usury. Instead, Jowers improperly attempts to shift the burden back to MWK to disprove usury. Resp. at 11. At a minimum, Jowers has the burden to provide a scintilla of evidence that MWK has "exact[ed]..a greater compensation than allowed by law for [Jowers's] use of [loaned] money." *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994). Jowers failed to even identify an alleged interest rate or other compensation greater than allowed by law, much less provide evidence supporting his claim. Because Jowers has failed to produce any evidence at all, Jowers has failed to meet his summary judgment burden. His claim for usury should be dismissed.

### D.   Count XI - Unjust Enrichment

Jowers has failed to produce any evidence of having provided a benefit to any MWK Entity that they were not entitled to contractually. When there is a valid express contract that covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory. *Becker v. National Education Training Group, Inc.*, No. 3:01-CV-1187-M, 2002 WL 31255021, at *1 (N.D. Tex. Oct. 7, 2002) (Lynn, J.) (dismissing unjust enrichment claims where the parties' employment relationship was governed by contract). The only benefit that Jowers identifies in his response that any MWK Entity received from him was the profit or commission from the placement fees earned by Jowers. Jowers's employer was entitled to the associated revenue by virtue of the employment agreement. Because the only benefit he cites is governed by his agreements, Jowers has no valid claim for unjust enrichment and it should be dismissed.[2]

---

[2] Jowers includes additional spurious and unpled claims that relate to a slush fund and lending practices, none of which relates to any potential claim for unjust enrichment.

IV.     **CONCLUSION**

All Jowers's causes of action that accrued before August 19, 2015, should be dismissed. Because Jowers's claim for unjust enrichment accrued while he was working for the MWK Entities, it is completely time barred because it accrued prior to August 19, 2017, and it should be dismissed for this reason. Where they are not time barred, Jowers's claims should be dismissed for failure of proof.

Dated:  February 3, 2021                     Respectfully Submitted

                                             /s/ Robert E. Kinney
                                             Robert E. Kinney
                                             Texas State Bar No. 00796888
                                             Robert@KinneyPC.com

                                             **Robert E. Kinney**
                                             824 West 10th Street, Suite 200
                                             Austin, Texas 78701
                                             Tel: (512) 636-1395

                                             Raymond W. Mort, III
                                             Texas State Bar No. 00791308
                                             raymort@austinlaw.com

                                             **THE MORT LAW FIRM, PLLC**
                                             100 Congress Ave., Suite 2000
                                             Austin, Texas 78701
                                             Tel/Fax: (512) 865-7950

                                             **ATTORNEYS FOR PLAINTIFF AND
                                             COUNTER-DEFENDANTS**