IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br>        Plaintiff,<br>v.<br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br>        Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>        Counterclaimant,<br><br>v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>        Counter-defendants. | |

**EVAN P. JOWERS'S MOTION TO COMPEL COMPLIANCE OF USDC WESTERN DISTRICT OF TEXAS ADMISSIONS COMMITTEE WITH SUBPOENA TO <u>PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
    I.     INTRODUCTION ........................................................................................... 1
    II.    RELEVANT PROCEDURAL BACKGROUND ........................................... 2
    III.   ARGUMENT .................................................................................................. 5
          A.     Legal Standard .................................................................................... 5
          B.     Due Process Demands Production of the Documents Sought ........... 5
    IV.   CONCLUSION ............................................................................................... 7
CERTIFICATE OF CONFERRING ........................................................................................ 7
DECLARATION OF ROBERT TAULER ............................................................................... 8
CERTIFICATE OF SERVICE ................................................................................................ 10

## **TABLE OF AUTHORITIES**

Cases

*Ex parte Garland*, 4 Wall. 333, 379, 18 L.Ed. 366 ................................................................. 5

*Schware v. Board of Bar Examiners*, 353 U.S. 232 ............................................................. 2, 5

*Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96 .................................. 2, 5, 6

Rules

Fed. R. Civ. P. 45(a)(1)(A)(iii) ................................................................................................ 5

Fed. R. Civ. P. 45(e)(2)(A) ...................................................................................................... 5

Evan P. Jowers ("Jowers" or "Defendant") respectfully moves for an order to compel compliance from the Western District of Texas Admissions Committee (the "Committee") with his Subpoena to Produce Documents, Information or Objects (the "Subpoena").

## I. INTRODUCTION

Mr. Jowers' counsel is currently admitted *pro hac vice*, and since his former counsel DLA Piper withdrew from the case in June 2020 before new local counsel could be retained, Mr. Jowers has not had local counsel admitted in the Western District. Mr. Jowers' counsel applied for admission in the Western District in September 2020, and the Court has recently stated that Mr. Jowers could only have an attorney if that attorney was a member of the Western District. Given the proximity of trial, Mr. Jowers' ability to defend himself in this case is dependent on an investigation by the Western District of Texas Admissions Committee that is not influenced by outside parties and otherwise complies with procedural due process.

Opposing counsel would gain a massive tactical advantage if Mr. Jowers were deprived of the counsel of his choosing at this time.[1] In this regard, the Court has already been made aware that "a third party (presumably MWK or its counsel) had brought the Court's order of December 18, 2020, to the Committee's attention." (Dkt. 252). Newly acquired evidence demonstrates that, in fact, Plaintiff Robert Kinney (who is also counsel of record for Plaintiff) covertly provided the Committee with *ex parte* communications related to Jowers' counsel in order to influence the outcome of their deliberations.

Specifically, Robert Kinney recently admitted in sworn deposition testimony that unbeknownst to Jowers and Jowers' counsel, he hand delivered materials to the Committee to for

---

[1] Assuming Mr. Jowers is able to obtain substitute counsel, they would be tasked with familiarizing themselves with the complex claims, defenses, procedural history, and over 500,000 documents produced in the case before the motion cut off in March and the June trial.

the Committee's review of Jowers' counsel's admission in an effort to negatively influence Jower's counsel's admission, and in turn leave Jowers without defense counsel months before trial.

Given the serious prejudice to Mr. Jowers if the Committee were improperly influenced, Jowers issued a subpoena to the Committee requesting production of Mr. Kinney's *ex parte* communications so that Mr. Jowers can defend against whatever accusations Mr. Kinney made that could possibly have any influence on the Committee. However, the Committee has refused to comply, citing a blanket "privilege" as the basis for withholding these communications.

It is well-settled that the government cannot exclude a person from the practice of law by way of processes "that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238—239. Procedural due process requires confrontation and cross-examination of those whose word deprives a person of his livelihood. *Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96 (applicant entitled to *ex parte* communications and confrontation of witnesses which committee bases its recommendation).

The Court should order the Committee to provide the documents sought in the subpoena.

## II.     RELEVANT PROCEDURAL BACKGROUND

Counsel for Jowers initiated the process for admission to the Western District of Texas on September 2, 2020.  (Declaration of Robert Tauler ["Tauler Dec."] ¶ 2, Exhibit A), and informed opposing counsel, Ray Mort and Robert Kinney of the application on September 3, 2020. *Id*. Opposing counsel Ray Mort responded to Mr. Tauler at the time to "keep us informed when your application is submitted. We have input to provide the admission committee." *Id*.

Mr. Mort's threat was confirmed when the Court issued its January 15, 2021 Order (Dkt. 252), which stated in relevant part:

> "[W[hen the Court inquired into the status of Mr. Tauler's application for admission to the bar of this Court, it was informed by the Committee for Admissions for the Austin Division that the application is under review by the Committee, and that a third party (presumably MWK or its counsel) had brought the Court's order of December 18, 2020, to the Committee's attention"

At this time, it became evident that Mr. Mort and Mr. Kinney were not only following through on its threat to provide the Committee with materials, they began *generating* a false record in the present case to negatively impact Jowers' counsel's application.

Specifically, after Mr. Mort's September 3rd email, and for the first time since Mr. Tauler's appearance in the case, Messrs. Mort and Kinney began to make scurrilous and false personal attacks about Mr. Tauler in email communications, including Mr. Mort stating in an email dated September 16, 2020 that he would not speak to me on the phone because Mr. Tauler engaged in "rants and yelling on endless phone calls." (Tauler Dec. ¶ 2, Exhibit B.) The truth is that Mr. Jowers' current counsel has never spoken to Mr. Mort on the phone, other than one instance where Mr. Mort instantly hung up the phone, insisting instead to communicate only by email. (Tauler Dec. ¶ 4.)

It was only after Messrs. Mort and Kinney were made aware of Jowers' counsel's pending admissions application that they began including attacks against Mr. Tauler's moral character in various discovery motions.  For example, in Plaintiff's Opposition to Jowers' Motion to Compel, filed on September 8, 2020, included an entire section entitled, "Prior Problems with Tauler" which set forth derogatory accusations and inaccurate remarks about Jowers' counsel's unrelated out of state cases, that they urged should make Jowers' counsel ineligible for "full admission to the Western District of Texas." ((Dkt. 204 at p. 6)

Because of the gravity of Mr. Kinney and Mr. Mort's misconduct in attempting to influence the admissions committee's review of Defendant Jowers' counsel's admission application, and the destructive intended effects to Defendant Jowers ability to defend himself in a pending matter, Jowers and his counsel sought production from the Committee of Kinney and Mort's covertly submitted materials. (Tauler Dec. ¶ 5, Exhibit C.) The subpoena sought, *inter alia*:

- All COMMUNICATIONS between any of YOUR members and any representative of any of the KINNEY ENTITIES, including attorney Raymond Mort, III, REGARDING TAULER.

- All COMMUNICATIONS between any of YOUR members and any third party REGARDING TAULER.

These documents in particular are necessary for Jowers and his counsel to determine how, when, and who provided information to the Committee, so that they may properly defend their rights. The other categories of documents, including materials relied on by the Committee should also be provided to Jowers and his counsel, so that they may properly understand what in fact the Committee is considering in its review.

The Committee has indicated by way of letter dated February 24, 2021 that they will not produce any documents, on the grounds that information provided by outside parties (including opposing counsel Kinney and Mort) are "privileged and confidential" without addressing any of the subpoena's specific requests. (Tauler Dec. ¶ 6.)  The Committee's letter, which is also designated as "confidential," provides that Local Rule AT-2 relating to "meet and confer" efforts had been complied with by way of the Committee's singular communication on the subject. (Tauler Dec. ¶ 7.)

### III.     ARGUMENT

A.     **Legal Standard.**

A party may serve a subpoena commanding a non-party "to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Under Federal Rule of Civil Procedure 45(d)(2)(B)(i), "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Federal Rule of Civil Procedure 45(e)(2)(A) states: "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

B.     **Due Process Demands Production of the Documents Sought.**

The requirements of procedural due process must be met before a district court can issue any recommendation regarding admission to practice. *Willner v. Committee on Character and Fitness*, 373 U.S. 96, 102 (1963). Moreover, the government cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238—239; *Ex parte Garland*, 4 Wall. 333, 379, 18 L.Ed. 366, (the right is not "a matter of grace and favor").

Procedural due process "often requires confrontation and cross-examination of those whose word deprives a person of his livelihood." *Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96, 103. In *Willner*, the committee for admission was provided *ex parte*

communications regarding an applicant, and the committee refused to provide them to the applicant in a manner by which the applicant could defend himself against the accusations. According to *Willner*, an applicant for admission to practice law should receive *ex parte* communications from the committee, so that the applicant may adequately defend itself, and confront any witnesses who come forward against their interests. As the Court stated, "the need for confrontation is a necessary conclusion from the requirements of procedural due process in a situation such as this*." Id.* at 104. There need not be any evidence of impropriety by the Committee. Rather, it is enough that the Committee "*may* have been motivated in its conclusion by charges made against the petitioner by certain informants," since "the evaluation [] would necessarily depend upon estimates of credibility." *Id.* at 108 (concurring opinion of Justices Brennan, Stewart and Goldberg)(emphasis added).

      Here, the Committee has not only been provided information *ex parte*, it was provided <u>by an opposing litigant and opposing counsel in a currently pending matter</u>. The Committee should provide Mr. Jowers and his counsel with the information it received as a matter of due process. The Committee is not exempt from the due process clause, nor can the Committee withhold *ex parte* communications from Plaintiff and Plaintiff's counsel as "privileged," In no way do the Committee's claims of "privilege" eclipse Mr. Jowers' Constitutional rights; namely, procedural due process as articulated in *Willner*. To hold otherwise would advance the objective of one litigant of this case (Kinney) at the expense of another (Jowers) through quasi-judicial governmental process shrouded in secrecy. Such secrecy could only help Kinney, and could only hurt Jowers, by potentially depriving Mr. Jowers' ability to have his counsel of choosing at a critical stage of the case without the safeguards of procedural due process protected by the Constitution..

## IV. CONCLUSION

The Court should compel the Admissions Committee to comply with the Subpoena.

DATED: February 26, 2021                    Respectfully submitted,

                                                      By:     */s/ Robert Tauler*
                                                              Robert Tauler, Esq.
                                                              Texas State Bar No. 24122095
                                                              rtauler@taulersmith.com
                                                              Tauler Smith LLP
                                                              100 Congress Ave., Suite 2000
                                                              Austin, TX 78701
                                                              Telephone: (512) 456-8760

                                                          **COUNSEL FOR DEFENDANT**
                                                          **AND COUNTERCLAIMANT**
                                                          **EVAN P. JOWERS**

## CERTIFICATE OF CONFERRING

I am counsel for Evan P. Jowers, the moving party. Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, I hereby certify that I have in good faith conferred or attempted to confer with the representative of the Western District of Texas Admissions Committee in this action, in an effort to obtain without court action the subpoenaed productions of documents and things.

                                                              */s/ Robert Tauler*
                                                              Robert Tauler

**DECLARATION OF ROBERT TAULER**

I, Robert Tauler, hereby declare as follows:

1. I am counsel of record for Evan P. Jowers in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2. I initiated the process for admission to the Western District of Texas on September 2, 2020. Attached hereto as Exhibit A is a true and correct copy of emails between myself, Ray Mort, and Robert Kinney, dated September 2, 2020, through September 3, 2020, informing them of my application.

3. After September 2, 2020, and for the first time since my appearance in the case, Messrs. Mort and Kinney began to make scurrilous and false personal attacks on me in email communications, including Mr. Mort stating in an email dated September 16, 2020 that he would not speak to me on the phone because I engaged in "rants and yelling on endless phone calls." Attached hereto as Exhibit B is a true and correct copy of that email.

4. I have never spoken to Mr. Mort on the phone, other than one instance where he instantly hung up on me.

5. Attached hereto as Exhibit C is a true and correct copy of a Subpoena to Produce Documents, Information, or Objects directed to the USDC Western District of Texas Admissions Committee, dated February 19, 2021.

6. The USDC Western District of Texas Admissions Committee has refused to comply with the Subpoena, by way of letter dated February 24, 2021, on the grounds that information provided by outside parties (including opposing counsel) are "privileged and confidential," without addressing any specific requests.

7.     The February 24, 2021 letter, which itself stated that it was "confidential," also provided that Local Rule AT-2 relating to "meet and confer" efforts had been complied with by way of the Committee's singular communication on the subject.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Los Angeles, California on February 26, 2021.

*/s/ Robert Tauler*
Robert Tauler

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 26, 2021, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

A copy of the foregoing document was also served, on February 26, 2021, to the USDC Western District of Texas Admissions Committee by overnight FedEx delivery and email to the following address:

USDC Western District of Texas
Admissions Committee
c/o Gary E. Zausner, Enoch Kever
7600 N. Capital of Texas Hwy.
Building B, Suite 200
Austin, TX 78731
*gzausmer@enochkever.com*

               */s/ Robert Tauler*
               Robert Tauler