## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

MWK RECRUITING, INC.

        Plaintiff,

   v.

EVAN P. JOWERS, YULIYA
VINOKUROVA, ALEJANDRO VARGAS,
and LEGIS VENTURES (HK) COMPANY
LIMITED (aka Jowers / Vargas),

        Defendants.

---

EVAN P. JOWERS

        Counterclaimant,

   v.

MWK RECRUITING, INC., ROBERT E.
KINNEY, MICHELLE W. KINNEY,
RECRUITING PARTNERS GP, INC.,
KINNEY RECRUITING LLC, COUNSEL
UNLIMITED LLC, and KINNEY
RECRUITING LIMITED

        Counter-defendants.

Civil Action No. 1:18-cv-00444



Exhibit No.
B

### NOTICE OF SUBPOENA OF USDC WESTERN DISTRICT OF TEXAS ADMISSIONS COMMITTEE

To:    MWK RECRUITING INC. (also known as COUNSEL HOLDINGS INC.), ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED, by and through their attorneys, Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com; Raymond W. Mort, III, The Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701, raymort@austinlaw.com; and Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas 78701, robert@kinneyrecruiting.com

Please take notice that the attached Subpoena to Produce Documents, Information, or Objects is being served upon the USDC Western District of Texas Admissions Committee.

DATED:  February 25, 2021                     TAULER SMITH LLP

                                              By:      /s/ Robert Tauler
                                               Robert Tauler, Esq.
                                              Texas State Bar No. 24122095
                                              rtauler@taulersmith.com
                                              Tauler Smith LLP
                                              100 Congress Ave., Suite 2000,
                                              Austin, TX 78701
                                              Telephone: (512) 456-8760

                                              **COUNSEL FOR DEFENDANT
                                              AND COUNTERCLAIMANT
                                              EVAN P. JOWERS**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| MWK RECRUITING, INC. | ) |
| *Plaintiff* | ) |
| EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas) | ) Civil Action No.  1:18-cv-00444 |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      USDC Western District of Texas Admissions Committee
c/o Gary E. Zausner, Enoch Kever
7600 N. Capital of Texas Hwy., Building B., Suite 200, Austin, TX 78731
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: Planet Depos<br>100 Congress Avenue, Suite 2000<br>Austin, TX 78701 | Date and Time:<br><br>February 26, 2020; 11:00am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      February 19, 2021

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Evan P. Jowers _____, who issues or requests this subpoena, are:
Robert Tauler, Tauler Smith LLP, 626 Wilshire Blvd., Suite 510, Los Angeles, CA 90017, (213) 927-9270

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00444

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### <u>ATTACHMENT A</u>
### DEFINITIONS

1.      The term "YOU" or "YOUR" or "RESPONDING PARTY" refers to the Responding Party, USDC Western District of Texas Admissions Committee, as well as its attorneys, accountants, investigators, bankers, agents, employees, officers, representatives, consultants, experts or other persons acting on behalf of Responding Party or under its control, directly or indirectly.

2.      The term "KINNEY ENTITY" means any and all entities owned by or controlled by Robert E. Kinney and/or Michelle W. Kinney, including without limitation, MWK Recruiting Inc., Counsel Holdings Inc., MWK Recruiting LLC, Kinney Recruiting Limited, Recruiting Partners GP, Inc., Kinney Recruiting, L.P., Kinney Recruiting GmbH, Counsel Unlimited LLC, Kinney Recruiting LLC, and Kinney Overseas LLC.

3.      The term "JOWERS" means Evan P. Jowers.

4.      The term "TAULER" means Robert Tauler.

5.      The terms "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  Documents include handwritten and/or typed notes and/or handwritten and/or typed entries in computer software, handheld devices, social media networks, emails, chat services, computer discs, personal diaries, business diaries, calendars and/or appointment calendars that evidence, refer or relate to the subject matter of each Request herein.

6.      The term "PERSON" refers to any natural person, firm, corporation, unincorporated association, partnership or other form of legal entity or governmental body, including its agents and representatives.

7.      The terms "CONCERNING" or "REFLECTING" or "RELATING TO" shall mean relating to, referring to, concerning, reflecting, describing, evidencing or constituting.

8.      "REQUESTS" shall mean these Requests for Production of Documents.

### INSTRUCTIONS

1.      These Instructions and Definitions require responses based upon the information available to Responding Party as well as his attorneys, representatives, investigators, and others

acting on Your behalf or under Your control. These requests include any and all relevant documents within Your possession, custody, or control, including, without limitation, documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, accountants, or others under Your control.

2.      A Document is within Responding Party's possession, custody, or control if You are able to obtain a copy with a reasonable expenditure of time, effort, expense, or influence. *See In re Wells*, 426 B.R. 579 (N.D. Tex. 2006) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992) (citing cases from various circuits)); *Southern Filter Media, LLC v. Halter*, 2014 U.S. Dist. LEXIS 120837, 14-15 (M.D. La. Aug. 29, 2014) ("Documents are deemed to be within the 'possession, custody or control' of a responding party if that party either has 'actual possession, custody or control' of the documents or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non- party to the action.' "(citing *Estate of Monroe v. Bottle Rock Power Corp.*, No. 03 2682, 2004 U.S. Dist. LEXIS 5737, 2004 WL 737463, at *10 (E.D. La. April 2, 2004)).

3.      If Responding Party is truly unable to produce a responsive document, state in writing why; if the inability to produce the Document or the property is because it is not in Your actual physical possession or the possession of a person from whom You could obtain it, state the name, address, and telephone number of any person You believe may have the original or a copy of any such Document.

4.      If Responding Party objects to any portion or any aspect of any Request, state the grounds of the objection with specificity and respond to the remainder of the Request as fully as the Responding Party is able.

5.      If Responding Party intends to object to any Request on the ground that it is overbroad or unduly burdensome for any reason, You must respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad or unduly burdensome and You must state specifically the extent to which You have narrowed that Request for purposes of Your limited understanding and You must provide the factual basis for Your conclusions. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted); *Acme Truck Line v. Gardner*, 2014 U.S. Dist. LEXIS 164849, 4-5 (S.D. Tex. Nov. 25, 2014) ("For good cause to exist, the party seeking to limit the disclosure must make more than conclusory allegations that specific prejudice or harm will result if no

protective order is granted."); *Gordon v. Greenville Indep. Sch. Dist.*, 2014 U.S. Dist. LEXIS 162729 (N.D. Tex. Nov. 20, 2014) ("A party resisting discovery must show specifically how each request is not relevant or otherwise [is] objectionable).

6.      If, in answering these Requests, Responding Party encounters any ambiguities when construing a Request, Instruction, or Definition, set forth the matter deemed ambiguous and the construction You used in responding.

7.      For any responsive Documents or tangible things that have been lost, destroyed, or withheld from production based on any ground, provide a written statement setting forth:

    a.      the identity of the document(s);

    b.      the nature of each document (e.g., letter, memorandum, chart);

    c.      the identity of the person(s) who received copies of the document;

    d.      the date of the document;

    e.      a brief description of the subject matter of the document; and

    f.      the circumstances of the loss or destruction and any fact, statute, rule, or decision upon which You rely in withholding the document.

8.      Where Responding Party asserts any privilege or immunity in responding or objecting to any of these requests and information is not provided on the basis of such assertion, identify the nature of the privilege or immunity. When any privilege is claimed, You must indicate, as to the information requested, whether: (i) any documents exist; or (ii) any communications took place; and (iii) also provide the following information for each such document in a "privileged documents log" or similar format:

    a.      the type of document;

    b.      the general subject matter of the document;

    c.      the date of the document;

    d.      the author(s) of the document;

    e.      the addressee(s) and any other recipient(s) of the document; and

    f.      the custodian of the document, where applicable.

9.      If responsive Documents are maintained in a file, the file folder itself is responsive  and should be produced along with the responsive Documents.

10.     All Documents requested are to be produced in the same file or other organizational environment in which they are or were maintained. For example, a Document that

is part of a file, docket, or other grouping, should be physically produced together with all other Documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each Document and thing produced in response hereto, You shall identify the Request for production in response to which the Document or thing is being produced.

11.     These requests seek all responsive Documents in their original language and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such Documents.

12.     Each Document is to be produced along with all drafts, without abbreviation or redaction.

13.     These Requests are continuing; You are required to supplement Your responses at least in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     ALL DOCUMENTS RELATING TO TAULER.

2.     ALL COMMUNICATIONS RELATING TO TAULER.

3.     ALL DOCUMENTS RELATING TO JOWERS.

4.     ALL COMMUNICATIONS RELATING TO JOWERS.

5.     All COMMUNICATIONS between any of YOUR members and any representative of any of the KINNEY ENTITIES, including attorney Raymond Mort, III, REGARDING TAULER.

6.     All COMMUNICATIONS between any of YOUR members and any third party REGARDING TAULER.

7.     A complete list of all members of the YOUR Membership Committee for the Western District of Texas.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2021, I electronically served the foregoing document by email, pursuant to agreement of the parties, addressed as follows to counsel of record:

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX 78701
*robert@kinneyrecruiting.com*

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX 78701
*raymort@austinlaw.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

/s/Robert Tauler