**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MWK RECRUITING, INC.** | § | |
| | § | |
| **VS.** | § | **No. 1:18-cv-0444 RP** |
| | § | |
| **EVAN P. JOWERS, et al.** | § | |

**ORDER**

The downward spiral of this case into absurdity seems to have no end. Before the Court at this time is Evan Jowers' Motion to Compel Compliance of USDC Western District of Texas Admissions Committee with Subpoena (Dkt. No. 263), and the Plaintiff's Response (Dkt. No. 264). The issue presented by the motion is whether the Court should compel compliance with a document subpoena Jowers served on this Court's Admissions Committee, requesting documents surrounding the Committee's consideration of Robert Tauler's application for admission to the bar of this Court.

Tauler—Jowers' attorney in this case—applied for admission to this Court after the undersigned ordered that he associate co-counsel in the case who was licensed to practice in the Western District of Texas, and who resided in the Austin Division of the District. Dkt. No. 236. As noted in a prior order (Dkt. No. 252), Tauler responded to this directive by obtaining admission to the State Bar of Texas, opening some sort of office in Austin, and applying for admission to the Western District. As also noted in that order, when the Court inquired into the status of Tauler's application, the Committee informed the Court that the application was under consideration. The Court thus stated that it would await the Committee's determination, and in the meantime permitted Tauler to continue appearing as counsel in this case *pro hac vice*.

Perhaps unsurprisingly (given the bizarre path this case has taken) on February 19, 2021, Jowers served the Admissions Committee with a subpoena issued under the heading of this case.

The subpoena requested the production of six categories of documents relating to Jowers, Tauler, and the Kinney entities, as well as a list of the Committee's members. *See* Dkt. No. 263 at 11, 263-3 at 8. It would be reasonable at this point to pause and ask, "Why in the world would a party in a pending lawsuit that raises trade secret, non-competition and related issues serve a subpoena on a court admissions committee?" The back story is apparently that Kinney "hand delivered materials to the Committee to [sic] for the Committee's review of Jowers' counsel's admission in an effort to negatively influence Jower's counsel's admission." Dkt. 263 at 4-5. Wanting to know what those documents were, Tauler ("Jowers' counsel") served the subpoena on the Committee. Tauler states in an affidavit attached to this motion that the Committee has objected to the subpoena via letter, and has declined to produce documents. (He does not attach the letter, however.) The sole argument in support of the motion to compel is that Tauler has a right to due process with regard to the Committee's consideration of his application for admission, and the requested documents are relevant to whether he's been denied due process. In other words, the motion is a vehicle for Tauler to litigate his grievances regarding his application for admission to this Court, and Kinney's actions related to it.

For a third-party subpoena to be proper, it must, among many other things, seek information that is relevant to the lawsuit in which the subpoena was issued. *See, e.g., Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820-21 (5th Cir. 2004). Whether Robert Tauler's due process rights in regard to his application for admission to the bar of this Court have been violated is quite plainly *not* one of the issues presented in this lawsuit. Because the subpoena seeks materials that are irrelevant to any claim or defense raised by the parties to this case, Evan Jowers' Motion to Compel

Compliance of USDC Western District of Texas Admissions Committee with Subpoena (Dkt. No. 263) is **DENIED**.

The Court has been extremely patient with Tauler the past several months, despite his erratic behavior and combative filings. The present motion is the last straw, however, as the undersigned's patience has run out. Tauler is **WARNED** that any further abuses of process such as the present subpoena and motion to compel, any violation of rules, or any other misconduct will result in sanctions in addition to those that are already under consideration for past actions.

SIGNED this 8th day of March, 2021.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE