IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br>      Plaintiff,<br>v.<br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br>      Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>      Counterclaimant,<br><br>v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>      Counter-defendants. | |

**EVAN P. JOWERS'S OBJECTIONS TO MAGISTRATE'S ORDER
REGARDING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

    I.     INTRODUCTION ........................................................................................... 1

    II.    LEGAL STANDARD ..................................................................................... 4

    III.   SPECIFIC OBJECTIONS................................................................................ 4

    IV.   STATEMENT OF RELEVANT FACTS ....................................................... 5

    V.    ARGUMENT ................................................................................................... 7

        A.  The Subpoena Seeks Relevant Materials ............................................... 7

            1.  Mr. Jowers' Right to the Attorney of His Choosing ..................... 7

            2.  The Subpoena is Relevant to the "Claims and Defenses" ............. 7

        B.  The Magistrate's Order Does Not Address Jowers' Constitutional Arguments Regarding Due Process ....................................................... 8

        C.  The Magistrate's Order Does Not Address the Western District of Texas Admissions Committee's Only Objection that Communications Between Itself and Jowers' Opposing Counsel in this Case are "Privileged" ................ 9

    VI.   CONCLUSION ............................................................................................... 9

DECLARATION OF ROBERT TAULER ....................................................................... 11

CERTIFICATE OF SERVICE ......................................................................................... 11

# TABLE OF AUTHORITIES

Cases

*Dunster Live, LLC v. LoneStar Logos Management Company, LLC* (5th Cir. 2018) 908 F.3d 948 ................................................................................................................................ 7

*Gabriel Techs. Corp.*, 2013 WL 410103 ..................................................................................... 7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................................ 7

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606 (S.D.N.Y. 2018) ............ 7

*Matthew Bender & Co. v. West Publ'g. Co.,* 240 F.3d 116 (2d Cir. 2001) .................................. 7

*Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96 ........................................... 8

Statutes

28 U.S.C. §636(b)(l)(A) ........................................................................................................... 1, 4

Rules

Tex. Civ. Prac. & Rem. Code § 134A.005 ................................................................................... 7

Western District of Texas Local Rules, Appendix C, Rule 4(a) ............................................... 1, 4

Evan Jowers ("Jowers") files the following Objections to the United States Magistrate Judge's Order Regarding Jowers's Motion to Compel Compliance of USDC Western District of Texas Austin Division Admissions Committee (the "Committee")[1] with Subpoena (the "Motion") (herein after referred to as the "Magistrate's Order.") On March 8, 2021, Honorable Magistrate Judge Austin issued an ORDER (Dkt. 265) Denying Jowers's Motion to Compel Compliance of Subpoena to USDC Western District of Texas Admissions Committee. Jowers appeals the Magistrate's Order, pursuant to 28 U.S.C. §636(b)(1); Local Rules Appendix C, Rule 4(a) as follows.

## I. INTRODUCTION

This is a matter that requires the district court's immediate attention and intervention. It is manifestly unjust that an anonymous quasi-judicial body (the Committee) decide whether or not Evan Jowers has counsel in this case based on materials provided (*ex parte*) by Jowers's opposing counsel, Robert Kinney, in this case. Jowers's sought these communications and was denied the opportunity to know what opposing counsel has communicated to the Committee. The Magistrate Judge (who was not referred the matter) issued an Order denying Jowers's right to obtain highly relevant evidence of misconduct. (Dkt 265). The Magistrate's Order is clearly erroneous for the following reasons.

First, an opposing litigant's conduct to influence the case through ex parte and secret communications is highly relevant. The Magistrate's own December 18, 2020 Order made it a requirement that Jowers obtain counsel admitted in the Western District. The Magistrate also

---

[1] The names of the Committee members are nowhere listed publicly on the Court's website or in any public press release of any sort. When counsel for Jowers inquired as to the membership of the Committee, he was told that this information was not made public to protect the identities of the Committee members, or words to that effect. (Declaration of Robert Tauler ["Tauler Dec."], ¶ 2.)

specifically detailed the wrongdoing of Mr. Kinney in his subsequent order (Dkt. 252) (stating that "a third party (presumably MWK or its counsel) had brought the Court's order of December 18, 2020, to the Committee's attention" and concluding "if the Committee does not act favorably on the application, then an attorney licensed in the Western District of Texas who resides in the Austin Division will need to appear in the case on behalf of Mr. Jowers."). Thus, if the Magistrate Judge mentioned the misconduct in its own rulings, it should be presumed that it is relevant to the case, otherwise why was it part of the Order? Indeed, Mr. Kinney's interference and secret communications with the Committee should be a central concern to the integrity of these proceedings, among other reasons detailed below.

Second, the day of the Magistrate's ruling, counsel for both parties received a transcript of Mr. Kinney's February 25, 2021 deposition where Mr. Kinney testifies that he engaged in misconduct by providing materials to the Western District of Texas Admissions Committee to influence their decision-making:



By MR. TAULER:
Q ████████████████████████████████████
████████████████████████████████

A ████████████████████████████

Q ████████████████████████████████████

A ██████████

Q ████████████████████

A ████████████████████████████████████
████████████████████████████████████
████████████████████████████

***

Q 

A

(Tauler Dec., Exhibit A at 13:8-14:3; 18:1-6.)

Mr. Kinney's submission of *ex parte* materials to the Committee is concerning, and to wit, at least unethical (if not unlawful) because, as Mr. Kinney testified, he knew that the materials could influence the deliberations of the Committee, which is a quasi-judicial (and therefore governmental) entity.

Q 

A

(Tauler Dec., Exhibit A at 22:2-11.)

Remarkably, Mr. Kinney's counsel, Raymond Mort III, also admitted that he was aware of Mr. Kinney's activities and that *ex parte* materials were provided to the Committee in order to negatively impact this case.

Given the huge stakes in terms of Jowers' ability to defend himself in the case, Jowers's counsel should be allowed to know what Mr. Kinney provided to the Committee and when. Instead, the Magistrate's Order fails to address any of the due process arguments advanced. Rather, the Magistrate's Order advances new arguments never before raised on behalf of Mr. Kinney and the Committee.

It is critical to the integrity of these proceedings that the district court review what has transpired and determine that Jowers is entitled to see opposing counsel's extrajudicial efforts to prejudice his ability to defend himself.

## II. LEGAL STANDARD

Rule 4(a) of Appendix C of the local rules of this district provide as follows:

(a) Appeal of Non-Dispositive Matters--28 U.S.C. §636(b)(l)(A). Any party may appeal from a magistrate judge's order determining a motion or matter under subsection l (c) of these rules, supra, within 14 days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a judge. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider sua sponte any matter determined by a magistrate judge under this rule.

## III. SPECIFIC OBJECTIONS

Jowers specifically objects to the following findings in the Magistrate's Order on the Motion on the grounds that:

- The Motion was never referred to Magistrate Judge Austin making his Order improper and clearly erroneous and contrary to law.

- The Magistrate Judge's sole ground for denying the Motion, that *ex parte* communications by opposing counsel to a quasi-judicial body intended to influence the ability of Jowers to have counsel of his choosing in this case is "not relevant" to the "claims or defenses," is clearly erroneous and contrary to law. The Motion is relevant.

- The Magistrate Judge does not address the Constitutional arguments that Jowers raised in his Motion.

- The Motion was unopposed by the subpoenaed party.

## IV. STATEMENT OF RELEVANT FACTS

The Magistrate Judge stated in an April 2020 Order since published in the media that the general counsel of Kirkland & Ellis was "petty, technical, overly-argumentative" and "what is wrong with civil discovery in our court system today." (Dkt. 168 at 12.) Then, on May 1, 2020, in a hearing where the media was in attendance, but for which there is no transcript, the Magistrate Judge accused Jowers' predecessor-counsel DLA Piper of providing false evidence to the Court (a meet-and-confer declaration executed by the wrong attorney).[2] The Magistrate stated in its Order that during the May 1, 2020 hearing it viewed Mr. Jowers' predecessor counsel as engaging in "scorched-earth tactics." (Dkt. 236-2.) DLA Piper withdrew from the case a month later, with the Court's permission, on June 4, 2020 (Dkt. 176), leaving Jowers with only one out-of-state counsel of record.

For the next six months, the Magistrate Judge did not make any ruling whatsoever on any discovery motion filed by Jowers, including three filed in June and July 2020. (Dkts. 180, 181 & 184.) Meanwhile, Robert Kinney filed three motions, all of which were granted in short order. (See, Dkt. Nos. 225 & 226.)

Notably, one of Mr. Kinney's motions in this series did not have a meet and confer <u>declaration at all</u>. (See Dkt. 220.) However, instead of criticizing Mr. Kinney for this (as the Magistrate did for Jowers's counsel DLA Piper), the Magistrate again used sensational language against Mr. Kinney's opponents, describing Jowers' counsel as "petty, and unprofessional" – the same terms used by the Magistrate Judge to describe the General Counsel of Kirkland & Ellis. The Magistrate Judge went so far as to call Jowers and his counsel "deplorable" for filing discovery motions meanwhile citing no law to support his denial of all of Jowers' motions.

---

[2] https://www.law.com/texaslawyer/2020/05/04/exasperated-texas-judge-warns-lawyers-in-recruiter-case-against-game-playing/

In this same order, the Magistrate Judge also demanded that Jowers' obtain local counsel who is not only already a member of the Western District, but also resides in the Austin division. However, despite numerous efforts to obtain local counsel since December 18, 2020, neither Jowers' nor his counsel has been unable to find local counsel to take on the case, largely because of the media coverage surrounding the Magistrate Judge's degrading treatment of every party opposite Mr. Kinney in this case.

The proceedings in this case are in dire need of the district court's intervention at this stage of the proceedings.

## V. ARGUMENT

### A. The Subpoena Seeks Relevant Materials.

1. <u>Mr. Jowers' Right to the Attorney of His Choosing.</u>

There is no dispute that the Western District of Texas Admissions Committee was provided with materials by opposing counsel Robert Kinney (who is also the Plaintiff in this case). Mr. Kinney admits that he did so because Jowers' counsel was "creating considerable additional work" <u>in this case</u>. (Tauler Dec., Exhibit A at 18:1-6.) Mr. Kinney also admits he "knew it was possible that those materials could impact" Jowers' counsel's ability to represent Jowers in this case. (Tauler Dec., Exhibit A at 22:2-6.)

The information sought by Jowers's Subpoena is critical to Jowers's case in order to demonstrate Mr. Kinney's motives to taint the litigants and the litigation through improper and potentially false or misleading communications. Mr. Kinney has admitted under oath that his *ex parte* communications served to render Jowers without counsel.

Without Mr. Kinney and his affiliates communications with the Western District of Texas Admissions Committee, Jowers will be unable to present the full record to the Court regarding

how the proceedings have been intentionally tainted, and will be prejudiced if he must represent himself in a complex federal lawsuit without a lawyer.

    2.    <u>The Subpoena is Relevant to the "Claims and Defenses."</u>

The information sought by the Subpoena is highly material and relevant to support Jowers's claim (should he prevail) for attorney's fees for the misappropriation of trade secrets claim against Jowers. Under Section 1836(b)(3)(D) of the Federal Defense of Trade Secrets Act ("DTSA") (one of Kinney's remaining claims) a court "may" award attorneys' fees if a misappropriation claim is made in bad faith. *Dunster Live, LLC v. LoneStar Logos Management Company, LLC* (5th Cir. 2018) 908 F.3d 948, 952. Mr. Kinney has a parallel claim under the Texas Uniform Trade Secrets Act that also provides for fees to the prevailing party if bad faith can be demonstrated. Tex. Civ. Prac. & Rem. Code § 134A.005.

Should Jowers prevail on defending against Mr. Kinney's trade secrets claims, the Court may infer bad faith from the evidence that a party "intended to cause unnecessary delay, filed the action to harass [the opposing party], or harbored an improper motive." *Gabriel Techs. Corp.*, 2013 WL 410103, at *7. Bad faith may be established through circumstantial evidence. *Dunster Live, LLC v. LoneStar Logos Management Company, LLC* (5th Cir. 2018) 908 F.3d 948, 952.

Courts have consistently interpreted the term "bad faith" by borrowing from other federal laws with fee shifting provisions. See *Hensley v. Eckerhart*, 461 U.S. 424, 433 fn.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); See, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 643 (S.D.N.Y. 2018)(citing *Matthew Bender & Co. v. West Publ'g. Co.,* 240 F.3d 116, 124–25 (2d Cir. 2001) (a court may award fees if "a party's <u>conduct</u> is unreasonable") (emphasis original).).

Mr. Kinney's secret communications to the Western District of Texas Admissions Committee will likely demonstrate how Kinney, a litigant and attorney in the case, tried to influence the outcome of the case through improper channels.

**B.    The Magistrate's Order Does Not Address Jowers's Constitutional Arguments Regarding Due Process.**

The Committee is not exempt from the due process clause, nor can the Committee withhold *ex parte* communications from Jowers and his counsel as "privileged." In no way do the Committee's claims of "privilege" eclipse Mr. Jowers's Constitutional rights; namely, procedural due process as articulated in *Willner v. Committee on Character and Fitness* (1963) 373 U.S. 96. To hold otherwise would advance the objective of one litigant of this case (Kinney) at the expense of another (Jowers) through quasi-judicial governmental process shrouded in secrecy. Such secrecy could only help Mr. Kinney, and could only hurt Jowers, by potentially depriving Mr. Jowers's ability to have his counsel of choosing at a critical stage of the case without the safeguards of procedural due process protected by the Constitution.

**C.    The Magistrate's Order Does Not Address the Committee's Only Objection that Communications Between Itself and Jowers's Opposing Counsel in this Case are "Privileged."**

The Western District of Texas Admissions Committee has taken the position that communications between itself and the opposing party and lawyer in this case are "privileged." If indeed there is some agreement between the Western District of Texas Admissions Committee and opposing counsel, surely Jowers should be entitled to know what it is. It is critical that the Magistrate Judge not be allowed to sidestep this issue since it is critical to Mr. Jowers's investigation.

## VI. CONCLUSION

For the foregoing reasons, Mr. Jowers respectfully requests that the Magistrate Judge's Order be overruled and that the Motion be granted.

DATED: March 22, 2021

Respectfully submitted,

By: */s/ Robert Tauler*
Robert Tauler, Esq.
State Bar No. 241964 (California)
rtauler@taulersmith.com
**Tauler Smith LLP**
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (213) 927-9270
Facsimile: (310) 943-1455

**COUNSEL FOR DEFENDANT
AND COUNTERCLAIMANT
EVAN P. JOWERS**

# DECLARATION OF ROBERT TAULER

I, Robert Tauler, hereby declare as follows:

1. I am counsel of record for Evan P. Jowers in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2. On January 6, 2021, I traveled to the USDC Western District of Texas courthouse in Austin to submit my credentials as a newly minted Texas lawyer, and inquired as to the membership of the USDC Western District of Texas Austin Division Admissions Committee. I was told by the clerk that information about committee members was not made public to protect the identities of the Committee members, or words to that effect.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts of the transcript of the deposition of Robert Kinney, conducted on February 25, 2021.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles, California on March 22, 2021.

*/s/ Robert Tauler*
Robert Tauler

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 22, 2021, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

> _/s/ Robert Tauler_
> Robert Tauler