UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC,<br><br>Plaintiff<br><br>v.<br><br>EVAN P. JOWERS, YULIYA VINOKUROVA, LEGIS VENTURES (HK) COMPANY LIMITED, AND ALEJANDRO VARGAS,<br><br>Defendants<br><br>EVAN P. JOWERS,<br><br>Counterclaimant<br><br>v.<br><br>MWK RECRUITING, INC.,<br>ROBERT E. KINNEY,<br>MICHELLE W. KINNEY,<br>RECRUITING PARTNERS GP, INC.,<br>KINNEY RECRUITING LLC,<br>COUNSEL UNLIMITED LLC, and<br>KINNEY RECRUITING LIMITED,<br><br>Counterdefendants | Case No. 1:18-cv-00444-RP |

**MWK'S MOTION TO STRIKE JOWERS'S REPLY OR, ALTERNATIVELY, MWK'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT REGARDING LIQUIDATED DAMAGES**

I. **MOTION TO STRIKE JOWERS'S ARGUMENT THAT LIQUIDATED DAMAGES WERE NEVER PROPERLY PLED**

For the first time, Jowers raises in his Reply (Dkt. 275) the argument that "Plaintiff never sought liquidated damages as a remedy until he served supplemental responses to discovery requests on February 14, 2021." (Dkt. 275, at 9). This assertion was not presented in Jowers's Motion for Summary Judgment (the "Motion") and should be stricken. As a matter of law, the assertion is incorrect. The liquidated damages clause is a part of the 2006 Jowers Agreement and was made a part of the Plaintiff's operative pleading (Dkt. 80) "for all purposes" by virtue of reference to it in the complaint and attachment as an exhibit to the complaint. Fed. R. Civ. Proc. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "So, when a plaintiff attaches documents upon which his complaint is based (such as, for example, escrow agreements or other contracts) to its complaint, those attachments are considered part of the pleading." *Luppino v. York*, Civil No. SA-16-CV-00409-RCL, at *3 (W.D. Tex. Sep. 29, 2017).[1]

As a factual matter, the assertion Jowers first had notice of the liquidated damages "theory" on February 14, 2021, is demonstrably untrue. MWK provided Jowers with a spreadsheet of its contract damages on July 24, 2020, as the Court has

---

[1] Jowers also cites the original (state court) complaint's demand for "compensatory damages," asserting that liquidated damages are not in that category. (Reply, at 6). The assertion is incorrect, but the Court need not consider the issue. The original complaint Jowers cites was filed in state court and removed to this Court, then amended twice, each time simply referring to contractual damages in general terms, with the contract attached. (Dkt. 80, at 46; Dkt. 80-1, at 5). Jowers filed three separate answers, each omitting the affirmative defense he now seeks to raise, late.

MOTION TO STRIKE OR REPLY ISO MWK'S MOTION FOR PARTIAL SJ					PAGE | 1

recognized. (Dkt. 236, at 11). That spreadsheet was then amended three times, on October 23, 2020, on January 12, 2020, and on February 14, 2021, each time with this statement: "By virtue of the damage[s] provisions of Jowers's contract of employment, these amounts are due as damages to MWK." (*see, e.g.*, **Exhibit 1, at 10**). Jowers's counsel also spent considerable time at the deposition of Robert Kinney on January 25, 2021, asking about liquidated damages, and attached those excerpts to the Motion. (*see, e.g.*, Dkt. 266-34, at 25-32). Yet Jowers now asserts that only after February 14, 2021, "did Plaintiff finally present his theory of recovery."

If Jowers believed that the Plaintiff somehow had not properly invoked the liquidated damages clause with its Second Amended Complaint, he could have sought to amend his answer in July or October 2020, or in January or February 2021. Jowers did not choose that route, preferring to raise the issue long after discovery had closed, on summary judgment. To permit Jowers to raise that defense now would constitute unfair surprise. The Court should strike the argument that the Second Amended Complaint does not properly invoke the 2006 Jowers Agreement's liquidated damages clause.

## II. REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ENFORCEABILITY OF LIQUIDATED DAMAGES CLAUSE

As part of its response to Jowers's Motion, MWK cross-moved for summary judgment that the liquidated damages clause was not a penalty and is enforceable as written. (Dkt. 273, at 14 of 24). To the extent that the Court should consider Jowers's Reply (Dkt. 275) as a response to MWK's cross-motion, the Court should consider this MWK's reply to that response.

Jowers clearly failed to provide fair notice of his intent to argue that the liquidated damages clause is an unenforceable penalty. His arguments are just an improper attempt to ignore Fed. R. Civ. Proc. 8(c) and bring the issue up after MWK's opportunity to gather evidence supporting the enforceability of the liquidated damages clause has passed. "A defendant should not be permitted to lie behind a log and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987) (cleaned up).

Jowers's assertion that his tenth defense (illegality) and his fifteenth defense (unconscionability) provided fair notice of his current argument that the liquidated damages clause is unconscionable or illegal lacks merit. (Reply, at 7). Jowers's "illegality" defense purports to invoke Hong Kong law to invalidate the Florida choice of law in the contract, asserting that the restrictive covenants are illegal under Hong Kong law. (Dkt. 237, at 36). Jowers "unconscionability" defense specifically attacks the scope and duration of the restrictive covenants, never mentioning the damages provision. (Dkt. 237, at 36). None of these defenses come close to the "fair notice" of an attack on the liquidated damages provision as a penalty that would be required. *See, In re Snelson*, 305 B.R. 255, 263 (Bankr. N.D. Tex. 2003) (discussing fair notice and rejecting as disingenuous defendant's argument that plaintiff failed to plead a right to liquidated damages when the lease in question was attached to the claim and the specific damage calculations provided tracked the liquidated damages provision of the lease).

Jowers's substantive arguments related to the way that the clause operates just make clear how different the liquidated damages provision in this case is from clauses that have been declared unenforceable under Florida law. In the present case, the clause

self-adjusts based only on what Jowers is shown to have done in violation of the restrictive covenants, including the magnitude of the breach. The damages clause in *Coleman v. B.R. Chamberlain & Sons, Inc.*, cited by Jowers, provided for a blanket penalty of "200% of one year's gross revenue," with the 200% to be calculated based on the revenue from a given client during the year prior to the breaching employee's departure and breach. 766 So. 2d 427, 429 (Fla. Dist. Ct. App. 2000). The plaintiff also admitted the calculation was intended to penalize. *Id.*, at 430. Similarly, in *Burzee v. Park Avenue Ins. Agency, Inc.*, also cited by Jowers, the liquidated damages clause totaled "all of the commissions earned…during the two years prior to [the employee's] termination," plus a $10,000 "kicker." 946 So.2d 1200, 1202 (Fl. Dist. Ct. Appl. 2006). The court held that this was a penalty because it had "virtually no relationship" to the gravity of the loss. 946 So.2d 1200, 1201 (Fl. Dist. Ct. Appl. 2006). In both cases, the important issue was that there was no attempt to relate the liquidated damages to the actual magnitude of the breach, but rather the clauses looked back at prior revenue and made the amount (or a multiple of it) a blanket penalty. In this case, the opposite is true.

Because Jowers failed to give fair notice of his intention to argue that the liquidated damages clause in the 2006 Jowers Agreement was a penalty by properly pleading it as a defense under Rule 8(c), and because the liquidated damages clause clearly was not a penalty clause, the Court should grant Plaintiff's cross-motion for summary judgment that the liquidated damages clause is not a penalty and is enforceable as written.

Dated:  April 14, 2021                                        Respectfully Submitted

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Ave., Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

ATTORNEYS FOR PLAINTIFF