UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC, <br><br> Plaintiff <br><br> v. <br><br> EVAN P. JOWERS, <br><br> Defendants <br><br><br> EVAN P. JOWERS, <br><br> Counterclaimant <br><br> v. <br><br> MWK RECRUITING, INC., <br> ROBERT E. KINNEY, <br> RECRUITING PARTNERS GP, INC., <br> KINNEY RECRUITING LLC, <br> COUNSEL UNLIMITED LLC, and <br> KINNEY RECRUITING LIMITED, <br><br> Counterdefendants | Case No. 1:18-cv-00444-RP |

**MWK'S RESPONSE TO JOWERS'S OBJECTIONS TO MWK'S MOTION TO STRIKE JOWERS'S REPLY OR, ALTERNATIVELY, MWK'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT REGARDING LIQUIDATED DAMAGES**

### A. The Motion Properly Seeks to Strike Jowers's New Argument on Reply

MWK hereby responds to Jowers's Objections (the "Objections"). (Dkt. 278). Jowers mischaracterizes MWK's Motion to Strike or, Alternatively, MWK's Reply in Support of its Cross-Motion for Summary Judgment Regarding Liquidated Damages (the "Motion"). (Dkt. 277). MWK did not move to strike Jowers's entire Reply to MWK's Response to Jowers's Motion for Summary Judgment (the "Reply"). (Dkt. 275). Instead, MWK moved to strike Jowers's argument that MWK had "never sought liquidated damages as a remedy until [MWK] served supplemental responses to discovery requests on February 14, 2021." (Dkt. 275, at 9 of 15). Specifically, MWK asserts in the Motion that the "Court should strike the argument that the Second Amended Complaint did not properly invoke the 2006 Jowers Agreement's liquidated damages clause." (Motion, Dkt. 277, at 3). Jowers had not presented this argument in his Motion for Summary Judgment (the "MSJ"). (Dkt. 266). To the contrary, Jowers had argued in the MSJ that the liquidated damages clause was an unenforceable penalty. (Dkt. 266, at 16-19 of 27). Only after MWK pointed out that Jowers had never pled this defense to the liquidated damages clause in any of his three answers or sought an amendment to his answer did Jowers change tactics in the Reply to argue that MWK never properly sought liquidated damages. This was a new argument urged for the first time in the Reply and, therefore, improper. *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed.Appx. 307, 315 (5th Cir.2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *United States v. Jackson*, 426 F.3d 301, 304 n. 2 (5th Cir.2005)

("Arguments raised for the first time in a reply brief, even by pro se litigants ... are waived.").

### B. MWK Properly Cross-Moved for Summary Judgment on Liquidated Damages

MWK's response to the MSJ included a cross-motion for summary judgment on the issue of liquidated damages (the "Cross-Motion"). (Dkt. 273, at 14 of 24). The Cross-Motion asserted that, since Jowers had failed to assert in his pleadings the defense he sought to raise for the first time on summary judgment, the defense was waived, and the Court should hold that the liquidated damages clause is enforceable as written. *Id*. Because Jowers had raised the issue of liquidated damages in the MSJ, a cross-motion for summary judgment on the same issue by MWK was proper. Indeed, even absent a cross-motion for summary judgment by MWK, the issue of whether the penalty defense to the liquidated damages clause may be asserted by Jowers has been fully briefed by both parties and is ripe for summary judgment against Jowers. *See, e.g., U.S. Fleet Servs. v. City of Fort Worth*, 141 F. Supp. 2d 631, 637 n. 3 (citing *Matter of Caravan Cargo, Inc.*, 864 F.2d 388 (5th Cir. 1989) for the proposition that "when one party moves for summary judgment the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a motion for summary judgment.").

### C. The Motion is Not a Sur-Reply

Jowers's Reply was, in part, a response to the Cross-Motion. The Motion requested that the Court, alternatively, consider the Motion to be a reply in support

of MWK's Cross-Motion. (Motion, Dkt. 277, at 3 of 6). Jowers now argues, illogically and without reference to any authority, that MWK should not be entitled to reply in support of its Cross-Motion unless MWK first seeks leave to file a sur-reply. (Objection, Dkt. 278, at 2, n.1). But MWK merely requested that, "to the extent that the Court should consider Jowers's Reply (Dkt. 275) as a response to MWK's cross-motion, the Court should consider this MWK's reply to that response." (Motion, Dkt. 277, at 3). Local Rule CV-7(f)(1) states that a "party may file a reply in support of a motion." If the Court considers the Reply (Dkt. 275) to be a response to the Cross-Motion (Dkt. 273, at 14 of 24), then MWK is entitled to a reply and the Motion was that reply.

### D. Conclusion

The Motion was a proper attack on Jowers's new argument raised in his Reply that liquidated damages was not properly pled as a remedy by MWK. The Court should grant summary judgment that Jowers has failed to plead the defense to the liquidated damages clause he now seeks to invoke, and that the clause is therefore enforceable as written.

| | |
|---|---|
| Dated:  April 27, 2021 | Respectfully Submitted |

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave., Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**