IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MWK RECRUITING, INC.** | § | |
| | § | |
| VS. | § | No. 1:18-cv-0444 RP |
| | § | |
| **EVAN P. JOWERS, et al.** | § | |

## ORDER

Before the Court is Evan P. Jowers's Renewed Motion to Disqualify Robert E. Kinney as Counsel for Plaintiff and Counter-Defendants (Dkt. 254), the Plaintiff/Counter-Defendants' Response (Dkt. 255), and Jowers' Reply (Dkt. 258). The motion was referred to the undersigned for disposition, pursuant to 28 U.S.C. § 636(a)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Court Rules.

As indicated in its title, the present motion requests that the Court revisit an issue it has considered previously. Specifically, Evan Jowers asks the Court to consider again whether Robert Kinney should be disqualified from representing MWK Recruiting, Inc., the Plaintiff, or any of the several related entities against whom Jowers has filed counterclaims (referred to collectively here as the "MWK Entities"). Jowers contends that discovery has now made clear that Kinney is a "necessary witness"—the triggering event the prior order found would preclude Kinney from representing the MWK Entities at trial—and the Court should therefore declare now that Kinney is barred from further representing the MWK Entities. Kinney responds that the circumstances have not changed significantly, and there remains no good reason for the Court to decide the issue until the final pretrial conference. The undersigned agrees.

In his previous order on this topic (citing an order from Judge Sparks) Judge Pitman held that all of the relevant rules "are univocal on a central point in issue: an attorney shall not serve as trial

counsel when it becomes clear he or she will be a necessary witness in the trial of the case." Dkt. 110 at 3 (quoting *Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*, 2006 WL 1544621, at *9 (W.D. Tex. May 31, 2006)). He further noted that though "it appears highly likely that Kinney will ultimately be a necessary witness," he could not "declare with absolute certainty at this early stage that Kinney possesses exclusive knowledge of the various matters at issue." *Id.* at 5. He also determined that even if Kinney was a necessary witness, it would still be permissible for Kinney to act as counsel for the MWK Entities on pretrial matters, as the prohibition was primarily focused on representation *at trial* in front of a jury. *Id.* at 6-7.

Applying these same principles, and taking as true Jowers' assertion that it is now clear that Kinney will be a necessary witness at trial, there remains no reason to alter Judge Pitman's previous ruling. There are several reasons for this. First, because Kinney is permitted to serve as counsel on pretrial matters even if he is precluded from being trial counsel, deferring the decision to the final pretrial conference remains the appropriate course to take. Even if the Court made the decision at this time, nothing would change until trial. Further, the issues for trial are not yet set in stone. There are currently cross motions for summary judgment pending, one filed by the Counter-Defendants seeking the dismissal of all of Jowers' counterclaims, and the other filed by Jowers, seeking the dismissal of all of MWK's claims against him. It is possible—indeed, likely—that the resolution of those motions will narrow the issues for trial, which will directly impact how "necessary" Kinney's trial testimony might be. Finally, Kinney himself is a Counter-Defendant. If, after the summary judgment motions are decided, he remains a party to the case, he is entitled to represent himself at trial, regardless of whether he is precluded from representing any of the MWK Entities. This will be an important factor in deciding the role Kinney may have as part of the trial team for

this case, and lessens the importance of deciding these issues now, versus doing so at the final pretrial conference.

For all of these reasons, Evan P. Jowers's Renewed Motion to Disqualify Robert E. Kinney as Counsel for Plaintiff and Counter-Defendants (Dkt. 254) is **DENIED WITHOUT PREJUDICE** to being re-urged at the final pretrial conference.

SIGNED this 27th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE