# EXHIBIT A

# ROBERT KINNEY, ATTORNEY AT LAW

824 W. 10th Street, Suite 202, Austin, TX 78701 | 512-636-1395 | robert@kinneypc.com

September 30, 2020

US District Clerk's Office
ATTN: Admissions Clerk
501 W 5th Street, Suite 1100
Austin, TX 78701
Via Email to: Austin_Attorney_Admissions@txwd.uscourts.gov

RE:  **Letter of Concern Regarding Application for Admission to the Court's Bar by Robert Tauler**

**Dear Admissions Clerk:**

I am a member in good standing of this Court's bar. This letter is to provide the Court's Admission Committee (the "**Committee**") with important information regarding Robert Tauler ("**Tauler**"), a current *pro hac vice* attorney before the Court who is trying to the join the Court's bar as a full member.

In short, Tauler should not be admitted. I am currently handling a case opposite Tauler, before Judge Pitman, *MWK Recruiting, Inc. vs. Evan P. Jowers*, Civil Action No.: 1:18-cv-00444-RP. Tauler's behavior in the few short months he has been on that case has been terrible. But the Committee does not need to take my word for Tauler's poor character. My co-counsel and I were so shocked by his seeming willingness to disregard every standard of attorney conduct and every local rule of the Court that we have investigated Tauler by looking at available public information about him. What we have found is that his behavioral issues in our case are nothing new. He has been sanctioned and warned by multiple judges for his behavior, including as recently as September 22, 2020, after his application for admission to this Court was submitted. He is also currently a defendant in a serious RICO case involving fraudulent misrepresentations by his firm on behalf of itself and its client which appears headed for trial. In that case, his behavior has seemingly been abhorrent. In sum, I believe the Committee may have a good basis to make Tauler an example of the sort of attorney this Court does not want as a member of its bar.

<u>Behavior Observed by the Undersigned</u>

Tauler entered our case in June as counsel of record and his behavior since then has been abhorent. For example, he has consistently violated the Court's local rules regarding pretrial matters by scheduling depositions unilaterally. He has refused to even discuss a schedule for depositions, he has refused to answer discovery, and he has blocked our efforts in every possible way to handle the discovery in this case collaboratively. On the occasions where we have communicated by telephone with Tauler, he has often exhibited behavior that was

shocking – including screaming fits of rage followed by what can only be deliberate mis-recollections of what was said when writing emails and motions. I do not believe that anything short of forcing Tauler to associate local counsel under the Court's Local Rule AT-2 is likely to stop him from his bullying tactics, and we will be pursuing that remedy with Judge Pitman.

## Tauler's Behavior in Other Cases

We have investigated some of Tauler's other cases and have determined that his actions in our case are standard operating procedure for him. For example, in a recent motion seeking sanctions following some antics he displayed in deposition, Tauler was quoted as having said the following things:

| | |
|---|---|
| 12 | |
| 13 | [To counsel:] And guess what? Time has a funny way of wrapping up on people. And I'm going to have you fully wrapped up like the little worm in my spider web by the end of this year. You mark my word, son. (178:16-19) |
| 14 | |
| 15 | |
| 16 | [To counsel:] And I must have hurt your feelings, because I know you're really sensitive. I know you have daddy issues. So, really, I'm going to be your daddy for the next two years. (192:12-15.) |
| 17 | |
| 18 | |
| 19 | Q: Let's look next at Exhibit 117. |
| 20 | A: Oh, yeah. This is where I say you're a fucking idiot, basically. Well, strike that. Basically, you're so dumb. (191:21-24.) |
| 21 | |
| 22 | [To counsel:] You are going to get destroyed. (194:15-16.) |
| 23 | [To counsel:] He's laughing. He's giggling. He's playing with his hair. He's like a school girl. . . . You like to giggle when you're nervous, like a little school girl, don't you, Mark? (194:24-195:7) |
| 24 | |
| 25 | [To counsel:] Mark, it's okay if you're scared. It's okay if you're scared. You had a really rotten year. You had the worst year imaginable. (195:20-23.) |
| 26 | |
| 27 | |
| 28 | (Poe Decl. Ex. A (excerpts of transcript).) |

See, *Motion for Sanctions, In re Outlaw Lab., LP Litig.*, Case No.: 18-cv-840-GPC-BGS (S.D. Cal. August 10, 2020), attached as **Exhibit A**. This motion is pending as of this date. A Houston-based attorney, Sean Reagan, submitted a declaration in connection with that case which describes in detail some of Tauler's antics. It is attached as **Exhibit B**. Among other things, Mr. Reagan noted, "Mr. Tauler's conduct during his deposition was one of the most shocking displays of unprofessional behavior by an attorney that I have seen in my 15-year career." *Id.,* at ¶4.

## Prior Court Sanctions and Fraud Claims Against Tauler

With regard to prior sanctions, our research indicates that Tauler owes the Committee "yes" answers and corresponding explanations to questions 15(b) and 17(b) of the application form. Further, since his application was (according to the Admission Clerk's office) filed September 16 and he was sanctioned September 22, he should have updated that form. The matters we have found in public records are as follows:

2

1. **Question 15(b) – "Have you ever been disbarred, suspended from practice, reprimanded, censured or otherwise disciplined as an attorney."**

We quickly located four cases in which Tauler has been sanctioned or warned about sanctions for his antics:

a. Tauler was sanctioned $2,500 by a federal judge (Hon. Roger T. Benitez) under Federal Rule of Civil Procedure 11 for a "failure to conduct a reasonable and competent inquiry" before filing, and associated assertions of "demonstrably false representations and arguments." See **Exhibit C**, *Order Imposing Sanctions, Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-CV-02810-BEN-BGS, 2018 WL 4385368, at *7 (S.D. Cal. Sept. 14, 2018). In a subsequent order awarding fees against Tauler's client, Judge Benitez stated:

> "Also notable is [Tauler client's] failure to comply with the Court's September 14, 2018 Order in this case. Although the Court ordered [Tauler's clients], Mr. Tauler, and Tauler Smith LLP to pay their sanctions by October 31, 2018, and file a Notice with the Court that the sanctions were paid within three days of payment, as of the date of this Order, no notice has been filed. To say the least, [Tauler client's] *brazen litigation tactics* and utter disregard for this Court's own order suggest a lack of respect for the rule of law that should be deterred. Therefore, the Court finds [client's] behavior underscores the need for deterrence, a factor weighing in favor of finding its lawsuit to be an 'exceptional case.'"

See, **Exhibit D**, *Order Granting Motion for Attorneys' Fees, Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-CV-02810-BEN-BGS, at *8-9 (S.D. Cal. Nov. 7, 2018) (emphasis added). Judge Benitez's Courtroom Deputy, G. Rivera, can be reached at this number: (619) 557-6422.

b. A California state court judge (Hon. Elaine Lu) recently sanctioned Tauler $1,060, stating that "the numerous procedural defect's in Plaintiff's Motion to Compel Further and Request for Sanctions demonstrate that it was not brought with substantial justification." *Tauler Smith, LLP v. Valerio et. al.*, Case Number 19-STLC-11426, Los Angeles, CA (September 22, 2020). See **Exhibit E**. Faced with this sanction, Tauler quickly dismissed the case prior to the hearing at which the final ruling was to be entered. The sanction still occurred, though, and is pending, and should have been disclosed. Judge Lu's chambers can be reached at (213) 633-0526.

c. Another federal judge (Hon. Michael R. Wilner) warned Tauler to "be mindful of Rule 11 standards" in a different case. *JST Distribution, LLC v. CNV.com, Inc.*, No. 17-CV-6264-PSG-MRWX, 2018 WL 6113092, at *8 (C.D. Cal. Mar. 7, 2018). Judge Wilner's courtroom deputy clerk, Veronica Piper, can be reached at (213) 894-0902.

3

d.  The federal judge overseeing yet another case (Hon. Andre Birotte) said that he "tends to agree that 'by appearances' the RICO claim was added for an 'improper purpose.'" *Tauler Smith, LLP v. Valerio*, No. 20-CV-00458 AB (ASX), 2020 WL 1921789, at *5 (C.D. Cal. Mar. 6, 2020). Judge Birotte's courtroom deputy clerk, Carla Badirian, can be reached at (213) 894-2833.

## 2. Question 17(b) – "Have you ever been charged with fraud, formally or otherwise, in any civil, criminal, bankruptcy, or administrative case or proceeding?"

In a simple search, we found that Tauler has been charged at least twice with fraud in a civil action. One of the cases is still pending, and Tauler's firm is charged with running a "scheme to defraud" in that case. Here are the details:

a.  Tauler's firm, Tauler Smith LLP, is currently a defendant in a RICO Act civil case pending before the U.S. District Court for the Southern District of California (Hon. Gonzalo P. Curiel). The original defendants in the action (Tauler's alleged victims) brought counterclaims alleging that Tauler and his client orchestrated a fraud and racketeering enterprise by pursuing frivolous claims. The Court noted in its recent order on Tauler's Motion for Summary Judgment, that there was sufficient evidence for a jury to find that Tauler Smith "knowingly engaged in fraudulent conduct alongside [its client] in the course of drafting and sending its demand letters." According to the court's order, Tauler Smith's "conduct of sending fraudulent demand letters to further [the Enterprise's] scheme, if true, amounts to mail fraud, which in turn forms the basis of the Enterprise's pattern of racketeering conduct." *See Order on Tauler Smith's Motion for Summary Judgment, In re Outlaw Lab., LP Litig.*, Case No.: 18-cv-840-GPC-BGS (S.D. Cal. September 18, 2020), attached as **Exhibit F**. Whether Tauler will be held liable for the claims remains to be seen, but at a minimum these serious charges should have been disclosed to the Committee in full. For a direct inquiry, Judge Curiel's chambers may be reached at this number: (619) 557-7667.

b.  In another case, *Wesco Insurance Company v. Tauler Smith LLP*, Case No. 2:19-cv-08171 (C.D. Cal. 2019), Tauler's firm was accused of misrepresenting whether there were malpractice or other claims pending against them when they applied for professional liability insurance. This was, at the least, an informal charge of fraud in a civil proceeding, and thus disclosable to the Committee, but the insurance company simply sought to rescind the policy and did not charge Tauler with fraud explicitly. After surviving a motion to dismiss, that case was settled and dismissed on May 1, 2020. The court's order on Tauler's Motion to Dismiss dated January 6, 2020, is attached as **Exhibit G**.

It is evident from my experience and what we have found with minimal inquiry that Tauler's behavior is consistent, abhorrent, and not desired among members of the bar of this Court. I hope that the Committee finds this information helpful in its deliberations and will see fit to deny admission to this attorney. If you have any questions regarding this matter, do not hesitate to contact me on 512-636-1395.

Sincerely,

**Robert Kinney, Attorney at Law**

Attachments:

**Exhibit A** – Motion for Sanctions against Tauler for deposition misconduct, *In re Outlaw Lab., LP Litig.*, Case No.: 18-cv-840-GPC-BGS (S.D. Cal. August 10, 2020).

**Exhibit B** – Declaration of Sean Reagan, a Houston-based attorney, submitted in connection with the Motion for Sanctions referenced above (August 17, 2020).

**Exhibit C** – Order Imposing Sanctions against Tauler for "failure to conduct a reasonable and competent inquiry" before filing, and associated assertions of "demonstrably false representations and arguments." *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-CV-02810-BEN-BGS, 2018 WL 4385368 (S.D. Cal. Sept. 14, 2018).

**Exhibit D** – Order Granting Motion for Attorney Fees, imposing fees in an "exceptional case," and noting Tauler's "brazen litigation tactics," *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-CV-02810-BEN-BGS (S.D. Cal. Nov. 7, 2018).

**Exhibit E** – Tentative Ruling of Los Angeles County Superior Court Judge Elaine Lu, awarding sanctions against Tauler because his motion "was not brought with substantial justification." *Tauler Smith, LLP v. Valerio et. al.*, Case Number 19-STLC-11426 (September 22, 2020).

**Exhibit F** – Order on Tauler Smith's Motion for Summary Judgment allowing RICO claims based on fraud to go to trial, *In re Outlaw Lab., LP Litig.*, Case No.: 18-cv-840-GPC-BGS (S.D. Cal. September 18, 2020).

**Exhibit G** – Order denying Tauler Smith's Motion to Dismiss claims for rescission on a professional liability insurance policy, *Wesco Insurance Company v. Tauler Smith LLP*, Case No. 2:19-cv-08171 (C.D. Cal. January 6, 2020)

5