## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**MWK RECRUITING INC.,**

        Plaintiff

        v.

**EVAN P. JOWERS,**

        Defendant

 

**EVAN P. JOWERS**,

        Counterclaimant

        v.

**MWK RECRUITING, INC.,**
**ROBERT E. KINNEY,**
**RECRUITING PARTNERS GP, INC.,**
**KINNEY RECRUITING LLC,**
**COUNSEL UNLIMITED LLC, and**
**KINNEY RECRUITING LIMITED**,

        Counterdefendants

**Case No. 1:18-cv-00444-RP**

## PLAINTIFF/COUNTERDEFENDANTS' RESPONSE TO EVAN P. JOWERS'S MOTION TO TRANSFER

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................... 1

II.   LEGAL STANDARD ............................................................................................. 1

III.  ARGUMENT & AUTHORITIES ......................................................................... 2

        A.    Jowers Has Not Shown That This Case Could Have Been Brought in the Southern District of Florida.................................................. 2

        B.    The *Volkswagen* Factors Disfavor Transfer ................................................. 3

                1.    Private Interest Factors....................................................................... 3

                2.    Public Interest Factors ........................................................................ 5

IV.  CONCLUSION ........................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*10Tales, Inc. v. Tiktok Inc.*,

    Case No. 6:20-cv-00810-ADA, 2021 U.S. Dist. LEXIS 96694 (W.D. Tex. May 21, 2021)

    .................................................................................................................... 2

*Express Mobile, Inc. v. Atlassian Corp. PLC*,

    Case No. 6:20-cv-00805-ADA, 2021 U.S. Dist. LEXIS 143535 (W.D. Tex. Aug. 2, 2021)

    .................................................................................................................... 6

*Humble Oil & Ref. Co. v. Bell Marine Serv.*,

    321 F.2d 53 (5th Cir. 1963) ................................................................................ 2

*In re Volkswagen AG*,

    371 F.3d 201 (5th Cir. 2004) [*Volkswagen I*].................................................... 1

*In re Volkswagen of Am., Inc.*,

    545 F.3d 304 (5th Cir. 2008) (en banc) [*Volkswagen II*] ............................... 2, 4

*Quest NetTech Corp. v. Apple, Inc.*,

    Case No. 2:19-cv-118, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019) ............................ 3

**Statutes**

28 U.S.C. § 1404(a) ....................................................................................................... 1

## I.   INTRODUCTION

Plaintiff/Counterdefendant MWK Recruiting Inc. and Counterdefendants Robert E. Kinney, Recruiting Partners GP, Inc., Kinney Recruiting LLC, Counsel Unlimited LLC, and Kinney Recruiting Limited (collectively, "MWK") file this Response to Evan P. Jowers's Motion to Transfer. Less than one week after the Court entered its Order denying Jowers' Motion for Summary Judgment—and more than three years after removing this case to this Court—Jowers requests that the Court transfer this case to the Southern District of Florida. Because Jowers has not met his burden to show that that the Southern District of Florida is a clearly more convenient venue, the Court should deny his motion.

## II.   LEGAL STANDARD

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). The threshold inquiry of § 1404(a) is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202–03 (5th Cir. 2004) [*Volkswagen I*]. If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Humble Oil & Ref. Co. v. Bell Marine Serv.*, 321 F.2d 53, 56 (5th Cir. 1963). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all

other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [*Volkswagen II*] (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The moving party has the burden to prove that a case should be transferred for convenience. *10Tales, Inc. v. Tiktok Inc.*, Case No. 6:20-cv-00810-ADA, 2021 U.S. Dist. LEXIS 96694, at *4 (W.D. Tex. May 21, 2021). The movant's burden requires it to show not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* (citing *Volkswagen II*, 545 F.3d at 314, n.10). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, Case No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.   ARGUMENT & AUHTORITIES

#### A.   Jowers Has Not Shown That This Case Could Have Been Brought in the Southern District of Florida

In his motion, Jowers does not address the threshold inquiry of whether this case could have been brought in the Southern District of Florida. Nor could he.

MWK's claim for breach of the 2012 Forgivable Loan Agreement, for example, is bound by a venue clause which limits venue to Travis County, Texas. Ex. 1 at ¶ 12(a). Further, the 2012 Revolving Loan Agreement provides that Texas law governs, and a 2012 Revolving Loan Security Agreement provides Travis County, Texas as the exclusive venue for legal actions. Ex. 2 at ¶ 7.14; Ex. 3 at ¶ 7.13. Because Jowers has not met—and cannot meet—his burden to show that this case could have been brought in the proposed transferee venue, his motion should be denied.

> **B.** **The *Volkswagen* Factors Disfavor Transfer**

Even if Jowers could meet his burden to establish that this this case could have been brought in the Southern District of Florida, the *Volkswagen* factors either weigh against transfer or are, at best, neutral. Therefore, Jowers cannot meet his burden to show that the Southern District of Florida is a clearly more convenient venue than the Western District of Texas.

> **1.** **Private Interest Factors**

> **a.** **Relative ease of access to sources of proof**

The first private interest factor considers "documents and physical evidence" as opposed to witnesses." *See Volkswagen II*, 545 F.3d at 315. Jowers does not address the location of documents and physical evidence in his motion. Without more, this factor would be neutral, at best. However, this factor weighs against transfer because MWK—specifically Plaintiff MWK Recruiting, Inc.—has a principal place of business here in Austin, Texas. ECF No. 80 at ¶ 1. Because MWK possesses sources of proof in Austin, this factor weighs against transfer.

b.     **Availability of compulsory process to secure the attendance of witnesses and cost of attendance for willing witnesses**

In his motion, Jowers—aside from naming himself—names three potential witnesses located in Florida: Peter Gutensohn, Joshua Carr, and Alexis Lamb. Mot. at 6. Jowers then appears to assert that Mr. Gutensohn, Mr. Carr, and Ms. Lamb would not appear willingly in this District. *Id*. Further, Jowers claims that, "[e]ven if the above witnesses were willing to appear voluntarily in this District, it would be overly burdensome to require Florida-based witnesses involved in Plaintiff's various entities to travel hundres of miles to this District, as compared to travel in an area with which they are already familiar and in relative proximity." *Id.* For these reasons, Jowers seems to argue that these factors weigh in favor of transfer.

In his motion, however, Jowers does not assert the importance of the testimony of these witnesses. Nor does Jowers show that these witnesses are presently located in Florida, other than through a conclusory statement of counsel. Of more concern is that Mr. Gutensohn, Mr. Carr, and Ms. Lamb are not listed in any of Jowers' Rule 26 disclosures. *See* Ex. 4, Ex. 5, Ex. 6. But even if Mr. Gutensohn, Mr. Carr, and Ms. Lamb are potential witnesses with relevant testimony to support Jowers' claims, these factors are neutral due to the presence of MWK's potential witnesses in the Western District of Texas. Robert Kinney and Renee Sommers are witnesses for MWK who are located in the Western District of Texas. Robert Kinney possesses knowledge regarding the operation, policies, finances, business relationships, contracts, trade secrets, accounting, and causes of action of MWK; knowledge

regarding assignment of the contacts-in-suit; and knowledge regarding the damages. Renee Sommers possesses knowledge regarding the financial accounting and bookkeeping for MWK. Much as traveling from Florida to Texas could cause hardship for Jowers' potential witnesses, travel from Texas to Florida could cause the same for MWK's witnesses. Accordingly, these factors are neutral.

### c.     All other practical problems that make trial of a case easy, expeditious and inexpensive

Jowers does not address this factor in his motion. MWK notes that this case is presently set for pre-trial conference in sixty-three days, with a bench trial to be held soon after. ECF No. 288 (setting pre-trial conference for November 5, 2021 and bench trial for November 15, 2021); *see also* ECF No. 291 (requesting continuance of bench trial to the first two weeks of December, 2021). A transfer of this case would unreasonably delay the resolution of this case due the time required for the docketing and scheduling of a new trial in the Southern District of Florida. This practical problem alone causes this factor to weigh against transfer.

### 2.     Public Interest Factors

### a.     The administrative difficulties flowing from court congestion

Jowers argues that court congestion weighs in favor of transfer. "Courts evaluating this factor consider the speed with which a case can come to trial and be resolved." *Express Mobile, Inc. v. Atlassian Corp. PLC*, Case No. 6:20-cv-00805-ADA, 2021 U.S. Dist. LEXIS 143535, at *23-24 (W.D. Tex. Aug. 2, 2021). Because this case is set to be resolved before the end of the year, the congestion of the Western District

of Texas will not affect this case. Transfer to the Southern District of Florida, however, may cause administrative difficulties flowing from court congestion as the case becomes set on new judicial district's busy docket. Therefore, this factor weighs against transfer.

### b.     Local interest in having localized interests decided at home

Jowers appears to argue that this factor weighs in favor of transfer because no local interest of the Western District of Texas is served by litigating this case in this judicial district. Mot. at 7. Jowers, however, does not address any local interest of the Southern District of Florida in having localized interests decided at home. Based on his arguments alone, this factor would be neutral, at best. However, this factor weighs against transfer due to MWK's presence in the Western District of Texas. The resolution of this case has the potential to financially benefit Austin-based MWK and its employees. Thus, the Western District of Texas has a strong local interest in having this case decided here. Accordingly, this factor weighs against transfer.

### c.     Familiarity of the forum with the law that will govern the case

Jowers appears to argue that this factor weighs in favor of transfer because transferring this case to the Southern District of Florida would allow a Florida court to interpret Florida law. Mot. at 7. This Court has already expended considerable time and effort in interpreting and applying Florida law to this case. *See*, *e.g.*, ECF No. 285. Accordingly, because this Court is already familiar with the law that will govern this case, this factor weighs against transfer.

**d.    The avoidance of unnecessary problems of conflict of laws or in the application of foreign law.**

Jowers argues that a transfer would avoid complex issues of conflicts of law and public policy, particularly regarding non-compete agreement. Mot. at 7. But transferring this case to the Southern District of Florida would not avoid unnecessary problems of conflict of laws because MWK has asserted claims under the Texas Uniform Trade Secrets Act, for example. Thus, if the Court transferred this case to the Southern District of Florida, a Florida court would be interpreting and applying Texas law. Therefore, because problems of conflict of laws are unavoidable here, this factor weighs against transfer.

## IV.    CONCLUSION

Jowers has not met his burden of showing that litigating this case in the Southern District of Florida is clearly more convenient than in the Western District of Texas. Accordingly, the Court should deny his motion.

Dated: September 3, 2021          Respectfully submitted,

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

Robert E. Kinney
Texas State Bar No. 0076888
robert@kinneyrecruiting.com
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

**ATTORNEYS FOR PLAINTIFFS AND FOR COUNTER-DEFENDANTS**