# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>      Plaintiff,<br><br>v.<br><br>EVAN P. JOWERS<br><br>      Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>      Counterclaimant,<br><br>v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, KINNEY RECRUITING LLC, KINNEY RECRUITING LIMITED<br><br>      Counter-defendants. | |

**RESPONSE TO JOWERS'S MOTION FOR RECONSIDERATION OF RULING ON MOTIONS FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. LEGAL STANDARD .......................................................................................... 1

III. ARGUMENT ........................................................................................................ 2

    A. Jowers raises no new arguments or authorities related to the trade secret misappropriation claims. ......................................................... 2

    B. Reconsideration of whether there is a material fact issue remaining as to the balance on the revolving loan is unwarranted. ........... 3

    C. Jowers has not shown that the Court should reconsider its dismissal of his promissory estoppel claims. ................................................. 4

    D. Jowers failed to identify specific evidence on the essential elements of his claim based on retroactive reduction of his commissions. .................. 5

IV. CONCLUSION ..................................................................................................... 6

## I. INTRODUCTION

Jowers moves the Court to reconsider its August 24, 2021, Order (the "Order") on the parties' respective motions for summary judgment. (Dkt. 285). Specifically, Jowers takes issue with the Court's denial of summary judgment requested by Jowers on MWK's claims against him for misappropriation of trade secrets and for breach of a revolving loan agreement. (Motion, Dkt. 296, at 5-7). Jowers also challenges the Court's summary judgment in favor of MWK dismissing Jowers's Claim IV, for promissory estoppel, and Claim III, for retroactive reduction of commissions in breach of contract. (Dkt. 296, at 7-11). Because Jowers cites no new law or argument, and the Court has already fully considered the arguments and authorities presented, reconsideration of the Court's summary judgment rulings should be denied.

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Jowers asserts his motion under Rule 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is

free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)). A district court is never required to reconsider a summary judgment simply because a party "belatedly [comes] forward with evidence not submitted prior to the ruling." *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993).

### III. ARGUMENT

**A. Jowers raises no new arguments or authorities related to the trade secret misappropriation claims.**

In his motion for summary judgment, Jowers asked the Court to grant summary judgment with respect to MWK's trade secret misappropriation claims. (Dkt. 266, at 19-24). Specifically, Jowers focused on use of the word "ephemeral" by MWK's 30(b)(6) deponent, Robert Kinney, arguing that use of that descriptor rendered unnecessary any further consideration of whether the relevant business information constituted trade secrets of MWK. *Id.* MWK, responding, presented evidence of specific, actionable candidate information which Jowers had shared with a competitor prior to departure from MWK's employment, as well as evidence of such information shared by Jowers with clients of MWK using a private email address

controlled by Jowers. (Response, Dkt. 273, at 17-19). Further, MWK presented evidence of Jowers having earned $555,499.23 by placing those very candidates. In urging reconsideration, Jowers simply repeats the same arguments, continuing to urge the Court to ignore the reality of what occurred. The single authority Jowers cites, which does not support his position, was also cited in his original motion and was considered by the Court. (*Compare* Dkt. 266, at 20 *with*, Dkt. 296, at 5). There is no basis presented for reconsideration of the Court's denial of summary judgment on the trade secret claims against Jowers.

### B. Reconsideration of whether there is a material fact issue remaining as to the balance on the revolving loan is unwarranted.

In his motion for summary judgment, Jowers focused on a statement by MWK's bookkeeper, Renee Sommers, that the balance Jowers owed on the revolving loan should be almost entirely paid back after commissions he was expecting to be paid at the next pay period were paid. Jowers described the statement as "unequivocal." (Dkt. 266, at 8). In his Motion, Jowers urges again that the statement by Ms. Sommers was "unequivocal," quoting himself. (Dkt. 296, at 6). Yet the very statement at issue by Ms. Sommers was clearly equivocal: "I think the remaining…will just cover…might be a few hundred short." (Dkt. 266, at 8). The Court considered these statements and gave them due weight, along with the substantial other evidence submitted. Having done so, the Court determined that the evidence established that a material fact dispute exists as to the amount due on the loan. (Order, Dkt. 285, at 17). Seeking reconsideration, Jowers takes issue with the Court's statement that "Jowers has not argued that there is zero amount due on the loan." (Order, Dkt. 285,

at 17). Jowers's argument seems to be centered on the idea that the Court should have ignored the equivocal nature of Ms. Sommers statement and her status as an outside bookkeeper unable to bind MWK. Such argument, intended just to rehash what the Court has already considered, should not sway the Court to change its ruling and grant reconsideration.

### C. Jowers has not shown that the Court should reconsider its dismissal of his promissory estoppel claims.

Suggesting that the Court has "conceded" in its Order that the Hong Kong Contract "may be operative," Jowers's Motion fails to explain how, even if there were another contract in force, this would assist him in meeting his burden to demonstrate definite promise upon which Jowers reasonably relied to his detriment. (Motion, Dkt. 296, at 9). Instead of doing so, Jowers again just rehashes his old arguments and attempts to change the subject from his failure to bring forward evidence on each required element of his claim to something else. Contrary to Jowers's assertion that the Court "ignored all of Jowers's evidence," (Motion, Dkt. 296, at 9), the Court clearly reviewed his evidence, holding: "The emails Jowers provides do not show that Kinney made a definite promise that could justify reliance from Jowers." (Order, Dkt. 285, at 14). Without a sufficiently definite promise, the Court did not even need to reach the remaining elements of promissory estoppel.

Regarding a work visa, the unsigned, draft Hong Kong contract says only that "employment is conditional upon the Employee obtaining a valid Hong Kong work visa," providing that the work visa must be issued by November 30, 2010. (Exh. 35, Jowers MSJ, Dkt. 266-24, at ¶2.2). The contract, even if executed, would not have

required MWK to obtain a work visa, but would simply have been conditioned on Jowers obtaining one. Jowers now argues that the draft Hong Kong contract is nevertheless somehow relevant to whether he has shown a sufficiently definite promise by MWK to obtain a work visa for him. The logical connection is not evident. In any case, the Court has already had the opportunity to review these arguments and has rejected them. There is no reason now for a reconsideration on this basis.

### D. Jowers failed to identify specific evidence on the essential elements of his claim based on retroactive reduction of his commissions.

Jowers's fourth issue for reconsideration centers on the Court's summary judgment against Jowers on his Claim III, for retroactive reduction of commissions in breach of contract. Again, Jowers failed to meet his burden on summary judgment. "The court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *RSR Corp. v. International Insurance*, 612 F.3d 851, 857 (5th Cir. 2010) (cleaned up). Ignoring that it was his duty to identify specific evidence and articulate precisely how the evidence supported his claim, Jowers now asserts that the Court's Order was internally inconsistent. In fact, what appears to be inconsistent are Jowers's assertions about how much of a certain commission he received. (Motion, Dkt. 296, at 10). Nevertheless, in responding to MWK's motion on this issue, Jowers had the opportunity and the burden to identify the evidence he needed to present for the claim to survive. Having failed to articulate anything sufficient to raise a fact issue on his first attempt, Jowers now simply urges a new look at the same evidence, suggesting

that the Court should have done a better job of rummaging through his briefs. This, again, is not a sufficient reason for the Court to exercise its discretion to reconsider the Order.

## IV.     CONCLUSION

Jowers has failed to articulate any legitimate reason why the Court should reconsider its Order on the parties' respective motions for summary judgment. His Motion should be denied.

Dated: September 23, 2021					Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

THE MORT LAW FIRM, PLLC
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

ATTORNEYS FOR PLAINTIFF MWK AND FOR COUNTER-DEFENDANTS KINNEY, KR LLC, AND KINNEY RECRUITING HK