# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC.**<br><br>          **Plaintiff,**<br><br>    **v.**<br><br>**EVAN P. JOWERS**<br><br>          **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>          **Counterclaimant,**<br><br>**v.**<br><br>**MWK RECRUITING, INC., ROBERT E. KINNEY, KINNEY RECRUITING LLC, KINNEY RECRUITING LIMITED**<br><br>          **Counter-defendants.** | |

## RESPONSE TO JOWERS'S MOTION TO CERTIFY FOR APPELLATE REVIEW

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................. 1

II.    LEGAL STANDARD ............................................................. 2

III.   ARGUMENT ...................................................................... 4

       A.    Jowers has not shown that an immediate appeal would materially
             advance the ultimate termination of the litigation. .................................. 4

       B.    Jowers has not shown that substantial ground for difference of opinion
             between courts justifies an appeal. ........................................... 5

       C.    None of the issues Jowers would seek to appeal are controlling issues in
             this case. ......................................................................... 6

IV.    CONCLUSION .................................................................... 6

## I.     INTRODUCTION

Following the Court's August 24, 2021, Order on the parties' Motions for Summary Judgment (the "Order"), the live claims in this matter consist of: (1) all of MWK's claims; and (2) Jowers's counterclaim against MWK, KR LLC, KR Limited, and Robert Kinney for certain unpaid Hong Kong office expenses from August 19, 2015, through his resignation in 2016. (Dkt. 285). Less than 75 days from trial, Jowers asks the Court to certify for interlocutory appeal to the Fifth Circuit portions of the Order. Specifically, Jowers believes he should be permitted an interlocutory appeal of the Court's rulings that: 1) Jowers waived his argument about unenforceability of liquidated damages under the Jowers Agreement by failing to plead the affirmative defense of illegality; 2) MWK submitted sufficient evidence of its trade secret misappropriation damages to survive summary judgment on its trade secret claims; and 3) MWK met its initial burden as the movant for summary judgment on Jowers's dismissed claims by identifying the elements of Jowers's claims that lack evidence and demonstrate material fact issues.

When, as here, there would be multiple other issues remaining for trial even if the requested relief were granted, an interlocutory appeal is not appropriate. When trial is literally around the corner, promising a final determination of all the remaining issues in this matter after 3 ½ years, it is even more clear that certification of any of these issues for appeal would be inappropriate. But even if substantial time before trial remained and an interlocutory appeal on the issues had a prospect of materially advancing the litigation's termination, Jowers would need to demonstrate there is substantial ground for difference of opinion on the issues he raises, and that

those issues are controlling. This Jowers cannot do, so the Motion does not even attempt to make the necessary showing.

## II.      LEGAL STANDARD

28 U.S.C. § 1292(b) permits a district judge, in certain circumstances, to certify an issue for interlocutory appeal. The statute reads, in part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, a party desiring interlocutory appeal must convince the Court that the Court's Order involved (1) a controlling question of law, (2) that there is substantial ground for difference of opinion about the question of law, and (3) that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). All three of these criteria must be met for an order to properly be certified for interlocutory appeal. *Clark-Dietz & Assocs.-Eng 'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

Review under Section 1292(b) is not limited to those situations in which decision on an issue would result in a complete dismissal. *See Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970). However, "[t]he Fifth Circuit has held that certification is particularly inappropriate when a party has claims remaining for adjudication by the finder of fact." *In re L.L.P. & D. Marine, Inc.*, No. Civ. A. 97-1668, 1998 WL 66100, at *2 (E.D. La. Feb. 13, 1998) (citing *United States v. Bear Marine Servs., Inc.*, 696 F.2d 1117, 1120 (5th Cir. 1983); *Spurlin v. Gen. Motors Corp.*, 426

F.2d 294, 294-95 (5th Cir. 1970)). Indeed, "[i]nterlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985); *see also Clark-Dietz*, 702 F.2d at 69 ("Section 1292(b) appeals are exceptional."). The basic structure of appellate jurisdiction disfavors piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996); *Clark-Dietz*, 702 F.2d at 69.

Furthermore, "[t]he decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), *vacated on other grounds by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989); *see also Swint v. Chambers Cty. Comm ' n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 405 n.9 (2004) (Ginsburg, J., dissenting) ("[T]he decision whether to allow an [interlocutory] appeal lies in the first instance in the District Court's sound discretion.").

### III.    ARGUMENT

**A.    Jowers has not shown that an immediate appeal would materially advance the ultimate termination of the litigation.**

Trial in this case is set for December 6, 2021, less than 75 days away. An interlocutory appeal of the issues identified by Jowers, even if he were successful on all three of them, would not resolve the claims against him. To the contrary, success for Jowers on an interlocutory appeal would mean that dismissed claims would be resurrected and the burdens at trial (in the even more distant future) would be increased. For example, in his first issue, Jowers argues that an affirmative defense he failed to plead should remain in the case. Were he successful on interlocutory appeal, that success would create a new fact issue for the Court to resolve at a trial as to whether the liquidated damages clause constituted a penalty. Since MWK did not have notice of this defense in time to conduct proper discovery on the issue, the discovery period in this case might also need to be reopened. Similarly, in the unlikely event Jowers were successful on his second issue, no economy would be achieved. The Court would simply be presented with an additional issue of fact to determine at trial; namely, whether MWK, absent Jowers's misappropriations, would have otherwise placed the candidates with an employer. Finally, although it is unclear what Jowers would hope to achieve on appeal as to his third issue, because the Court already applied the standard he advocates, at best the Court would be presented with additional issues to determine at trial if Jowers were successful in resurrecting some of his claims.

**B.      Jowers has not shown that substantial ground for difference of opinion between courts justifies an appeal.**

Jowers makes no attempt to demonstrate that there is substantial ground for difference of opinion between courts about the issues he would raise on appeal. Instead, he focuses only on his own difference of opinion with the Court. That Jowers disagrees with the Court's determinations is a given. But his disagreement does not help him satisfy the second prong of the test under 28 U.S.C. § 1292(b). In fact, there is no disagreement between authorities on the points Jowers raises. As to his first issue, the very text of Fed. R. Civ. P. 8(c) requires a party to plead all matters constituting an avoidance or affirmative defense, specifically enumerating illegality as one that must be plead. Neither in his Motion nor in his prior briefing on this matter has Jowers cited a single authority for the proposition that he wishes to advance on interlocutory appeal. (*See*, Jowers Reply iso MSJ, Dkt. 275, at 9-11). Similarly, as to his second issue, the question of what categories of damages are available for misappropriation of trade secrets is well settled in the Fifth Circuit and in Texas. (Order, Dkt. 285, at 26-27). At no point has Jowers presented authority to the contrary. Finally, as to Jowers's third issue, the summary judgment standard he says he would seek to obtain through an appeal is exactly the standard that was applied by the Court in the Order. (Motion, at 7). Not only is there no disagreement between authorities as to the summary judgment requirements for the non-moving party following *Celotex*, Jowers also appears to agree. To the extent Jowers is arguing that a moving party without the burden of proof must also cite specific evidence to obtain summary judgment, Jowers cites no authority for this proposition. Having

failed to show a difference of opinion between courts, Jowers fails the second prong of the test.

> ### C.     None of the issues Jowers would seek to appeal are controlling issues in this case.

Finally, Jowers's also fails on the first criterion in the test for whether the Court should certify appealability of his issues. Controlling issues "serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Controlling issues are decisions of "pure law, …reviewable quickly and cleanly without having to study the record [with] precedential value for a large number of cases." *Crankshaw v. City of Elgin*, No. 1:18-CV-75-RP, 2020 WL 1866884, at *3 (W.D. Tex. Apr. 14, 2020) (cleaned up). The first issue, Jowers's waiver of the illegality defense, only has the potential to create an additional issue for trial, not to resolve the case. Moreover, determination of the issue would involve study of the record in this case. Jowers's second issue, regarding trade secret damages, would also not shorten the litigation: if Jowers were successful, proof of damages would simply be in a different, potentially more complex form at trial. Finally, even if Jowers were successful with his third issue and more of his claims were able to survive summary judgment because of the ruling he obtained on appeal, the result would not serve to avoid or shorten trial; instead, Jowers would have additional issues to argue at trial.

> ## IV.     CONCLUSION

Jowers has failed to meet the standards required to obtain certification of issues for interlocutory appeal under § 1292(b), making an inadequate showing to

satisfy any of the three relevant criteria. The Court has complete discretion to allow or deny the relief requested but should not exercise its discretion to allow an appeal here. This case should proceed to trial.

Dated: September 23, 2021                    Respectfully Submitted,

<u>/s/ Robert E. Kinney</u>
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF MWK AND FOR COUNTER-DEFENDANTS KINNEY, KR LLC, AND KINNEY RECRUITING HK**