# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC,**<br><br>Plaintiff<br><br>v.<br><br>**EVAN P. JOWERS,**<br><br>Defendants<br><br>**EVAN P. JOWERS,**<br><br>Counterclaimant<br><br>v.<br><br>**MWK RECRUITING, INC.,<br>ROBERT E. KINNEY,<br>KINNEY RECRUITING LLC, and<br>KINNEY RECRUITING LIMITED,**<br><br>Counterdefendants | **Case No. 1:18-cv-00444-RP** |

## <u>DECLARATION OF ROBERT E. KINNEY</u>

I, Robert E. Kinney, declare as follows:

1.   My name is Robert E. Kinney. I am of sound mind, I am capable of making this declaration ("**Declaration**"), and I have personal knowledge of the facts stated in this Declaration. All the facts stated in this Declaration are true and correct. I am over 21 years of age and have never been convicted of a felony or a crime of moral turpitude in any jurisdiction.

2.   Attached as **Exhibit A** is a true and correct copy of  email messages I received from Evan Jowers between December 18, 2016, and December 26, 2016, in which he described his litigation strategy. I have highlighted important passages.

3.   Attached as **Exbibit B** is a true and correct copy of WhatsApp messages between myself and Jowers sent and received shortly after his resignation in December 2016. The white background messages are from Jowers.   In these messages, Jowers further described his strategy and plans. I have highlighted important passages.

4.   Attached as **Exhibit C** is a true and correct copy of correspondence received from Robert Tauler on October 14, 2021.

5.   Attached as **Exhibit D** is a true and correct copy of Jowers's initial Rule 26 disclosures, received on November 18, 2018.

6.   Attached as **Exhibit E** is a true and correct copy of Jowers's first supplemental Rule 26 disclosures, received on August 26, 2020.

7.   Attached as **Exhibit F** is a true and correct copy of second supplemental Rule 26 disclosures, received on December 11, 2020. No further supplemental Rule 26 disclosures were received from Jowers after December 11, 2020.

8.   Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

9.   Executed on October 27, 2021.

/s/ Robert E Kinney
Robert E. Kinney

Robert Kinney <robert@kinneyrecruiting.com>

---

## simply not convinced the '06 agreement is enforceable, notwithstanding FL courts upholding most noncompete agreements (even post employment).

---

**Evan Jowers** <evan@evanjowers.com>                                          Sat, Dec 24, 2016 at 6:21 AM
To: Robert Kinney <robert@kinneyrecruiting.com>

And if the '06 agreement were to be enforceable (which I don't believe is the case and think would be entirely unfair), it's really more of a gotcha situation you have over me. Well, I have the a gotcha situation in return in that you can't serve me while I am outside the US. And even if you did serve me while I was visiting US, my lawyers would argue that I am not subject to jurisdiction of FL courts while living overseas, especially since I moved overseas with your company.

And I can't see how you could bring a successful litigation in HK courts. It would be especially complicated since they would not apply Florida law, won't pay much attention to the '06 agmt at issue, and will take into account that you refused to apply for a HK work visa for me for 18 months (for the expressed primary reason to keep me under the '06 agmt).

While you want me to concede that whether it is fair or not, you could have me under the '06 agmt (I still don't think it's enforceable), you won't take into account that you likely could not get any type of litigation off the ground against me.

I made you millions of dollars and alone built you a platform for Asia and built the Kinney brand more than you did over the past 11 years, all without you taking any risk of even $1. it was a big win for you and a big loss for me. it was time to move on and any reasonable person (and any reasonable court in HK) will see that.
[Quoted text hidden]

**Exhibit A**                                                                   **Page 1 of 4**

Robert Kinney <robert@kinneyrecruiting.com>

## Fiduciary duties owed by employees under FL law

**Evan Jowers** <evan@evanjowers.com>                                    Mon, Dec 26, 2016 at 10:30 AM
To: Robert Kinney <robert@kinneyrecruiting.com>

I am very much willing to discuss how to share live placements. I continue to offer to discuss an arrangement. We can discuss by phone today, tomorrow any day this week. I will make myself available, according to your schedule.

However, if you are not willing to discuss and keep trying to intimidate, I am very much looking forward to a very interesting litigation at some point in the future. It would have to be in Hong Kong though, as I have no intention of traveling to the US to deal with this matter.

I am sick and tired of hearing from you that I am some sort of a thief, based on an unenforceable non-compete agreement and your idea of fiduciary duties of an employee (or your idea that I was a partner). I am tired of you trying to intimidate.

This "valuable secret" info you say I stole from Kinney? Are you talking about the candidates (my friends) reaching out to me and discussion their careers? I surely did not take any info from Kinney. Are the candidates no allowed to tell me about their career now since I left Kinney? If you guys over in Texas were aware that, for example, James Chang has reasons to consider a move from Skadden, would you guys have any chance of representing him in such a job search? No.

**Evan P. Jowers, Esq.**
evan@evanjowers.com
+852.5502.3361



[Quoted text hidden]

Robert Kinney <robert@kinneyrecruiting.com>

**Fiduciary duties owed by employees under FL law**

**Evan Jowers** <evan@evanjowers.com>                    Mon, Dec 26, 2016 at 7:14 PM
To: Robert Kinney <robert@kinneyrecruiting.com>

If by big problems, you simply mean that you may bring a lawsuit in HK, then I don't see what the "big problems" are. ==Again, unless you plan to spend well over $500,000 on litigation, I can match you dollar for dollar.== This is my life's work and my reputation so I am very passionate about this and have prepared myself financially for the fight I always expected you would bring.

I am not giving a list of all candidates I plan to or may represent for the next year. I am instead willing to be very generous regarding the live candidates. I can give you that list if you want, although prefer over the phone.

**Evan P. Jowers, Esq.**
evan@evanjowers.com
+852.5502.3361



[Quoted text hidden]

Robert Kinney <robert@kinneyrecruiting.com>

## What is my credit on Alpasan Basaran?

**Evan Jowers** <evanjowers@yahoo.com>                                    Sun, Dec 18, 2016 at 1:10 PM
Reply-To: Evan Jowers <evanjowers@yahoo.com>
To: Robert Kinney <robert@kinneyrecruiting.com>

Yes, I would rather work out a deal with you, than go back and forth about how we don't agree with each other on these basic principals.

So let's just work out an agreement. I am wiling to be more than reasonable.

Morgan called Bullhorn and had them move Kinney's entire database to her database. It's some looney tunes business there I don't want to be even compared to in same sentence :-)))

You always called it a non compete, but non solicitation is basically the same thing, for our purposes here.

You had a great run with me for 11 years. I left you an Asia business you would never have otherwise had. It's guaranteed profitable if you hire even an incompetent recruiter in HK to run with the platform I gave you. You also made millions in profit off of me over the past decade. That's great and I am happy for you and your family that happened.

I completely disagree that Kinney owns future submissions of attorney candidates who I have relations with (through my own efforts, with no help from Kinney, although I was employed by Kinney at the time). These are individuals who can choose who they would like to work with on future applications. The only reason Kinney is aware of some of these folks is because of my efforts.

Folks like Ji Liu, Anthony Choi, Frank Sun, Doug Freeman, Charles Ching, CK Kim,  Leiming Chen, Ben Su, David Kuo, Hui Xu, Wang Yang, etc. etc. (the list goes on for a mile) would never even consider working with you if you made efforts to prevent me from working with them or even advising and being in contact with them for 6 months (even if you were unsuccessful in those efforts). These persons can choose who will represent them in future job searches. Kinney or any recruiting firm only has ownership over those candidates at particular firms for the 6 months or longer than a submission / application is pending at a particular firm.

If you made efforts like this your reputation would be badly affected in the Asia markets we work in. It is well known how much profit and success I brought Kinney over 11 years in Asia and every senior partner I know well in the Asa markets has strongly advised for many years that I start my own shop. I have remained loyal to you and defended you for years, when given such strong advice.

You can't enslave your recruiters - hire them and then provide little to no resources but have them figure out how to make it happen,and when someone brings in millions to Kinney,  then further deplete their resources, threaten them with financial ruin and career ruin if they leave (by claiming ownership over the the future representation of individual clients the recruiter brought to Kinney, as well as relations with attorneys who are not even the paying clients), all to ensure that you have absolutely zero risk and no investment while having solid profits.

Your take on things is why you may not ever build a recruiting firm that is more than 5 active and producing recruiters at any given time. I hope you do expand Kinney and I wish you had allowed me to help you do it, but I just don't see it unless you change your outlook on things.

If we don't come to an agreement (and I hope and expect we will) and you were to able to bring some type of litigation against me on the matter,  I will make it my life's mission to end once and for all time the greed and sense of entitlement recruiting companies have over recruiters in our industry.

**Exhibit A**                                                        **Page 4 of 4**





Yes please do that. 11:25 AM

You are what is wrong with this industry. Greed and entitlement while not caring about these persons' careers 11:26 AM

If you take the route you are threatening to you will basically end your ability to continue in recruiting. You dont see that though 11:28 AM

This is the reason Yulya and I have wanted out for years. 11:35 AM

I was too loyal though and kept giving you a chance to normalize the situation and work to build the business together 11:36 AM

The lack of care to even get me a HK work visa was the evidence that it was never going to turn around 11:36 AM

You cant even appreciate the 3 to 4 million you made off my efforts. Your greed and sense of entitlement over peoples' careers pushes you to want to fight for some small amount of fees, and in process threatening to hurt those persons' applications. 11:49 AM

If you would take the approach of "lets come to an agreement" then we would and we still can. But you threaten too much in the process and feel the need to try to intimidate and talk down to me (and my candidates that you reach out to). 12:03 PM

If you bring a litigation you may not like the result. 12:04 PM

I want to have an arrangement but I insist that I have these basic rights and I can sense you playing fast and loose. 12:05 PM

Don't threaten brother rabbit w the briar patch, dude. Unless you mean the Russians will come get me. 12:09 PM

I have a business w stakeholders and if i can't keep a former employee from stealing the day he walks out, it's not much of a business. So, sorry, you have to answer to me a little longer if you want to avoid a fight and get paid

12:10 PM

I didnt steal anything   12:15 PM

I brought you 4 million or so and in the process gave you a brand in Asia
12:16 PM

Then at the end someone like James, a friend who I have advised for years, wanted me to represent him
12:17 PM

I couldn't leave weeks before I did because you would have stiffed Yuliya on Hui. I couldnt allow that to happen
12:18 PM

Then I almost decided to stay anyways. But the Alp issue came up
12:19 PM

I am willing to work out an arrangement but not if you erroneously (on both accounts) think you are driving the bus and have the threat of litigating w upper hand
12:21 PM

And please stop bringing up Russia justice. That is never going to happen, no matter what.
12:23 PM

To be honest, I would be very excited to litigate because I am passionate about this. But am willing to come to an agreement
12:26 PM

If we litigate at any legnth its going to be very public (in our little big law world) and it's going to be clear what I built at Kinney. I don't think any good recuiter would ever want to work for you when the facts come out.
12:30 PM

The candidates I especially want to work out arrangement with are new ones who reached out to me while at Kinney. For example I never knew Joel and he came to me through Kinney system.
12:40 PM

Other candidates came to me specificallt because of my long time relationship with them or referrals
12:43 PM



12:43 PM

Kinney brand or platform provided so little support, especially since I moved to HK. So its not a situation where candidates were coming to the brand and I took advantage

12:45 PM

I simply had enormous reasons to leave Kinney and long-term relation candidates of mine, as eell as referrals, insist on choosing me as their recruiter. This category of folks were seeking me out and never would have reached out to a kinney email address or phone number except for the fact that I was there

12:48 PM

And again, the reason why I could not give weeks or months (or even days) notice is because you have threatened to not pay commissions after someone leaves. You created that situation.

12:52 PM

I would like to especially make arrangements re any candidate that was found for me by another Kinney reculter. Even if I were to place such a person 3 years from now, I want the Kinney recruiter and Kinney to be compensated.

1:10 PM

That would be a candidate that the Kinney platform provided and I am willing to have some type of 3 year arrangement on those.

1:11 PM

Of course I am not including Yuliya's finds :-)

1:13 PM

Jack found me some folks

1:13 PM

Before your threatening tone I was inclined to offer you a small piece of my company, as a gesture of good faith, friendship and keep our interests aligned.

1:19 PM

I am definitely not trying ti screw you over

1:19 PM

If you knew of a live candidate interested in moving as you walked out the door, that is kinney proprietary information. If you want to touch those folks any time in the next year, and especially if you already have, I need a list of them right away from there and we need a deal. Furthermore if you

**Exhibit B**

**Page 3 of 8**



If you knew of a live candidate interested in moving as you walked out the door, that is kinney proprietary information. If you want to touch these folks any time in the next year, and especially if you already have, I need a list of them right away from there and we need a deal. Furthermore if you solicit anyone within a year who was someone you had contact w, knowledge of, or access to here, we need a deal on them. Send me a list of those people and let's start there, and if you're completely forthright you will likely be able to get me to waive rights as to others as part of that deal. Or you can act like you don't need a deal because I am greedy and your agreement's not enforceable, and continue sending people out without a deal, soliciting people, and creating a mess for yourself down the road. Your choice. Send list or keep doing what you're doing. I'm sorry man but this is how business works. There are stakeholders here beyond me who care that these things be handled correctly. 1:22 PM ✓✓

These type of messages will simply lead to a litigation. 1:24 PM

Probably, unless I get a list. 1:24 PM ✓✓

Its 3.30am here so going to sleep 1:25 PM

Good! Sleep on it. Have the weekend. Merry Christmas! Your best possible deal is in what I just wrote. 1:26 PM ✓✓

I am mainly concerned about the candidates who happen to be starting job searches at the time i was leaving kinney 1:26 PM

Right, those are ours. Send me a full list and I am very likely to work a very good deal out w you. 1:27 PM ✓✓

The part about within a year working with anyone i ever contacted at kinney - that part is laughable to me. 1:27 PM



- that part is laughable to me.   1:27 PM

Send me a list. Don't leave gray area.   1:28 PM

It is what is wrong w this industry - the greed and entitlement. But the noncompete "agmt" from '06 is not enforceable (as I keep explaining)   1:29 PM

Well, either we make a deal or test that proposition.   1:30 PM

If we litigate I dont think you realize the damage it will cause to the reputation of your business   1:31 PM

Lets test it   1:31 PM

Think it over.  And in the mean time I have to warn candidates that working with you without knowing you and I have a deal potentially makes them a pawn - that is their right to know.   1:31 PM

It will take some time though unless you bring claim in a HK court. I cant be served outside US, although I wont be trying to run and hide for years from the litigation   1:33 PM

Trust me, I have no doubt that you will be able to spin crap to try to hit my rep, but I'm worried about not setting a precedent that would gut the value of the biz, so I can take it.   1:33 PM

There is also the problem that Kinney moved me to HK   1:34 PM

But didnt get me a work visa for 18 months in order to keep me tied down by '06 agmt Kinney believes is enforceable   1:35 PM

List and friendly deal or finger and fight.  I can't be more clear or fair.



1:35 PM

Friendly deal is fine. I can be overly generous    1:35 PM

List first.    1:35 PM

Sleep on it.    1:36 PM

Good night.  I'm done.  Gotta deal w something else now    1:36 PM

This is a big hint though - I would rather go bankrupt than agree that we have a valid and enforceable  non compete agmt    1:36 PM

Sleep    1:37 PM

Its something I am willing to fight over in principle    1:37 PM

Your rep would be damaged not from my efforts to spin anything, but the simple fact that you are bringing a lawsuit against the recruiter who made you millions and put your brand on the map.    1:38 PM

And I have stakeholders too.    1:39 PM

And I would counterclaim re the 17% interest (labor law and usery law issues) and other matters....    1:42 PM

Until you or I find out we are completely wrong on our understanding of '06 agmt enforceability, hard to have agmt.    1:44 PM

One of us is wrong. Who knows? Maybe its me, but I have discussed with lawyers several times over the years (because you kept threatening me with the noncompete)    1:46 PM

Well, that's the mouth biting the hand again.  Begging me for loans...now I'm



noncompete)

1:46 PM

Well, that's the mouth biting the hand again.  Begging me for loans...now I'm a jerk.  Puh-lease.  Anyway I had legal advice usury in TX is not a risk under 18%, and a promissory note drawn up, and as for labor I don't know what you mean but it's a double edged sword-unpaid taxes for you are the biggest risk I think. You have nothing to gain  by fighting over getting a deal w me unless you have a big partner squirrel-held away I don't know about.  I think you'll realize that after you sleep and think on it a little.  If you have a big partner deal held to one side, or a bunch of little ones, then maybe you lose a few bucks over f'ing us out of them but better to make a deal similar to what your commission would have been - which is still possible - than risk getting nothing or having your biz plan get screwed up.  That's what I would do in your place.

2:01 PM

I dont think you realize how strongly committed I am to fighting the idea that you can hire someone and 6 months later for the first time mention a noncompete, force them to sign it (or get canned and lose commissions) and then expect that to be enforceable 11 years later after the employee moved to HK for you and you refused a work visa for primary purpose of keeping noncompete intact. Further frustration caused by the violation of just about every term provided in original agmt (% commissions, benefits, etc) and threat of not paying commissions due upon leaving the firm.

2:09 PM

I am willing to go the distance to fight that, for the good of our industry, all future employees of recruitng compaines. and society in general.

2:11 PM

Its especially frustrating because i brought in more revenue and profit for you (with little resources) than the rest of your recruiters combined over a 10 year period.

2:13 PM

Yes, I am willing to fight the good fight re the enforceability on the '06 agmt.

2:14 PM

I am also willing to come to agmt on candidates without any mention of the unenforceable '06 agmt

2:14 PM

But if you keep bringing up terms of that unenforceable '06 agmt I wont be able to continue discussions

2:18 PM

Again though, i am willing to come to an agmt re candidates nonetheless

2:18 PM

**Exhibit B**                                                                                   **Page 7 of 8**



Jowers Evan - US
last seen today at 7:57 PM

Again though, i am willing to come to an agmt re candidates nonetheless
2:05 PM

If you are not willing to first seek advice re the enforceability of the '06 agreement (based on all the facts at hand) before we work out an agmt at this time re candidates who seek my representation (recently and going forward), then i cant have serious discussions
8:06 PM

I was thinking about even giving you a piece of my new company (before your threats) so i can be very generous and reasonable. But I am very serious about not allowing myself to be intimidated by your take that '06 agmt is enforceable.
8:09 PM

If that agmt is the core of your business, you have a very bad strategy and will never grow it (no decent recruiter will ever join you)
8:10 PM

Lateral Link for example doesnt even have a noncompete and grows just fine
8:11 PM

I am willing to jointly with you hire a lawyer to go over the '06 agmt and facts at hand, to first get an expert opinion before we come to terms on candidates i submit soon after leaving Kinney
8:15 PM

I have a hard copy of the '06 notarized agreement in my desk in miami storage. But I dont have it stored on my laptop here in HK. It was in bullhorn emails so I had no access to those since around '09
8:18 PM

If you refuse to be reasonable on figuring out the enforceability of the agmt, i simply cant continue my plans to be very generous and fair with you.
8:20 PM

And if you make efforts to try to get my candidates and client law firms involved in some type of litigation over my leaving Kinney (and submitting candidates who want my representation), just by the act of threatenimg to do so (before any of the facts come out that will further hurt you), you will destroy your reputation in this industry to the point where you won't be able to continue. And a long litigation could wind up costing you a lot more than the assets you have. Everything you have built up could be destroyed if you attack the person who brought you millions in this business without ever any risk to you, and attack his clients and friends simply because they choose to work with him over you.
8:29 PM

## 16(f) Filings

**Robert Tauler** <rtauler@taulersmith.com>                    Thu, Oct 14, 2021 at 12:22 PM
To: Ray Mort <raymort@austinlaw.com>
Cc: Robert Kinney <robert@kinneypc.com>, Luca Stein <lstein@taulersmith.com>, "Tristan L."
<tristan@loanzon.com>, Valerie Saryan <vsaryan@taulersmith.com>, Daniela Kimble
<dkimble@taulersmith.com>

All right that sounds good.  You are probably right about Judge Pitman, but there is so much to go over in this case.  Just the Kinney Letter to the Admissions Committee is going to take a day alone.  If I get the chance at this trial, I am going to roast Robert Kinney on the witness stand real slow like a pig over hot coals.  I believe they call that a cookout where you are from.  Yee haw!!!!

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Oct 14, 2021, at 10:11 AM, Ray Mort <raymort@austinlaw.com> wrote:
>
>
> Robert,
>
> On the proposed stip facts, please provide them by Tuesday, if possible for us to consider.
> We will do the same.
>
> I'm doubtful that Judge Pitman is going to conduct two separate trials for two weeks each.
> But, as I said, we are ok with a stip of dismissal with prejudice.
>
> Thanks,
>
> Ray
>
>> On Oct 14, 2021, at 11:37 AM, Robert Tauler <rtauler@taulersmith.com>
>> wrote:
>>
>>
>> First - Great! I will send a draft of stipulated facts.
>>
>> Second - As for your damages, I honestly don't know what they are.  Your rog
>> responses are all over the map, and those differ from the motion opps.  I
>> guess we will call all the placements alleged to be scraped off the websites to
>> be safe and you or your successor can deal with it later.
>>
>> Third - There is only one CC left, and it is for Hong Kong Business Expenses.
>> I don't think this is worth having a second trial after (as you know when there

Exhibit C to REK Decl.                                    Page 1 of 6

is a counter claim you get two trials).    It will double the length of the trial (four weeks instead of two).  It's fine by me since I get paid by the hour, but I doubt you want to spend your donated time on these claims.

P.S. I am serious about Kronstadt - he put another patent troll in jail for making up fake companies like DSOU.  You should dismiss the case you have in front of him.  Had the case stayed with Snyder you would have been OK, but Kronstadt will drop the hammer on you.  The moment Latham & Watkins figures out that the company/claim is fake you will be cooked and there will be no looking back.  Perkowski doesn't know this since he is just a copyright troll for paparazzi images and judges in the central district (LA) know intellectual property given the amount of legitimate IP emanating from Hollywood, plus his claims are simple. This is much different than how patent cases are viewed in the Central District.  Trust me, its not a picnic like Waco, let me tell you.  Obviously do what you want, and consider this just some friendly advice from a fellow Texas Lawyer, but I don't see your Perkowski case working out well for you, and  I am usually right about these things.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Oct 14, 2021, at 9:00 AM, Ray Mort <raymort@austinlaw.com> wrote:
>
>
> Robert,
>
> Let us know what stipulated facts you have in mind. We are all for it.
>
> The damages we are seeking are outlines in our disclosures and rog responses.
>
> We do not agree to dismiss the CCs without prejudice. We would agree to dismiss them with prejudice.
>
> Thanks,
>
> Ray
>
>> On Oct 14, 2021, at 10:55 AM, Robert Tauler <rtauler@taulersmith.com> wrote:
>>
>>  Thanks, what about stipulated facts?  This must be a joint submission logically since it is a "stipulation" and therefore agreed upon by the parties.  It makes zero sense to do this separately.  Is this how they do it in Texas?

Exhibit C to REK Decl.                                         Page 2 of 6

For damages I am asking what YOU are seeking for damages. Two placements? Three? Infinity? This impacts the witnesses we will call (ie the candidates themselves).

For damages, a propose a stip to dismiss without prejudice.  If you agree we can prepare.

By the way, I understand Peter Perkowski is recently your local counsel for one of your patent cases. Small world.  I'll be sure to leave a good word with the admissions committee about your soon to be filed pro hac vice application.  If I were you, I would avoid Judge Kronstadt.  He doesn't like Texans.

Thanks,

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd. Suite 510
Los Angeles, CA 90017
(310) 590-3927
www.taulersmith.com

> On Oct 14, 2021, at 3:28 AM, Ray Mort <raymort@austinlaw.com> wrote:
>
>
> Robert,
>
>
> We can review the option of using common exhibits after the submissions are filed next Friday.
>
>
> With respect to damages, the Court denied all of Jowers's grounds in his MSJ motion.
>
>
> If Jowers's wishes to withdraw his CC, we are fine with that.
>
>
> Thanks,
>
>
> - Ray

Exhibit C to REK Decl.                                    Page 3 of 6

RAYMOND W. MORT, III

–

THE MORT LAW FIRM, PLLC

100 CONGRESS AVE · SUITE 2000

AUSTIN · TEXAS · 78701

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**Exhibit C to REK Decl.**

**Page 4 of 6**

**From:** Robert Tauler
<rtauler@taulersmith.com>
**Sent:** Wednesday, October 13,
2021 10:10 AM
**To:** Ray Mort
<raymort@austinlaw.com>; Robert
Kinney <robert@kinneypc.com>;
Luca Stein
<lstein@taulersmith.com>; Tristan
L. <tristan@loanzon.com>; Valerie
Saryan
<vsaryan@taulersmith.com>;
Daniela Kimble
<dkimble@taulersmith.com>
**Subject:** 16(f) Filings


Counsel,


As you know, our first round
of 16(f) filings are due soon.
Based on my review of the
requirements, the only item
that requires our
collaboration are the
stipulated facts, however, I
think it makes sense to work
together with respect to the
exhibits so that we don't have
duplicates at trial.


Also, for the witnesses, I
think it makes sense to
discuss the scope of the
damages sought.  I believe
they are limited to the
handful of placements
identified in the Court's MSJ
Order and the arguments
advanced and adopted by
the Court, but if you have a
different view, then this will
broaden our witness list.  I
think this warrants a quick

Exhibit C to REK Decl.                    Page 5 of 6

discussion since it will save the Court a good deal of time.

Finally, we are considering dismissal of the sole remaining counterclaim dubbed "Hong Kong Office Expenses" as the lack of any counterclaims would significantly streamline trial. I would like to discuss the parameters of this with you.

Accordingly, please let me know when you are available to discuss these matters or, if you don't want to speak, how you propose handling the above matters.

Warm regards,

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 510

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com

**Exhibit C to REK Decl.**                    **Page 6 of 6**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MWK RECRUITING, INC., <br><br>        **Plaintiff,** <br><br> **v.** <br><br> EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (a/k/a JOWERS/VARGAS), <br><br>        **Defendants.** | Civil Action No. 1:18-cv-00444 |

## DEFENDANTS' INITIAL RULE 26(a) DISCLOSURES

Defendants Evan P. Jowers ("**Jowers**"), Yuliya Vinokurova ("**Vinokurova**"), Alejandro Vargas ("**Vargas**"), and Legis Ventures (HK) Company Limited ("**Legis Ventures**") (collectively, "**Defendants**") hereby serve on Plaintiff MWK Recruiting, Inc. ("**MWK**") the following Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Defendants' investigation of the claims and defenses in this action is ongoing, and the disclosures below are based on information reasonably available to Defendants as of the date these disclosures are made following a good faith inquiry. Defendants reserve the right to supplement or correct their disclosures as information is acquired pursuant to Federal Rule of Civil Procedure 26(e).

These disclosures also are made without waiver of any objections that Defendants may have regarding the subject matter of the disclosures or any person, entity, or documents identified by Defendants. Specifically, Defendants reserve all objections, including but not limited to: (1) relevance; (2) applicable privilege under federal and state law, including the

**Exhibit D to REK Decl.**                    **Page 1 of 5**

attorney-client privilege, work-product protection, and common-interest privilege; (3) undue

burden; (4) materiality; (5) overbreadth; and (6) admissibility.

**1.      Persons with Relevant Knowledge and Subject of Information**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants identify the

following individuals likely to have discoverable information—along with the subjects of that

information—that Defendants may use to support their defenses.

**a)      Evan Jowers**
c/o Marc D. Katz
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Jowers currently works as an attorney recruiter for Legis Ventures. Jowers may have

knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted

by Defendants in this lawsuit.

**b)      Alejandro Vargas**
c/o Marc D. Katz
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

Vargas currently works as an attorney recruiter for Legis Ventures and is its owner and

director. Vargas may have knowledge relevant to MWK's allegations and any allegations and

defenses that may be asserted by Defendants in this lawsuit.

**c)      Yuliya Vinokurova**
c/o Marc D. Katz
DLA PIPER LLP (US)
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**Exhibit D to REK Decl.**                                        **Page 2 of 5**

Vinokurova currently works as an attorney recruiter for Legis Ventures. Vinokurova may have knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted by Defendants in this lawsuit.

**d)     Robert E. Kinney**
824 W. 10th Street, Suite 202
Austin, TX 78701
Telephone: (512) 636-1395

Robert E. Kinney is the primary decision maker at MWK and the other entities relevant to the allegations in this lawsuit. He may have knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted by Defendants in this lawsuit.

**2.      Documents and Things**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants identify the following categories of documents, electronically stored information, and tangible things that Defendants have in their possession, custody, or control and that they may use to support their defenses.

a)  Documents and materials relating to Jowers's and Vinokurova's respective employment for entities controlled by Robert Kinney. These documents are located on electronic storage devices and/or in physical files within Defendants' possession, custody, or control.

b)  Documents and materials relating to Defendants' respective recruiting activities during the relevant time period. These documents are located on electronic storage devices and/or in physical files within Defendants' possession, custody, or control.

c)  Documents and materials relating to expenditures that Jowers was required to make for entities controlled by Robert Kinney and for which he was never

**Exhibit D to REK Decl.**                                                        **Page 3 of 5**

reimbursed. These documents are located on electronic storage devices and/or in physical files within Defendants' possession, custody, or control.

    d)  Other information that may be discovered in the course of this litigation, including from MWK and third parties.

**3.    Damages**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Defendants state that they do not seek any damages at this time. However, Defendants intend to seek an award of their reasonable attorneys' fees and costs in an amount that cannot presently be calculated.

**4.    Indemnity and Insurance Agreements**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), based on currently available information, Defendants are not aware of any insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 9, 2018

Respectfully submitted,

By: */s/ Marc D. Katz*
Marc D. Katz
State Bar No. 00791002
marc.katz@dlapiper.com
James C. Bookhout
State Bar No. 24087187
james.bookhout@dlapiper.com
Marina Stefanova
State Bar No. 24093200
marina.stefanova@dlapiper.com
**DLA PIPER LLP (US)**
1717 Main Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**COUNSEL FOR DEFENDANTS
EVAN P. JOWERS, ALEJANDRO VARGAS,
YULIYA VINOKUROVA, AND LEGIS
VENTURES (HK) COMPANY LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 9, 2018, a true and accurate copy of the foregoing

document was served to all counsel of record via email.

*/s/ James C. Bookhout*
James C. Bookhout

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MWK RECRUITING, INC.**<br><br>       **Plaintiff,**<br><br>   **v.**<br><br>**EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),**<br><br>       **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>       **Counterclaimant,**<br><br>   **v.**<br><br>**MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED**<br><br>       **Counter-defendants.** | |

**DEFENDANT-COUNTERCLAIMANT EVAN P. JOWERS'
<u>SUPPLEMENTAL RULE 26(a) DISCLOSURE</u>**

To:    MWK RECRUITING INC. (also known as Counsel Holdings Inc.), ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED, by and through their attorneys, Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com; Raymond W. Mort, III, The Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701, raymort@austinlaw.com; and Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas 78701, robert@kinneyrecruiting.com

**Exhibit E to REK Decl.**                                       **Page 1 of 16**

Defendant and Counterclaimant Evan P. Jowers ("**Jowers**") hereby serves the following supplemental disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1) and 26(e).

Jowers's investigation of the claims and defenses in this action is ongoing, and the disclosures below are based on information reasonably available to Jowers as of the date these disclosures are made following a good faith inquiry. Jowers reserves the right to supplement or correct their disclosures as information is acquired pursuant to Federal Rule of Civil Procedure 26(e).

This disclosure also is made without waiver of any objections that Jowers may have regarding the subject matter of the disclosures or any person, entity, or documents identified by Jowers. Specifically, Jowers reserve all objections, including but not limited to: (1) relevance; (2) applicable privilege under federal and state law, including the attorney-client privilege, work-product protection, and common-interest privilege; (3) undue burden; (4) materiality; (5) overbreadth; and (6) admissibility.

**Persons with Relevant Knowledge and Subject of Information**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Jowers identifies the following individuals likely to have discoverable information—along with the subjects of that information—that Jowers may use to support his defenses and counterclaims.

**a) Evan Jowers**

c/o Robert Tauler

Tauler Smith LLP

626 Wilshire Blvd., Suite 510

Los Angeles, CA 90017

Jowers currently works as an attorney recruiter for Legis Ventures. Jowers may have knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted by Jowers in this lawsuit.

**b) Alejandro Vargas**

c/o Marc D. Katz

DLA Piper LLP (US)

1717 Main Street, Suite 4600

Dallas, TX 75201

2

Vargas currently works as an attorney recruiter for Legis Ventures and is its owner and director. Vargas may have knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted by Jowers in this lawsuit.

**c) Yuliya Vinokurova**

c/o Marc D. Katz

DLA Piper LLP (US)

1717 Main Street, Suite 4600

Dallas, TX 75201

Vinokurova currently works as an attorney recruiter for Legis Ventures. Vinokurova may have knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted by Jowers in this lawsuit.

**d) Robert E. Kinney**

824 W. 10th Street, Suite 202

Austin, TX 78701

Robert E. Kinney is the primary decision maker at MWK and the other entities relevant to the allegations in this lawsuit. He may have knowledge relevant to MWK's allegations and any allegations and defenses that may be asserted by Jowers in this lawsuit.

**e) Amanda Steelman**

6624 San Bonita Ave., Apt. 2W

Clayton, MO 63015

The business and employment practices of Mr. Kinney and his companies.

**f) Christian Miller**

6228 Curzon Ave.

Fort Worth, TX 76116

The business and employment practices of Mr. Kinney and his companies.

**g) Christopher Miller**

1001 Lake Forest Drive

Southlake, TX 76116

The business and employment practices of Mr. Kinney and his companies.

**h) Daniel Cyr**

172 Union St., Apt. 3L

3

**Exhibit E to REK Decl.**                              **Page 3 of 16**

Brooklyn, NY 11231

The business and employment practices of Mr. Kinney and his companies.

**i) Danielle Graham**

2500 Springdale Blvd., Apt. I-212

Wellington, FL 33414

The business and employment practices of Mr. Kinney and his companies.

**j) Gabriela Cailide Cleveland**

5476 Greenbrier Dr.

Dallas, TX 75209

The business and employment practices of Mr. Kinney and his companies.

**k) Joelle (Schulze) Boehle**

4608 Sinclair Ave.

Austin, TX 78756

The business and employment practices of Mr. Kinney and his companies.

**l) Millicent Gold Woodland**

2333 Los Angeles Ave.

Edmond, OK 73034

The business and employment practices of Mr. Kinney and his companies.

**m) Morgan Warren**

3912 Marquette St.

Houston, TX 77005

The business and employment practices of Mr. Kinney and his companies.

**n) Rachel Huey**

102 Lexington Avenue, Apt. 2F

New York, NY 10016

The business and employment practices of Mr. Kinney and his companies.

**o) Robert Nutinsky**

751 Vandenburg Rd., Apt. 4319

King of Prussia, PA 19406

The business and employment practices of Mr. Kinney and his companies.

**p) Shelly K. Logan**

**Exhibit E to REK Decl.**                    **Page 4 of 16**

12107 Perthshire Rd.

Houston, TX 77024

The business and employment practices of Mr. Kinney and his companies.

**q) Nicole Ma**

Contact information not known at this time.

The business and employment practices of Mr. Kinney and his companies.

**r) James Chang**

DLA Piper UK LLP

20th Floor, South Tower

Beijing Kerry Center

No. 1 Guanghua Road

Chaoyang District

Beijing

100020

China

**s) Pam Usukumah**

Allen & Overy LLP

One Bishops Square

London

E1 6AD

**t) Jennifer Liu**

Davis Polk & Wardwell

Hong Kong Solicitors

The Hong Kong Club Building

3A Chater Road

Hong Kong

China

**u) Zonghua Shi**

Latham & Watkins

18th Floor, One Exchange Square

5

8 Connaught Place, Central

Hong Kong

**v) Megqi Zhang**

Skadden, Arps, Slate, Meagher & Flom

42/F, Edinburgh Tower, The Landmark

15 Queen's Road Central, Hong Kong

**w) Judy Huang**

Kirkland & Ellis

26th Floor, Gloucester Tower

The Landmark

15 Queen's Road Central

Hong Kong

**x) Olivia Wang**

Kirkland & Ellis International LLP

29th Floor, China World Office 2

No.1 Jian Guo Men Wai Avenue

Beijing 100004

P.R. China

**y) Jason Lim**

Cleary Gottlieb Steen & Hamilton LLP

Foreign Legal Consultant Office

19F, Ferrum Tower

19, Eulji-ro 5-gil, Jung-gu

Seoul 04539

**z) Meng Ding**

39/F, Two Int'l Finance Centre

Central, Hong Kong

**aa) Min Liu**

Contact information not known at this time.

**bb) Chuan Liu**

Contact information not known at this time.

6

**cc) Ben Su**

Latham & Watkins

18th Floor, One Exchange Square

8 Connaught Place, Central

Hong Kong

**dd) Aster Lin**

**Latham & Watkins**

18th Floor, One Exchange Square

8 Connaught Place, Central

Hong Kong

**ee) Jenny Qi**

Ropes & Gray

44th Floor, One Exchange Square

8 Connaught Place

Central, Hong Kong

**ff) Samson Peng**

Skadden, Arps, Slate, Meagher & Flom

42/F, Edinburgh Tower, The Landmark

15 Queen's Road Central, Hong Kong

**gg) Cynthia Mo**

STB

ICBC Tower – 35th Floor

3 Garden Road, Central

Hong Kong

**hh) Vanessa Ho**

Gunderson

1 Wallich Street

#32-02A Guoco Tower

Singapore 078881

**ii) Phong Quan**

7

Garena Online Private Limited

1 Fusionopolis Place, #17-10, Galaxis, Singapore 138522

**jj) Ingram Weber**

Allen & Overy LLP

50 Collyer Quay, #09-01 OUE Bayfront

Singapore

049321

**kk) Flora Bai**

Contact information not known at this time.

**ll) Raymond Chau**

CFLD International

Asia Square Tower 1

8 Marina View #33-02/03

Singapore 018960

**mm) Shinong Wang**

Debevoise

21/F AIA Central

1 Connaught Road Central

Hong Kong

**nn) Xumming Lim**

Allen & Overy LLP

50 Collyer Quay, #09-01 OUE Bayfront

Singapore

049321

**oo) Congsi Wu**

Contact information not known at this time.

**pp) Rose Zhu**

Loeb & Loeb

21st Floor, CCB Tower

3 Connaught Road Central

Hong Kong SAR

8

**Exhibit E to REK Decl.**                              **Page 8 of 16**

**qq) Steve King**

LATHAM & WATKINS LLP

Foreign Legal Consultant Office

29F One IFC, 10 Gukjegeumyung-ro

Yeongdeungpo-gu

Seoul 07326, Korea

**rr) Ryann Grimm**

Contact information not known at this time.

**ss) Jolyn Ang**

Gunderson Dettmer

1 Wallich Street

#32-02A Guoco Tower

Singapore 078881

**tt) Christina Mao**

Paul Weiss

12th Floor, Hong Kong Club Building

3A Chater Road, Central

Hong Kong

**uu) Grace Wong**

Paul Weiss

12th Floor, Hong Kong Club Building

3A Chater Road, Central

Hong Kong

**vv) Jason Xu**

Contact information not known at this time.

**ww) Kevin Chow**

Latham

26th Floor, Two ifc,

8 Century Boulevard,

Shanghai 200120

People's Republic of China

9

**xx) Yang Ge**

20th Floor, South Tower

Beijing Kerry Center

No. 1 Guanghua Road

Chaoyang District

Beijing

100020

China

**yy) Jiazhen Yan**

STB

3901 China World Tower A

1 Jian Guo Men Wai Avenue

Beijing 100004

**zz) Alex Ye**

DLA Piper Hong Kong

25th Floor

Three Exchange Square

8 Connaught Place

Central

Hong Kong

China

**aaa) Longhao Wang**

Contact information not known at this time.

**bbb) Cecile Yang**

MoFo

Edinburgh Tower, 33/F

The Landmark, 15 Queen's Road Central

Hong Kong, China

**ccc) Christie Mok**

Linklaters

11th Floor, Alexandra House,

10

18 Chater Rd

Central, Hong Kong

**ddd) Amit Singh**

Linklaters

1 George St,

Singapore 049145

**eee) Michele Discepola**

Linklaters

1 George St,

Singapore 049145

**fff) Gillian Teo**

MoFo

50 Collyer Quay, #12-01 OUE Bayfront,

Singapore 049321

**ggg) Calvin Soon**

Linklaters

1 George St,

Singapore 049145

**hhh) Guang Yang**

Debevoise

21/F AIA Central

1 Connaught Road Central

Hong Kong

**iii) Brian Snyder**

MoFo

Edinburgh Tower, 33/F

The Landmark, 15 Queen's Road Central

Hong Kong, China

**jjj) Joon Kim**

Terraform Labs

311, Gangnam-daero, Seocho-gu,

11

Seoul, Seoul 11111, KR

**kkk) Erika Tang**

Gibson Dunn

Hong Kong, Central,

32/F Gloucester Tower

The Landmark, 15 Queen's Road

**lll) Eric Xu**

MoFo

Edinburgh Tower, 33/F

The Landmark, 15 Queen's Road Central

Hong Kong, China

**mmm) Yiting Li**

Skadden

JingAn Kerry Centre, Tower II

46th Floor

1539 Nanjing West Road

Shanghai 200040, China

**nnn) Yang Mo**

Paul Weiss

Unit 5201

Fortune Financial Center

5 Dongsanhuan Zhonglu

Chaoyang District, Beijing 100020

People's Republic of China

**ooo) Samson Peng**

Skadden, Arps, Slate, Meagher & Flom

42/F, Edinburgh Tower, The Landmark

15 Queen's Road Central, Hong Kong

**ppp) Ferish Patel**

Cooley

Ocean Financial Centre

12

10 Collyer Quay

Raffles Place

Singapore 049315

**qqq) Jenny Qi**

Ropes & Gray

44th Floor, One Exchange Square

8 Connaught Place

Central, Hong Kong

**rrr) Tae Hun Kim**

Linklaters

11th Floor, Alexandra House,

18 Chater Rd,

Central, Hong Kong

**sss) Rui Xie**

Gibson Dunn

Hong Kong, Central,

32/F Gloucester Tower, The Landmark,

15 Queen's Road

**ttt) Steven Holm**

12 Marina Boulevard

Marina Bay Financial Centre

36-03 Tower Three

Singapore 018982

**uuu) Stan Yao**

Skadden

42/F, Edinburgh Tower

The Landmark

15 Queen's Road Central

Central, Hong Kong

**vvv) James Jackson**

Cooley

13

Suites 3501 – 3505, 35/F

Two Exchange Square

8 Connaught Place

Central, Hong Kong

**www) Lianchen Liu**

Linklaters Beijing

1 Jianguomen Outer St,

Guomao, Chaoyang

Beijing, China, 100004

**xxx) Miae Woo**

Cooley

Ocean Financial Centre

10 Collyer Quay

Raffles Place

Singapore 049315

**yyy) David Kuo**

DLA

80 Raffles Place

UOB Plaza 1, #48-01

Singapore

048624

Singapore

**zzz) Enlin Jiang**

12/F, Citi Tower

One Bay East

83 Hoi Bun Road

Kwun Tong, Kowloon, Hong Kong

**aaaa) Qi Zhang**

Weil Gotshal

29/F Alexandra House

18 Chater Road

14

Central, Hong Kong

**bbbb) Nick Park**

STB

ICBC Tower - 35th Floor

3 Garden Road, Central

Hong Kong

**cccc) Sheng Shao**

Gibson Dunn

Hong Kong, Central,

32/F Gloucester Tower

The Landmark, 15 Queen's Road

**dddd) Sean Song**

The Hong Kong Club Building

3A Chater Road

Hong Kong

China

**eeee) Xinwei Li**

101 California Street

5th Floor

San Francisco, CA 94111-5800

Respectfully submitted,

By:   */s/ Robert Tauler*
        Robert Tauler, Esq.
        CA State Bar No. 241964
        *Admitted pro hac vice*
        rtauler@taulersmith.com
        Tauler Smith LLP
        626 Wilshire Blvd., Suite 510
        Los Angeles, CA 90017

**COUNSEL FOR EVAN P. JOWERS**

15

**Exhibit E to REK Decl.**                    **Page 15 of 16**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2020, I electronically served the foregoing document by email, pursuant to agreement of the parties, addressed as follows:

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX 78701
*robert@kinneyrecruiting.com*

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX 78701
*raymort@austinlaw.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

*Attorneys for Responding Parties*

By:   */s/ Robert Tauler*
      Robert Tauler, Esq.

16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>   Plaintiff,<br><br> v.<br><br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br><br>   Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>   Counterclaimant,<br><br> v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>   Counter-defendants. | |

## DEFENDANT-COUNTERCLAIMANT EVAN P. JOWERS' SUPPLEMENTAL RULE 26(a) DISCLOSURE

To: MWK RECRUITING INC. (also known as Counsel Holdings Inc.), ROBERT E. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED (the "Kinney Entities"), by and through their attorneys, Tristan C. Loanzon, Esq., Loanzon LLP, 1345 Avenue of the Americas, 2nd Floor, New York, NY 10105, tristan@loanzon.com; Raymond W. Mort, III, The Mort Law Firm, PLLC, 100 Congress Avenue, Suite 200, Austin, Texas 78701, raymort@austinlaw.com; and Robert E. Kinney, 824 W. 10th Street, Suite 200, Austin, Texas 78701, robert@kinneyrecruiting.com

**Exhibit F to REK Decl.**           **Page 1 of 4**

Defendant and Counterclaimant Evan P. Jowers ("Jowers") hereby serves the following supplemental disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1) and 26(e).

Jowers's investigation of the claims and defenses in this action is ongoing, and the disclosures below are based on information reasonably available to Jowers as of the date these disclosures are made following a good faith inquiry.  Jowers reserves the right to supplement or correct their disclosures as information is acquired pursuant to Federal Rule of Civil Procedure 26(e).

This disclosure also is made without waiver of any objections that Jowers may have regarding the subject matter of the disclosures or any person, entity, or documents identified by Jowers.  Specifically, Jowers reserve all objections, including but not limited to: (1) relevance; (2) applicable privilege under federal and state law, including the attorney-client privilege, work-product protection, and common-interest privilege; (3) undue burden; (4) materiality; (5) overbreadth; and (6) admissibility.

### 3. Damages

Pursuant to FRCP 26(a)(1)(A)(iii), Jowers states that he is seeking the following amounts in unpaid wages, salary, and commissions from 2007 to 2016 as to Counterclaims 1-3 (if the Employment Agreement is determined to be valid) and/or Counterclaims 4 and 11 (if the Employment Agreement is determined to not be valid), totaling $2,650,444.

| Year | Commission Earned Under 2006 "Contract" | Commission Actually Received | Difference |
|------|------|------|------|
| 2007 | $ 486,438 | $452,099 | $(34,339.68) |
| 2008 | $539,771 | $399,681 | $(140,090) |
| 2009 | $185,088 | $134,224 | $(50,864) |
| 2010 | $487,692 | $334,066.32 | $(153,626) |
| 2011 | $1,095,472 | $663,846 | $(431,626) |
| 2012 | $667,098 | $257,865 | $(409,233) |
| 2013 | $475,464 | $314,910 | $(160,554) |
| 2014 | $914,020 | $396,767 | $(517,253) |
| 2015 | $1,057,617 | $657,449 | $(400,168) |
| 2016 | $872,477 | $519,785 | $(352,692) |
| Total | $6,169,236 | $3,678,593 | $(2,650,444) |

2

The above figures do not include certain transactions where the Kinney Entities retained additional improper amounts regarding compensation or loans and/or any offsets for the same, which are subject to continuing discovery and expert analysis.  These figures will be supplemented if and when more accurate figures are calculated.

Defendants also intend to seek an award of their attorneys' fees and costs on claims based on the employment contract, the loan contracts, and the trade secrets claims.  These amounts cannot presently be calculated.

Respectfully submitted,

By:    */s/ Robert Tauler*
      Robert Tauler, Esq.
      CA State Bar No. 241964
      *Admitted pro hac vice*
      rtauler@taulersmith.com
      Tauler Smith LLP
      626 Wilshire Blvd., Suite 510
      Los Angeles, CA 90017

**COUNSEL FOR EVAN P. JOWERS**

**Exhibit F to REK Decl.**                    **Page 3 of 4**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, I electronically served the foregoing document by email, pursuant to agreement of the parties, addressed as follows:

Robert E. Kinney, Esq.
824 W. 10th St., Suite 200
Austin, TX 78701
*robert@kinneyrecruiting.com*

Raymond W. Mort, III, Esq.
The Mort Law Firm, PLLC
100 Congress Ave., Suite 2000
Austin, TX 78701
*raymort@austinlaw.com*

Tristan C. Loanzon, Esq.
Loanzon LLP
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
*tristan@loanzon.com*

*Attorneys for Responding Parties*

By:  */s/ Robert Tauler*
Robert Tauler, Esq.

4