IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-444-RP |
| | § | |
| EVAN P. JOWERS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Evan P. Jowers's ("Jowers") Motion to Transfer Venue to the Southern District of Florida, (Dkt. 289), and Plaintiff MWK Recruiting Inc. ("MWK")'s Response in Opposition, (Dkt. 292). Having considered the parties' briefs, the record, and the relevant law, the Court finds that Jowers's motion should be denied.

### I.   BACKGROUND

This is a suit brought by a MWK, a legal recruiting firm, against Jowers, a former employee of the firm, alleging that Jowers misappropriated trade secrets, breached his employment agreement, and tortiously interfered with MWK's existing and prospective contracts. The suit was originally removed from state court to this Court on May 25, 2018. (Dkt. 1). Well over three years later in August 2021, Jowers moved to transfer the case to the Southern District of Florida. (Mot., Dkt. 289). MWK opposes the motion. (Resp., Dkt. 292).

### II.   LEGAL STANDARD

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee

district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The Court must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013). However, the plaintiff's venue choice "is neither conclusive nor determinative. *In Re: Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.

2008). But when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

## III.    DISCUSSION

As the Fifth Circuit has stated, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d at 203. In his motion to transfer venue, Jowers does not expressly address this threshold question. Because Jowers fails to explicitly allege that the case could have been brought in Florida in his motion, the Court finds that Jowers's motion does not satisfy the threshold inquiry for motions to transfer venue. The Court will therefore only briefly discuss the remaining issues.

While none of the public or private interest factors is dispositive, Jowers's motion addresses only a few of the factors. First, Jowers argues that the private interest factors related to the availability of witnesses should be weighed in his favor. (Mot., Dkt. 289, at 6). He states that four witnesses (including himself) will have to travel to appear in Texas, while only one witness for MWK would have to travel if the case were transferred in Florida. (*Id.*). Apart from himself, Jowers, lists Peter Gutensohn ("Gutensohn"), Joshua Carr ("Carr"), and Alexis Lamb ("Lamb") as the witnesses that would be required to travel to Texas. (*Id.*). In response, MWK argues that travel to Florida would likewise be burdensome for its witnesses, Robert Kinney ("Kinney") and Renee Sommers ("Sommers"). (Resp., Dkt. 292, at 4–5). However, neither party points to any part of the record before the Court where these witnesses have confirmed their state of residence or expressed whether travel to another state would pose impediments to their attendance. Therefore, the Court finds this factor to be neutral.

Jowers next addresses two private interest factors, namely, the administrative difficulties flowing from court congestion, and the forum's familiarity with the governing law. (Mot., Dkt. 289,

at 2, 6–7). Jowers asserts that population growth in the areas within the jurisdiction of the Austin Division of the Western District justifies a transfer. (*Id.*). In response, MWK argues that this case is set to be resolved in December 2021, and thus does not risk further congesting the Court's busy docket, nor being seriously delayed due congestion in the docket. (Resp., Dkt. 292, at 5). The Court agrees with MWK's arguments and further notes that this case has been pending for well over three years on this Court's busy docket, and now, three months before trial, is the first time Jowers has sought to transfer the case. The Court finds that this factor weighs in favor of MWK.

Regarding the forum's familiarity with the governing law, the Court notes that MWK's principal place of business is in Austin, Texas, (Am. Compl., Dkt. 80, at 1), and Jowers's residence is in Florida, (Answer, Dkt. 90, at 2). Certain claims and employment documents at issue in the case are governed by Florida Law. (*See, e.g.*, Jowers Emp't Agreement, Dkt. 80-1). Other issues and documents, meanwhile, are governed by Texas law. (*See, e.g.*, Loan Agrmt, Dkt. 292-2). Jowers asserts that his non-compete agreement, governed by Florida law, would be best decided by a jurist in Florida. (Mot., Dkt. 289, at 7). He also argues that a Texas court applying Florida law raises complex conflict of law issues. (*Id.*). However, as MWK notes, this Court has already applied Florida law multiple times in this case without issue. (*See, e.g.*, Dkt. 87; Dkt. 229; Dkt. 285). Further, as different claims and documents at issue in this case are governed by Texas law, transferring to Florida would likewise raise conflict of law issues. This factor is, at best, neutral.

Jowers does not meaningfully address the other public or private interest factors. Instead, the vast majority of Jowers's motion to transfer discusses issues that arose between the two parties to this case when Jowers's attorney, Robert Tauler, applied for admission to practice in the Western District of Texas. (Mot., Dkt. 289, at 1–2, 4–7). Jowers asserts that the disputes surrounding his attorney's admission have so tainted the present proceeding as to justify a transfer of the case. (*Id.*). Jowers cites only one case in support of this proposition, *Willner v. Comm. on Character and Fitness*, 373

U.S. 96 (1963). *Willner* addressed the procedural due process afforded to an attorney seeking admission to a state bar. *See generally id.* The case did not address when a request for admission to the bar might impact what venue is appropriate in an independent case the attorney requesting admission might be litigating. Further, any issues surrounding Mr. Tauler's admission to the Western District are currently being litigated in a separate action, where the parties' concerns may be addressed.

Finally, the Court gives the appropriate weight to MWK's choice of forum as the Plaintiff and finds that Jowers has not clearly demonstrated that a transfer would be more convenient for the parties and witnesses. Therefore, the Court holds that a transfer is not in the interest of justice in this case.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Jowers's Motion to Transfer Venue, (Dkt. 289), is **DENIED**.

**SIGNED** on November 2, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE