UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC, <br><br> Plaintiff <br><br> v. <br><br> EVAN P. JOWERS, <br><br> Defendants <br><br><br> EVAN P. JOWERS, <br><br> Counterclaimant <br><br> v. <br><br> MWK RECRUITING, INC., <br> ROBERT E. KINNEY, <br> KINNEY RECRUITING LLC, and <br> KINNEY RECRUITING LIMITED, <br><br> Counterdefendants | Case No. 1:18-cv-00444-RP |

**REPLY TO JOWERS'S RESPONSE TO MWK'S RENEWED OBJECTIONS
AND MOTION TO STRIKE/EXCLUDE WITNESSES OF JOWERS**

## I. Introduction

On October 27, 2021, MWK filed its Objections and Motion to Strike/Exclude Evidence, Arguments, and Witnesses of Jowers ("Motion"). (Dkt. 306). Jowers did not respond to the Motion before the final pretrial conference held on November 3. At the conference, the Court asked Jowers to consider his Rule 26 disclosures and compare the persons disclosed there to the 89 witnesses he had listed as potential trial witnesses. (Dkt. 305-3). The Court further instructed Jowers that, to the extent any witnesses he wished to call were not disclosed as required by Rule 26, Jowers could make any arguments regarding why he should nevertheless be permitted to call those persons. Jowers was required to do so by 5pm on November 5, 2021.

Jowers filed a revised witness list pared down from 89 potential witnesses to 13 at 7:40pm on November 5. Of these 13 witnesses, only Robert Kinney and Yuliya Vinokurova were disclosed by Jowers with any description of the discoverable information about which they may have knowledge, as was required by Rule 26. The rest of Jowers's witnesses were not disclosed in accordance with Rule 26. Jowers provided no argument as to why these failures should be overlooked. Moreover, Jowers did not respond to the portion of MWK's objections and motion seeking to exclude any testimony regarding unpaid Hong Kong office expenses. (Objections, Dkt. 302, at 8-9 of 42). The basis for this objection and motion was that Jowers did not provide any computation of his damages due to unpaid expenses as required by Rule 26(a)(1)(A)(iii). Since Jowers included no argument as to why his improper disclosures should be overlooked by the Court, they should not be.

## II. <u>Legal Standard.</u>

Rule 26(a) provides that a party's Rule 26 disclosures must provide "*the name* and, if known, the address and telephone number of each individual likely to have discoverable information—*along with the subjects of that information*—that the disclosing party may use to support its claims or defenses…" Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Likewise, Rule 26(a) requires disclosure of "a computation of each category of damages claimed…" Fed. R. Civ. P. 26(a)(1)(A)(iii). The presumptive penalty is severe: "If a party fails to provide information or identify a witness as required by Rule 26(a)…the party is not allowed to use that information or witness to supply evidence on a motion at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In seeking exclusion under Rule 37, "the moving party bears the burden of showing that its adversary failed [to] timely ... disclose information required by Rule 26." *In re Sept. 11 Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). If the movant satisfies its initial burden, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, ... the district court clearly did not abuse its discretion by excluding the testimony."); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

### III. <u>Discussion.</u>

None of Jowers's Rule 26 disclosures contained a computation of his alleged damages from unreimbursed expenses, the one remaining claim Jowers has following summary judgment.[1] (Disclosures, REK Decl., Dkt. 306-1, at Exh. D-F). No Rule 26 disclosure of Jowers listed Alexis Lamb, Renee Sommers, Peter Gutensohn, or Steve Kang at all, nor did his disclosures of the following names provide any statement about the subjects of any discoverable information those persons might have which Jowers could use to support his claims or defenses: Meng Ding, Longhao Wang, James Chang, Pam Usukumah, David Kuo, and Jason Lim. Nevertheless, all ten of these names appear on Jowers's revised witness list. Rule 26 clearly makes it necessary to provide more than just a name. As one court has put it: "[I]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Morris v. BNSF Railway Co.,* 969 F.3d 753, 765 (7th Cir. 2020) (citation omitted). Jowers has never supplemented his disclosures with these names or the relevant subject matter. His disclosures also did not even state that he was seeking to rely on MWK's disclosures. Even now, four weeks before trial, it is not clear what discoverable information most of these persons might have which could be used by Jowers to support his claims or defenses. The purpose of Rule 26 has not been fulfilled.

---

[1] Jowers also refused to provide a computation in response to an interrogatory on this issue.

**A.   Depositions do not obviate the need for proper Rule 26 disclosures.**

None of Alexis Lamb, Renee Sommers, and Peter Gutensohn were disclosed by Jowers as potential witnesses in this case in accordance with Rule 26, even after they were deposed. Jowers did not even provide their names, let alone the subjects of the information they possess that might be relevant to his claims. Although these three persons have given depositions in this case, MWK was not aware of the need at deposition to explore subjects that these persons might have information about related to Jowers's claims and defenses because Jowers failed to make the disclosures required. Each deposition of these persons was conducted by MWK with a view primarily to proving MWK's claims, not exploring the contours of their knowledge of Jowers's claims and defenses. In any case, an ambush should not be allowed. To the extent that any of these persons is permitted to be called by Jowers as a witness, their testimony should be limited to the relevant topics that were the subject matter of their deposition testimony.

**B.   Disclosures by MWK do not obviate Jowers's obligation to make proper disclosures.**

To the extent Jowers is asserting with his parenthetical notes in his revised witness list that MWK's Rule 26 disclosures substitute for his need to produce his own such disclosures, there is no support for this assertion in Rules 26 or 37. By definition, one party's disclosures relate to persons with discoverable information about *that party's* claims and defenses only. Also, Jowers's disclosures did not even attempt to incorporate MWK's disclosures by reference. *See Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) ("Rule 26 (a)(1) disclosures must be sufficiently

detailed to allow Defendants to make intelligent decisions regarding how they will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order."). None of these witnesses who were not deposed in this case and were not properly disclosed should be permitted to testify at all: Steve Kang, Meng Ding, Longhao Wang, James Chang, Pam Usukumah, David Kuo, and Jason Lim.

### C. Failure to provide a computation of damages for unpaid expenses should be fatal to Jowers's claim.

As discussed in the Motion, Jowers has not even attempted to provide a damages computation regarding his alleged unpaid Hong Kong expenses, neither in his Rule 26 disclosures nor in his discovery responses. (Dkt. 306, at 8-9). Where a party does not give information regarding her damages as required under Rule 26, the proper remedy is exclusion. *See CQ, Inc. v. TXU Mining Co.*, 565 F. 3d 268, 280 (5th Cir. 2009) (affirming trial court's exclusion of late-disclosed damages computations). Any damages computation related to unpaid expenses Jowers might provide at trial should be excluded.

### IV. Conclusion

MWK requests that Jowers's witnesses be limited to Robert Kinney, Evan Jowers, and Yuliya Vinokurova. Alexis Lamb, Renee Sommers, and Peter Gutensohn should also be excluded, but to the extent the Court permits their testimony at trial, such testimony should be limited to the relevant topics about which they gave deposition testimony. Jowers's remaining witnesses (Steve Kang, Meng Ding, Longhao Wang, James Chang, Pam Usukumah, David Kuo, and Jason Lim) should

be excluded. Any damages computations related to Jowers's allegedly unpaid office expenses should also be excluded.

Dated:  November 7, 2021                              Respectfully Submitted

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave., Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR MWK**