IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC., | § | |
| Plaintiff, | § | |
| v. | § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § | |
| Defendant. | § | |
| EVAN P. JOWERS, | § | |
| Counterplaintiff, | § | |
| v. | § | |
| MWK RECRUITING, INC., ROBERT E. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED, | § | |
| Counterdefendants. | § | |

## ORDER

Before the Court is Defendant and Counterplaintiff Evan P. Jowers's ("Jowers") Motion to Reconsider Order on Summary Judgment. (Dkt. 296). Having considered the motion and the responsive filing, (Dkt. 298), the Court finds that the motion should be granted in part and denied in part.

## I. BACKGROUND

The issues in this case stem primarily from an employment dispute between Jowers and Plaintiff/Counterdefendant MWK Recruiting, Inc. ("MWK"). Jowers previously worked for MWK

1

recruiting attorneys for placements at large firms based in the United States, United Kingdom, and Hong Kong. (Second Am. Compl., Dkt. 80, at 14; Def.'s Mot. Summ. J., Dkt. 271, at 6). Upon Jowers leaving his employment at MWK, MWK filed the present action. Both parties filed for summary judgment. (*See* Dkts. 251, 271).

Four causes of action related to the parties' employment relationship are relevant to the present order. First, MWK alleges that Jowers misappropriated MWK's trade secrets related to information about law firm clients and attorney candidates. (Order, Dkt. 285, at 22). The Court denied Jowers's request for summary judgment on the trade secrets misappropriation claim. (*Id.* at 27). Second, MWK alleges that in 2012, Jowers executed a loan agreement and was issued a promissory note held by MWK and that Jowers owed money on the revolving loan agreement after his resignation. (Second Am. Compl., Dkt. 80, at 43; Resp., Dkt. 273, at 7). The Court denied Jowers's request for summary judgment as to the revolving loan. (Order, Dkt. 285, at 17). Third, Jowers alleges he detrimentally relied on promises from MWK that MWK would sponsor, obtain, and pay for a Hong Kong work visa for Jowers. (*See* Third Am. Compl., Dkt. 237, at 54–55). The Court granted MWK summary judgment as to Jowers's work visa-related promissory estoppel claim. (Order, Dkt. 285, at 14). Finally, Jowers alleges his employment agreement with MWK ("the Jowers Agreement") provided for certain commission amounts for placing attorney candidates, but that these commission rates were unilaterally reduced by MWK after Jowers had already earned the commissions. (Third Am. Compl., Dkt. 237, at 54). The Court granted MWK summary judgment as to Jowers's claim of retroactive reduction of commissions. (Order, Dkt. 285, at 11).

Jowers now seeks reconsideration of each of the Court's four abovementioned determinations. (*See generally* Mot. Recons., Dkt. 296). MWK opposes each of Jowers's bases for reconsideration. (Resp., Dkt. 298).

## II. LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Jowers asserts his motion under Rule 54(b). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

## III. DISCUSSION

Jowers requests that the Court reconsider its summary judgment holdings regarding MWK's misappropriation of trade secrets claim, MWK's revolving loan agreement claim, Jowers's promissory estoppel claim, and Jowers's unpaid commissions claim. (*See generally* Mot. Recons., Dkt. 296). The Court will consider each request in turn.

### A.     Misappropriation of Trade Secrets

Jowers sought summary judgment on MWK's claim for misappropriation of trade secrets. (Mot. Summ. J., Dkt. 271, at 19–24). Jowers argued that MWK could not identify a "trade secret," and that there was no misappropriation or damages. (*Id.*). Specifically, one argument relied upon by Jowers was that any information he may have appropriated after his employment relationship with MWK ended was "ephemeral," or in other words, simply a single or fleeting event in the conduct of MWK's business, and therefore, by definition, not a trade secret. (Mot. Summ. J., Dkt. 271, at 20). In his motion for reconsideration, Jowers re-urges this argument, stating that the Court overlooked MWK employee, Robert Kinney's ("Kinney") deposition in which Kinney stated that the trade secrets at issue were ephemeral. (Mot. Recons., Dkt. 296, at 5; *see e.g.*, Kinney Dep., Dkt. 272-25, at 22). In response, MWK argues that Kinney's use of the word "ephemeral" in his deposition does not mean that the information at issue did not constitute a trade secret. (Resp., Dkt. 298, at 4).

The Court declines to reverse its decision denying Jowers's request for summary judgment on the trade secrets issue. In asserting that the information at issue was merely ephemeral, and thus not a trade secret, Jowers simply re-asserts an argument he already posited to the Court in his original motion for summary judgment. The Court considered this argument and did not find it to be dispositive. (*See* Order, Dkt. 285, at 23) ("Jowers similarly argues that any information at issue was too ephemeral to be considered a trade secret."). Additionally, in reaching its conclusion to deny Jowers summary judgment, the Court relied on other evidence that that Jowers disclosed MWK's confidential information while employed at MWK, such as evidence that Jowers used a personal email while still employed at MWK to tell clients and candidates that he would be launching his own company soon. (Order, Dkt. 285, at 24). Given that Jowers has not asserted any new arguments in his motion for reconsideration, and the Court has already considered his arguments and declined to

rule in his favor, the Court will not reverse its decision denying Jowers summary judgment on the trade secrets issue.

### B.     Revolving Loan Agreement

Jowers sought summary judgment on MWK's claim that Jowers breached a loan agreement on a revolving loan by not repaying the amount due. (Mot. Summ. J., Dkt. 271, at 8). Jowers argued that Renee Sommers ("Sommers"), MWK's accountant, told Jowers on the day that he resigned that the revolving loan had been paid back in full. (*Id.* at 8–9). He asserted that MWK later changed the amount due on the loan multiple times and that such varying calculations suggest that Sommers' initial assertion that no money is due on the loan was correct. (*Id.* 10–11).

In the Court's order on summary judgment, the Court stated that although MWK has offered varying evidence of the amount due on the loan, evidence that the amount is greater than zero suffices to create a fact issue to be resolved at trial. (Order, Dkt. 285, at 17). The Court further stated that "Jowers has not argued that there is a zero amount due on the loan." (*Id.*). In his motion for reconsideration, Jowers takes issue with this statement, noting that he did indeed assert there was a zero amount due on the loan when he cited Sommers's comments that the loan had been paid back in full. (Mot. Recons., Dkt. 296, at 6). The Court acknowledges that it erred when it stated that Jowers had not argued there was a zero amount due on the revolving loan. However, acknowledgement of this error does not prompt the Court to reverse its decision. While MWK has revised its calculations of the amount due on the loan, MWK has consistently provided evidence contradicting Sommers's statement that nothing was owed on the loan and maintaining that the amount due on the loan is greater than zero. (*See* Order, Dkt. 271, at 17) (citing Sommers Decl., Dkt. 273-2, at 2; Nov. 2020 Revised Loan Calculations, Dkt. 271-5; Jan. 2021 Revised Loan Calculations, Dkt. 271-11). The Court once again finds that this evidence is sufficient to create a fact issue for the Court to resolve at trial.

### C. Hong Kong Work Visa

MWK sought summary judgment on Jowers's claim that he detrimentally relied on MWK's promise to sponsor, obtain, and pay for Jowers's Hong Kong work visa. (Mot. Summ. J., Dkt. 251, at 7–9). MWK argued that any promise MWK made to assist Jowers in seeking a Hong Kong visa was "vague" and "indefinite," and thus insufficient to support a claim of promissory estoppel as a matter of law. (*Id.* at 9). In its summary judgment order, the Court noted that the existence of a promise is the first element of a claim for promissory estoppel. (Order, Dkt. 271, at 12–13). The Court further noted that only definite promises will support a promissory estoppel claim. (*Id.* at 13). After reviewing the evidence provided by both parties of MWK's communication with Jowers regarding the visa, the Court concluded that, at most, MWK stated that it would "probably . . . aim to get" the visa paperwork all signed when Kinney was next in Hong Kong, and that Texas state law declares that "probably" suggests that a promise is speculative and thus insufficient to support the existence of a promise. (*Id.* at 14); *City of Beaumont v. Excavators & Constructors, Inc.*, 870 S.W.2d 123, 138 (Tex. App.—Beaumont 1993), writ denied (Sept. 8, 1994).

In his motion for reconsideration, Jowers erroneously suggests that Kinney's statements indicating a promise create a genuine issue of material fact as to whether a promise existed. (Mot. Recons., Dkt. 296, at 8). However, as the case law shows, an indefinite promise is insufficient to establish the first element of a claim for promissory estoppel as a matter of law. When a claim fails as a matter of law, the Court is justified in granting summary judgment to the moving party. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986) ("Summary judgment is appropriate where . . . the moving party is entitled to judgment as a matter of law."). Further, Jowers's assertion that a promise that MWK would secure a visa for Jowers is implied simply because a visa is required to work in Hong Kong does not create a fact issue. (*See* Mot. Recons., Dkt. 296, at 8). Jowers points to the "Hong Kong Contract," which stated that Jowers's employment was "conditional upon the

6

Employee obtaining a valid Hong Kong work visa entitling the Employee to work for the Company in Hong Kong." (Hong Kong Contract, Dkt. 259-3). However, this agreement acknowledging the need to for a work visa in Hong Kong does not specify that MWK and Kinney would secure the visa for Jowers. The Court declines to reverse its summary judgment decision based on this evidence.

### D. Unpaid Commissions

Finally, MWK sought summary judgment as to Jowers's claim of retroactive reduction of commissions, (Mot. Summ. J., Dkt 251, at 7), which the Court granted, (Order, Dkt. 285, at 12). In seeking reconsideration, Jowers argues that the Court erred in stating that Jowers was credited 70% of a commission for a candidate named Hui Xu, because Jowers was, in fact, not paid any money at all for the Hui Xu commission. (Mot. Recons., Dkt. 296, at 10). Jowers asserts that the Court made internally inconsistent statements, as the Court cited Jowers's motion for summary judgment, (Dkt. 271, at 11), for the proposition that Jowers was not paid the Hui Xu commission and cited Jowers's response to MWK's motion for summary judgment, (Dkt. 259, at 13), for the proposition that Jowers was credited 70% of the Hui Xu commission. However, the Court points out that these inconsistent statements were made by Jowers himself. While Jowers's motion for reconsideration states that "Jowers has never obtained 70% of any commission and has never said otherwise," (Mot. Recons., Dkt. 296, at 10), the Court's summary judgment order quoted Jowers's own briefing, which stated "Jowers was only credited with 70% of the placement fee," and then cited to a 17-page spreadsheet without any explanation. (Resp., Dkt. 259, Dkt. 13). It is not the Court's responsibility to decipher and wade through a party's voluminous evidence in order to side with them at summary judgment. *See RSR Corp. v. International Ins.*, 612 F.3d 851, 857 (5th Cir. 2010).

In his motion for reconsideration, Jowers clarifies that the 70% figure was referring to "the fact that Kinney's accountant withheld 30% of an expected commission in one of the accountings

7

presented to the Court as the amount due and owing" on the commission for tax purposes, citing a statement from Sommers. (Mot. Recons., Dkt. 296, at 10). In light of this clarification, the Court finds that there is a genuine issue of material fact as to the retroactive reduction of the Hui Xu commission and will exercise its discretion to reverse its decision on summary judgment. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) ("[T]he Court is free to reconsider and reverse its decision for any reason it deems sufficient."). As such, the Court denies MWK summary judgment as to Jowers's claim of retroactive reduction of the Hui Xu commission. This denial of summary judgment applies solely to the Hui Xu commission.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Jowers's Motion for Reconsideration of the Ruling on Summary Judgment, (Dkt. 296), is **GRANTED IN PART** and **DENIED IN PART.**

Specifically, **IT IS ORDERED** that the Motion for Reconsideration is **GRANTED** as to the claim for retroactive reduction of the Hui Xu commission. The Court **AMENDS** its Order, (Dkt. 285), to reflect that it **DENIES** MWK's summary judgment motion as to Jowers's claim of retroactive reduction of the Hui Xu commission.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration is **DENIED** as to the claims for misappropriation of trade secrets, the revolving loan agreement, and the Hong Kong work visa.

**SIGNED** on November 22, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE