UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>Plaintiff,<br><br>v.<br><br>EVAN P. JOWERS,<br><br>Defendant. | Civil Action No. 1:18-cv-00444-RP |

## PLAINTIFF' MWK'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FOR AWARD OF A PORTION OF SUCH FEES AGAINST JOWERS'S ATTORNEYS UNDER 28 U.S.C §1927

Pursuant to the Court's Findings of Fact and Conclusions of Law (Dkt. 344) and Final Judgment (Dkt. 345) issued September 19, 2022, MWK submits its Application for Attorneys' Fees and Expenses. The Court held that, upon presentation of attorney fee evidence, it would award reasonable fees to MWK pursuant to its claims for 1) breach by Defendant Evan Jowers ("Jowers") of the 2006 Jowers Agreement (Dkt. 344, at 38); 2) breach by Jowers of the 2012 Forgivable Loan (Dkt. 344, at 40); and 3) breach by Jowers of the 2012 Revolving Loan (Dkt. 344, at 42). Only the amount remains to be determined. *See Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000) (once a court determines that a plaintiff is entitled to fees, it must determine the appropriate amount to be awarded). In addition, MWK requests that a portion of such fees, in the Court's discretion, be awarded against Jowers and his attorneys, jointly and severally, pursuant to 28 U.S.C. §1927 because they have multiplied the proceedings in this case unreasonably and vexatiously.

I.   **Introduction**

A.   **Jowers could have settled this case for $750,000 in November 2019.**

Pursuant to the Court's Scheduling Order of September 10, 2019, the parties were required to submit written settlement offers. (Dkt. 98). MWK provided Jowers with its offer several weeks early, on November 15, 2019, offering to settle the entire case for $750,000. (REK Decl., at ¶8). Jowers demanded in response that he be paid $300,000. *Id*. As later became clear, when Jowers rejected the offer in November 2019, MWK already had recoverable damages that were a multiple of its settlement offer. (REK Decl., at ¶9). Jowers later testified at trial that he had spent about $2 million on attorney fees as of December 7, 2021. (Tr. II, at 59-60). Jowers expressly called those expenditures reasonable. (Tr. II, at 60). In fact, Jowers's expenditure of $2 million for attorney fees when he could have settled for $750,000 several years earlier was objectively unreasonable. Still, especially considering Jowers's own expenditures and the results MWK obtained, MWK's total fee request of $1,929,335.00 is reasonable, appropriate, and should be granted.

B.   **Under the circumstances, MWK used an efficient strategy to handle this case.**

As Judge Austin made clear in several of his orders during the discovery period, this case should never have taken the amount of time and effort of all parties involved as it did, and the reason for the difficulty fell squarely on Jowers and his counsel. (Dkt. 168, Dkt. 173, Dkt. 236, Dkt. 265). After MWK succeeded with its first (and only) Motion to Compel filed during the discovery period (*See* Order, Dkt. 168), Jowers hired new counsel, Robert Tauler ("Tauler"). (Dkt. 175). MWK soon realized that Jowers's

strategy until May 2020 of attempting to raise costs and block access to evidence would continue. (REK Decl., at ¶10). The Court was already burdened by an ever-increasing number of discovery motions being filed by Jowers during the summer and fall of 2020. (*See*, Order, Dkt. 236, at 1). So, MWK decided to center its strategy on third party client law firms. MWK did so via subpoena, then conducted depositions by written questions to ensure admissibility of the evidence obtained. (REK Decl., at ¶10). This strategy worked: MWK was able to obtain the evidence it needed in admissible form more efficiently this way, without burdening the Court unnecessarily.[1]

The Court's Show Cause Order to Jowers and Tauler issued December 18, 2020, remains open. (Dkt. 236). That Show Cause Order specifically invoked Rule 37(a)(5) and the Court's inherent power. Because of the clear complicity of counsel in this case in Jowers's strategy of spiraling up costs for no purpose other than to cause waste, the Court should renew the Show Cause Order and should also consider sanctions specifically against Jowers's counsel, both DLA Piper and Tauler Smith LLP under 28 U.S.C. §1927. DLA Piper drafted the pleadings in this case that sought damages under civil RICO, then issued discovery pursuant to those facially deficient pleadings and continues to represent Jowers in spiraling up costs by prosecuting a doomed

---

[1] Without obtaining information from third parties, this case probably could not have been won by MWK. Jowers did not even produce a list of his candidate placements until one day before the discovery deadline of February 14, 2021. (REK Decl., at ¶11). Even then, his disclosures were woefully incomplete, as was made clear at trial when Jowers was cross examined about his failure to produce ANY correspondence from his personal email account, evanjowers@yahoo.com. (Tr. II, at 82-85). Jowers blamed the failure on his lawyers. *Id.*

defamation case in Hong Kong. Tauler Smith, following up on DLA Piper after their withdrawal, "doubled down and increased their abusive approach." (Dkt. 236, at 18). It is evident that the abusive approach is continuing and will continue to do so until the Court puts an end to it. (REK Decl., at ¶27).[2]

## II.     MWK's Fee Application
### A.     MWK should be awarded all of the $1,929,335.00 requested.

MWK brought four affirmative claims and prevailed on each of them. Jowers brought numerous counterclaims and prevailed on none of them. The Court awarded fees to MWK under the Jowers Agreement and under the two loan agreements. (Dkt 344, at 38-42). While the Court did not award fees for Jowers's misappropriation of trade secrets, the claims related to Jowers's trade secret misappropriation arose "out of the same transaction and are so interrelated that their" prosecution entailed proof of essentially the same facts as proof of the contract claims under the Jowers Agreement. *Navigant Consulting v. Wilkinson*, 508 F.3d 277, 297 (5th Cir. 2007). To prove those claims, the very same evidence was needed as was required to prove the contract claims. MWK was represented in this matter principally by Robert Kinney and Raymond Mort, who were assisted by Jennifer Thompson, Tristan Loanzon, Zachary Elias, and paralegals John Jaworski and Matthew Gardiner.

---

[2] A show cause order under Rule 11(c)(3) may also be warranted. The Court has already found that Mr. Tauler filed a Motion to Compel the WDTX Admissions Committee as "a vehicle for Tauler to litigate his grievances regarding application for admission to this Court." (Dkt. 265). Tauler's misbehavior did not end with that "final" warning.

Because all the time and effort that went into prosecution of this case was ultimately the result of Jowers's breaches, it would be reasonable for the Court to award fees even for MWK's work on matters specifically related to the dismissed defendants, Alejandro Vargas and Yuliya Vinokurova, as well as for the Hong Kong defamation suit brought by Jowers, the Court's antisuit injunction, and the resulting appeal, which MWK lost. Nevertheless, MWK is not seeking an award of any fees for work related to former defendants Vargas and Vinokurova, nor is MWK seeking any fees for work on Jowers's defamation suit in Hong Kong, the antisuit injunction, or the resulting appeal. (REK Decl., at ¶20). The fees sought in this application relate solely to work on the remainder of the case, a total of 3,451 hours across all timekeepers.

### B. The Court should apply the lodestar method.

Courts use the "lodestar" method to calculate attorneys' fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The "lodestar" is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552

(2010). After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Local Rule CV-54 requires that an application for attorneys' fees and expenses include a document organized by activity, attorney name, date, and hours expended. Attached to each of the relevant attorneys' declarations in this case is a document that satisfies this requirement. Local Rule CV-54 also requires that an application for attorneys' fees and expenses include an attorney certification that the hours expended were actually expended and that the billed rate and hours were reasonable. The Declaration of Robert Kinney, attached as **Exhibit A**, makes those certifications for time spent by Mr. Kinney and the paralegals he supervised directly. Separate declarations are attached for the other attorneys on MWK's team: Raymond Mort (**Exhibit B**), Jennifer Thompson (**Exhibit C**), Tristan Loanzon (**Exhibit D**), and Zachary Elias (**Exhibit E**). Expert testimony is not required because the "the district court is itself an expert in assessing these matters." *Rhodes v. Vandyke*, No. MO:17-CV-00114-DC, 2018 WL 2925133, at *3 (W.D. Tex. June 11, 2018) (citing *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976)). Nevertheless, as a twenty-year veteran legal recruiter in Austin, Texas, Mr. Kinney has expertise in attorney billing rates and he has included his opinions and certain bases for them in his declaration. (REK Decl, at ¶¶4-7).

### C. The hourly rates were reasonable.

The hourly rates sought for work by MWK's attorneys (and staff members) are reasonable. *See Associated Builders & Contractors of Louisiana, Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (in assessing the prevailing market rate for the community, a court may properly consider evidence of hourly rates in other cases as well as affidavits regarding the reasonableness of suggested rates). Reasonable rates for the attorneys and staff members who performed work in connection with MWK's request are set forth in the table below:

| Attorney | Hours | Years Licensed | Rate | Total |
|---|---|---|---|---|
| Raymond Mort | 1,080.75 | 28 | $750 | $810,562.50 |
| Robert Kinney | 1,988.00 | 26 | $500 | $994,000.00 |
| Tristan Loanzon | 37.50 | 25 | $600 | $22,500.00 |
| Jennifer Thompson | 88.60 | 27 | $475 | $42,085.00 |
| Zachary Ellis | 96.50 | 1 | $375 | $36,187.50 |
| John Jaworski | 146.50 | 0 | $150 | $21,975.00 |
| Matthew Gardiner | 13.50 | 0 | $150 | $2,025.00 |

The Court recently awarded fees in another trade secret and breach of contract case, with $495 per hour as the lowest associate hourly rate approved for associates licensed in 2016 and 2017 who practice in Austin. *See BalanceCXI, Inc. v. Int'l Consulting & Research Grp.*, 1:19-CV-0767-RP at 3 (W.D. Tex. Sept. 22, 2021). Each of the attorneys who acted for MWK in this matter has similar education, skill and experience to the attorneys in the *BalanceCXI* case, if not more. MWK's attorneys have all practiced in Amlaw 100 firms or in top-flight boutiques. Several have clerked for judges.

Considering the skills and experience of the attorneys involved in this case, as well as the results, the requested rates above are reasonable. (REK Decl., at ¶¶21-25).

### D.     The hours expended were reasonable.

The hours expended by MWK's attorneys and their staff members in prosecuting this action were also reasonable. The time entries contained in Exhibits A-E are true and contemporaneous time entries reflecting work performed by attorneys for MWK and their staff. (*See* attached Declarations, Exhibits A-E). Many more hours than those recorded and sought here were spent on this case. (REK Decl., at ¶20). Jowers brought ten different counterclaims against five counter-defendants, then filed numerous baseless motions and used every tactic under the sun to drive up costs. Considering the large number of entries in the docket of this case (and the wasteful discovery motions that were the cause of many of those docket entries), as well as the efficiency of MWK's management of this case in light of Jowers's tactics, 3,291 hours of attorney time and 160 hours of paralegal time is extremely reasonable expenditure of effort through trial.

### E.     The Johnson factors support the lodestar total.

The Court may either accept the lodestar figure or decrease or enhance it based on the circumstances of the case, taking into account the *Johnson* factors. *Johnson*, 488 F.2d at 717-19. Here, the applicable Johnson factors support the presumption of reasonableness. The relevant factors are discussed in the declarations of counsel attached to this Motion.

### F. Appellate and other fees should be reserved or awarded conditionally.

MWK requests that the Court reserve ruling on fees awardable in the event of an appeal until such time as the necessary work has been done. Especially in light of what appears to be continuing outrageous behavior by Jowers and opposing counsel Robert Tauler, it is impossible to predict at this stage what work might be required in the post-judgment phase of this case.[3]

### G. Expenses

MWK has incurred recoverable expenses directly related to the breaches by Jowers of the Jowers Agreement in the total amount of $19,515.32. These amounts are substantiated in the Declaration of Robert Kinney attached hereto. (REK Decl., at ¶25). Because these expenses were reasonable and were incurred as a direct result of this litigation, MWK is entitled to recover them under the indemnity in the Jowers Agreement.

### III. Sanctions under 28 U.S.C. § 1927 are warranted in this case if they could ever be warranted.

The Court "retains jurisdiction to resolve motions for sanctions and attorneys' fees while a judgment on the merits is pending on appeal." *Procter Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524 (5th Cir. 2002). 28 U.S.C. §1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and

---

[3] Just today, October 3, 2022, Jowers apparently filed a petition in Florida state court accusing MWK and Robert Kinney of "unfair debt collection practices" related to the Court's Judgment. (REK Decl., at ¶26).

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. "[U]nder 28 U.S.C. § 1927, a court may require an attorney who unreasonably multiplies proceedings to pay attorney's fees incurred "because of" that misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 n.5 (2017). After determining whether a case "would or would not have occurred in the absence of the sanctioned conduct," a district court may "assess and allocate specific litigation expenses" *Id.* at 1187. "The essential goal" in shifting fees is "to do rough justice, not to achieve auditing perfection." *Id.* (citation omitted). Accordingly, a district court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* The Fifth Circuit has held that the adverbs being in the conjunctive, sanctions under § 1927 must be predicated on actions that are both "unreasonable" and "vexatious." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The decision of a district court to impose Section 1927 sanctions is reviewed for abuse of discretion. *Id.*

The Court's experience with this case and the declarations of Robert Kinney and Raymond Mort attached to this motion provide an ample basis for the Court to order additional briefing and hold a sanctions hearing regarding whether to issue §1927 sanctions (or other sanctions) against DLA Piper and Tauler Smith LLP. The unreasonable multiplication of this case began with the inclusion of RICO and fraud allegations in Jowers's counterclaims on August 19, 2019. (Dkt. 90). Then, Jowers was represented by DLA Piper. Refusal by DLA Piper and Jowers to order Kirkland & Ellis

to turn over needed documents, or to turn them over themselves, led to all the briefing leading up to the Court's Order of April 25, 2020. (Order, Dkt. 168). DLA Piper continues to represent Jowers in Hong Kong in his efforts to unreasonably and vexatiously undermine the judgment of this Court by conducting a retrial of the Court's determinations in the context of a defamation case. Tauler's antics after his entry into the case have caused hundreds of wasted hours of attorney time on MWK's side, as detailed in the declarations and the Court's prior orders. (REK Decl., at ¶¶10-17). MWK hereby requests that the Court renew its prior Show Cause Order and hold a sanctions hearing consider sanctions under 28 U.S.C. §1927 against both DLA Piper and Tauler Smith LLP.

Dated: October 3, 2022                                  Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF MWK**

## Certificate of Conference

On September 21, 2022, I conferred with Kevin Cole, counsel for Jowers, by telephone. We discussed whether we could agree to any element of our anticipated fee application, whether as to rates, hours, or anything else. We spent approximately 20 minutes discussing the attorney fee application. I thought we were making progress. I informed Mr. Cole that we were removing time recorded for various matters related to dismissed defendants and the antisuit injunction. I let Mr. Cole know that the hours totals would be approximately 2,000 hours for my time and somewhat less for Mr. Mort's time, but I did not yet know the exact number of hours we would be submitting. I referenced Mr. Jowers's statement at trial that $2 million in fees was reasonable, and I requested that if there was any counterproposal from Jowers, regardless of the magnitude of cut he might propose, that he should provide it, because if we could agree then we might avoid the necessity of drafting a motion. Mr. Cole said that he understood and would consult with his client and get back to us, but he never did.

After putting together the present Motion, then editing down the time, I sent the hours charts to Mr. Jowers's attorneys this morning, October 3, 2022, requesting that they identify any middle ground. Mr. Tauler responded, demanding that we send him the relevant declarations and invoices, accusing me of falsifying my time, attempting to bring up the subject of his admission to the Western District of Texas bar and my alleged "obstruction of justice" by informing the admission committee of his prior sanctions, etc. Mr. Tauler ultimately sent approximately 21 messages to Mr. Mort and myself today. Based on these communications, it is my understanding that Tauler believes MWK is not entitled to any fees at all for my time.

Mr. Tauler also repudiated the prior conference with Mr. Cole. He said that we had never conferred with Mr. Cole and that Mr. Cole (despite still being counsel of record) is now "off the case as he was only trial counsel." Tauler added, "By the way, Kevin isn't your mommy. You have to deal with me only moving forward like a big boy." Based on these communications, I believe MWK has satisfied the requirement to conference this Motion.

/s/ Robert E. Kinney
Robert E. Kinney