UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>    Plaintiff,<br><br>v.<br><br>EVAN P. JOWERS,<br><br>    Defendant. | Civil Action No. 1:18-cv-00444-RP |

**PLAINTIFF'S MOTION TO AMEND JUDGMENT**

Contents

I. Prejudgment Interest of $1,091,725.31 should be awarded. ...........................1
   A. Texas Law – Calculation of Prejudgment Interest on Misappropriation Damages .................................................................2
   B. Florida Law - Calculation of Prejudgment Interest for Contract Damages .................................................................................................3
II. Postjudgment interest should be awarded at 3.91%. .......................................4
III. The Court should amend the final judgment to specify dismissals of prior claims and defendants were without prejudice. ................................................5
   A. Evidence adduced at trial made it clear that Vinokurova would have been found liable on the Plaintiff's claims. ...............................6
   B. Failure to correct the Judgment may inadvertently assist Vinokurova in using the Hong Kong courts to retry the factual and legal issues already determined by this Court. .........................................7
   C. Amending to make the dismissals "without" prejudice may help reduce other unnecessary motion practice before this Court. ...................8
   D. Dismissal of the civil conspiracy claim also should have been without prejudice. .................................................................................9
IV. The Court should amend the Judgment to clarify that Counsel is the assignee and owner of all claims and causes of action against Jowers...........10
V. The style of this case should be changed to *Counsel Holdings, Inc. v. Evan P. Jowers*. .....................................................................................................11
VI. Conclusion......................................................................................................11

Plaintiff, MWK Recruiting, Inc., now known as Counsel Holdings, Inc. ("Counsel") hereby moves pursuant to Rule 59(e) for an amendment to the judgment issued by the Court September 19, 2022, for five reasons: 1) to add an award of prejudgment interest totaling $1,091,725.31 for the damages stemming from trade secret misappropriation and breach of the Jowers employment contract; 2) to modify the rate of postjudgment interest to 3.91% (this is not opposed by Jowers); 3) to explicitly state that the dismissal of Yuliya Vinokurova ("Vinokurova") (and the other defendants and claims originally part of this suit) was "without" prejudice; 4) to add an explicit finding to the Judgment that all claims and causes of action are in the possession of Counsel Holdings, Inc. by virtue of the assignments, the corporate conversion of MWK Recruiting LLC, and the merger of Counsel Holdings, Inc. with MWK Recruiting, Inc., and 5) to modify the case style to conform with the evidence and the Court's findings, such that the new case style will be *Counsel Holdings, Inc. v. Evan P. Jowers*.

### I.     Prejudgment Interest of $1,091,725.31 should be awarded.

Counsel is entitled to prejudgment interest on its damages awards for breach of contract and theft of trade secrets. "[I]n diversity cases, … pre-judgment interest is calculated under state law." *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.,* 288 F.3d 222, 234 (5th Cir. 2002). The 2nd Amended Complaint contained a prayer for interest on the judgment. (2nd Am. Comp., Dkt. 80, at 46). "When the pleadings contain a simple prayer for interest on the judgment, this suffices in any case to preserve the request [for pre-judgment interest]." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). "Under Texas law, prevailing parties receive

prejudgment interest as a matter of course." *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1329 (5th Cir. 1994). Regarding the trade secret damages, "Texas law on trade secret claims mandates the award of prejudgment interest." *In re AmeriSciences, L.P.*, 781 Fed. Appx. 298, 306 (5th Cir. 2019). Also under Florida law, a plaintiff is entitled to prejudgment interest as a matter of law. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007). "The computation of prejudgment interest is a mathematical computation and a purely ministerial duty. No finding of fact is needed, and no discretion is permitted." *Id.*

### A.   Texas Law – Calculation of Prejudgment Interest on Misappropriation Damages

Under the Texas Finance Code, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and end[s] on the day preceding the date judgment is rendered." Tex. Fin. Code § 304.104; *see also Dallas Cty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 50 (Tex. App. - Dallas 2012, pet. denied) ("Prejudgment interest is calculated up to the date of judgment and is then included as part of the final judgment."). Suit was filed in this case March 27, 2017. (Notice of Removal, Dkt. 1, at 1). Pre-judgment interest is computed as simple interest and does not compound. Tex. Fin. Code § 304.104. Pre-judgment interest is calculated based on the statutory rate for post-judgment interest provided in section 304.003 of the Texas Finance Code. *See* Tex. Fin. Code § 304.003; *see also Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines, Inc.*, 278 F.3d 494, 500 (5th Cir.2002) That statutory section sets the following interest rate:

> (1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation; [or]
>
> (2) five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent; ...

Tex. Fin. Code Ann. § 304.003(c). The prime rate published by the Board of Governors of the Federal Reserve as of September 19, 2022, the date of the Court's existing final judgment in this case, was 5.5%. *See* https://www.jpmorganchase.com/about/our-business/historical-prime-rate (last visited 10/10/2022). Because the prime rate was 5.5% on the date of the Court's final judgment, the applicable prejudgment interest rate on misappropriation damages of $515,326.20 from March 27, 2017, through September 18, 2022, is 5.5%. For this period of 2,002 days, total accrued interest of $155,455.30 should be awarded.

### B.  Florida Law - Calculation of Prejudgment Interest for Contract Damages

"When the contracts do not specify an interest rate, as with the Jowers employment agreement, the applicable interest rate is that set by the Florida Chief Financial Officer." *Ryder Truck Rental, Inc. v. Maalt, LP*, No. 15-cv-3325-N, 2017 WL 9806934, at *4 (N.D. Tex. December 13, 2017) (*citing* FLA. STAT. §§ 687.01, 55.03). The relevant rates are published here: https://myfloridacfo.com/division/aa/local-governments/judgement-interest-rates (last visited 10/10/2022). Just as under Texas law, courts in Florida "have found it reasonable to use the date of the filing of the complaint as the date on which payment was due" *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, 89 F. Supp. 3d 1294, 1310 (M.D. Fla. 2015). Also, as is the case

with Texas prejudgment interest, interest is "calculated using simple interest." *Kendall Healthcare Group, Ltd. V. Madrigal*, 271 So.3d 1120, 1123 (Fla. 3d DCA 2019). Unlike under Texas law, the applicable interest rate in Florida is adjusted annually on January 1 of each year. § 55.03, Fla. Stat. *See Townsend v. R.J. Reynolds Tobacco Co.*, 192 So. 3d 1223, 1227 (Fla. 2016). The annual rate in effect on March 27, 2017, when suit was filed, was 4.97%. The rates and calculations from that date forward are as set forth in the following table:

| From | Until | Annual Rate | Daily Rate | Principal | Days | Interest |
|---|---|---|---|---|---|---|
| 3/27/2017 | 1/1/2018 | 4.97% | 0.0136% | $3,082,841.72 | 280 | $117,536.51 |
| 1/1/2018 | 1/1/2019 | 5.53% | 0.0152% | $3,082,841.72 | 365 | $170,481.15 |
| 1/1/2019 | 1/1/2020 | 6.33% | 0.0173% | $3,082,841.72 | 365 | $195,143.88 |
| 1/1/2020 | 1/1/2021 | 6.83% | 0.0187% | $3,082,841.72 | 366 | $211,134.96 |
| 1/1/2021 | 1/1/2022 | 4.81% | 0.0132% | $3,082,841.72 | 365 | $148,284.69 |
| 1/1/2022 | 9/19/2022 | 4.25% | 0.0116% | $3,082,841.72 | 261 | $93,688.83 |
| | | | | **TOTALS** | **2,002** | **$936,270.01** |

In summary, the Court should award prejudgment interest in this case of $155,455.30 for the misappropriation of trade secrets damages and $936,270.01 for the contract damages, a total of $1,091,725.31.

## II. Postjudgment interest should be awarded at 3.91%.

*[NOTE: Jowers's counsel stated on 10/10/2022 that he is **unopposed** to this request. (REK Decl., at ¶6).]* In contrast to pre-judgment interest, "[p]ostjudgment interest on money judgments recovered in federal district court is governed by 28 U.S.C. § 1961, even in diversity cases." *Mitchell Energy Corp. v. Samson Resources Co.,* 80 F.3d 976, 987 (5th Cir.1996); *see also* 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court ... Such

interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). Because judgment was entered September 19, 2022, the applicable post-judgment rate for the Court's judgment is the rate published for the week ending September 16, 2022, which is 3.91%. *See* https://www.txwd.uscourts.gov/for-attorneys/post-judgment-interest-rates-weekly/ (last visited 10/10/2022). The Final Judgment dated September 19, 2022, used the 3.62% rate applicable for the week ended September 9, 2022, probably because the new rate had not been posted by Monday, September 19, when the Final Judgment was issued. Counsel requests that the Court amend the Final Judgment to utilize the 3.91% postjudgment rate.

### III. The Court should amend the final judgment to specify dismissals of prior claims and defendants were without prejudice.

Pursuant to Rule 41(b), "Unless the dismissal order states otherwise…any dismissal…except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Thus, by default, a 12(b)(6) dismissal for failure to state a claim operates as an adjudication on the merits, potentially with claim preclusive effect, unless the district court's order "states otherwise." On July 29, 2019, the Court dismissed Counsel's claims for misappropriation of trade secrets and breach of contract against Yuliya Vinokurova ("Vinokurova") for failure to state a claim under Rule 12(b)(6), without specifying whether the dismissal was without prejudice. (Dkt. 87, at 31). Likewise, the Court also

dismissed Counsel's civil conspiracy claim against all the defendants for failure to state a claim under Rule 12(b)(6). Since the Court did not "state otherwise" in either case, by operation of Rule 41(b), each of these dismissals "operates as an adjudication on the merits" unless the Court amends the Judgment under Rule 59(e) or corrects the prior dismissal order pursuant to Rule 60(a) to specify that the dismissals were "without prejudice."

In the interest of justice, the Court should use one of these methods to correct this issue. While both methods have been used by other courts in similar circumstances, amendment of the Judgment under Rule 59(e) is the preferred approach when, as here, the request is made within the 28-day time period for a motion to amend a judgment under Rule 59(e). *See, e.g., Century Sur. Co. v. Blevins*, Civil Action 1-00411 (W.D. La. Sep. 5, 2014) (granting a Rule 59 motion to amend the judgment where "…it was not the Court's intention to preclude [plaintiff] from filing such claims which may develop due to [defendant's] actions.") (copy attached as **Exhibit A**).[1]

### A. Evidence adduced at trial made it clear that Vinokurova would have been found liable on the Plaintiff's claims.

At the trial of this case on December 7, 2021, Jowers explicitly implicated Vinokurova in all his activities constituting breach of contract and misappropriation of

---

[1] The Fifth Circuit has also held that incorrectly designating a dismissal as with or without prejudice "is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant," and therefore correctible under Rule 60(a). *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011).

trade secrets. He stated, for example, that "Yuliya Vinokurova is a key cofounder" of Legis. (Tr. II, at 123). According to Jowers, "She put up a lot of – she put up the most of the [sic] initial investment for the company." (*Id*.). Jowers said he calls Vinokurova his "boss," and that she is "the management of the company." (Tr. II, at 126-127). Jowers further said that he and Vinokurova work on all the placements together. (Tr. II, at 128). Considering Jowers's testimony, although Counsel has no present intention of reinstating claims against Vinokurova, it would be manifestly unjust for her dismissal to operate "as an adjudication on the merits." Fed. R. Civ. P. 41(b). Vinokurova lives in Russia. (Vinokurova Decl., Dkt. 44-1, ¶4). The choice of forum and venue in Vinokurova's employment agreement is Travis County, Texas. (Vinokurova Emp't Agreement, Dkt. 80-2, ¶13). There is a waiver of jurisdiction defenses as well. *Id*. Should litigation against Vinokurova related to her employment agreement ultimately again become necessary, Counsel could be deprived of any ability to bring new claims against her anywhere unless Counsel's prior claims were explicitly dismissed by this Court "without prejudice." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (interpreting the phrase "operates as an adjudication on the merits" as meaning that it prevents the recommencement of the same action in the same federal district court).

> **B.    Failure to amend the Judgment may inadvertently assist Vinokurova in using the Hong Kong courts to retry the factual and legal issues already determined by this Court.**

Vinokurova has joined the defamation lawsuit in Hong Kong (alongside Jowers and Vargas) that the Court previously enjoined, helping to spiral up costs there. (*See* **Exhibit B**, Declaration of Robert Kinney ("REK Decl."), at ¶2). She did so on May 31,

2022, after trial of this case but prior to the Court issuing its Findings of Fact and Conclusions of Law. (REK Decl., at ¶3). *Semtek* and other precedent makes it clear under federal law that the Court's dismissal of Vinokurova should not be given claim preclusive effect in any other federal court, let alone in a state or foreign court. *Semtek*, 531 U.S. 497 at 506. Nevertheless, it is unclear what *res judicata* effect a Hong Kong court might grant a "with prejudice" dismissal of claims or parties, so the costs of handling that determination in Hong Kong could be used as a weapon by these parties unless the issue is eliminated. (REK Decl., at ¶4). There is no valid reason to allow Rule 41(b) to yet another method for Jowers and his cohort to waste time and money.[2] Explicitly making the dismissal of all claims previously dismissed by the Court for failure to state a claim "without prejudice" will help correct the problem.

### C. Amending to make the dismissals "without" prejudice may help reduce other unnecessary motion practice before this Court.

Vinokurova's counsel, Tauler, announced last week that he would be seeking approximately $500,000 in attorney fees for her based on the effort involved in seeking Vinokurova's dismissal from the case. (REK Decl., at ¶5). While the exact basis for such a claim by Vinokurova is not clear, she would presumably base any such claim on rule 41(b). For this reason as well, presumably, Tauler recently filed a "Request for Entry

---

[2] Rule 41 has remained in essentially the same form since it was first promulgated in 1938 and has provided ample material for scholarly debate. Some scholars believe "the many problems with Rule 41 need not be tolerated." 52 U. LOUISVILLE L. REV. 265 (2014) (Advocating a set of comprehensive amendments to Rule 41 and noting, at page 288, that "Rule 41 currently permits a district court (apparently without limitation) to 'state otherwise' and alter the presumptive effect of the dismissal in question.").

of Judgment as to Previously Dismissed Defendants." (Dkt. 346). That Request seeks the opposite of the relief sought in this Motion (and does not make sense procedurally, since Rule 41(b) already establishes that the Rule 12(b)(6) dismissals were with prejudice unless the Court should "state otherwise"). Based on his filings and statements, it seems that Tauler plans to try to "make hay" out of the dismissals of claims and defendants in the Court's Order of July 27, 2019. The Court should stop these efforts.

### D. Dismissal of the civil conspiracy claim also should have been without prejudice.

The Court also dismissed the civil conspiracy claim against all the defendants for failure to state a claim without stating that the dismissal was "without prejudice." Thus, by operation of Rule 41(b), dismissal of this claim will operate as an adjudication on the merits that there was no civil conspiracy between these parties. As with the claims against Vinokurova, one can surmise that these parties will attempt to argue there is some claim or issue preclusive effect of that determination, even in the face of all the other evidence, if the Hong Kong litigation continues. Considering that the Court issued findings of fact that Vargas and Jowers were (1) working together to (2) place certain candidates, (3) with a meeting of the minds on the object of their efforts, (4) while using Counsel's trade secrets, and (5) caused damage to Counsel by doing so, each of the elements of civil conspiracy has already been satisfied as to Vargas and Jowers by the Court's findings. (Order, Dkt. 87, at 30; FF&CL, Dkt. 344, at 6-7, 10). As described above, Jowers made it clear at trial that Vinokurova was the "boss" in these operations and involved in every deal. (*See supra*, at 7). Under these circumstances, it

would be unjust for these dismissals to remain "with prejudice" by operation of Rule 41(b).

### IV. The Court should amend the Judgment to clarify that Counsel is the assignee and owner of all claims and causes of action against Jowers.

In its Findings of Fact and Conclusions of Law, the Court found that the agreements relevant to this case "were validly assigned and that MWK (which has merged with Counsel Holdings, Inc., is the successor in interest *to the loan agreements*." (FF&CL, at 42) (emphasis added). In the same paragraph, the Court also found that "the Jowers Agreement, Forgivable Loan, and Revolving Loan were all validly assigned," but Counsel is mentioned only at the end of the paragraph, and only in relation to the loan agreements. *Id*. The relevant agreements and causes of action were all originally assigned to the same entity, MWK Recruiting LLC, then later came to be possessed by MWK Recruiting, Inc. through the MWK Recruiting LLC's conversion into a corporation, then came into Counsel's possession by a merger of MWK Recruiting, Inc. into that entity. (Tr. I, at 142-143). The Court cited to this record evidence, so it is clear that the Court meant to say that Counsel is "the successor in interest to the loan agreements, the employment agreement, and all claims against Jowers," not to refer only to the loan agreements. To clarify this issue, Counsel requests that the Court add an explicit additional finding that Counsel is the owner of all claims and causes of action at issue in this case and is the Judgment Creditor.

## V. The style of this case should be changed to *Counsel Holdings, Inc. v. Evan P. Jowers.*

For the same reason, as well as for clarity going forward, Counsel requests that the Court modify the case style to replace "MWK Recruiting, Inc." with "Counsel Holdings, Inc.," such that the style of the case will be *Counsel Holdings, Inc. v. Evan P. Jowers.*

## VI. Conclusion

The Court should amend the final judgment in this case for five reasons. First, the Court should add $1,091,725.31 in prejudgment interest to the final judgment. Prejudgment interest was properly requested by Counsel and is mandatory. Second, the Final Judgment should be amended to state that the post-judgment interest runs from September 19, 2022, at the rate of 3.91%. Third, the Final Judgment should be amended to explicitly state that each of the dismissals of claims and parties in the Court's ruling on the defendants' Motion to Dismiss was WITHOUT prejudice. Fourth, because Counsel is the successor in interest to all claims and causes of action in this case by virtue of its merger with MWK Recruiting, Inc., the Court should make an explicit finding that all claims and causes of action at issue in this case were validly assigned and are now in the possession of Counsel Holdings, Inc. Finally, the Court should modify the style of the case to reflect the fact that Counsel is the valid plaintiff and Judgment Creditor by modifying the style of the case to *Counsel Holdings, Inc. v. Evan P. Jowers.*

Dated: October 10, 2022    Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR MWK**

**Statement Regarding Conference**

On September 22, 2022, I conferred with Kevin Cole, attorney for Mr. Jowers, regarding whether he would consent to addition of prejudgment interest to the existing judgment. I explained that the amount of the interest we would seek would exceed $1 million, that the award of such interest is mandatory, but that if we could be spared the work of drafting the Motion and the Court could be spared the work of ruling on it, we would stipulate to a lower specific amount of interest. I never heard from Mr. Cole about this matter again. Because Jowers filed a motion seeking the opposite relief regarding the Court's dismissals of prior defendants and claims, I have not sought to further conference the request that the dismissals be made explicitly without prejudice. With regard to the postjudgment interest rate, counsel for Jowers stated on October 10, 2022, that he is not opposed to applying a 3.91% postjudgment rate. Jowers's counsel opposes the change of case style and amended factfinding requested here.

/s/ Robert E. Kinney
Robert E. Kinney