IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br>    Plaintiff,<br>v.<br>EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),<br>    Defendants. | Civil Action No. 1:18-cv-00444 |
| EVAN P. JOWERS<br><br>    Counterclaimant,<br><br>v.<br><br>MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED<br><br>    Counter-Defendants. | |

**EVAN P. JOWERS'S OPPOSITION TO PLAINTIFF MWK'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES AND FOR AWARD OF A PORTION OF SUCH <u>FEES AGAINST JOWERS'S ATTORNEYS UNDER 28 U.S.C. §1927</u>**

Evan P. Jowers ("Jowers" or "Defendant") opposes Plaintiff MWK Recruiting, Inc.'s ("MWK" or "Plaintiff") Application for Attorney's Fees and Expenses (the "Application" or "Motion")(Dkt. 347).

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Kinney Recruiting Associate Recruiter Employment Agreement ("Florida Contract") only provides reimbursement of reasonable attorneys' fees that MWK has "paid" or "is legally obligated to pay." (Dkt. 80.) However, the Motion provides no evidence that any of the fees sought were ever invoiced, let alone paid. Rather, MWK applies a "prevailing party" standard, nowhere found in the contracts that form the basis of the present Application.

Similarly, MWK cites no other statute that would entitle MWK to prevailing party fees. In this regard, the Application only broadly cites Texas law as its basis for over $2 million in attorney's fees. However, as this Court has consistently held, and as the Florida Contract states, Florida law expressly governs the breach of contract claims, including remuneration of attorney's fees. The Application should be denied on this basis alone.

Plaintiff's failure to cite applicable law also makes the Application deficient. *See*, LR CV-54(b)(2)(Application for fees "shall include reference to the statutory authorization or other authority for the request" and contain "sufficient citation of authority to permit the reviewing court the opportunity to determine whether such computation is correct."). This is particularly critical here, since under Florida law, Plaintiff is required to provide third party expert affidavits to substantiate the *reasonableness* of the time billed, which Plaintiff has not complied with. The Court should deny the Application on this basis as well.

Even if the Court were to consider the Motion despite the above shortcomings, Plaintiff's Application is defective for the following additional reasons.

First, the Court should strike attorney Robert E. Kinney's claimed "attorney fees" in the amount of $994,000.00. Under Florida law, an attorney representing himself or his own entities cannot recover attorney's fees, as a matter of law.

Second, attorney Ray Mort's hourly billing rate according to other fee applications in this district for similar cases is $475 per hour, not $750 per hour. See, *Ruiz v. Fiberlab*, *infra* Mr. Mort's sworn affidavit in the *Ruiz* matter, a breach of contract case like this one, states "[f]or this type of matter, my hourly fee is $475 per hour." Accordingly, Mr. Mort should not be awarded fees in the amount of $750 per hour (an increase of over 50%) without explanation as to the dramatic increase in demand for his services during the pendency of this case, which commenced in May of 2018, six months before his fee application in *Ruiz*.

Third, as to hours worked, Plaintiff does not distinguish the amount of hours spent by himself on the breach of contract claims from other work done in the case, including prosecuting and defending a myriad of other claims besides the breach of contract claim which do not entitle MWK to any fees whatsoever.

Finally, Plaintiff has presented no evidence to establish that sanctions are warranted under Section 28 U.S.C. §1927. The motion cites no specific conduct or motion filed in bad faith, let alone any substance to countervail the evidence on record that MWK's sole intention was to "bankrupt Jowers with legal fees" (Dkt. 192-1 (Gutensohn Dec.), and, when that failed, to initiate a clandestine smear campaign on the undersigned by submitting a letter to the Western District Admissions Committee, in a sordid attempt to leave Jowers without any legal representation at all. (Declaration of Robert Tauler ("Tauler Dec."), Ex. A) MWK's conduct and that of its principal should not now be rewarded.

For these reasons and as detailed further below, Plaintiff's Motion should be denied in its entirety. If the Court, however, believes that Plaintiff somehow satisfied its burden or producing sufficient evidence warranting attorneys' fees, which Defendant disputes, the amount of the award should be reduced substantially.

## II. LEGAL STANDARD

Fed. R. Civ. P. 54 (d)(2) provides in pertinent part:

> (2) *Attorney's Fees*.
> (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:
> * * *
> (ii) specify the judgment and **the statute, rule, or other grounds entitling the movant to the award**;

(Bold added.)

"It is well-settled that attorney['s] fees can derive only from either a statutory basis or an agreement between the parties." *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1198 (Fla. 2009). The Florida Contract dated May 1, 2006 between Jowers and MWK states that Florida law shall apply to all disputes per paragraph 12.1. (Dkt. 80) RJN Ex. 1. Therefore, it is undeniable that Florida law must govern Plaintiff's Motion.

Additionally, Plaintiff has an "affirmative burden" to demonstrate MWK's entitlement to attorneys' fees. "It is the party seeking attorneys' fees on multiple claims who has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorneys' fees." See *Rockledge Mall Assoc., Ltd. V. Custom Fences of Brevard, Inc.*, 770 So.2d 558, 559 (Fla 2001).

### III. ARGUMENT

**A. No Attorneys' Fees Should Be Awarded.**

Florida has adopted the American Rule that attorney's fees are not recoverable unless a statute or a contract specifically authorizes their recovery. *Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Association, Inc., et al.*, 997 So.2d 433, 434 (Fla. 2008). The Motion cites no specific contract provision entitling Plaintiff to attorney's fees. This is likely because there is no "prevailing party" provision in the Florida Contract, or any other contract at issue. Thus, Plaintiff incorrectly relies only Texas law claiming that "only the amount of fees is left to be determined" (citing *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000)), disregarding the language in the Court's Judgment (Dkt. 345) that expressly conditions such relief "upon presentation of attorney fee evidence." Motion at p. 1; see also Dkt. 80; (RJN Ex. 1 Fla Contract at ¶ 10.1)

In sum, Plaintiff incorrectly claims MWK is, *ipso facto*, entitled to "prevailing party" attorneys' fees, despite the existence of a different standard in the Florida Contract, and citing no evidence or grounds, as required by the FOF, the Final Judgment and Fed. R. Civ. P. 54(d)(2)(B)(ii). (Dkt. 344 at p. 44; Dkt 345); RJN Exs. 2 & 3. The Court should deny Plaintiff's Application in its entirety for failing to meet its burden.

**B. The Application Does Not Establish That Plaintiff Is Entitled To Attorneys' Fees Under Florida Law**

    **1. Robert E. Kinney's Claimed "Attorney Fees" Should Be Stricken.**

Robert E. Kinney's fees should be disallowed based on the required strict interpretation of the Florida Contract under Florida law. "Florida courts apply a strict construction to agreements providing for the award of attorney's fees." *Dade Sav & Loan Ass'n v. Broks Ctr.,*

*Ltd.*, 529 So. 2d 775 (Fla 1988); *Sholkoff v. Boca Raton Community Hosp.*, 693 So.2d 1114 (Fla 1997) ["Contractual attorneys' fees provisions must be construed strictly."]

**2. The Attorney Fee Provision In The Florida Contract Is For Indemnity.**

The Florida Employment Contract provides in pertinent part:

10. <u>INDEMNIFICATION</u>

> 10. 1 The Employee shall indemnify and save the Company harmless from all claims, demands, and actions arising out of the Employee's breach of this Agreement, and **shall reimburse the Company** for all costs, damages and expense, including **reasonable attorney's fees, which the Company pays or becomes obligated to pay** by reason of such activities or breach.

(Dkt. 80); RJN Ex. 1 (Florida Contract) at ¶ 10.1; (bold added).

The attorney fee provision in the Florida Contract is patently an indemnity provision and not a prevailing party attorney provision. Thus, Plaintiff's assertion in the opening paragraph of the Application that the only issue for the Court to determine is the amount of attorney's fees is incorrect. See Application at p.1. Plaintiff must provide documentary evidence that Plaintiff paid, or is obligated to pay, the attorney's fees for which it seeks reimbursement or is required to do so. RJN Ex. 1 at ¶ 10.1. However, neither the Motion nor the supporting declarations contain any such statement. Moreover, no engagement agreements or invoices were submitted with the Motion, as required by law.

**3. The Court Should Strike Robert E. Kinney's Requested Attorney's Fees In The Amount of $994,000**

Plaintiff seeks $994,000 in attorney's fees based on 1988 hours of time entered. Motion at p. 7.

| Attorney | Hours | Years Licensed | Rate | Total |
|---|---|---|---|---|
| Robert Kinney | 1,988.00 | 26 | $500 | $994,000.00 |

Kinney, however, is not a practicing attorney. For the past 20 years, he has been a full-time legal recruiter and President of MWK. Kinney Declaration ¶¶ 3 & 5. Plaintiff only vaguely mentions that he handled "several personal injury matters" but neglects to mention that he was a litigant in every case. Kinney Decl. ¶ 3; see also, *Kinney v Astrue*, 2009 US Dist LEXIS 84775 (N.D. Texas 2009). Leaving this aside, the unrebuttable fact is that Kinney has never been hired to do any legal work, other than litigation against former employees or law firms to which he claims a placement fee. See, *Kinney v. Barnes*, 443 SW 3d 87 (Texas 2014); *Kinney v. BCG Attorney Search, Inc.*, 2014 Tex. App. LEXIS 3998. Similarly, Mr. Kinney's citations to the billing rates of attorneys he has placed at various law firms (who are actually practicing attorneys) is not competent evidence of Mr. Kinney's "billing rate." Mr. Kinney has no billing rate, because no one has ever paid him to do legal work in the last twenty years. Kinney Declaration ¶¶ 3 & 5.

Even if Mr. Kinney were a practicing attorney, he cannot obtain fees because he only represented himself and his various affiliates, including MWK, in this action. Plaintiff provides no evidence supporting the Motion that MWK actually *paid* Kinney's invoices or that MWK is "*legally obligated to pay*" as required in the paragraph 10.1 of the Florida Contract.[1] Kinney only submitted time records. Mr. Kinney did not provided a fee agreement between himself and MWK, did not provide any invoices, and made no indication that MWK is "legally obligated to pay" his own fees.

---

[1] MWK is not even a legal entity at this time, as it was merged out while this litigation was pending. Notably, the merger documents indicate that MWK "will not survive the merger." (RJN Ex. 7)

### 4. A Pro Se Attorney May Not Be Reimbursed His Attorney's Fees

Under Florida law an attorney representing himself in litigation is seen as a *pro se* litigant. See *Massengale v. Ray*, 267 F.3d 1298, 1299 (11th Cir. 2001). In *Messengale*, a pro se attorney sought fees as part of Rule 11 sanctions against his opponent. *Id*. at 1299. The court, in denying an award of attorney fees, stated that "[t]he word "attorney" generally assumes some kind of agency (that is, attorney/client) relationship. The fees a lawyer might charge himself are not, strictly speaking, "attorney fees." And, where a lawyer represents himself, legal fees are not truly a "cost" of litigation - no independent lawyer has been hired (or must be paid) to pursue the…complaint." *Id*. at 1303 (quoting *Ray v. U.S. Dep't of Justice*, 87 F.3d 1250 (11th Cir. 1996)). Additionally, those fees cannot be seen as an "expense" either, as "there is no direct financial cost or charge associated with the expenditure of one's own time." *Id*.

Furthermore, courts are even more apt to *not* award attorney fees if the pro se attorney is representing himself for his or her own personal benefit, rather than litigating a case as a service to the public generally. See *Winicki v. Mallard*, 441 So. 2d 693, 694 (Fla 1983).

Accordingly, Plaintiff is not entitled to recover claimed "attorney's fees" based on time entries of Robert E. Kinney. The Court therefore should, indeed must, strike the requested Kinney attorney fees of $994,000.00.

### C. Plaintiff Admits The Court Did Not Permit Recovery Of Fees For Trade Secret/Misappropriation Claims

Plaintiff admits in its Application that the Court did not permit recovery of any attorney's fees related to the Misappropriation and Trade Secret claims. Motion at p. 7. The Court expressly states in the FOF as to these claims that: "The Court likewise will not assess exemplary damages or attorney fees and costs." FOF at 28. (Dkt. 344); RJN Ex. 2. Notwithstanding the Court's clear

delineation of damages for each claim and explicit statement of no attorney's fees for the Trade Secret and Misappropriation claims, Plaintiff disregards the FOF and the Final Judgment in attempting to conflate these claims with the contract claims. Plaintiff also ignores Local Rule CV-54 by failing to separate the amount billed for each claim in a "brief memo". Therefore, the Motion must be denied as it is procedurally and substantively defective. Local Rule CV-54(b)(2).

### D. Plaintiff Does Not Satisfy Its Affirmative Duty To Provide Competent Evidence That It Paid For The Attorneys' Fees For Which It Seeks Reimbursement And They Are Reasonable

#### 1. Plaintiff Provides No Proof Of Payment Of Attorneys' Fees and Expenses.

When a party is seeking to recover previously incurred attorney's fees in a breach of contract action, its burden of proof is that which is required in a breach of contract action: presenting evidence that is sufficient to satisfy the mind of a prudent, impartial person as to that amount of awardable damages. Sea *World of Fla., Inc. v. Ace AM. Ins. Cos*., 28 So. 3d 158, 160 (Fla 2010). In this context, Florida case law has held that the juxtaposition of "reasonable fee award" in an indemnity provision, as here, is: "A fee money award [ ] payable by one party to another as an indemnity for fees reasonably contracted or incurred . . . ." *Borg-Warner Acceptance Corp. v. Philco Finance Corp*., 356 So.2d 830, 832 (Fla. 1978).

Next, there must also be a reasonable basis in the evidence for the amount awarded. *Id.*

> An attorneys' fees award must be supported by expert evidence, including the testimony of the attorney who performed the services. Competent evidence includes invoices, records, and other information detailing the services provided as well as the testimony from the attorney in support of the fee.

*Black Point Assets, Inc. v. Ventures Trust 2013-I-H-R,* 236 So. 3d 1134 (Fla 2018); see also, *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 2006).

Here, Plaintiff solely provides time entries. Plaintiff provides no retainer agreement, invoices and evidence that invoices have been paid. Plaintiff also does not allocate the work done for the breach of contract claims. "The party seeking fees has the burden to allocate them to the issues for which fees are awardable. . ." *Lubkey v. Compuvac Sys., Inc.*, 857 So.2d 966, 968 (Fla 2003). Thus, Plaintiff fails to satisfy its burden of producing evidence of the fees MWK paid or, at a minimum, was invoiced and *must* pay. Time sheets alone are not proof that MWK paid or is legally obligated to pay anything.

### 2. Plaintiff Provides No Required Expert Affidavit

Florida law requires an independent expert witness to establish the reasonableness of fees, regardless of whether a first or third party is responsible for payment. *Robin Roshkind, P.A. v. Machiela*, 64 So. 3d 1245 (Fla. 2011). The rationale for the requirement is that "attorneys have an ethical duty, pursuant to the Florida Rules Regulating the Florida Bar, to charge fair and reasonable fees, regardless of the terms of the fee agreement." *Id.* Since Plaintiff provides no declaration from an expert that reviewed the attorney fee invoices regarding the reasonableness of the claimed fees for which Plaintiff seeks indemnification, the Motion should be denied. *Valentin Rodrigues v. Altomare*, 261 So. 3d 590, 591 (Fla. Ct Appeal 2018).

The Court of Appeal in *Sea World* explained: "[i]t is well established 'that where a party seeks to have the opposing party in a lawsuit pay for attorney's fees incurred in the same action, the general rule in Florida is that independent expert testimony is required." *Valentin Rodrigues v. Altomare*, 261 So. 3d 590, 591 (Fla. Ct Appeal 2018) (quoting *Sea World of Fla., Inc., supra*, at 28 So.3d at 160). Further, "case law throughout [Florida] has adhered to the requirement of an

independent expert witness to establish the reasonableness of fees, regardless of whether a first or third party is responsible for payment. *Robin Roshkind, P.A. v. Machiela*, 45 So. 3d 480, 481 (Fla. 2010). Even in those instances when an attorney presented evidence of the retainer agreement, invoices sent to the client, and a promissory note claims for attorneys fees under Florida law are denied when no expert testimony was provided. *Id*. Thus, since Plaintiff has not satisfied the expert affidavit requirement, the Application should be denied on this independent basis.

### E. The Fees Sought are Unreasonable.

#### 1. Ray Mort's Hourly Rate Is Unreasonable Because It Is Inconsistent with His Prior Fee Applications.

Attorney Ray Mort's hourly billing rate is **$475** according to his application for fees in November of 2018 in the matter of *Ruiz v. Fiberlab* (Case 1:18-cv-00871-RP) which was pending while the present case was also pending in <u>this very same court</u> (See, RJN Exs. 4 & 5). Mr. Mort's sworn affidavit in the *Ruiz* matter, a breach of contract case like this one, states "[f]or this type of matter, my hourly fee is $475 per hour." (See, RJN Ex. 4, Exhibit C, paragraph 5). Accordingly, Mr. Mort should not be so bold to ask, and receive outsized fees in the amount of $750 per hour (an increase of over 50%) without explanation as to the dramatic increase in demand for his services during the pendency of this case, which commenced in May of 2018, six months before his fee application in *Ruiz*. Accordingly, the Court should reduce his rate to **$475 per hour** if it is inclined to award fees at all, which would amount to $513,356.25, instead of the $810,562.50 claimed.

### 2. Kinney Agreed By Email To Deduct Fees For "Paralegals"

By email dated October 7, 2022, Kinney agreed to deduct the amount of **$24,000** allegedly for work billed by paralegals, who really are not paralegals, but MWK staff. (Tauler Dec., Ex. B)

### 3. Costs

Pursuant to the local rules, "[a] party awarded costs shall prepare and file a proposed bill of costs on Form AO 133." LR CV-54(a)  Additionally, the Court Ordered in its Final Judgment (Dkt. 345) that Plaintiff file a bill of costs "pursuant to Local Rule CV-54(a)."  However, no Bill of Costs was filed at all, let alone a Bill of Costs using Form AO 133, as required.  Form AO 133 breaks down costs in various categories to facilitate adjudication and contains a statement, under penalty of perjury that the costs "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." No such declaration is provided in the moving papers.

Since Plaintiff did not comply with the Court's Judgment or the Local Rules, it should not be allowed to obtain costs. See *Hancock v. Chi. Title Ins. Co.*, 2013 U.S. Dist. LEXIS 77394* (ND Texas 2013) [*Held*: Chicago Title's failure to file a bill of costs precluded it from recovering taxable costs awarded under the local rule.]; Local Rule CV 54(a)(1) [A party awarded costs shall prepare and file a proposed bill of costs on Form AO 133 *not later than 14 days after the entry of judgment*.].

The Court should follow this district's precedent and make MWK accountable for its errors, as it would presumably do for any litigant.

### F. The Court Should Deny Plaintiff's Request For A Conditional Award Of Attorneys' Fees As A Possible Segue To Allow For Seeking Fees In The Future

Plaintiff requests the Court retain jurisdiction to allow for Plaintiff to seek further attorneys' fees, for unspecified reasons at some point in the future against Jowers. As a procedural matter attorney's fees may not be awarded conditionally, as a matter of law. *Primrose Operating Co. v. Nat'l AM. Ins. Co.*, CIV. A. 5:02-CV-101-C, 2003 WL 21662829, at *7 (N.D. Tex. July 15, 2003); See also, *Centerpoint Energy Inc. v. Associated Elec. & Gas Ins. Services Ltd.*, CV 09-2107, 2011 WL 13134747, at * 4 (S.D. Tex. Sept. 9, 2011); *In re Dickinson of San Antonio, Inc.*, 5:19-CV-01011-XR, 2020 WL 264976, at * 6 (W.D. Tex. Jan. 16, 2020). Therefore, Plaintiff's request for costs in the Application should be denied.

### G. The Court Should Deny Plaintiff's Request For Sanctions Under 28 U.S.C. § 1927

Lastly, Plaintiff asks that attorney's fees be awarded in unspecified amounts against all of Jowers prior counsel, including DLA Piper, who was lead counsel until June of 2020, and the undersigned, who was lead counsel from June of 2020 to the present. According to Plaintiff's counsel Ray Mort, this is because "Jowers may try to run from a vigorous enforcement campaign, but we all know that won't be too easy for litigation counsel to do should we get an award against counsel." (Tauler Dec., Ex. C). The Court would set a bad precedent if it allowed defense counsel to fill in the shoes of a defendant based on perceived concerns about Judgment collection.

Leaving this aside, Plaintiff has not stated any specific basis as to why the undersigned should be sanctioned, other than "antics" including "dealing with Jowers and his counsels' efforts to muddy the waters related to the loans" (Kinney Dec. at ¶ 14) and "ten discovery

motions" already adjudicated by the Magistrate Judge (most of which were granted in part or denied as moot)(See. Dkt 236). No other specific conduct is included in the Motion.

Section 1927 of the United State Code, Title 28, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927.

Before a court can award sanctions under § 1927, it must make detailed findings that the proceedings were both unreasonable and vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). "An award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). Still, "section 1927 only authorizes shifting fees that are associated with the persistent prosecution of a meritless claim." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). "The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions." *Id.*

The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting Calhoun, 34 F.3d at 1297).

It has been held that even if a Defendant's counterclaims were baseless, it does not mean they were brought in bad faith or for an improper purpose. See *EsNtion Records, Inc. v.*

*TritonTM*, Inc., No. 3-07-CV-2027-L, 2010 U.S. Dist. LEXIS 90783, 2010 WL 3446910, at *5 (N.D. Tex. Aug.31, 2010) (that party was forced to defend against "objectively unreasonable" claims for which there was no evidence does not support an award for attorney's fees under § 1927).

Here, Defendant's counsel's advocacy of colorable claims does not amount to "bad faith" and vexatious litigation. Because Plaintiff has failed to meet its burden to establish that the proceedings were both unreasonable and vexatious, it would not be appropriate under §1927 to shift the entire financial burden of the action's defense to counsel or permit further briefing. Therefore, the Court should deny Plaintiff's request.

## IV.  CONCLUSION

For these reasons, the Court should deny the application for attorney's fees.


DATED: October 17, 2022                    Respectfully submitted,

                                           By:    */s/ Robert Tauler*
                                                  Robert Tauler, Esq.
                                                  Texas State Bar No. 24122095
                                                  rtauler@taulersmith.com
                                                  Tauler Smith LLP
                                                  100 Congress Ave., Suite 2000,
                                                  Austin, TX 78701
                                                  Telephone: (512) 456-8760

                                           **COUNSEL FOR DEFENDANT
                                           AND COUNTERCLAIMANT
                                           EVAN P. JOWERS**

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 17, 2022, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

 _/s/ Robert Tauler_
Robert Tauler