UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>   Plaintiff,<br><br>   v.<br><br>EVAN P. JOWERS,<br><br>   Defendant. | Civil Action No. 1:18-cv-00444-RP |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND JUDGMENT**

Plaintiff MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Counsel" or "Plaintiff") hereby files this Reply in support of its Motion (Dkt. 354) pursuant to Fed.R.Civ.P. 59(e) for an amendment to the judgment issued by the Court September 19, 2022. Because the Motion also requests an additional finding of fact, it should also be construed as a motion pursuant to Fed.R.Civ.P. 52(b) for an amended finding of fact.

  **I.**  **Prejudgment Interest**

Jowers does not challenge the Plaintiff's calculations of the amount of prejudgment interest that the Court should award on the Texas law misappropriation claims or the Florida law breach of contract claims if Plaintiff is entitled to any prejudgment at all. Instead, he argues that no prejudgment interest should be awarded on any of the damages. In both cases, Jowers bases his arguments on a misunderstanding of relevant precedent.

### A. Prejudgment interest on the Texas law damages must be awarded under clear Fifth Circuit precedent.

Jowers cites Texas state court cases for two propositions they do not support, namely, that Texas procedural rules apply and that a simple prayer for interest is not enough to preserve a claim for prejudgment interest. (Response, Dkt. 365, at 3-4). First, even if Texas procedural rules did apply in this diversity case, a simple prayer for interest in the pleadings would be enough. *See Black Lake Pipe Line v. Union Const. Co. Inc.*, 538 S.W.2d 80 (Tex. 1976) (holding that "a simple prayer for interest provides fair notice of the claim for relief").[1] Second, Jowers ignores that the pleading standards are a matter of federal procedural law. Controlling precedent dictates that the request for prejudgment interest would be preserved even without a simple prayer requesting interest, but certainly whenever the "pleadings contain a simple prayer for interest on the judgment," as they did in this case. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). "[W]hile the substantive questions of entitlement to interest and the rates of interest are to be resolved by the applicable state law, the adequacy of a plaintiff's pleadings must be resolved by reference to Fed.R.Civ.P. 54(c)

---

[1] Each of the Texas state court cases Jowers cites deals with a general prayer for damages that does NOT include a simple prayer for interest or is otherwise inapposite. *See Vidor Walgreen Pharmacy v. Fisher*, 728 S.W.2d 353 (Tex. 1987) (not addressing whether a simple prayer for interest would have sufficed to preserve a claim for prejudgment interest); *Benavides v. Isles Constr. Co.*, 726 S.W.2d 23, 25 (Tex. 1987) (not addressing the question of whether a simple prayer for interest would have sufficed, but permitting a post-verdict trial amendment to request prejudgment interest); *Republic Nat'l Bank of Dallas v. Nw. Nat'l Bank of Fort Worth*, 578 S.W.2d 109, 117 (Tex. 1978) (holding that prejudgment interest should be awarded when there is a statutory entitlement to prejudgment interest even when there is only a general prayer for relief).

and cases construing it." *Consol. Cigar Co.*, 749 F.2d at 1174 (5th Cir. 1985) (noting, at 1175, that even if Texas procedural rules applied, *Black Lake Pipe Line* would control and a prayer for damages "with interest" would be sufficient to preserve the claim for prejudgment interest). In *Meaux*, the Fifth Circuit addressed the question again. (607 F.3d 161 (5th Cir. 2010)). The plaintiffs in *Meaux* had included a prayer for interest in their pleadings but did not repeat it in the pre-trial order. (*Id*. at 172). The defendants argued that the plaintiffs were precluded from seeking pre-judgment interest. (*Id*.). The Fifth Circuit acknowledged that there had been previous contradictory rulings but stated that its "rule of orderliness" required it to abide by the earlier decision in *Consol. Cigar Co.* (749 F.2d 1169 (5th Cir. 1985). The *Meaux* court summarized the resultant procedural rules regarding pleadings and pre-judgment interest as follows:

> [I]n diversity cases, it is not necessary for the plaintiff's pleadings to contain a prayer or other request for pre-judgment interest. If state substantive law provides for the recovery of interest, Federal Rule of Civil Procedure 54(c) requires that such be included where appropriate.

(*Meaux*, 607 F.3d at 172). Under controlling Texas substantive law, "In the absence of a statutory right to prejudgment interest, […] an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Id.* (cleaned up). Therefore, by including a simple prayer for interest in its pleadings, Plaintiff did more than was necessary. Plaintiff certainly did not waive its right to seek pre-judgment interest under Texas law as Jowers argues. Since Jowers has not contested the calculation of the prejudgment interest on the Texas law trade

secret claims under substantive Texas law, the Court should award the full $155,455.30 requested by Plaintiff.

### B. Jowers also cites inapposite cases for the proposition that Florida courts would not award prejudgment interest.

Again, Jowers does not argue that Plaintiff's calculations of the prejudgment interest owing on the Jowers Agreement under Florida law are incorrect, only that no prejudgment interest at all should be awarded. Citing no authority, Jowers argues that the term "liquidated damages" necessarily includes any prejudgment interest that might apply to those damages. This argument ignores that, "In Florida, prejudgment interest is an element of compensatory damages and, when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Insurance Co. of North America v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (cleaned up). "Under Florida law, prejudgment interest is merely another element of pecuniary damages, to be awarded from the date of loss once a finder of fact has determined the amount of damages and defendant's liability therefor." *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 472 F.3d 1329, 1331 (11th Cir. 2006) (cleaned up) (reversing a district court's denial of prejudgment interest when the district court had based its decision in part on a determination that an award of prejudgment interest would be unfair because the plaintiff had "actually made a profit from the transactions").

Next, Jowers urges that awarding prejudgment interest would not comport with equity. The Eleventh Circuit has indeed acknowledged regarding prejudgment interest that "this general rule [that prejudgment interest should be awarded] is not absolute,"

and that prejudgment interest can be denied when it would be inequitable. *Wiand v. Lee*, 753 F.3d 1194, 1204 (11th Cir. 2014) (cleaned up). But Jowers ignores that a district court's discretion to deny prejudgment interest on this basis is tightly limited. The Eleventh Circuit has considered only three factors that should guide a court's discretion in deciding whether to award prejudgment interest on equitable grounds, none of which is addressed by Jowers. Those factors are: (1) in matters concerning government entities, whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims; (2) whether it is equitable to allow an award of prejudgment interest when the delay between injury and judgment is the fault of the prevailing party; (3) whether it is equitable to award prejudgment interest to a party who could have, but failed to, mitigate its damages. *Id.* at 1204 (citing *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1297 (11th Cir. 2002)). Where a district court had based denial of prejudgment interest on a generalized view that the defendants "have suffered enough," this was reversible error. *Id.* Jowers provides no argument based on any of these factors, waiving any right he might have had to do so. (Response, Dkt. 365, at 5-6). Since Jowers has not challenged the amount of prejudgment interest calculated under Florida law on the Jowers Agreement damages, $936,270.01, the Court should award the full amount.

### II.    The dismissal of claims against Yuliya Vinokurova and of the civil conspiracy claims should be without prejudice.

Jowers cites no legitimate reason why the Court should not make its dismissal of the claims against Yuliya Vinokurova ("Vinokurova") and the civil conspiracy claims against all the original defendants expressly "without prejudice" as requested in the

Motion. (Dkt. 354, at 5-9). The default rule under Fed.R.Civ.P. 41(b) is not appropriate in this case. Failing to grant the relief requested would be inequitable, because it would provide a colorable (though incorrect) basis for the original defendants to claim that the dismissals should be entitled to res judicata effect overseas in Hong Kong. Evidence adduced at trial made it clear that Vinokurova was part of the conspiracy with Jowers, just as she was accused of having done. (Motion, Dkt. 354, at 9). Jowers (or his counsel) refused to produce the personal email account messages that might have led to the same conclusion at an earlier date. (*See* Dkt. 360, Motion for Sanctions). After trial, Vinokurova added claims in Hong Kong and is arguing there that Jowers was NOT in breach of his employment contract, he did NOT misappropriate trade secrets of Kinney Recruiting, he was NOT assisted by her in doing so, and that Kinney and Kinney Recruiting Limited defamed her by saying that she was assisting Jowers. Also, Jowers's counsel Robert Tauler ("Tauler") has indicated Vinokurova intends to request that the Court award attorney fees for her dismissal. (REK Decl., Dkt. 364-1, at 4). It presumably "was not the Court's intention to preclude [plaintiff] from filing such claims which may develop due to [Vinokurova's] actions" in the future, so the Court should do as other courts have done in similar situations and grant the relief requested by amending the . (*See* Motion, Dkt. 354, at 8 (citing *Century Sur. Co. v. Blevins*, Civil Action 1-00411 (W.D. La. Sep. 5, 2014)(granting a Rule 59 motion to amend judgment). Granting this relief will undoubtedly serve the interests of equity and limit the unnecessary proceedings before this Court and in Hong Kong.

### III. The style of this case should be changed to Counsel Holdings, Inc. v. Evan P. Jowers and the Court should add an explicit that all claims and causes of action are possessed by Counsel Holdings, Inc.

To conform with the evidence, Plaintiff has requested an explicit finding that "Counsel Holdings, Inc. is the successor in interest to each of the agreements and claims at issue in this lawsuit and is the properly named Plaintiff in this lawsuit." Plaintiff also has requested an amendment to the Judgment changing the style of the case to *Counsel Holdings, Inc. v. Evan P. Jowers*. (Motion, Dkt. 354, at 12). The request for a style change is a renewal of a request made February 25, 2019. (Dkt. 68). Tauler has acknowledged the merger throughout the course of the proceedings. (REK Decl., at ¶¶4-6). Jowers apparently now believes he may somehow be able to avoid the Judgment in this case by asserting the named plaintiff in the Judgment no longer exists and ignoring the effect of the merger. (REK Decl., at ¶2) (Tauler stating, "3.62% [sic] of nothing is still nothing"). Jowers speculates that what was clearly a merger might have been an asset sale, citing a passage in a Florida case dealing with asset sales (Response, Dkt. 365, at 11). In fact, the case Jowers cites stands for the proposition that a merger is sufficient to preserve the rights of the merged company to enforce a noncompete agreement under Florida law: "[W]e conclude that the surviving corporation in a merger assumes the right to enforce a noncompete agreement entered into with an employee of the merged corporation by operation of law, and no assignment is necessary." *Corporate Express Office Prod. v. Phillips*, 847 So. 2d 406, 414 (Fla. 2003). Evidence of both the conversion of MWK Recruiting LLC into MWK Recruiting, Inc. and the merger of MWK Recruiting, Inc. into Counsel

Holdings, Inc. is clearly in the record of this case. (Dkt. 341-1, at 75; Dkt. 341-1, at 83; Tr. I, at 142-143).

## IV. Conclusion

Jowers has presented no real argument to justify denial of any of the relief sought by Plaintiff in the Motion. The Court should amend the final judgment to add $1,091,725.31 of prejudgment interest, to state that the post-judgment interest runs from September 19, 2022, at the rate of 3.91% (which rate was not opposed by Jowers), and to explicitly state that each of the Rule 12(b)(6) dismissals of claims and parties in the Court's ruling on the defendants' Motion to Dismiss was WITHOUT prejudice. Finally, because Counsel Holdings, Inc. is the successor in interest to all claims and causes of action in this case, the Court should amend the Judgment to modify the case style to reflect that Counsel Holdings, Inc. is the plaintiff and should make an explicit finding of fact that all claims and causes of action were validly assigned to Counsel Holdings, Inc., not just the loan agreements.

Dated: October 30, 2022                    Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**