UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.<br><br>      Plaintiff,<br><br>v.<br><br>EVAN P. JOWERS,<br><br>      Defendant/Judgment Debtor. | Civil Action No. 1:18-cv-00444-RP |

## PLAINTIFF/JUDGMENT CREDITOR'S EXPEDITED MOTION TO REGISTER JUDGMENT

Plaintiff/Judgment Creditor MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Counsel" or "Plaintiff") hereby files its Motion for Leave to Register its Judgment from the Western District of Texas in the Southern District of Florida, the Northern District of Florida, the Central District of California, and the Eastern District of Louisiana (the "Motion").

    1.    On September 19, 2022, this Court signed a Final Judgment (Dkt. 345) (the "Judgment") in favor of Plaintiff and against Evan P. Jowers in the amount of $3,642,132.60 (the "Award").

    2.    The automatic stay of execution on the Judgment under Fed. R. Civ. P. 62(a) expired on October 18, 2022.

    3.    On October 19, 2022, Jowers filed a notice of appeal. (Dkt. 362).

    4.    Jowers has neither filed a supersedeas bond nor tendered payment of the Award to Plaintiffs to avoid execution. Jowers has said that he is moving to Hong Kong

as soon as he receives a permit to do so. Jowers has said through his attorneys that he intends not to pay any of the Judgment. (REK Decl., at ¶2-3).

5. Under 28 U.S.C. § 1963, a final judgment entered in one judicial district of the United States may be registered in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown.**" (emphasis added). On its face, the statute allows a district court to direct registration in other districts even when the matter is on appeal, if "good cause" is shown.[1]

6. Although the statute does not define "good cause," "[c]ourts have interpreted [it to require] 'a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" *Hockerson-Halberstadt, Inc. v. Nike, Inc.*, No. CIV.A.91-1720, 2002 WL 511542, at *1 (E.D. La. Apr. 3, 2002) (citing *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997)). The judgment creditor may make the requisite "showing" of good cause by asserting in its motion that the judgment debtor lacks assets in the rendering district and has substantial assets in the registering district. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 373 (7th Cir. 1991) (finding that, in the absence of a bond, the moving party's assertions in its motion as to a lack of assets in the rendering district and substantial property in

---

[1] The "good cause" exception did not exist before section 1963 was amended in 1988 by Pub. L. 100-702, § 1001. Thus, in *Urban Industries, Inc. of Kentucky v. Thevis*, 670 F.2d 981, 985 (11th Cir. 1982), the Eleventh Circuit held that the pendency of an appeal prohibited any registration of the foreign judgment.

other districts constituted "good cause"); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2594872, at *1 (W.D. Tex. June 23, 2010). A judgment debtor's refusal to post a supersedeas bond further supports the existence of good cause. *See id.; Henckels & McCoy, Inc. v. Adochio*, No. Civ. 94-3958, 1997 WL 535800, at *2 (E.D. Pa. July 31, 1997). A court's decision of whether there exists good cause to allow registration of a judgment not yet final by appeal lies in the court's discretion. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negrara*, No. Civ.A. H01-0634, 2002 WL 32107930, at *1 (S.D. Tex. Feb. 20, 2002) (citing *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001)).

7. Jowers has substantial assets in each of the Northern District of Florida, the Southern District of Florida, the Eastern District of Louisiana, and the Central District of California. These assets include cars, deposits, cash, jewelry. (REK Decl., at ¶4).

8. Resolution of this Motion should be expedited because Jowers is making efforts to leave the United States completely and move to Hong Kong as soon as he receives a visa to do so. (REK Decl., at ¶3). There is a clear and present danger that he is attempting to secret assets and avoid execution of the Judgment by moving his assets abroad.

9. Likewise, based on reasonable inquiry, Jowers has no assets in this judicial district. This case was filed in the Western District of Texas because the Plaintiff's principal place of business is here and Jowers's employment agreement contained a waiver of jurisdiction defenses.

10. Accordingly, there is good cause to allow immediate registration of Final Judgment in the districts where Jowers is known to have substantial assets. Those districts are: the Southern District of Florida, the Northern District of Florida, the Eastern District of Louisiana, and the Central District of California.

11. Based on the foregoing, Plaintiff requests that the Court: (a) expedite consideration of this Motion (in an effort to avoid moving or altering of assets), and (b) grant leave for immediate registration in the named districts, unless Defendants, within seven (7) days, either:

   i. deposit with the Court the amount currently owed under the Award ($3,640,132.60);

   or

   ii. post a bond in the amount of 110% of the Award, which would be adequate bond to protect Plaintiff through appeal.

Dated: November 9, 2022             Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**