UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MWK RECRUITING, INC, and COUNSEL HOLDINGS, INC.** § § § | | |
| Plaintiff, § § | | |
| v. § | 1:18-CV-444-RP | |
| § § | | |
| **EVAN P. JOWERS,** § § | | |
| Defendant. | | |

## PLAINTIFF'S MOTION FOR TURNOVER AND TO APPOINT A POST-JUDGMENT RECEIVER

Plaintiff, MWK RECRUITING, INC. (now known as COUNSEL HOLDINGS, INC.) ("**Plaintiff**") hereby files this **MOTION FOR TURNOVER RELIEF AND TO APPOINT A POST-JUDGMENT RECEIVER** over certain property owned by the Judgment Defendant EVAN P. JOWERS (herein "**Jowers**") and in support thereof would respectfully show unto the Court the following:

### I.
### BACKGROUND

1. **Final Judgment:** On September 19, 2022, this Court entered a final judgment in favor of Plaintiff against Jowers in Cause No. 1:18-cv-00444-RP. The Judgment is in the amount of $3,640,132.60 (Dkt. 345). The Judgment is just, due, unpaid, and remains unsatisfied. No supersedeas bond has been filed or approved. Jowers made no payment on the Judgment from the date of Judgment September

19, 2022, through the present day. (Declaration of Robert E. Kinney attached hereto as "**Exhibit 1,**" at ¶5) (hereinafter, "**REK Decl**.").

2.    **Jowers has been uncooperative:** Plaintiff served Requests for Production on September 25, 2022, and Interrogatories on September 26, 2022. The discovery was objected to as premature on October 25, 2022, then was answered with objections and almost no other information on November 18, 2022. Except for unverified statements that Jowers has no real property and has not filed a supersedeas bond, the discovery remains completely unanswered. (REK Decl., at ¶6).

3.    **Jowers is hiding and disbursing assets and has moved offshore:** Jowers has declared that his ordinary residence is already Hong Kong. (REK Decl., at ¶2). Jowers also has sworn that he has "substantial" assets there. (REK Decl., at ¶2). These assets are non-exempt and cannot be attached or levied on by ordinary means. (REK Decl., at ¶4). Furthermore, Jowers is currently dividing his assets between family members in attempt to evade this Court's Judgment. (REK Decl., at ¶3).

## II.
## Legal Authority

1.    If an appeal is taken, Federal Rule of Civil Procedure 62(d) allows an appellant to obtain a stay by supersedeas bond. Fed. R. Civ. P. 62(d). Absent a stay on this basis, a judgment creditor is entitled to proceed with collection.

2.    A federal court may enforce a money judgement "in accordance with the practice and procedure of the state in which the District Court is held."

Fed.R.Civ.P. 69(a). The court has wide discretion in determining whether and in what form turnover relief should be ordered. *See, e.g.*, *World Fuel Services Corp. v. Moorehead*, 229 F.Supp.2d 584 (N.D. Tex., 2002).

3.      **Turnover Relief**: Section 31.002 of the Texas Civil Practice & Remedies Code, known as the Texas Turnover Statute, provides in relevant part:

> a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:
> (1) cannot readily be attached or levied on by ordinary legal process; and
> (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.
> (b) The court may:
> . . .
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEXAS CIVIL PRACTICE & REMEDIES CODE § 31.002.

4.      **Appointment of Receiver**: The court may accomplish the purposes of the Texas Turnover Statute in several ways, including by appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b)(3). *See, e.g., Mohammadi v. Nwabusi et. al.*, 5:12-CV-42-RP, at 4 (WDTX, Oct. 11, 2016) (appointing a receiving and granting turnover relief while appeal still pending).

5.      **Fees and Costs**: Pursuant to Texas Civil Practice & Remedies Code §31.002(c), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## III.
## RELIEF REQUESTED

1. **Property Subject to Turnover**: Pursuant to Texas Civil Practice and Remedies Code Chapter 31.002, Plaintiff alleges that all remedies available at law or in equity to it are inadequate and the Court has the authority to order the Jowers to turn over any and all non-exempt property, including any checking or savings account in the name of Jowers; all financial accounts (including bank accounts); money-market accounts; shares of stock in the name of Jowers (including but not limited to stock and other interests in Legis Ventures (HK) Company Limited, Jowers Vargas LLC, Jowers Langer LLC); all dividends and interest earned from stock, bonds, certificates of deposit; all safety deposit boxes or vaults; all cash; all securities; all negotiable instruments, including promissory notes, drafts, and checks; all accounts receivable (including but not limited to those from Legis Ventures (HK) Company Limited, Jowers Vargas LLC, and Jowers Langer LLC), notes receivable, cash income of a going business; interests in joint ventures or partnerships; rights to payment of commissions from a future event; causes of action or choses in action; contract rights, whether present or future; equipment, vehicles, boats, trailers, planes, and motors; royalties from copyrights and patents; royalties from oil and gas ventures, whether in the jurisdiction of the court and whether present or future; all personal property secreted by the Defendants; all liens to secure performance; income tax refunds in the Defendants' names or to the Defendants' accounts, whether in trust or by direct deposit; and to

further provide the receiver appointed by the Court with an accounting every month until the judgment is paid.

2. **Non-Exempt**: Jowers's property cannot readily be attached or levied on by ordinary legal process and such property is not exempt under any statute from attachment, execution, or seizure for the satisfaction of liabilities. (REK Decl., at ¶4).

3. **Appointment of Receiver**: Pursuant to Texas Civil Practice & Remedies Code § 31.002(b), Plaintiff requests this Court to appoint a receiver with authority to take possession of the non-exempt property of Jowers, sell it and pay the proceeds to Plaintiff to the extent required to satisfy the judgment for attorney's fees herein as well as the costs and attorney's fees incurred in this turnover proceeding and the receiver's fees. Moreover, Plaintiff requests the Court order Jowers to turn over all nonexempt property that is in Jowers's possession or subject to Jowers's control, together with all documents related to the property, to a receiver with the authority to take possession of the nonexempt property, sell it and pay the proceeds to Plaintiff to the extent required to satisfy the Judgment, including the fees and cost of the receiver.

4. **Identifying and Appointing Specific Receiver:** Plaintiff respectfully requests that it be permitted to identify and seek the Court's approval of a specific receiver within a short time following the Court's order granting the relief sought by this Motion.

5. **Receiver Bond:** Plaintiff further requests that, upon the Court's approval, the receiver be appointed without bond, or with a nominal bond amount.

6. **Compensation to Receiver:** Plaintiff respectfully requests this Court order Jowers to pay, as the receiver fee, 25% of the proceeds recovered during the receivership to the Receiver as compensation for receiver services, and that such compensation shall be paid by Jowers to the Receiver **in addition to the amounts owed** to Judgment Plaintiff. Plaintiff further requests this Court order Jowers to pay receiver all out of pocket expenses directly related to the recovery of Jowers's property in this receivership. Plaintiff further requests the receiver fee and cost be taxed as costs against judgment Jowers.

7. **Proposed Order:** Plaintiff requests that the Court enter the attached Proposed Order Appointing Receiver, which is in a substantially similar format as receivership orders entered in Travis County. (Ex. 2).

## IV.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court grant this Motion and appoint a receiver and award Plaintiff attorney's fees and costs and other reasonable expenseeis incurred in obtaining such order.

Dated: November 23, 2022 Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**