# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| **MWK RECRUITING, INC. and COUNSEL HOLDINGS, INC.** | |
| **Plaintiff,** | **Civil Action No. 1:18-cv-00444-RP** |
| **v.** | |
| **EVAN P. JOWERS,** | |
| **Defendant/Judgment Debtor.** | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING JURISDICTION

# <u>TABLE OF CONTENTS</u>

I.    Introduction ............................................................................................. 1

II.   Discussion ................................................................................................ 2

      A.    Ancillary Enforcement Jurisdiction .......................................... 2

      B.    The All Writs Act authorizes the Court to grant the requested relief. .... 3

      C.    Jurisdiction for the specific relief requested. ........................... 4

            1.    Foreign Antisuit Injunction. ............................................ 4

            2.    Injunction barring further harassing and vexatious suits. .............. 4

            3.    Enjoining Jowers from dissipating assets. ...................... 5

III.  Conclusion ............................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*American Heritage Life Insurance v. Orr*, 294 F.3d 702 (5th Cir. 2002) ..................... 4

*Baum v. Blue Moon Ventures*, 513 F.3d 181 (5th Cir. 2008) ........................................ 5

*Brittingham v. U.S. Comm'r*, 451 F.2d 315, 317 (5th Cir. 1971) ................................. 3

*Clinton v. Goldsmith*, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) ............ 4

*Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255 (5th Cir. 2014) ......... 2

*Farguson v. Mbank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986) .............................. 1

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,

    527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) ............................................ 4

*Karaha Bodas v. Perusahaan Pertambangan Minyak*, 335 F.3d 357 (5th Cir. 2003) 4

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004) ............................. 4

*Local Loan Co. v. Hunt*, 292 U.S. 234 (1934) .............................................................. 3

*Newby v. Enron Corp.*, 302 F.3d 295 (5th Cir. 2002) .................................................. 5

*Peacock v. Thomas,* 516 U.S. 349 (1996) ..................................................................... 2

*Pennsylvania Bureau of Correction v. United States Marshals Service*,

    474 U.S. 34 (1985) .................................................................................................... 3

*Texas v. Real Parties in Interest*, 259 F.3d 387 (5th Cir. 2001) ................................. 3

*Thomas v. Hughes*, 27 F.4th 363 (5th Cir. 2022) ......................................................... 5

*Transfirst Grp., Inc. v. Magliarditi*, Civil Action No. 3:16-CV-1918-L

    (N.D. Tex. Feb. 9, 2017) ........................................................................................... 1

*U.S.I. Properties Corp. v. M.D. Construction Co.*, 230 F.3d 489 (1st Cir. 2000) ......... 2

*Waffenschmidt v. MacKay*, 763 F.2d 711 (5th Cir. 1985)..............................................1

*Zimmerman v. City of Austin, Texas*, 969 F.3d 564 (5th Cir. 2020) .......................2, 3

### STATUTES

28 U.S.C. § 1367(a) ...................................................................................2

28 U.S.C. § 1651(a) ...................................................................................3

### OTHER AUTHORITIES

Jean R. Sternlight, *Forum Shopping for Arbitration Decisions: Federal Courts' Use of Antisuit Injunctions Against State Courts*, 147 U. PA. L.REV. 91, 114 (1998) ... 4

S. Glenn, Note, *Federal Supplemental Enforcement Jurisdiction*, 42 S.C. L.Rev. 469 (1991) .............................................................................................2

## I.   Introduction

Counsel Holdings, Inc. ("**Plaintiff**") respectfully submits this supplemental brief regarding the Court's jurisdiction to consider the request for relief presented in Plaintiff's Motion for Injunction, Dkt. 373 (the "Motion") as a post judgment motion. As was aptly stated by one court, "Courts do not sit for the idle ceremony of making orders and pronouncing judgments, the enforcement of which may be flouted, obstructed, and violated with impunity, with no power in the tribunal to punish the offender. [Federal] courts, equal with those of the state, are possessed of ample power to protect the administration of justice from being thus hampered or interfered with." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985). Following final judgment, the Court continues to have both the necessary personal jurisdiction over Jowers and the subject matter jurisdiction to protect its judgment.[1] Subject matter jurisdiction to grant each request for injunction is rooted in the Court's ancillary enforcement jurisdiction to protect or effectuate its judgments and the "inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

---

[1] Personal jurisdiction over Jowers in Texas has never been in doubt, so this brief will principally address the court's subject matter jurisdiction. *See generally Transfirst Grp., Inc. v. Magliarditi*, Civil Action No. 3:16-CV-1918-L (N.D. Tex. Feb. 9, 2017) (finding personal jurisdiction in Texas over an out-of-state judgment debtor in a separately filed action against him and others alleging alter ego and fraudulent transfer of assets on the basis that he spent six years litigating the case in Texas).

## II.   Discussion

### A.   Ancillary Enforcement Jurisdiction.

"Enforcement jurisdiction" refers to that portion of ancillary jurisdiction based in the inherent power of federal courts to enforce their judgments in certain situations where jurisdiction would otherwise be lacking. *See Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). *See also U.S.I. Properties Corp. v. M.D. Construction Co.,* 230 F.3d 489, 496 n. 5 (1st Cir. 2000) ("we use the phrase 'enforcement jurisdiction' to refer to that portion of ancillary jurisdiction based in the inherent power of federal courts to exercise jurisdiction in order to enforce their judgments in certain situations where jurisdiction would otherwise be lacking"); S. Glenn, Note, *Federal Supplemental Enforcement Jurisdiction*, 42 S.C. L.Rev. 469, 472 (1991). Ancillary enforcement jurisdiction differs from supplemental jurisdiction under 28 U.S.C. § 1367(a). The Fifth Circuit recently summarized the "two different kinds of 'ancillary' subject-matter jurisdiction, the first of which is statute based and the second of which is common-law based." *Zimmerman v. City of Austin, Texas*, 969 F.3d 564, 567 (5th Cir. 2020). Supplemental jurisdiction under 28 U.S.C. § 1367(a) "is a codification of one type of ancillary jurisdiction that permits disposition by a single court of claims that are, in varying respects and degrees, factually interdependent." *Id.* (internal quotation marks and citations omitted). "A second type of ancillary jurisdiction is one that 'enable[s] a court to function successfully,' i.e., 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* at 568 (quoting *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 n.1 (5th Cir. 2014)). This second type of ancillary jurisdiction "is uncodified, but it remains a viable doctrine of ancillary jurisdiction and is often referred to as ancillary enforcement

jurisdiction." *Id.* (internal quotation marks and citations omitted). "That a federal court of equity has jurisdiction of a bill ancillary to an original case or proceeding in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein, is well settled." *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

### B.     The All Writs Act authorizes the Court to grant the requested relief.

The All Writs Act ("AWA") provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions, and agreeable to the usages and principles of law," in cases with an independent source of jurisdiction, and it "authorize[s] a federal court to 'issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" 28 U.S.C. § 1651(a); *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 40 (1985). While "Section 1651(a) is not an independent grant of jurisdiction," the AWA empowers district courts "to issue writs in aid of jurisdiction previously acquired on some other independent ground." *Texas v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001) (citations omitted); *Brittingham v. U.S. Comm'r*, 451 F.2d 315, 317 (5th Cir. 1971). Ancillary enforcement jurisdiction provides this basis for jurisdiction to grant the relief requested in the Motion. A court's authority under the AWA is not completely distinct from its inherent equitable powers. *See Clinton v. Goldsmith*, 526 U.S. 529, 537, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999) ("The All Writs Act invests a court with a power essentially equitable ...."); *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,

527 U.S. 308, 326 n.8, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) (noting that the power conferred by the predecessor of the AWA is coextensive with a court's equitable powers); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004) (referring to the AWA as "a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have").

### C.   Jurisdiction for the specific relief requested.
#### 1.   Foreign Antisuit Injunction.

It is common for courts to cite the AWA or their inherent power as the basis for antisuit injunctions. *See, e.g.*, *American Heritage Life Insurance v. Orr*, 294 F.3d 702, 714 n.3 (5th Cir. 2002) ("The district court's authority to issue . . . antisuit injunctions directed at state-court proceedings derives, instead, from the All Writs Act.") (citing Jean R. Sternlight, *Forum Shopping for Arbitration Decisions: Federal Courts' Use of Antisuit Injunctions Against State Courts*, 147 U. PA. L.REV. 91, 114 (1998); *Karaha Bodas v. Perusahaan Pertambangan Minyak*, 335 F.3d 357, 365 (5th Cir. 2003) (affirming the district court's "inherent authority to issue an antisuit injunction"). Notably, in *Kahara Bodas*, the district court granted summary judgment and issued final judgment in December 2001, and KBC sought the foreign antisuit injunction in April 2002, four months later, after having begun execution of the judgment. 335 F.3d at 361. The Fifth Circuit ultimately reversed the injunction, but it expressly confirmed the district court had jurisdiction to issue the injunction. *Id.*, at 364-365.

#### 2.   Injunction barring further harassing and vexatious suits.

Also pursuant to its ancillary enforcement jurisdiction and the AWA, the Court has jurisdiction to enjoin Jowers prospectively from pursuing other harassing

litigation related to interfering with the Court's Judgment. *Newby v. Enron Corp.*, 302 F.3d 295, 300-01 (5th Cir. 2002) ("It is a given that the district court, with jurisdiction over *Newby,* had subject matter jurisdiction to issue an injunction to preserve and protect its jurisdiction."). In *Baum v. Blue Moon Ventures*, the Fifth Circuit expressly confirmed that a district court retains jurisdiction over its pre-filing injunction to "effectuate the purpose of that injunction." *Baum v. Blue Moon Ventures*, 513 F.3d 181 (5th Cir. 2008). Such injunctions may also be issued sua sponte. *Id*. There is no doubt that this jurisdiction extends, as it must, to protection of the Court's Judgment and decrees following entry of final judgment.

### 3.    Enjoining Jowers from dissipating assets.

Likewise, an injunction of Jowers to stop his dissipation of assets falls in the category of relief that is sometimes necessary to protect a court's judgment. Dissipation of assets, by its very nature, frequently occurs after the final judgment is issued. In *Thomas v. Hughes*, the Fifth Circuit affirmed (with slight modifications) a prefiling injunction order that was issued in "a post-judgment order the district court entered after Hughes noticed the primary appeal." *Thomas v. Hughes*, 27 F.4th 363, 365 (5th Cir. 2022) (noting, at 368, that "[i]t is axiomatic that federal courts possess "inherent power to enforce [their] judgments.").

## III.    Conclusion

The Court's ancillary enforcement jurisdiction and its inherent power provide the basis for jurisdiction under the AWA to grant the relief requested by Plaintiff. For the reasons presented in the Motion, the relief should be granted.

Dated: November 30, 2022

Respectfully Submitted

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR
PLAINTIFF/JUDGMENT CREDITOR**