UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC. and COUNSEL HOLDINGS, Inc.<br><br>Plaintiff,<br><br>v.<br><br>EVAN P. JOWERS,<br><br>Defendant/Judgment Debtor. | Civil Action No. 1:18-cv-00444-RP |

## RESPONSE TO MOTIONS BY JOWERS AND VINOKUROVA TO AMEND JUDGMENT

Plaintiff MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Plaintiff") hereby provides its responses to 1) the "Request for Entry of Judgment as to Previously Dismissed Defendants" filed by Jowers on September 23, 2022 ("Jowers's Motion"); and 2) the "Motion to Amend Final Judgment" filed on behalf of former defendant Yuliya Vinokurova ("Vinokurova") on October 11, 2022 ("Vinokurova's Motion"). (Dkt. 346; Dkt. 355). Each document requests essentially the same relief as the other. (*Cf.* Proposed Order, Dkt. 346-1, and Proposed Order, Dkt. 355-1). Each conflicts directly with the relief requested by Plaintiff. (Dkt. 354, at 7-12). Jowers and Vinokurova want an amended final judgment expressly stating the basis for the Court's dismissal of various claims in this case pursuant to the Defendants' Motion to Dismiss, Dkt. 84. For the reasons set forth in Plaintiff's own Motion to Amend Judgment, Dkt. 354, and Plaintiff's Reply in support of that motion, Dkt. 366, both Vinokurova's Motion and Jowers's Motion should be denied. Presumably, the purpose for the amendments

sought by Vinokurova and Jowers is to have an improved opportunity to sew doubt in the Hong Kong court regarding whether the Court's dismissals of the prior claims against Vinokurova and the other defendants should be seen as somehow vindicating Jowers's actions.[1] So that Jowers, Vinokurova, and their counsel will not inadvertently be provided with any additional fodder for creating issues about which to argue, the Court should grant the relief requested by Plaintiff related to this issue. (*See* Dkt. 354, at 7-12; Dkt. 366, at 5-6).

---

[1] Vinokurova cites her potential claim for attorney fees as a basis for Vinokurova's Motion. (Dkt. 355, at 3). That this could be her true motivation is implausible, because the Vinokurova employment agreement says only that Vinokurova "shall reimburse the Company for all costs, damages and expenses, including reasonable attorney's fees..." (Dkt. 80-1, at ¶10.1). There is no provision in that agreement that could require the company to pay her attorney fees in the event she is the prevailing party.

Dated: December 4, 2022        Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF/JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**