# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC.**<br>            **Plaintiff,**<br>       v.<br>**EVAN P. JOWERS, YULIYA VINOKUROVA, ALEJANDRO VARGAS, and LEGIS VENTURES (HK) COMPANY LIMITED (aka Jowers / Vargas),**<br>            **Defendants.** | **Civil Action No. 1:18-cv-00444** |
| **EVAN P. JOWERS**<br><br>            **Counterclaimant,**<br><br>       v.<br><br>**MWK RECRUITING, INC., ROBERT E. KINNEY, MICHELLE W. KINNEY, RECRUITING PARTNERS GP, INC., KINNEY RECRUITING LLC, COUNSEL UNLIMITED LLC, and KINNEY RECRUITING LIMITED**<br><br>            **Counter-Defendants.** | |

## EVAN P. JOWERS'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Evan P. Jowers ("Jowers" or "Defendant") opposes Plaintiff MWK Recruiting, Inc.'s ("MWK" or "Plaintiff" or "Kinney") Motion to Compel Discovery Responses (the "Motion") (Dkt. 376.)

## I. ARGUMENT.

### A. The Motion to Compel Violates a Court Order.

Plaintiff's Motion to Compel Discovery should be denied because it violates the Court's December 18, 2020 Order clearly setting forth a prohibition of any discovery motions absent certain conditions precedent. Specifically, the Court ruled:

> "[T]he parties are PROHIBITED from filing any discovery motion, including motions to compel, for protective order, or for sanctions for discovery conduct, without leave of court. In the event the parties have a dispute they must first attempt to resolve the dispute through good faith negotiations. In the event they are unable to do so, the aggrieved party shall contact the Court's staff by email to Ka_Kin_Cheng@txwd.uscourts.gov, with a copy to all counsel, notifying the Court of the dispute, and providing a brief, non-argumentative description of the dispute. The Court will thereafter schedule a status conference to discuss the issue, and, if it is warranted, the Court will permit the filing of motions on the issue thereafter."

(Dkt. 236 at Page 18 of 19)

Counsel for Defendant informed Plaintiff's counsel of Plaintiff's error in filing the present motion on Monday, December 5, 2022 and requested that the motion to compel be withdrawn so that the parties may follow the Court ordered procedure for motions to compel, which would also minimize the work for the Court. (Tauler Dec., Ex. A).

Counsel for Plaintiff, Robert Emmett Kinney, did not respond to the substance of this request, and only sent a sarcastic rejoinder in response stating:

"Is this your only response to the arguments in the motion to compel?" (Tauler Dec., Ex. A).

MWK apparently has no concern that the Court may want MWK to follow Court orders, choosing instead to willfully disobey them without even explaining why. This is highly problematic, suspicious, and troublesome to say the least. The parties should <u>both</u> be required follow the Court's December 18, 2020 Order regarding motion to compel procedure since it applies to both parties. The Motion to Compel should be denied because it violates a court order.

B.  **Plaintiff did not attempt to Meet and Confer or Narrow any Issues for the Court.**

Not only has Plaintiff failed to follow a Court Order, it failed to meet and confer in any way whatsoever as to the substance of the discovery requests and responses. This is conduct that the Court has specifically called "deplorable." (Dkt. 236 at Page 18 of 19)

Specifically, the discovery judge has previously gone to extraordinary lengths to publicly demean, insult, and degrade <u>every single lawyer</u> opposed to Robert Kinney <u>in every opposed discovery motion</u> for their perceived failures to meet and confer, including DLA Piper and Kirkland & Ellis (two of the largest and most prestigious law firms in the world).

First, the discovery judge called Kirkland and Ellis' response to a subpoena issued by Kinney "petty [and] technical" and "a study in what is wrong with civil discovery in our court system today." (Dkt. 168). The discovery judge's comments were promptly reported on by national legal blogs where Kinney Recruiting is an advertiser and where he "has connections."

The discovery judge then used remarkably similar language when publicly attempting to shame Jowers' counsel for stated failures to meet and confer before filing routine discovery motions, calling these efforts and the subsequent motions "petty and unprofessional" and "the essence of what makes the public have low regard for lawyers." (Dkt. 236 at Page 18 of 19). This, again, was publicized in national legal blogs where Kinney advertises as well, and subsequently used by Mr. Kinney in secret communications to the Western District Admissions Committee with the stated intent of leaving Jowers without a lawyer to defend himself at all.

The discovery judge even went so far as to threaten sanctions against a DLA Piper lawyer for a typo in their certificate of meet and confer conference. "I should issue a show cause order for both Ms. Bernardo and Mr. Bookhout to show cause why they should not be sanctioned for filing a knowingly false certificate of conference that says parties have conferred, and representing that opposing counsel has stated they oppose something when they have responded with the kind of response that we have here." (May 1, 2020 Discovery Hearing; Document 360-1 Filed 10/17/22 Page 228 of 296)   Naturally, this threat by the discovery judge against Kinney's opposing counsel at the time, DLA Piper, was also publicized in the national legal news media which Kinney supports with advertising money.  DLA Piper withdrew from the case a month after these articles were published, in June 2020.

If this seems suspiciously one-sided, it's because it is.  Robert Kinney has never been criticized in any way in this case by any judicial officer, despite lying under oath literally dozens of times without any repercussions.  Robert Kinney is clearly the beneficiary of deep privilege in this district based on his stated "personal connections," familial connections, and the influence he can exert over every Austin commercial lawyer's career's by virtue of running the largest

legal recruiting firm based in this city. If Mr. Kinney did not have these privileges, or even if Mr. Kinney was just not rich and white, he would never feel so privileged.

But alas, Mr. Kinney believes he is protected: Kinney doesn't even try to meet and confer any more. In most motions, he doesn't file any meet and confer statement <u>at all</u>. Here, he has demanded that counsel for Jowers "immediately respond with answers" to supplement close to 100 discovery requests over the Thanksgiving holiday. (Tauler Dec., Ex. B.) When informed that counsel was unavailable due to Thanksgiving ("I can't this week because of the holiday and other deadlines in other cases. Happy to discuss next week."), Kinney responded as follows: "There is a very easy solution: your client responds or posts a bond for the judgment amount. You have had two months. We are going to file a motion to compel your client to respond." (Tauler Dec., Ex. B.) This is obviously a failure to meet and confer any way you slice it.

But it doesn't matter because Kinney knows the rules don't apply to him. Kinney firmly believes the Court will never drop the hammer on him because of his deep privilege and connections. In this regard, Kinney behaves like the Court will give him whatever he wants – asking for a receiver to do his work for him while at the same time having the benefit of discovery. Kinney behaves like the Court will do his bidding. The Court should not allow this sort of conduct as it gives the appearance of impropriety. The Court should apply the rules all the parties. Even Judge Austin says as much, when he told DLA Piper and Kinney in May 2020:

> I don't know how the Northern District rule or the Eastern District, but the Western District rule says that you are to confer before a motion. Not about whether it's opposed or not, but to try to actually have a good-faith conference to see if you could work these things out by agreement. And I'm -- I caution you to

very carefully -- and I take that to heart as you can hear and tell and I want you all to do the same, as well, in the case.

(May 1, 2020 Discovery Hearing; Document 360-1 Filed 10/17/22 Page 230 of 296)

The Court should deny the motion and order the parties to confer so that, at minimum the issues may be narrowed for any subsequent motion, if needed. Any other result would treat the parties in an unfair manner. If the Court so requests, Jowers will address each response in subsequent briefing.

## II.     CONCLUSION

For these reasons, the Court should deny Plaintiff's Motion to Compel Discovery Responses.

DATED: December 7, 2022                     Respectfully submitted,

By:     */s/ Robert Tauler*
Robert Tauler, Esq.
Texas State Bar No. 24122095
rtauler@taulersmith.com
Tauler Smith LLP
100 Crescent Court, 7th Floor,
Dallas, TX 75201
Telephone: (512) 456-8760

**COUNSEL FOR DEFENDANT
AND COUNTERCLAIMANT
EVAN P. JOWERS**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 7, 2022, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                           */s/ Robert Tauler*
                                           Robert Tauler