UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC. and COUNSEL HOLDINGS, Inc.<br><br>   Plaintiff,<br><br> v.<br><br>EVAN P. JOWERS,<br><br>   Defendant/Judgment Debtor. | Civil Action No. 1:18-cv-00444-RP |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR INJUNCTION**

Plaintiff MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Plaintiff") hereby replies in support of its Motion for Injunction, Dkt. 373 (the "Motion") seeking 1) an injunction barring the HK Action Jowers is attempting to use to undermine the Judgment of the Court; 2) an injunction prospectively barring Jowers from pursuing other harassing litigation related to the matters determined by the Court in its Final Judgment; and 3) an injunction barring Jowers from dissipating and transferring his assets.

### I. The Court has the necessary jurisdiction to protect and enforce its Judgment.

Regarding the requested injunction of the HK Action, Jowers argues, first, that the Court lacks the necessary jurisdiction to force Jowers to terminate the HK Action. As Plaintiff pointed out in its supplemental brief, foreign antisuit injunction following final judgment is a tool courts regularly have used to protect and enforce their judgments. Even in *Kahara Bodas*, the district court issued final judgment in

December 2001, and KBC sought the foreign antisuit injunction in April 2002, four months later, after having begun execution on the judgment. *Karaha Bodas v. Perusahaan Pertambangan Minyak*, 335 F.3d 357, 365 (5th Cir. 2003). Although the injunction in *Karaha Bodas* was ultimately reversed, the appellate court did not criticize the lower court's determination that it had jurisdiction to issue the injunction. That courts have this power is because "…a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal." 13 Wright & Miller § 3523.2, p. 213. Courts have repeatedly recognized this authority is needed to "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) (citations omitted). Similarly, a court can exercise this jurisdiction to enjoin an action that threatens a previously entered order. 13 Wright & Miller § 3523.2, p. 214 (citing *Fafel v. DiPaola*, 399 F.3d 403, 41115 (1st Cir. 2005)).

Jowers also asserts that the prior remand by the Fifth Circuit of this Court's injunction of the HK Action obligates the Court to dismiss the present Motion. This argument is without merit. The Fifth Circuit merely vacated and remanded the Court's initial injunction for further consideration in light of its opinion, which the Court will do as part of its analysis of whether to reinstate the injunction.

## II. Plaintiff has not requested that the Court enjoin pending state cases.

Plaintiff also seeks an injunction to prospectively stop Jowers's campaign of filing a "multiplicity of litigation" to frustrate efforts to collect the award provided in

the Judgment. (*See* Motion, Dkt. 373, at 18-19). Although Jowers claims that Plaintiff seeks to have his pending state court cases enjoined in violation of the Anti-Injunction Act, this is not the case.[1] Plaintiff does not seek an injunction barring any pending state court case or any other relief that would conflict with the Anti-Injunction Act. As to Jowers's argument that a prefiling injunction would constitute an unconstitutional prior restraint, the United States Supreme Court has held that suits that lack a reasonable basis "are not within the scope of First Amendment protection" and "baseless litigation is not immunized by the First Amendment right to petition." *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983); *see BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 530 (2002) (noting that "Bill Johnson's allow[s] certain baseless suits to be enjoined"); *Sparkman v. Microsoft Corp.*, No. 12-13-00175-CV, 2015 WL 1244538, at *4 (Tex. App.—Tyler Mar. 18, 2015, pet. denied) (mem. op.) ("[T]he Constitution does not establish a right to file frivolous litigation."); *Retzlaff v. Goamerica*, 356 S.W.3d 689, 702 (Tex. App. 2011) ("One final consideration guides us through Retzlaff's challenges to the vexatious litigant statutes: There is no constitutional right to file frivolous litigation."). By directing that Jowers obtain the Court's permission prior to filing any new lawsuit related in any way to the parties to or the determinations made by the Court in the Judgment, the Court will not violate

---

[1] The Florida Case v. Poe was dismissed by the Florida state court for lack of personal jurisdiction over Mr. Poe following a hearing on December 12, 2022. Jowers sought (but did not obtain) an order forcing Mr. Poe to travel from Hawaii to Florida to attend the hearing.

any constitutional right of Jowers, but instead will prevent him from continuing his vexatious campaign.

### III. Conclusion.

For all these reasons as well as those set forth in the Motion, the Court should grant the relief requested.

Dated: December 14, 2022                    Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**