UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING, INC. and COUNSEL HOLDINGS, Inc.** <br><br> **Plaintiff,** <br><br> v. <br><br> **EVAN P. JOWERS,** <br><br> Defendant/Judgment Debtor. | Civil Action No. 1:18-cv-00444-RP |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Plaintiff") hereby replies in support of its Motion to Compel Discovery Responses (the "Motion") from defendant Evan P. Jowers ("Jowers").

I. **Efforts to Meet and Confer**

Three months after receiving Plaintiff's first post-judgment discovery, Jowers still has not provided substantive responses to any of the eighteen interrogatories and twenty-five RFPs at issue here.[1] Plaintiff made substantial efforts to obtain Jowers's agreement to produce responses to discovery requests. Even after filing the Motion, as Tauler acknowledges, Plaintiff tried to obtain and understand Jowers's reasons for failing to comply. (*See* Resp., Dkt. 383, at 3). Earlier, Plaintiff also tried to obtain a

---

[1] Jowers states, falsely, that Plaintiff has sent "close to 100 discovery requests." (Resp., Dkt. 383, at 5).

proposal from Tauler so as to possibly avoid the need to file this Motion. (*See* REK Decl., Dkt. 376-1, at ¶8). Tauler and Jowers have no intention of complying. They simply hope they will be permitted by the Court a further delay.

### II. Jowers's attacks on the integrity of the Court should not shield him from being compelled to respond to valid discovery requests.

Jowers provides no further argument as to why he should not be compelled to respond to the discovery requests, instead devoting the remainder of his response to assertions that the Court is biased in favor of Plaintiff and its counsel because Plaintiff and its attorneys are based locally, are influential in the Austin community, and are white. Jowers asserts, for example, that he lost prior discovery motions before Judge Austin because the Court is deferential to counsel for Plaintiff. The alleged deference, according to Jowers, is due to "the influence [Kinney] exerts over every Austin commercial lawyer's career's [sic] by virtue of running the largest legal recruiting firm based in this city." (Resp., Dkt. 383, at 4). Jowers also accuses the Court of ruling the way it did due to racial bias, saying, "If Mr. Kinney…was not just rich and white, he would never feel so privileged." (Id., at 5). After he filed Jowers's Response, Tauler followed up repeatedly by email to counsel for Plaintiff to further develop the same theme:

> **To Counsel, 12/8/22, at 11:29PM CT**: "White privilege at its finest….If you were black, you wouldn't be able to get away with this nonsense with the Admissions Committee and Austin. But you are white, your daddy is white, so you get to have the connections and pull the strings. A black person would be treated differently and you know it. You are abusing your white privilege and that's unacceptable to me."
>
> **To Counsel, 12/9/22, at 12:15AM CT**: "I don't celebrate Christmas. Check your White Privilege. Not everyone is a white Anglo Saxon male. Your conduct is offensive.

> **To Counsel, 12/9/22, at 11:21AM CT**: "Do you feel hurt that you have White Privilege and got called out on it? You want to be a good little liberal don't you. Everybody in Austin knows about your dirty tricks with the Western District. If you were black you would be in jail for that shit. But you are white, and your dad is white and you both can ask for favors, so you get a free pass. This is exactly what white privilege is, man. You can be a little liberal when it suits you, just acknowledge that you don't practice what you preach. You use the system that benefits you just like Trump."
>
> **To Counsel, 12/9/22, at 11:30AM CT**: "That you assume I celebrate Christmas is exactly what I am talking about. Let me guess, are all of your friends White Christians? Do you like [sic] askew at your Jewish friends as outsiders? Don't see any Jewish recruiters on your website. Do you even have any black friends? Why do you employ multiple German recruiters but no African Americans? Is the German legal recruiting market real hot right now? Look, I don't think you are a closet Nazi, but a lot of people would."

(REK Decl., at ¶2). Plaintiff did not respond to these messages in kind and would not include them here except that they add further clarity to the (bizarre) claim that racial bias in favor of Plaintiff has influenced the Court's determinations in this case. Jowers presents no actual evidence of any racial or other bias. He simply asserts that because he keeps losing, there must be some personal or racial bias at play. (Resp., Dkt. 383, at 4-5).

When considering accusations of bias, courts ask "not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Williams v. Pennsylvania*, 579 U.S. 1, 9 (2016) (cleaned up) (quoting *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881 (2009)). Because the focus of a determination of whether this is bias is on the source of the judge's views and actions, "judicial rulings alone almost never constitute a valid basis for bias or partiality

motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Jowers's briefing is inflammatory, but devoid of any facts that would, as an objective matter, suggest bias.

### III. Jowers's statements (through Tauler) may violate the Texas Disciplinary Rules of Professional Conduct.

Were Jowers's response not meant to impugn the integrity of the Court, it probably should be completely ignored. But Rule 8.02(a) of the Texas Disciplinary Rules of Professional Conduct (the "Rules") states, "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." TEX. RULES DISCIPLINARY P. R. 8.02(a). Comment 1 to Rule 8.02 explains the rationale: "[F]alse statements by a lawyer can unfairly undermine public confidence in the administration of justice." (Rule 8.02, cmt. 1). Jowers's strategy appears to be just that – to undermine public confidence that he has been treated fairly. Attorneys licensed to practice in Texas and before this Court are expected to follow the Rules for good reason.

The response backs its assertions of judicial bias with at least three false statements of fact. First, Jowers asserts that Judge Austin criticized DLA Piper "for a typo in their certificate of meet and confer conference." (Resp., Dkt. 383, at 4). The transcript of the hearing before Judge Austin on May 1, 2020, makes it clear that the criticism of DLA Piper was based on much more than a "typo." (*See* REK Decl., Dkt. 360-1, at 225). Second, Jowers asserts that Kinney has "lied under oath literally dozens of times," yet he has "never been criticized in any way in this case by any judicial officer." Both parts of this statement are false. Kinney has been criticized in this case by the Court when warranted. (*See, e.g.*, Dkt. 252; Tr. I, at 225). The Court has not criticized Kinney for "lying," because there has never been evidence presented of lies

REPLY ISO MOTION [376] TO COMPEL DISCOVERY RESPONSES                        PAGE | 4

by Kinney or any of Plaintiff's counsel. Third, Jowers asserts that counsel does not "even try to meet and confer any more." In view of the efforts Plaintiff's counsel has made to meet and confer even on this Motion, this statement is also clearly false. (*See supra*, at 1-2).

This is not the first time Tauler and Jowers have publicly impugned the integrity of the Court. *See, e.g.*, Jowers Brief, Dkt. 341-4, at 999 (Jowers accusing Judge Austin of "following blindly, through gross negligence or corruption, the narrative of Plaintiff…"; https://www.law360.com/articles/1362634/texas-judge-slams-downward-spiral-of-legal-recruiter-fight (Tauler quoted in the press as comparing the Court to courts in "communist Russia") (last visited July 5, 2021). These are also violations of Section 8.02(a) of the Texas Rules of Disciplinary Procedure. The statements Tauler makes in his response to the Motion are also frivolous and filed primarily for the purpose of harassing or maliciously injuring opposing counsel and the Court, a violation of Rule 3.01. As with much of his work, the Response could also be determined by a rational factfinder to be a further instance of unreasonable delay, a violation of Rule 3.02. In view of this, in addition to the sanctions previously requested, Plaintiff requests that the Court consider whether a referral of Tauler to the District Disciplinary Committee is warranted under Local Rule AT-7.

### IV. Conclusion

The eighteen interrogatories and twenty-five RFPs at issue here are reasonable requests in a post-judgment context. Jowers should be compelled to respond fully to them with all information that is in his possession, custody, or control.

Dated: December 14, 2022                    Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**