**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MWK RECRUITING, INC. and COUNSEL HOLDINGS, Inc.** | |
| **Plaintiff,** | **Civil Action No. 1:18-cv-00444-RP** |
| **v.** | |
| **EVAN P. JOWERS,** | |
| **Defendant/Judgment Debtor.** | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TURNOVER AND TO APPOINT A POST-JUDGMENT RECEIVER

Plaintiff MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Plaintiff") hereby replies in support of its Motion for Turnover and to Appoint a Post-Judgment Receiver (the "Motion").

### I.     Turnover is clearly a tool available to Plaintiff to aid in execution on the Judgment.

"A trial court's judgment as to whether issuance of a turnover order was justified is reviewed under an abuse of discretion standard and may be reversed only if the court has acted in an unreasonable or arbitrary manner. A turnover order, even if 'predicated on an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason.'" *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997) (citations omitted).

Jowers acknowledges that Rule 69(a)(1) specifies that proceedings in aid of judgment or execution "must accord with the procedure of the state where the court is

located," but then argues incongruously that Plaintiff's decision to use federal rules for post-judgment discovery somehow forecloses use of the procedure set forth in the Texas Turnover Statute in aid of recovering on the Judgment. Jowers cites no authority for this proposition. *See KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, CIVIL ACTION No. 09-497-JJB, at *2 (M.D. La. Nov. 2, 2012) (citing various circuit court opinions for the proposition that, "even when reference is made to state procedural provisions, it has been said that Rule 69(a) is not meant to put the judge into a straitjacket; all that is required is substantial compliance in a commonsense manner with recognition that proceedings to enforce judgments are intended to be swift, cheap [and] informal) (internal citations omitted). The Court should reject the procedural straitjacket offered by Jowers.

## II.   No evidence that Jowers owns non-exempt property in Texas is necessary.

Jowers next argues that the Texas Turnover Statute does not reach property outside of the State of Texas, and that Plaintiff should have shown that Jowers has non-exempt property in this state. Again, Jowers cites no authority for these propositions, and he is wrong anyway. *See Matter of Davis*, 105 F.3d 1017, 1026 (5th Cir. 1997) ("The turnover statute has been used to reach corporate stock in the hands of third parties and held out of state") (citing cases and authority). Indeed, to limit the Turnover Statute to property that could be levied anyway would make no sense.

## III.   Jowers fundamentally misunderstands the nature and purpose of the relief sought by Plaintiff.

The Texas Turnover Statute is a procedural device intended to help the judgment creditor collect its judgment from the debtor. *Beaumont Bank, N.A. v. Buller*,

806 S.W.2d 223 (Tex. 1991). The Turnover Statute was meant to "put a reasonable remedy in the hands of a diligent creditor." *Matter of Davis*, 105 F.3d at 1026 (citing Judge David Hittner, "Texas Post-Judgment Turnover and Receivership Statutes," 45 Tex.Bar J. 417 (1982)). The Turnover Statute is open-ended to allow a judgment creditor to get aid in collection from the Court in the form of an order requiring the debtor to deliver all documents or property that may be used to satisfy a judgment. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223 (Tex. 1991). "The actual effect of the [Turnover Statute] is to require the burden of production of property which is subject to execution to be placed with the debtor instead of the creditor attempting to satisfy his judgment." *Id*. Tauler and Jowers's fundamental issue with the Turnover Statute is that an order by the Court granting the relief sought will permits the Plaintiff a vehicle for executing on the Judgment that is less susceptible to ploys in the recalcitrant debtor's standard toolkit for causing delay and obstruction.

### IV.  Plaintiff has made the necessary demonstration that it is entitled to relief under the Turnover Statute.

To be entitled to relief under the Turnover Statute, a judgment creditor need only show that the debtor owns property. Texas Civil Practice & Remedies Code § 31.002; *Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 657 (Tex.App.-Dallas 2010) (holding that trial court abused its discretion by failing to grant turnover relief when evidence showed the debtor owned non-exempt property). Once the judgment creditor identifies property owned by the debtor, the burden shifts to the debtor to show that the identified property is exempt from collection. *Id*. If the debtor does not meet its burden to prove exemptions, relief under the Turnover Statute is appropriate. Texas Civil Practice & Remedies Code § 31.002. With the Motion,

Plaintiff has presented evidence that Jowers owns property that is not exempt and cannot be attached or levied by ordinary legal process. (*See, e.g.*, Dkt. 375-1, at ¶2). Jowers has made no effort to show that any such property is exempt.[1]

### V.   Jowers fails to provide any argument as to why the Court should not appoint a receiver.

Plaintiff has requested that the Court appoint a receiver pursuant to Texas Civil Practice & Remedies Code § 31.002(b). Since Jowers presents no argument in opposition to this request, the request should be granted.

### VI.   Plaintiff requests that the Court enter the First Amended Proposed Order attached as an exhibit to this Reply

Plaintiff has amended its proposed order granting the Motion. The First Amended Proposed Order is attached hereto as __Exhibit 1__. A redline version of the proposed order comparing the First Amended Proposed Order to the original proposed order, Dkt. 375-2, is attached hereto as __Exhibit 2__.

### VII.   Conclusion

Plaintiff's request for turnover relief is reasonable and well-grounded considering the existence of non-exempt assets of Jowers that cannot be readily attached or levied by ordinary legal process. The Court should issue the First Amended Proposed Order associated with the Motion and should appoint a receiver with the authority to take possession of Jowers's nonexempt property, sell it, and pay the proceeds to the Plaintiff to the extent required to satisfy the judgment.

---

[1] Although Jowers states in his response that Plaintiff seeks exempt "unpaid wages as part of its turnover," this is untrue. Jowers does not provide any record reference to the contrary. Plaintiff's proposed order specifically exempts current wages and all exempt property. *See*, Exhibit 1, at 10.

Dated: December 14, 2022             Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**