UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC. and COUNSEL HOLDINGS, Inc.<br><br>      **Plaintiff,**<br><br>  v.<br><br>EVAN P. JOWERS,<br><br>      **Defendant/Judgment Debtor.** | Civil Action No. 1:18-cv-00444-RP |

**PLAINTIFF'S RESPONSE TO JOWERS'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF EVAN JOWERS**

Plaintiff MWK Recruiting, Inc. (now known as Counsel Holdings, Inc.) ("Plaintiff") hereby responds to the Motion for Protective Order (the "Motion") filed by defendant Evan P. Jowers ("Jowers") and requests an order that directs Jowers to appear in person in Austin, Texas, for a debtor's examination, at a mutually convenient time in the near future.

## I.  Introduction

Jowers has thus far refused to answer any written post-judgment discovery,[1] and he has neither posted a supersedeas bond nor paid any of the award contained in the Court's Judgment dated September 19, 2022 (the "Judgment"). He is pursuing frivolous litigation in Florida claiming that Plaintiff and its counsel violated Florida

---

[1] A motion to compel Jowers to respond to written discovery is pending before the Court. (Dkt. 376).

consumer protection statutes by demanding satisfaction of the Judgment. He has refused to respond to any settlement offer. After first agreeing (in February 2023) to appear for an in-person deposition in Austin on April 4, 2023, Jowers waited more than a month to object and then filed the Motion on the evening prior to the scheduled deposition date. Jowers fails to show good cause for allowing him to renege on his previous agreement. He further fails to support the Motion (seeking to limit any debtor examination to a remote video deposition) with any evidence whatsoever. The Motion is instead limited to "stereotyped and conclusory statements" by his counsel, Robert Tauler ("Tauler"). *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). The Court should put an end to this latest gamesmanship and order Jowers to appear for the in person deposition in Austin he already agreed to at an early date.

## II.  Background

Beginning December 8, 2022, Plaintiff sought deposition dates for Jowers. (REK Decl., ¶2). Tauler sent many replies (many of them abusive) but did not provide dates for a deposition during the requested time frame. On February 27, 2023, Plaintiff sent a notice of deposition for an in person deposition of Jowers to be taken in Austin, Texas, on March 20, 2023. (REK Decl., at ¶3). Tauler did not object to the in person nature of the deposition, or the location, but instead requested that the deposition be held during the week of April 3, 2023, preferably April 4-7, 2023. (*Id.*) Based on Tauler's request and agreement that the change he was requesting was merely to the date of the deposition, Plaintiff sent a new notice of deposition on February 28, 2023, scheduling the deposition for April 4, 2023, in person, in Austin. (*Id.* at Exh. A, pgs 10-11). Not until a month later, March 28, 2023, did Tauler feign surprise that the deposition was

to be held in person, culminating with his filing of the instant Motion.[2] Jowers did not appear for the noticed deposition. (REK Decl., at ¶6).

### III. Legal Standards

Federal Rule of Civil Procedure 30 contains the general procedural requirements for deposing parties, and provides, in relevant part, the following:

> (1) Notice in General . A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address.
> ***
> (3) Method of Recording.
> (A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
> ***
> (4) By Remote Means. The parties may stipulate-or the court may on motion order-that a deposition be taken by telephone or other remote means.

---

[2] In the correspondence between counsel prior to the Motion, Tauler used the nickname "Bob" for the undersigned, who responded by referring to Tauler by the nickname "Rico." (REK Decl., at ¶4). The "Rico" nickname derives not from an ethnic background, but from a recent jury verdict and judgment in the S.D.Cal. finding Tauler's firm liable on civil RICO charges. The RICO enterprise led by Tauler was a scheme to fraudulently obtain settlements from immigrant convenience store owners by sending demand letters "with no basis in law." (REK Decl., at ¶5).

> For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

FED. R. CIV. P. 30(b).

A notice of deposition issued by one party is all that is necessary to require attendance of another party. Wright Miller, *Federal Practice and Procedure* § 2107 and 2204 ("Though the rules do not say so expressly, a subpoena is not necessary if the person [from whom documents are sought] is a party"). A party or any person who receives a deposition notice may move for a protective order under Rule 26(c) in the court where the action is pending or where the deposition will be taken. Rule 26(c)(1) allows restrictions on discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The movant has the burden to show good cause, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements in order to prevent discovery." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 549 (5th Cir. 2016) (internal quotation marks omitted). District courts have "wide discretion in determining the method of discovery, such as the designation of the time and place of a deposition, 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Cantu v. Mammoth Energy Servs.*, No. SA-19-CV-00615-DAE, 2021 WL 3852034, at *2 (W.D. Tex. Aug. 27, 2021) (quoting FED. R. CIV. P. 26(c)(1)(B)).

While there is normally a presumption that a defendant should be examined at his residence, a number of factors may overcome that presumption:

1. counsel for the parties being located in the forum district;
2. the number of persons a party is seeking to depose;

3.  the likelihood of significant discovery disputes arising which would necessitate resolution by the court;

4.  whether the persons sought to be deposed often engage in travel for business purposes;

5.  whether the defendant has filed a permissive counterclaim; and

6.  the relevant equities involved.

*See, Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125 (N.D. Tex. 1992); *Rapoca Energy Co., L.P. v. Amci Exp. Corp.*, 199 F.R.D. 191 (W.D. Va. 2001).

### IV.  Argument

#### A.  Jowers already agreed through counsel to appear in Austin for a live deposition, waited over a month, and seeks now to renege.

By exchange of email, counsel for Jowers and for Plaintiff agreed to hold a deposition in person in Austin. Plaintiff agreed to move the date from the originally noticed March 20 to April 4, 2023. Following that agreement, Plaintiff lost valuable time expecting the deal to be honored. Parties should be expected to honor agreements with each other, especially those reduced to writing. On this basis alone, the Court should deny the motion and order the deposition to be held in Austin as agreed.

#### B.  Jowers has presented no competent evidence of any undue hardship.

Even if the Court believes that the agreement between counsel should not be enforced, Jowers fails to present any evidence of a particularized hardship that would be caused to him if he is required to travel to Austin for his deposition. It is not even clear where Jowers lives. Tauler makes an unsworn statement in the Motion that Jowers "lives in Florida." (Motion, at 2). This contrasts with recent statements by Jowers under oath (*e.g.*, October 22, 2022), that he is a "resident of Hong Kong." (Dkt.

375-1, Decl. of REK, ¶2) ("claims that he is a Hong Kong resident who has substantial assets in Hong Kong"). It is not clear where Jowers lives and, in any case, he is not offering to present himself in a particular location, only to appear "via Zoom." (REK Decl., at ¶7). Other unsworn statements by counsel that the costs to Jowers present an "undue burden" are also not evidence and conflict with sworn statements Jowers has made. (Motion, at 2). For example, Jowers has recently claimed under oath that he has "substantial assets." (Dkt. 375-1, Decl. of REK, ¶2). Jowers bragged in trial of this case that Plaintiff was not able to uncover all his placement activity. (Trans. II, at 81 (Jowers: "I don't even want it out there in the public that I've only made 53 placements…")). Jowers also continues to pursue frivolous litigation in Florida targeting Plaintiff and counsel Robert Kinney for alleged violations of the Florida Consumer Credit Protection Act, further demonstrating his continuing access to substantial funds. (REK Decl., at ¶7). The obvious basis for Jowers's reluctance to appear is what awaits him – a detailed examination of his "substantial assets," because he has refused to satisfy the Judgment or present security. His responses, given under oath, should be in person, where opposing counsel can observe him. If he wishes to avoid the deposition, he need only provide security for his appeal.

    **C.    In the only deposition taken live in this case by Plaintiff, Tauler misbehaved so badly that an emergency hearing before Judge Austin was required.**

Plaintiff noticed and took only one oral deposition in this case prior to trial, in December 2021. That deposition was conducted via Zoom. Tauler appeared at the deposition by video and was so disruptive that Plaintiff's counsel was forced to obtain an emergency hearing before Judge Austin to reign in his behavior. (Minute Entry of

Hearing, Dkt. 235). Since there is a significant likelihood Tauler will repeat such behavior, especially if he is not present in the forum, remote depositions should not be forced on the Plaintiff.

> D. **The relevant factors weigh strongly in favor of requiring Jowers to appear in Austin for his deposition even though he was originally just a defendant.**

Jowers has not suggested any alternative to a remote deposition. He does not suggest, for example, that Plaintiff be allowed to take his deposition in person in a different location. He seeks a video deposition only. Nevertheless, if the Court is inclined to consider use of its discretion to order an in-person deposition of Jowers in a location other than Austin, the balance of the relevant factors weigh against ordering a deposition anywhere else. First, counsel for both parties is present in Austin. Tauler has acknowledged he has an Austin office. (*See*, Dkt. 244, Tauler Notice of Status Change providing Austin office address; Dkt. 252, Order acknowledging Tauler's statement that he had "opened an office in Austin."). Second, Jowers is the only person Plaintiff is seeking to depose in Austin. Third, there is a significant likelihood of discovery-related disputes arising from Jowers's deposition, based on prior conduct of Tauler and Jowers's failure to date to respond to any discovery requests. Those disputes should be resolved in Austin without time-zone related delays. Fourth, Jowers often travels for work overseas, so a trip to Austin should not be considered a burden. (REK Decl., at ¶8). Fifth, many of the counterclaims Jowers filed in this case were permissive, not compulsory counterclaims. (*See, e.g.*, Order on SJ, Dkt. 285, at 7) ("[n]one of Jowers' contract counterclaims arise out of the same transaction or occurrence as MWK's breach of contract claims and are thus not compulsory counterclaims"). Thus, Jowers

chose this forum to attempt to obtain affirmative relief and should be viewed the same as any plaintiff on that basis. Finally, the relevant equities favor forcing Jowers to come to Austin for his deposition. Having pursued his claims and defenses in an unreasonable way and lost, the equities favor the party seeking to enforce the Court's Judgment.

## V. Conclusion

Jowers is not entitled to the relief he seeks and should be ordered to appear for a live deposition in Austin, Texas. By failing to appear for a properly noticed deposition his counsel had already agreed to more than a month prior, Jowers seeks only to add further delay and consternation to this matter for all concerned. Because agreements should be honored, Jowers should be compelled to appear for a live deposition in Austin. Even disregarding his agreement, Jowers wholly fails to provide any evidence supporting his request for a protective order. Further each of the factors that might otherwise counsel in favor of ordering his deposition in a different location because Jowers was originally merely a defendant in this case strongly weigh in favor of ordering him to come to Austin.

Dated: April 10, 2023

Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR JUDGMENT CREDITOR COUNSEL HOLDINGS, INC.**