IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING INC and<br>COUNSEL HOLDINGS, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 1:18-CV-0444-RP |
| EVAN P. JOWERS, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Evan P. Jowers's ("Jowers") Notice of Disassociation of Counsel. (Dkt. 348). In his notice, Jowers informed the Court that Kevin J. Cole ("Cole"), who served as one of Defendant Evan P. Jowers's ("Jowers") trial attorneys, is seeking a "disassociation of counsel" and asks to be removed from the CM/ECF service list. (*Id.* at 2). Plaintiff MWK Recruiting Inc ("MWK") filed a response, (Dkt. 349), and Jowers filed a reply, (Dkt. 352). The Court construes Cole's Notice as a motion to withdraw from representation.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally

reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v. Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision of whether to permit withdrawal lies within the sound discretion of the court. *Wynn*, 889 F.2d at 646.

In the Western District of Texas, there are additional requirements for a motion to withdraw: (1) the attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney; and (2) if the successor attorney is not known, the motion must: (a) set forth the client's name, address, and telephone number; and (b) bear either the client's signature or a detailed explanation as to why the client's signature could not be obtained after due diligence. W.D. Tex. Loc. R. AT-3.

Cole's motion does not comply with the Court's Local Rules: it does not specify the reasons for withdrawal. Accordingly, Jowers's motion, (Dkt. 348), is **DENIED WITHOUT PREJUDICE**.

**SIGNED** on May 9, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE