IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING INC and<br>COUNSEL HOLDINGS, INC. | § § § | |
| Plaintiffs, | § § § | |
| v. | § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court are two post-trial motions from the parties in this case: Defendant Evan P. Jowers's ("Jowers") Request for Entry of Judgment as to Previously Dismissed Defendants, (Dkt. 346), Plaintiff MWK Recruiting Inc's ("Counsel Holdings")[1] Motion to Amend Judgment, (Dkt. 354); Defendant Yuliya Vinokurova's ("Vinokurova") Motion to Amend Judgment, (Dkt. 355), and related briefing, (Dkts. 365, 366, 381). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that Vinokurova's motion should be granted, and Counsel Holdings' Motion should be granted in part.

**I. BACKGROUND**

The issues in this case stem primarily from an employment dispute between Jowers and Counsel Holdings. Following a two-day bench trial, the Court issued its findings of facts and conclusions of law and entered judgment in favor of Counsel Holdings on September 15, 2022. (Dkts. 344, 345). The Court awarded the following damages to Counsel Holdings:

---

[1] The Court has already found that Plaintiff, formerly known as MWK Recruiting, Inc., merged with the entity Counsel Holdings, Inc. (FF&CL, Dkt. 344, at 42). Accordingly, Plaintiff has requested to change the case style to *Counsel Holdings, Inc. v. Evan P. Jowers*, and moving forward, the Court will do so and refer to Plaintiff as Counsel Holdings, Inc.

1

| | |
|---|---:|
| Misappropriation of Trade Secrets | $515,326.20 |
| Breach of Jowers Agreement | $3,082,841.72 |
| Forgivable Loan | $26,204.90 |
| Revolving Loan | $15,759.78 |
| **Total** | **$3,640,132.60** |

(Final Judgment, Dkt. 345, at 1–2). The Court also awarded reasonable attorney's fees on some of Counsel Holdings' claims, as well as post-judgment interest calculated at a rate of 3.62% per annum, based on the interest rate posted on September 15, 2022. (*Id.* at 2).

Earlier in the litigation, on July 29, 2019, the Court dismissed Defendants Legis Ventures (HK) Corporation Limited ("Legis Ventures"), Alejandro Vargas ("Vargas"), and Vinokurova (the "Dismissed Defendants"). Jowers sought entry of a final judgment as to the Dismissed Defendants. (Dkt. 177). The Court denied this request, indicating it would render a judgment as to these parties and claims "after the district court renders its decision on the remaining claims or as to the remaining parties." (Order, Dkt. 222).

On September 23, 2022, after the Court issued a final judgment, Jowers once again sought entry of a final judgment as to the Dismissed Defendants. (Notice, Dkt. 346). On October 10, 2022, Counsel Holdings moved to amend the judgment to include an award of prejudgment interest, correct the interest rate for post-judgment interest, and to amend or clarify that the dismissed claims and Defendants were dismissed without prejudice. (Mot., Dkt. 354). On October 11, 2022, Vinokurova sought to clarify the July 29, 2019, dismissals so that they would state the cause of dismissal, and to incorporate the dismissals into the final judgment. . (Mot., Dkt. 355).

## II. LEGAL STANDARD

2

"A motion to alter or amend the judgment under [Federal Rule of Civil Procedure] 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

### III. DISCUSSION

Jowers and Vinokunova ask the Court to amend the final judgment to incorporate the Court's prior orders dismissing Vinokunova, the other Dismissed Defendants, and some of Plaintiff's claims. (Jowers's Notice, Dkt. 346; Vinokurova's Mot., Dkt. 355). In turn, Counsel Holdings asks the Court to amend the judgment to: (1) award prejudgment interest, (2) amend the rate of the awarded post-judgment interest, (3) specify whether the Dismissed Defendants and claims were dismissed with or without prejudice, (4) clarify that Counsel Holdings is the assignee and owner of all claims and causes of action against Jowers, and (5) change the style of this case to *Counsel Holdings, Inc. v. Evan P. Jowers.* (Counsel Holdings' Mot., Dkt. 354). The Court will address each requested amendment separately.

#### A. Counsel Holdings is Entitled to Prejudgment Interest

##### 1. Texas Misappropriation Claims

Counsel Holdings correctly argues that it is entitled to prejudgment interest on damages awarded on its Texas theft of trade secrets claims. (*Id.* at 3). "[I]n diversity cases, . . . pre-judgment interest is calculated under state law." *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234

3

(5th Cir. 2002). "Under Texas law, prevailing parties receive prejudgment interest as a matter of course" absent exceptional circumstances. *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1329 (5th Cir. 1994); *Canvar v. Quality Control Parking*, 696 S.W.2d 549 (Tex. 1985), *modified on other grounds by Reagan v. Vaughn*, 804 S.W.2d 463 (Tex. 1990). There are "two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998), *superseded by statute on other grounds by* Tex. Fin. Code § 304.1045.

Counsel Holdings is entitled to prejudgment interest under either of these prongs. "Texas law on trade secret claims mandates the award of prejudgment interest." *In re AmeriSciences, L.P.*, 781 Fed. Appx. 298, 306 (5th Cir. 2007). Furthermore, "Texas courts have awarded prejudgment interest in equity in misappropriation cases." *Id.* at 307. Jowers contends that Counsel Holdings cannot request prejudgment interest because it did not specifically request this relief in its complaint, as required by Texas common law. (Jowers's Resp., Dkt. 365, at 3–4 (citing *Vidor Walgreen Pharmacy v. Fisher*, 728 S.W.2d 353 (Tex. 1987)). Instead, Counsel Holdings' Second Amended Complaint only includes a general prayer for interest.

However, Jowers conflates the appropriate legal standards. "[W]hile the substantive questions of entitlement to interest and the rates of interest are to be resolved by the applicable state law, the adequacy of a plaintiff's pleadings must be resolved" by federal law. *Consol. Cigar Co. v. Texas Commerce Bank*, 749 F.2d 1169, 1174 (5th Cir. 1985). "[I]n diversity cases, it is not necessary for the plaintiff's pleadings to contain a prayer or other request for pre-judgment interest." *Id.* (citations omitted). Counsel Holdings sufficiently preserved its request for prejudgment interest with "a simple prayer for interest on the judgment." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). Jowers does not otherwise object to the applicability of prejudgment interest or to its

4

calculation; therefore, the Court finds that Counsel Holdings has met its burden and is entitled to an award of prejudgment interest on its misappropriation claim.

The Court proceeds to calculate the appropriate interest. Under the Texas Finance Code, "prejudgment interest accrues on the amount on the amount of a judgment during the period beginning the earlier of the 18th day after the date the defendant receives written notice of a claim or the date the suit is filed and end[s] on the day preceding the date judgment is rendered." Tex. Fin. Code § 304.104. The Court holds that prejudgment interest must be awarded for the period of 2,002 days that passed between March 27, 2017—when this suit was first filed—and September 19, 2022—the day before the Court entered its final judgment.

Prejudgment interest is computed as simple interest and does not compound. *Id.* It is calculated based on the statutory rate provided in Texas Finance Code § 304.003: "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." *See also Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines, Inc.*, 278 F.3d 494, 500 (5th Cir. 2002). On September 19, 2022, the Court entered its final judgment awarding $515,326.20 in misappropriation damages. On that date, the published prime rate was 5.5%. *See Historical Prime Rate*, JP MORGAN CHASE, https://www.jpmorganchase.com/about/our-business/historical-prime-rate (last visited July 21, 2023). The Court thus finds that the applicable prejudgment interest rate on the $515,326.20 misappropriation damages award is 5.5% per annum. Accordingly, for the applicable period of 2,002 days, the Court will award a total accrued interest of $155,455.30.

## 2. Florida Breach of Contract Claims

The Court will also award prejudgment interest on Counsel Holdings' breach of contract claim. Under Florida law, a prevailing party is entitled to prejudgment interest. *Bel-Bel Intern. Corp. v. Comty. Bank of Homestead*, 162 F.3d 1101, 1110 (11th Cir. 1998) (citing *Argonauts Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214–15 (Fla. 1985)). Jowers argues that the contract at issue in this case

5

sets forth "liquidated damages" as the sole measure of damages, but he cites no law suggesting that a valid liquidated damages clause precludes an award of prejudgment interest. (Jowers's Resp., Dkt. 365, at 5). The Court finds that it may award prejudgment interest in addition to liquidated damages.

In the alternative, Jowers argues that, under Florida law, the application of prejudgment interest is subject to equity principles. (*Id.* at 5–6 (citing *Broward County v. Finlayson*, 555 So. 2d 1211, 1213 (Fla. 1990) (prejudgment interest "denied when its exaction would be inequitable"). Under Florida law, prejudgment interest is compensatory; therefore "an award of prejudgment interest is not an opportunity for the plaintiff to obtain a windfall or for the court to penalize the defendant." *Arizona Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 102 (Fla. Dist. Ct. App. 2016). Jowers contends that prejudgment interest would be a windfall to Counsel Holdings because this interest was not pled, was not "contemplated" in the findings of fact, and was not part of the contract. (*Id.* at 6). Each of these arguments is either incorrect or insufficient to support a conclusion that prejudgment interest would be a "windfall."

First, as the Court has already stated, the fact that prejudgment interest was not included in the contract does not preclude an award of prejudgment interest. Second, the Court already rejected Jowers's argument that Counsel Holdings' did not properly plead a claim for prejudgment interest. As with its misappropriation claims, Counsel Holdings sufficiently preserved its request for prejudgment interest on its breach of contract claims with "a simple prayer for interest on the judgment." *Meaux*, 607 F.3d at 172. Third, Jowers overstates the Court's findings of fact. That the Court declined to assess attorney's fees, costs, and exemplary damages on some claims has no bearing on its ability to award prejudgment interest, which is a different category from those awards. Furthermore, the Court's findings regarding the *misappropriation* claims have no bearing on a potential award of prejudgment interest on the *contract* claims. Despite Jowers's contentions, "the assessment

6

of prejudgment interest now" would not be "a reversal of the Court's opinion." (Jowers's Resp., Dkt. 365, at 6).

As Counsel Holdings has sufficiently shown that it is entitled to prejudgment interest on its breach of contract claim, the Court will now calculate the appropriate interest. Under Florida law, "'prejudgment interest is allowed from the date of the loss or the accrual of cause of action,'" until final judgment is rendered. *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 46 (Fla. 2010) (citing *Amerace Corp. v. Stallings*, 823 So. 2d 110, 113 (Fla. 2002)). The Court finds that prejudgment interest will be calculated from March 27, 2017, the date the cause of action was filed.

In the absence of an agreement, the Court must use the statutory interest rate provided in § 55.03, Fla. Stat. § 687.01, Fla. Stat. The applicable interest rate in Florida is adjusted annually on January 1. § 55.03, Fla. Stat.; *see also Townsend v. R.J. Reynolds Tobacco Co.*, 192 So. 3d 1223, 1227 (Fla. 2016). However, once the rate is established based on the date of accrual, it remains the same. *Regions Bank v. Maroone Chevrolet, L.L.C.*, 118 So. 3d 251, 257–58 (Fla. Dist. Ct. App. 2013). Here, the applicable rate on March 27, 2017, was 4.97% per annum. Finally, interest is "calculated using simple interest." *Kendall Healthcare Group, Ltd. v. Madrigal*, 271 So. 3d 1120, 1121 (Fla. Dist. Ct. App. 2019). The Court will award $671,294.33 in prejudgment interest on Counsel Holdings' $3,082,841.72 contract claim.

In summary, the Court will award prejudgment interest in this case as follows: (1) $155,455.30 for the misappropriation of trade secrets damages and (2) $671,294.33 for the contract damages, for a total of $826,749.63. The Court will amend the judgment to reflect this award.

### B. Post-Judgment Interest Should Be Awarded at 3.91%

Counsel Holdings also asks the Court to correct the post-judgment interest rate reflected in the Final Judgment; Jowers does not oppose. (Counsel Holdings' Mot., Dkt. 354, at 6–7). The Final Judgment dated September 19, 2022, used a post-judgment interest rate of 3.62% percent, which

was the last interest rate published at the time. (Dkt. 345). However, after final judgment was issued, the rates applicable on September 19, 2022, were updated. The correct post-judgment interest rate is 3.91%, and the Court will amend the judgment accordingly to reflect this.

### C. The Dismissals of Prior Claims and Defendants Were With Prejudice

On March 25, 2019, Plaintiff filed a Second Amended Complaint that included four claims against Defendants, including Vinokurova, for (1) Federal Trade Secret Misappropriation, (2) Texas Trade Secret Misappropriation, (3) Breach of Contract, and (4) Civil Conspiracy. (2nd Am. Compl., Dkt. 80). On April 17, 2019, Defendants filed a 12(b)(6) Motion to Dismiss the Second Amended Complaint. (Dkt. 84). On July 29, 2019, the Court partially granted the motion to dismiss. (Dkt. 87). The Court dismissed: (1) the claims against Defendants Legis Ventures and Vargas for lack of personal jurisdiction, (2) the claims against Vinokurova for failure to state a claim, and (3) the civil conspiracy claims against all defendants for failure to state a claim.

Although Defendants sought entry of final judgment as to the Dismissed Defendants and the dismissed claims for civil conspiracy, the Court declined to render judgment until "after the district court renders its decision on the remaining claims or as to the remaining parties." Now, Jowers and Vinokunova ask the Court to amend its final judgment to properly render judgment as to these parties and claims, and to clarify whether the dismissals were with prejudice.[2] (Jowers's Notice, Dkt. 346; Vinokurova's Mot., Dkt. 355). In its own motion, Counsel Holdings asks the Court to clarify that these dismissals were without prejudice.

"Unless the dismissal order states otherwise . . . any dismissal . . . except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "It is well established that Rule 12(b)(6) dismissals are made on

---

[2] Vinokurova also asked the Court to amend the judgment to explicitly permit Vinokurova to seek attorney's fees. As no proper arguments were made in support of this request, the Court will decline this request for clarification without prejudice.

8

the merits." *Stevens v. Bank of America N.A.*, 587 F. App'x 130, 13 (5th Cir. 2014). Counsel Holdings argues that the default rule of dismissal with prejudice should not apply because evidence adduced at trial demonstrates Vinokurova's liability, and because the dismissals could have a preclusive effect in the future. (Counsel Holdings' Mot., Dkt. 354, at 8–9; 11–12). But a motion to amend judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). If Counsel Holdings presented evidence that is not inconsistent with a finding of liability against the Dismissed Defendants, it was without the benefit of proper defense and cross-examination by the affected Defendants. The Court will not amend the judgment based on hypothetical liability for claims that Counsel Holdings itself did not seek to protect in the last three years.

Accordingly, the Court will grant Jowers's and Vinokunova's motions and deny Counsel Holdings' motion to amend the judgment as to this point. The Court will amend its judgment to incorporate the July 29, 2019, dismissals and clarify that those claims were dismissed with prejudice.

### D. Counsel Holdings is the Proper Assignee and Owner of All Claims and Causes of Action against Jowers

In its Findings of Fact and Conclusions of Law, the Court found that "the Jowers [Employment] Agreement, Forgivable Loan, and Revolving Loan were validly assigned," but only specified "that MWK (which has merged with Counsel Holdings, Inc., (*see* Tr. I, at 142)), is the successor in interest to the loan agreements." (FF&CL, Dkt. 344, at 42). Counsel Holdings asks the Court to clarify that "MWK (which has merged with Counsel Holdings, Inc.)," is the successor in interest to all three relevant agreements. Jowers opposes, alleging that Counsel Holdings' merger with MWK was in fact structured as an asset sale, which, according to Jowers, renders the noncompete clause contained in the Jowers Agreement unenforceable under Florida law. (Jowers's Resp., Dkt. 365, at 11).

A motion to amend judgment is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Court has already found that the predecessor in interest to the agreements, MWK, merged with Counsel Holdings, (Dkt. 344, at 12), and it will not change its findings based on unsubstantiated speculation. The Court clarifies that Counsel Holdings is the valid assignee and successor in interest to the loan agreements, the employment agreements, and all claims and causes of actions against Jowers and will amend the judgment to clarify this finding.

### E. The Style of This Case will be Changed to *Counsel Holdings, Inc. v. Evan P. Jowers*

In light of the merger and the clarification above, the Court will also grant Counsel Holdings' request to modify the case style to replace "MWK Recruiting, Inc." with Counsel Holdings, Inc." Moving forward, the style of the case will be *Counsel Holdings, Inc. v. Evan P. Jowers.*

### IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Counsel Holdings, Inc.'s Motion to Amend Judgment is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS:**

1. Counsel Holdings' request for prejudgment interest on its misappropriation and contract claims;
2. Counsel Holdings' request to amend the post-judgment interest rate;
3. Counsel Holdings' request to clarify its status as the assignee and owner of all claims and causes of action against Evan P. Jowers; and
4. Counsel Holdings' request to change the case styling.

Counsel Holdings' motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants Evan P. Jowers' Notice, (Dkt. 346), is **GRANTED.**

**IT IS FURTHER ORDERED** that Yuliya Vinokurova's Motion to Amend Judgment, (Dkt. 355), is **GRANTED IN PART AND DENIED IN PART**. Vinokurova's motion for is **GRANTED** as to her request to amend the Final Judgment to explicitly incorporate the Court's July 29, 2019, rulings, (Dkt. 87). Vinokurova's motion is **DENIED WITHOUT PREJUDICE** as to her request to amend the judgment to explicitly permit her to seek attorney's fees.

The Court will enter an Amended Final Judgment separately.

**SIGNED** on July 25, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE