IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MWK RECRUITING INC and COUNSEL HOLDINGS, INC.**<br><br>  Plaintiffs,<br>   v.<br><br>**EVAN P. JOWERS,**<br><br>  Defendant. | **Civil Action No. 1:18-cv-00444** |

## YULIYA VINOKUROVA'S APPLICATION FOR ATTORNEY'S FEES

Pursuant to the Court's Order (Dkt. 401) and Amended Final Judgment (Dkt. 402) issued July 25, 2022, Yuliya Vinokurova ("Vinokurova" or "Defendant") submits her Application for Attorneys' Fees and Expenses in the amount of $61,011 against Plaintiffs MWK Recruiting Inc and Counsel Holdings, Inc. (hereinafter "MWK" or "Plaintiff".)

## I.     INTRODUCTION

"For too long, workers have been getting stiffed [through corporate non-compete agreements]." - President Joe Biden, 2023 State of the Union Address.

Defendant Vinokurova has had to wait a long four years after being dismissed from the case to file the present application for an award of attorney's fees after being forced to defend against her former employer's sweeping attempt to control her economic mobility through the use of an onerous non-compete agreement entered with Defendant over 16 years ago in 2007. Dkt. 80-2.

On July 29, 2019, the Court granted Defendant's Motion to Dismiss ("Motion") in her favor dismissing Plaintiff's claims in its Second Amended Complaint with prejudice. Dkt. 401 and 402. Vinokurova now moves for her attorney's fees pursuant to Texas Business and Commerce Code § 15.51(c) for having to defend against Plaintiff's unsuccessful claim over two years ago. As further detailed herein, $61,011 in fees incurred by Vinokurova by predecessor counsel DLA Piper[1] accurately reflect the intensive law and motion required to defend Defendant Vinokurova against Plaintiff's claims over the span of over eighteen months.

Defendant's attorney's fees are reasonable and necessary, and the Court should award the entire amount requested.

---

[1] Tauler Smith LLP is not seeking fees as part of this application.

APPLICATION FOR ATTORNEY'S FEES                                                                                                   1

## II. PROCEDURAL HISTORY

The procedural history is quite lengthy and is summarized below for the purpose of highlighting that the fees incurred were "reasonable and necessary".

On March 27, 2017, MWK filed suit against Evan Jowers ("Jowers"), **Yuliya Vinokurova** ("Vinokurova"), Alejandro Vargas ("Vargas"), and Jowers Vargas Recruiting ("Jowers/Vargas") in the 53rd Judicial District Court of Travis County, Texas. ("the State Court Action").

On May 25, 2018, Jowers removed the present action from the 53rd Judicial District Court of Travis County, Texas to this Court. Dkt. No. 1. DLA Piper in Dallas, Texas represented the Defendants, including Vinokurova.

On June 29, 2018, MWK filed an Amended Complaint against Defendants, including Vinokurova, for: (1) Federal Trade Secret Misappropriation; (2) Texas Trade Secret Misappropriation; (3) Breach of Contract – Employment Agreement; (4) Tortious Interference with Contracts; and (5) Tortious Interference with Prospective Contracts. Dkt. No. 13.

On August 10, 2018, Defendant Vinokurova filed a Stipulation Regarding Waiver of Service. Dkt. No. 26.  On September 27, 2018, Defendant Vinokurova filed a Motion to Dismiss the Amended Complaint for lack of standing under Fed. R. Civ. P.12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). Dkt. No. 44.

On October 24, 2018, Plaintiff filed a motion for jurisdictional discovery. Dkt. 51.

On March 25, 2019, Plaintiff filed a motion for leave to file a second amended complaint ("SAC"), which was unopposed. Dkt. 79.  The SAC asserted claims against Vinokurova for: (1) Federal Trade Secret Misappropriation; (2) Texas Trade Secret Misappropriation; (3) Breach of Contract – Employment Agreement; and (4) Civil Conspiracy. Dkt. 80.

On July 29, 2019, the Court granted Vinokurova's Motion to Dismiss Plaintiff's claims in the SAC for misappropriation of trade secrets, breach of contract, and civil conspiracy for failure to state a claim. Dkt. 87. Defendant Jowers sought entry of a final judgment as to the Dismissed Defendants. Dkt. 177. The Court denied this request, indicating it would render a judgment as to these parties and claims "after the district court renders its decision on the remaining claims or as to the remaining parties." Order, Dkt. 222.

Following a two-day bench trial, the Court issued its findings of facts and conclusions of law and entered judgment in favor of Counsel Holdings on September 15, 2022 as to the remaining defendant Jowers. Dkts. 344, 345.

On July 25, 2023, over six years after Vinokurova was named as a defendant in this lawsuit, the Court granted Defendant Vinokurova's Motion to Amend Judgment to incorporate the Court's prior orders dismissing Plaintiff's claims against Vinokurova asserted in the SAC **with prejudice**. Dkt. 355; 401.  This Application follows.

### III.    THE COURT SHOULD AWARD DEFENDANT $61,011 IN ATTORNEY'S FEES UNDER TEXAS BUSINESS AND COMMERCE CODE § 15.51(c) USING THE LODESTAR METHOD

Generally, a party may not recover attorney's fees unless authorized by statute or contract. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009)  Here, based on the Court's dismissal with prejudice of Plaintiff's claims against her on July 29, 2019, Defendant Vinokurova is entitled to her attorney's fees under Texas Business and Commerce Code section 15.51(c) and its progeny, which provide for attorney's fees to an employee sued by an employer under a non-compete under Texas law, when the employer loses and is aware, as here, of the overbroad geographic and time limitations,

which were non-existent in Defendant's employment contract with Plaintiff[2]. *Id.* The Texas Supreme Court has generally defined covenants-not-to-compete governed by as those "[c]ovenants that place limits on former employees' professional mobility or restrict their solicitation of the former employers' customers and employees." *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 327 (Tex. 2014).

Under section 15.51, an employee, not an employer, is entitled to recover attorney's fees in an action to enforce a covenant not to compete. § 15.51(c) (providing court may award employee "costs, including reasonable attorney's fees," but containing no provision for award of fees to employer.) The Court should award Defendant her attorney's fees in the amount of **$61,011** because Plaintiff knew at the time of the employment contract's execution that its restrictions were unreasonable and imposed a greater restraint than was necessary, geographically and in time. The unreasonable scope and restrictions, prohibiting all "business activities" for a year, worldwide, are readily apparent from the non-compete contract itself (the "The Non-Compete"). See Dkt. 80-2.

The Non-Compete was entered into on or about December 5, 2007 and effective December 17, 2007, and Plaintiff attempted to enforce it against Defendant over 11 years later in 2018. The Non-Compete states, in pertinent part: "4.4 The Employee shall not engage in any other business activities in competition with the Company's personnel placement service business and shall not engage in any activity related to the personnel placement service business other than in benefit of the Company." Dkt. 80-2 at ¶ 4.4. "Business activities" is not defined, and can mean virtually anything. Certainly, Plaintiff, an attorney, should know that this is overbroad in time and scope as shown by the following additional contract provisions.

---

[2] The employment contract between Vinokurova and Plaintiff attached as an exhibit to the SAC states that Texas law shall apply. Dkt. 80-2 at ¶ 12.

> 8.1  For a period of one year following the effective elate of termination of the Employee's employment, ***the Employee shall not***, in the course of the personnel placement service business, solicit or ***provide services to any candidate or client with whom the Employee had contact with, knowledge of, or access to during the twelve months immediately preceding the effective date of termination, and shall not assist any entity other than the Company in so doing***.
>
> * * *
>
> 9.4. The one-year time periods referred to in Section 8 shall be extended to include any period of time during which the Employee engages in activities constituting a violation of that Section.

(emphasis added)

According to these provisions, Plaintiff would be in violation of the contract *in perpetuity*, which is unreasonable to any reasonable person, and Mr. Kinney, Esq. knew better as counsel deeply experienced in litigation against former employees. Therefore, the Court should award Defendant her attorney's fees under the statute simply based on the dismissal with prejudice of the SAC filed against her to enforce the contract against Defendant. See Dkts. 401, 402; and 222.

## IV.  DLA PIPER'S ATTORNEY'S FEES WERE REASONABLE AND NECESSARY

Courts use the "lodestar" method to calculate attorneys' fees. *Heidtman v. Cnty. of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). The "lodestar" is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. See *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. See *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Pursuant to Local Rule CV-54, with this Application, Defendant has submitted the fee bills, work performed, hours, and billed rate with a declaration from DLA Piper, who handled the matter for Defendant until the Court granted Defendant's motion to dismiss with prejudice. Dkts. 401, 402; and 222. Expert testimony is not required because the "the district court is itself an expert in assessing these matters." *Rhodes v. Vandyke*, No. MO:17-gCV-00114-DC, 2018 WL 2925133, at *3 (W.D. Tex. June 11, 2018) (citing Davis v. Bd. of Sch. Comm'rs of Mobile Cty., 526 F.2d 865, 868 (5th Cir. 1976).

Here, the total amount of $61,011 incurred by DLA Piper in defending Defendant was reasonable and necessary, including the time spent, hourly rates, and work performed by DLA Piper for a matter in the Dallas, Texas area. See DLA Piper Declaration (James Bookhout). See *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (in assessing the prevailing market rate for the community, a court may properly consider evidence of hourly rates in other cases as well as affidavits regarding the reasonableness of suggested rates). The Court recently awarded fees in another trade secret and breach of contract case, with $495 per hour as the lowest associate hourly rate approved for associates licensed in 2016 and 2017 who practice in Austin. See *Balance CXI, Inc. v. Int'l Consulting & Research Grp.*, 1:19-CV-0767-RP at 3 (W.D. Tex. Sept. 22, 2021)

## V. CONCLUSION

For these reasons, Defendant requests the Court award her reasonable attorney's fees invoiced by DLA Piper (Dallas) in the amount of **$61,011**.

DATED: August 8, 2023

Respectfully submitted,

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Texas State Bar No. 24122095
rtauler@taulersmith.com
Tauler Smith LLP
100 Crescent Court, 7th Floor,
Dallas, TX 75201
Telephone: (512) 456-8760

**COUNSEL FOR DEFENDANT
YULIYA VINOKUROVA**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on October 6, 2022, I conferred with counsel for MWK Recruiting Inc regarding the subject matter of this Application. Counsel for MWK Recruiting Inc did not object to the hourly rates charged by DLA Piper in defending Defendant Yuliya Vinokurova. As a result, this Application is submitted for the Court's consideration.

                                                   _/s/ Robert Tauler_
                                                   Robert Tauler

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 8, 2023, a true and accurate copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Robert Tauler*
　　　　　　　　　　　　　　　　　　　　　　　Robert Tauler