IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COUNSEL HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-0444-RP |
| | § | |
| EVAN P. JOWERS, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Counsel Holding, Inc.'s ("Counsel Holdings") motion to compel post-judgment discovery responses. (Mot. Compel, Dkt. 17). On September 15, 2022, the Court entered judgment in favor of Counsel Holdings against Defendant Evan P. Jowers ("Jowers"). (Final Judgment, Dkt. 345). The Court entered an amended final judgment on July 25, 2023. (Dkt. 402). On September 25 and 26, 2022, Counsel Holdings served Jowers with post-judgment discovery, specifically twenty-five requests for production and eighteen interrogatories. (Mot. Compel, Dkt. 376, at 1). Jowers did not produce the requested documents and filed various objections to the requests for production and interrogatories. (*Id.* at 2–3). Counsel Holdings now asks the Court to compel Jowers to respond to the interrogatories and requests for production. (*Id.* at 8–9).

Federal Rule of Civil Procedure 69(a)(2) allows a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *JP Morgan Chase Bank, N.A. v. DataTreasury Corp.*, 936 F.3d 251, 256 (5th Cir. 2019) (quoting *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)); *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex.

1

2000) ("The judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."). "To effectuate that purpose, the discovery rules are to be liberally construed." *JP Morgan Chase Bank*, 936 F.3d at 256 (citing *United States v. McWhirter*, 376 F.2d 102, 105 (5th Cir. 1967)). However, post-judgment discovery must be "relevant to the purpose of obtaining information on hidden or concealed assets, including assets that may have been fraudulently transferred." *Id.*

Federal Rule of Civil Procedure 69(a) incorporates the normal procedural rules for compelling discovery to post-judgment discovery requests. A party may serve another party with interrogatories and requests for production that are within the scope of Rule 26(b). *See* Fed. R. Civ. P. 33(a)(1); Fed. R. Civ. P. 34(a). A party must respond in writing and serve his responses and any objections within 30 days after being served the interrogatories and requests for production. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Additionally, a party seeking discovery may move for an order compelling a response under Rule 37 when the other party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or respond as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

The Court finds that Counsel Holdings' requests for production and interrogatories partially fall within the permissible scope of post-judgment discovery. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Further, "[t]he scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). In its interrogatories and requests for production, Counsel Holdings inquires about and requests Jowers' tax returns, deeds, bank records, property, financial interests, accounts receivable and other related documents. (*See* Dkt. 376-1, at 4–53). The Court finds that the discovery requests are appropriate and relevant

"to the location and disposition of assets that could be used to satisfy Plaintiff's judgment." *Alaniz v. H & H Farms, LLC*, 1:09-CV-113, 2016 WL 11546302, at *3 (S.D. Tex. Apr. 14, 2016) (granting motion to compel post-judgment discovery based on a determination that the requests and interrogatories concerning "tax returns, bank records, deeds, and corporate documents" were relevant to satisfying the judgment).

The Court will also overrule Jowers' objection as to discovery regarding Legis and its related brands. Jowers objected that he should not have to provide information related to Legis Ventures (HK) Company Limited ("Legis"), Jowers/Vargas, or Jowers Langer LLC, but the Court has previously ruled that Jowers had sufficient "control" over Legis and ordered him to comply with past discovery requests. (Order, Dkt. 168). Furthermore, the Court denies Defendant's request for protective order related to debt collection, as he has not demonstrated good cause for such an order. The Court also overrules Jowers's vagueness arguments as to the terms "real estate" and encumbrance, as these terms can be interpreted according to their common meanings.

However, the Court finds that Counsel Holdings' requests are overbroad in two respects. First, the Court finds that Counsel Holdings' requests for production and interrogatories concerning the interests of his former spouse or first-degree members is overbroad. Those persons are not parties to the case and Counsel Holdings has not shown that these requests are relevant or proportional. Furthermore, Counsel Holdings has not shown that the timeframe for its requests is appropriate or relevant "to the location and disposition of assets that could be used to satisfy Plaintiff's judgment." *Alaniz*, 2016 WL 11546302, at *3. Accordingly, at this time the Court will only compel Jowers to respond to requests as to the period of time since September 19, 2022, when final judgment was entered.

Accordingly, **IT IS ORDERED** that Counsel Holdings' Motion to Compel Discovery Responses, (Dkt. 376), is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that, subject to the limitations described above, Jowers shall serve Counsel Holdings his responses to each post-judgment interrogatory and request for production propounded by Counsel Holdings and made the subject of the instant motion on or before **September 25, 2023.**

**SIGNED** on August 23, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE