UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COUNSEL HOLDINGS, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § | |
|     Defendant. | § | |
| | § | |

**RESPONSE TO MOTIONS TO WITHDRAW AS COUNSEL OF ROBERT TAULER [418] AND KEVIN COLE [419]**

As the Court made clear in its prior order on this subject, the requirements when an attorney seeks to withdraw as counsel in this district are clear. (*See* Order denying Kevin Cole's ("Cole's") first motion to withdraw, May 9, 2023, Dkt. 396). The new motion to withdraw filed by Cole (Dkt. 419) and the one filed by Robert Tauler ("Tauler") (Dkt. 418) (collectively, the "Motions") fail for some of the same reasons cited by the Court in the prior order, as well as for other reasons.

1. Neither Cole nor Tauler even attempted to conference their motions as required by Local Rule CV-7(G), which requires that the movant "advise[] the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certif[y] the specific reason that no agreement could be made." (Local Rule CV-7(G)). Had they done so, perhaps a compromise might have been reached protecting all parties. Because they did not comply, the Court should deny the Motions.

2. "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v. Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision of whether to permit withdrawal lies within the sound discretion of the court. *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client.")

3. The interests of justice do not support permitting Tauler and Cole to resign. There are pending post-trial motions that should be resolved before either of them is permitted to withdraw. Among these is Plaintiff's Motion for Sanctions (Dkt. 360), which presents a catalog of ways in which Tauler in particular multiplied the proceedings leading to the judgment in this case vexatiously. These attorneys may well be liable for sanctions and should not be permitted to flee the Court's jurisdiction in the face of that risk.[1]

---

[1] Tauler and Cole took over a case that should long before have been settled, cashed in by collecting $1 million or more in attorney fees for, essentially, nothing other than wasting everyone's time. (*See* Motion for Attorney Fees, Dkt. 347, at 2

4. Also, it does not serve the interests of justice for these attorneys to be permitted to resign in view of their post-judgment behavior. Neither Tauler nor Cole cites any disagreement with Jowers on the strategy for handling the case; rather, both of them simply cite "fundamental disagreement" with Jowers on "the terms of the parties' agreement relating to the representation." (Dkt. 418, at 2; Dkt. 419, at 2). This is an unsubstantiated claim, which is insufficient. (*See, supra*, at ¶2) ("unsubstantiated claims are insufficient").

5. Also counseling in favor of denying these motions to withdraw is the potential for their withdrawal to cause delay. Jowers has been dodging service in a related case, *Counsel Holdings v. Evan P. Jowers et. al.*, 1:23-CV-00711-RP. (*See* 1:23-CV-00711-RP, Motion for Substituted Service, Dkt. 14). Neither Cole nor Tauler complied with the requirement of the local rules to provide an actual address for Jowers when new counsel is not being substituted in for withdrawing counsel. (W.D. Tex. Loc. R. AT-3). Instead, they both provided what they called Jowers's "last known address." In fact, the address they provided, at 612 Hibiscus Drive, is an address for Jowers which Plaintiff's process server already confirmed was abandoned by Jowers more than one year ago. (*See* Exhibit 1, Affidavit of Non-Service on Jowers at 612 Hibiscus Drive Address). The Motions appear, at least in part, to be part of a strategy by Jowers to make himself difficult to locate. To permit Cole and Tauler to withdraw

---

(discussing the opportunity Jowers had to settle this case for $750,000 in 2019)). That they want to jump out now, when Jowers may have stopped paying them and their personal risk is highest, is not surprising, but it should not be permitted.

without providing an actual, current address for Jowers, in violation of the local rules, and without any arrangement for providing valid service on Jowers of documents served in this case, would only serve to cause further delay.

6. Also, it is not in Jowers's interests to allow Tauler and Cole to withdraw. As noted above, there is a pending motion seeking an order to show cause as to why Jowers should not be sanctioned for failing to comply with the Court's order compelling discovery responses. In responding to the motion, Jowers stated that certain documents had been provided to his counsel by him, but that the documents were not sent to Plaintiff due to an "internal office oversight" at the office of Jowers's counsel. (Dkt. 415, at 2). In fact, there has been significant misconduct by Jowers in failing to respond to discovery or appear for depositions. This includes refusal to respond to discovery even after doing so was ordered by the Court. (Motion for Order to Show Cause, Dkt. 413). Jowers has also refused to appear for deposition, even after agreeing to do so. (*See* Response to Jowers's Motion for Protective Order, Dkt. 395). Both the motion requesting an order to show cause and the motion seeking an order that Jowers appear for his deposition are still pending. The Court may well find culpability on the part of Jowers's counsel for some of Jowers's failures to respond and/or appear for depo

For all the foregoing reasons, the Motions should be denied, at least until such time as the Court has ruled on the pending post-judgment motions, the Court determines the question of culpability for failure to respond to valid discovery orders, and

arrangements are made to allow valid service on Jowers of further discovery requests and orders in this case.

Dated: November 15, 2023                    Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF COUNSEL HOLDINGS, INC.**