IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff MWK Recruiting, Inc./Counsel Holdings, Inc.'s ("Plaintiff")[1] Motion for Attorney's Fees and Expenses and for Award of a Portion of Such Fees Against Jowers's Attorneys Under 28 U.S.C. § 1927, (Dkt. 347); Defendant Evan P. Jowers's ("Jowers") response in opposition to the motion, (Dkt. 359); Plaintiff's reply in support of its motion, (Dkt. 364); and DLA Piper LLP's ("DLA Piper") response in opposition to the motion, (Dkt. 367). Also before the Court is Plaintiff's Motion for Sanctions, (Dkt. 360); Jowers's response in opposition to the motion, (Dkt. 368); and Plaintiff's reply in support of its motion, (Dkt. 369). After reviewing these motions, the parties' briefing, and the relevant case law, the Court issues the following order.

## I. BACKGROUND

The issues in this case stem primarily from an employment dispute between Jowers and Plaintiff. Plaintiff brought this action in state court on March 27, 2017, arguing, among other things, that Jowers had breached several contractual agreements, including his employment contract and two loan contracts. Following a two-day bench trial, the Court issued its findings of facts and conclusions of law and entered judgment in favor of Plaintiff on September 15, 2022. (Dkts. 344, 345). The Court awarded Plaintiff $3,640,132.60 in damages, and $826,749.63 in pre-judgment

---

[1] Plaintiff changed its name from MWK Recruiting, Inc. to Counsel Holdings, Inc.

1

interest. (Am. Final Judgment, Dkt. 402). The Court further held that it would award reasonable attorney's fees to Plaintiff for its claims of breach of the Jowers Agreement, Forgivable Loan, and Revolving Loan. (Final Judgment, Dkt. 345, at 2; Am. Final Judgment, Dkt. 402, at 2).

On October 3, 2022, Plaintiff filed an application for attorney's fees and expenses, and also requested that a portion of this award be charged to Jowers's attorneys as a sanction. (Dkt. 347). In its motion, Plaintiff seeks $1,929,335.00 in attorney's fees. (*Id.* at 2). Plaintiff also seeks $19,515.32 in recoverable expenses. (*Id.* at 9). These expenses consist of fees for deposition transcripts, service of process, mailing, and e-discovery software. (Expenses, Dkt. 347-1, at 75). Plaintiff also asks the Court to reserve ruling on appellate and other fees. (Mot., Dkt. 347, at 9). Finally, Plaintiff asks the Court to consider imposing sanctions against Jowers's attorneys, DLA Piper and Tauler Smith LLP, pursuant to 28 U.S.C. § 1927. (*Id.* at 10–11). In a separate motion for sanctions, Plaintiff reiterated its request, asking the Court to award sanctions against Jowers and his attorneys. (Mot. Sanctions, Dkt. 360, at 5).

Jowers responded to Plaintiff's motion for attorney's fees on October 17, 2022. (Dkt. 359). He argues that that Plaintiff has not presented evidence that it has invoiced or paid any fees, while the contract only provides for reimbursement of attorney's fees that Plaintiff has paid or is legally obligated to pay. (*Id.* at 2). Jowers further argues that the Court should strike attorney Robert E. Kinney's ("Kinney") request for attorney's fees because, under Florida law, an attorney representing himself or his own entities cannot recover attorney's fees. (*Id.* at 3). Jowers also objects to counsel Ray Mort's ("Mort") fee as unreasonable and claims that Plaintiff does not properly distinguish between the hours spent on the breach of contract claims and the hours spent on the other claims. (*Id.* at 3). Finally, Jowers argues that Plaintiff has presented no evidence to establish that sanctions are warranted under 28 U.S.C. § 1927. (*Id.*). Jowers's attorneys DLA Piper LLP ("DLA"), DLA attorney Marc Katz, and DLA attorney James Bookhout (collectively, "DLA Piper") filed their own

opposition, denying that DLA Piper engaged in any wrongdoing that would warrant sanctions. (DLA Piper's Resp., Dkt. 367).

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

After a two-day bench trial, the Court awarded "reasonable attorney fees" to Plaintiff under the Jowers agreement and under the two loan agreements. (Dkt. 344, at 38–42; Dkt. 402, at 2). Florida law governs the breach of contract claims. Plaintiff moves for $1,929,335.00 in attorney's fees for work performed in relation to the relevant breach of contract claims, which correspond to 3,451 hours of work performed collectively by all attorneys and paralegals. (Mot., Dkt. 347, at 2). It also asks the court to reserve its ruling on appellate and other fees. (*Id.* at 9). In support of its motion, Plaintiff provided declarations by each of its attorneys, which included a brief biography, and time keeping records for each attorney and paralegal who worked on behalf of Plaintiff. (Dkts. 347-1, 347-2, 347-3, 347-4, and 347-5).

In his response in opposition to the motion, Jowers argues that: (1) Plaintiff is not entitled to attorney's fees under the indemnity provision; (2) Kinney's fees should be stricken because he was representing himself; (3) the rates Plaintiff has requested are unreasonable; (4) Plaintiff has not submitted a proper bill of costs; and (5) the Court may not grant a conditional award for attorney's fees. (Jowers's Resp., Dkt. 359). Furthermore, Jowers and DLA Piper argue that Plaintiff has not met its burden to show that sanctions are warranted against Jowers's counsel. (*Id.*; DLA Piper's Resp., Dkt. 367). The Court will first address whether Plaintiff is entitled to attorney's fees. Finding that Plaintiff is so entitled, the Court will then consider the reasonableness of the fees, applying the lodestar method. Finally, the Court will evaluate whether sanctions are warranted.

### A. Plaintiff Is Entitled to Reasonable Attorney's Fees Under the Contract

#### 1. The Indemnity Clause

First, Jowers argues that Plaintiff's request for attorney's fees should be denied because Plaintiff failed to cite any contract provision that authorizes attorney's fees. (Jowers's Resp., Dkt. 359, at 5). Under Florida law, attorney's fees are not recoverable unless a statute or a contract specifically authorizes their recovery. *Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Association, Inc., et al.*, 997 So.2d 433, 434 (Fla. 2008). But the Jowers agreement includes an indemnity clause that plainly authorizes attorney's fees. The contract provides in pertinent part:

> 10. INDEMNIFICATION
>
> > 10.1 The Employee shall indemnify and save the Company harmless from all claims, demands, and actions arising out of the Employee's breach of this Agreement, and shall reimburse the Company for all costs, damages and expenses, **including reasonable attorney's fees,** which the Company pays or becomes obligated to pay by reason of such activities of breach.

(Jowers Agreement, Dkt. 80-1, at 6 (emphasis added)). Despite Jowers's protests, Plaintiff's motion does not fail because it did not include the appropriate clause in its motion. The Court has thoroughly evaluated and considered the contract, including the indemnification clause, and has authorized Plaintiff's motion for attorney's fees in light of the clause. Therefore, the Court will reject Jowers's argument.

#### 2. Competent Evidence

Second, Jowers argues that Plaintiff has not presented "competent evidence" of the requested fees and has not sufficiently demonstrated that Plaintiff "pa[id] or [is] obligated to pay" these fees. (Jowers's Resp., Dkt. 359, at 6, 9–10). "'Competent evidence includes invoices, records[,] and other information detailing the services provided as well as the testimony from the attorney in

4

support of the fee.'" *Diwakar v. Montecito Palm Beach Condo. Ass'n*, 143 So. 3d 958, 960 (Fla. 4th Dist. Ct. App. 2014) (quoting *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th Dist. Ct. App. 2006)).

"An attorneys' fees award 'must be supported by expert evidence, including the testimony of the attorney who performed the services.'" *Black Point Assets, Inc. v. Ventures Tr. 2013-I-H-R by MCM Capital Partners, LLC*, 236 So. 3d 1134, 1136 (Fla. 4th Dist. Ct. App. 2018) (quoting *Diwakar v*, 143 So. 3d at 960). Generally, "where a party seeks to have the opposing party in a lawsuit pay for attorney's fees incurred . . . independent expert testimony is required." *Sea World of Fla., Inc. v. Ace Am. Ins. Cos., Inc.*, 28 So. 3d 158, 160 (Fla. 5th Dist. Ct. App. 2010). However, expert witness testimony is unnecessary when attorney's fees are an element of damages in a breach of contract. *Id.*

Here, Plaintiff has presented sufficient competent evidence. Its application includes time records for each individual who worked in this litigation, and declarations by each attorney involved detailing the services provided and their qualifications. (Dkts. 347-1, 347-2, 347-3, 347-4, and 347-5). Furthermore, since the Court awarded reasonable attorney's fees under the indemnity clause in the Jowers agreement as an element of damages, (Dkt. 402, at 2), Plaintiff is not obligated to present independent expert testimony. Finally, Jowers cites no law to support his argument that the attorney's declarations and other time records are insufficient to establish that Plaintiff paid or is obligated to pay these fees. The Court finds that the evidence sufficiently establishes that Plaintiff is obligated to pay the requested attorney's fees within the meaning of the indemnity clause, and that there is competent evidence to evaluate the reasonableness of the request.

### 3. Kinney's Fees

Third, Jowers argues that counsel Robert E. Kinney's fees should be denied because he is a *pro se* litigant that is not entitled to attorney's fees. (Jowers's Resp., Dkt. 359, at 7). Kinney did represent himself against some of Jowers's counterclaims. However, Kinney has also acted as attorney of record for Plaintiff Counsel Holdings and its predecessor, MWK Recruiting, Inc., which

5

are separate corporate entities. Jowers does not cite any law or case that could lead the Court to conclude that Kinney should be considered a *pro se* litigant with respect to his work on the breach of contract claims against Plaintiff. Therefore, the Court will reject Jowers's argument and will proceed to evaluate the reasonableness of the requested fees.

## B. Reasonableness of Requested Fees

Florida courts use the lodestar method to calculate attorney's fees. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985)). The lodestar figure is calculated "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151).

In determining reasonable attorney's fees, Florida courts use the criteria set out in *Rowe*, 472 So.2d at 1150. Courts consider:

> (1) "The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent."

*Id.*

Calculating the lodestar involves four steps: (1) calculating "the number of hours reasonably expended on the litigation;" (2) calculating a "reasonable hourly rate for this type of litigation;" (3) multiplying these numbers to arrive at the lodestar figure; and (4) adjusting the fee through a multiplier to account for contingency risk and results obtained. *Id.* at 1150–52. The lodestar analysis is meant to reflect the *Rowe* factors. For example, courts are expected to consider the difficulty of the question involved in evaluating whether the hours expended in litigation are reasonable. *Id.* at 1151.

Plaintiff claims that the following are reasonable rates for the attorney's and staff members who performed work on the breach of contract claims:

| Attorney | Hours | Years Licensed | Rate | Total |
|---|---|---|---|---|
| Raymond Mort | 1,080.75 | 28 | $750 | $810,562.50 |
| Robert Kinney | 1,988.00 | 26 | $500 | $994,000.00 |
| Tristan Loanzon | 37.50 | 25 | $600 | $22,500.00 |
| Jennifer Thompson | 88.60 | 27 | $475 | $42,085.00 |
| Zachary Ellis | 96.50 | 1 | $375 | $36,187.50 |
| **Total Attorney's Fees Claimed** | | | | **$1,905,335.00** |
| **Paralegal** | **Hours** | **Years Licensed** | **Rate** | |
| John Jaworski | 146.50 | 0 | $150 | $21,975.00 |
| Matthew Gardiner | 13.50 | 0 | $150 | $2,025.00 |
| **Total Paralegal Fees Claimed** | | | | **$24,000** |

The Court will proceed to evaluate whether the proposed rates and reported hours expended are reasonable.

a. <u>Number of Hours</u>

"The first step in the lodestar process requires the court to determine the number of hours reasonably expended on the litigation." *Id.* "The 'novelty and difficulty of the question involved' should normally be reflected by the number of hours reasonably expended on the litigation." *Id.*

Plaintiff seeks fees for 3,451 total hours of work across all timekeepers involved in this case. Jowers argues the number of hours is unreasonable for two reasons. First, Jowers argues that

7

Plaintiff conflates the trade secret and misappropriation claims, for which the Court refused to award attorney's fees and costs, with the breach of contract claims. (Jowers's Resp., Dkt. 359, at 8–9). Plaintiff argues that it is only requesting fees for the breach of contract claims. (Mot., Dkt. 347, at 4–5). According to Plaintiff, any overlap exists because the misappropriation claim and the breach of contract claim arose "out of the same transaction and are so interrelated that their" prosecution entailed proof of essentially the same facts as proof of the contract claims. (*Id.* at 4 (citing *Navigant Consulting v. Wilkinson*, 508 F.3d 277, 297 (5th Cir. 2007)).

Under Florida law, a prevailing party may recover attorney's fees incurred in the defense of a related claim if the claims are "so intertwined that allocation is not feasible." *Conti v. Auchter*, 266 So. 3d 1250, 1251 (Fla. 4th Dist. Ct. App. 2019) (citations omitted). Plaintiff claims that almost identical work was required to prove the misappropriation claim and the breach of contracts claims. For example, according to Plaintiff, proof of Jowers's misappropriation came from the same subpoena responses and depositions by written questions that were used to prove the damages for breach of the Jowers agreement. (*Id.* at 5). After reviewing the record and the applicable law, the Court agrees that the misappropriation and breach of contract claims are "so intertwined that allocation is not feasible." *Conti*, 266 So at 1251. Accordingly, the Court finds that the amount of hours should not be reduced based on an alleged failure to allocate the fees to a different claim.

Second, Jowers claims that Kinney agreed to deduct $24,000 for work billed by paralegals. (Jowers's Resp., Dkt. 359, at 12). Jowers claims that this work was not performed by paralegals, but by Plaintiff's staff members with no training. (*Id.*). In support of this argument, Jowers submitted an email chain that contained the alleged agreement. (Emails, Dkt. 359-1, at 11–13). Although Jowers does not present any proof of his allegation that the work billed was not performed by paralegals, Plaintiff does not dispute that it agreed to reduce the attorney's fees award by $24,000. Therefore, the Court will **STRIKE** the request for $24,000 in fees billed by paralegals.

As to the remaining hours requested by Plaintiff, the Court finds that this is a reasonable number of hours expended in this litigation. Plaintiff first filed this case on March 27, 2017. (Original Pet., Dkt. 1-2). The record reflects that, since then, Plaintiff has either filed or defended dozens of motions, including discovery motions, motions for preliminary injunctions, motions for protective orders, motions for disqualification, and dispositive motions. In their declarations, Plaintiff's attorneys have further detailed the extent of their efforts to engage and negotiate with Jowers. The time, labor, and difficulty involved in litigating Plaintiff's claims is evident from the record, and this Court sees no reason to doubt that Plaintiff's attorneys reasonably spent 3,291 hours litigating the breach of contract claims.

### b. Reasonable Rate

"The second half of the equation, which encompasses many aspects of the representation, requires the court to determine a reasonable hourly rate for the services of the prevailing party's attorney." *Rowe*, 472 So.2d at 1150–51. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

Jowers only objects to the proposed rates of attorneys Robert Kinney and Ray Mort. With respect to Kinney, Jowers insists that he should have "no billing rate, because no one has ever paid him to do legal work." (Jowers's Resp., Dkt. 359, at 7). With respect to Mort, Jowers claims that Mort billed a much lower rate in a different case of similar complexity. (*Id.* at 11). The Court will now consider each of Jowers's objections.

9

Plaintiff seeks a rate of $500 per hour for Robert Kinney's services. Jowers argues that Kinney should not receive any attorney's fees because he is "not a practicing attorney," works primarily as a recruiter, and "no one has ever paid him to do legal work in the last twenty years." (*Id.* at 7). But Kinney has declared that he remains actively licensed as an attorney in Texas and New York and handles his company's legal matters, occasional outside litigation matters, and pro bono matters. (Kinney's Decl., Dkt. 347-1, at 2–3). Jowers does not present any evidence to the contrary; accordingly, his argument is unsupported and conclusory.

Kinney declared that billing rates for Austin litigation attorneys working in cases such as this one range from $350 per hour for the most junior attorneys to $800 per hour for partners with 15 or more years of experience. (*Id.* at 3). Jowers argues that evidence of other attorney's billing rate is not competent evidence of Kinney's billing rate, but it is well established that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Therefore, the Court may take this evidence into consideration in evaluating the reasonableness of Kinney's rate.

Taking into account this range of rates, the Court finds that $500 per hour is a reasonable rate for Kinney's services. Jowers's allegations concerning Kinney's experience are not supported by evidence. Kinney accounts for the fact that he works primarily as a legal recruiter by stating that, despite his 26 years of licensure, his "litigation skills and experience are roughly in line with the skills and experience of attorneys who have been licensed for ten or more years and fully engaged in work as an attorney on contentious matters." *Id.* at 3. In light of his experience, his proposed rate is well in line with the local standard.

As to Ray Mort, Plaintiff seeks a rate of $750 per hour for his services. Jowers argues that Mort's rate is unreasonable because it is inconsistent with the lower rate he sought in *Ruiz v. Fiberlab*, No. 1:18-cv-00871-RP (W.D. Tex. Oct. 12, 2018), another breach of contract case. (Jowers's Resp.,

10

Dkt. 359, at 11). Jowers correctly points out that Plaintiff should not seek a dramatically higher rate for Mort's services without explaining the discrepancy. However, *Ruiz* involved a promissory note and was promptly resolved via default judgment. In contrast, this case is lengthier and more complex. Jowers presents no other arguments that Mort's rate is unreasonable. In light of Mort's experience and the customary rates discussed in the previous section, the Court finds that $750 per hour is a reasonable rate for Mort's services.

c. Lodestar Calculation

In summary, the Court finds that Plaintiff's attorneys reasonably spent 3,291 hours litigating the breach of contract claims. The Court further finds that Plaintiff's proposed rates are reasonable. The following chart reflects the lodestar figure for each of Plaintiff's attorneys:

| **Attorney** | **Hours** | **Years Licensed** | **Rate** | **Total** |
|---|---|---|---|---|
| Raymond Mort | 1,080.75 | 28 | $750 | $810,562.50 |
| Robert Kinney | 1,988.00 | 26 | $500 | $994,000.00 |
| Tristan Loanzon | 37.50 | 25 | $600 | $22,500.00 |
| Jennifer Thompson | 88.60 | 27 | $475 | $42,085.00 |
| Zachary Ellis | 96.50 | 1 | $375 | $36,187.50 |
| **Total Attorney's Fees Claimed** | | | | **$1,905,335.00** |

Finally, neither party requested that the Court add or subtract from the lodestar amount based on results obtained or contingency risk. Adding the lodestar figures for each attorney, the Court will **AWARD** Plaintiff $1,905,335.00 in attorney's fees incurred in this matter.

### C. Bill of Costs

Plaintiff also asks the Court to award $19,515.32 in recoverable expenses directly related to the breaches of contract. (Mot., Dkt. 347, at 9; *see also*, Expenses, Dkt. 347-1, at 75–76). Jowers argues that Plaintiff should not be allowed to obtain costs because it did not file a proper Bill of Costs on Form AO 133, as ordered by the Final Judgment and mandated by the Local Rules.

(Jowers's Resp., Dkt. 359, at 12). However, Plaintiff is entitled to its costs and expenses under the indemnity clause of the Jowers agreement. (Jowers Agreement, Dkt. 80-1, at 6 ("The Employee shall . . . reimburse the Company for all costs, damages and expenses . . . .")). "[F]ailure to file a bill of costs precludes [a party] from recovering taxable costs awarded under Rule 54(d)(1), but it does not preclude [Plaintiff] from recovering costs under the [Jowers Agreement]." *Hancock v. Chi. Title Ins. Co.*, No. 3:07-CV-1141-D, 2013 WL 2391500 (N.D. Tex. 2013). The Court finds that Plaintiff is seeking contractually-awarded expenses rather than taxable costs, and that the costs it has requested are covered by the indemnity clause. Therefore, the Court will **GRANT** Plaintiff's request for $19,515.32 in recoverable expenses.

### D. Appellate Fees

Plaintiff has asked the Court to either reserve ruling on fees awardable in the event of appeal until the appellate work has been completed, or to award them conditionally. Although awards of reasonable attorney's fees for appellate work are permitted, the Court declines to grant such an award prior to such services being rendered. Therefore, the Court will not award conditional attorney's fees for appellate work. The Court will address appellate fees, if necessary, after any appeals are completed and upon proper motion practice.

### III. PLAINTIFF'S MOTION FOR SANCTIONS

Finally, Plaintiff has asked the Court to impose sanctions under 28 U.S.C. § 1927[2] against DLA Piper LLP, DLA Piper attorney James Bookhout, and DLA Piper attorney Marc Katz (collectively, "DLA Piper"); and Tauler Smith LLP and Robert Tauler (collectively, "Tauler

---

[2] Plaintiff indicated that it was also seeking sanctions under Rule 37 in its first motion for sanctions, (Dkt. 347), and then indicated that it was seeking sanctions under Rule 37 or under the Court's inherent power in its second motion for sanctions, (Dkt. 360). However, Plaintiff did not provide any analysis as to why sanctions would be appropriate under either standard. Accordingly, the Court declines to consider whether sanctions under Rule 37 or under the Court's inherent authority would be appropriate.

12

Smith").[3] (Dkts. 347, 360). Under Section 1927, courts may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Plaintiff argues that DLA Piper and Tauler Smith LLP unreasonably multiplied this case by adding RICO and fraud allegations to Jowers's counterclaims, by refusing to comply with certain discovery requests, and by pursuing a defamation case in Hong Kong. (Mot., Dkt. 347, at 10–11; Mot. Sanctions, Dkt. 360).

Sanctions under Section 1927 are punitive in nature; therefore, courts "require clear and convincing evidence that sanctions are justified." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (internal quotations omitted). Sanctions under Section 1927 are rarely awarded. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The offending attorney's multiplication of the proceedings must be both "unreasonable" and "vexatious." *D.I.C. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). The movant must establish that counsel acted in "bad faith, for improper motive, or in reckless disregard of the duty owed the court." *Lawyers Title Ins. Corp.*, 739 F.3d at 871; *see also Travelers Ins. Co. v. St. Judge Hosp. of Kenner, La., Inc.*, 38 F. 3d 1414, 1416 (5th Cir. 1994). This is a high bar, requiring clear and convincing evidence of "obviously unreasonable" and "outrageous" conduct. *Ratliff v. Stewart*, 508 F.3d 225, 234–35 (5th Cir. 2007). Sanctions under Section 1927 are imposed "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Conner*, 20 F.3d at 1384.

**A. DLA Piper**

---

[3] Plaintiff indicated in both motions that it also sought sanctions under Section 1927 against Jowers, (Dkts. 347, 360), but under Section 1927, only counsel can be sanctioned. 28 U.S.C. § 1927 ("*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof … may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred…*") (emphasis added).

Here, Plaintiff has failed to establish that DLA Piper acted "unreasonably" or "vexatiously." *Conner*, 20 F.3d at 1384. Plaintiff focuses on the fact that DLA Piper filed several allegedly unmeritorious counterclaims and presented unmeritorious arguments. However, lack of merit is not the correct standard for Section 1927. The Court may have dismissed these counterclaims and rejected these arguments, but Plaintiff has not offered sufficient evidence that these claims were brought in "bad faith, for improper motive, or in reckless disregard of the duty owed the court." *Lawyers Title Ins. Corp.*, 739 F.3d at 871. Plaintiff's evidence consists mainly of a declaration by counsel Robert Kinney—which includes hundreds of pages of emails, messages, and transcripts—but these documents do not point to bad faith, improper motive, or reckless disregard on behalf of DLA Piper.

Instead, Plaintiff asks the Court to believe that, on its face, DLA Piper's litigation strategy meets the standard because it failed to comply with an "objective" standard of reasonableness. *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988) ("While the language of § 1927 suggests deliberate misbehavior, subjective bad faith is not necessary; attorneys have been held accountable for decisions that reflect a reckless indifference to the merits of a claim.") (citation omitted). For example, Plaintiff points to the fact that the fraud and RICO counterclaims were "obviously" barred by the statute of limitations. (Mot., Dkt. 360, at 10). But the Court engaged in substantial analysis to dispose of these claims; therefore, it was not obvious that they were barred. (Order, Dkt. 229, at 8–11 (dismissing the fraud claims on statute of limitations grounds)). This and Plaintiff's other statements about unmeritorious claims are conclusory; Plaintiff has not offered any evidence in support of its statement other than the Court's own orders, which do not find that the claims were brought in bad faith. Plaintiff's arguments regarding the motion to disqualify Kinney are similarly misguided. Plaintiff has not established that the motion to disqualify was frivolous or in bad faith. At some point, the Court itself noted there could be a conflict of interest. (Order, Dkt. 110, at 5, 7).

14

Plaintiff's arguments regarding discovery disputes fail as well. With respect to document production that occurred in response to the Court's April 27, 2020 order, (Dkt. 168), DLA Piper argues that it collected emails that Jowers identified as having responsive information, and that the firm withdrew shortly before the production deadline due to failure to reach an agreement with Jowers about the case. (Dkt. 367). Plaintiff has not met its burden of showing otherwise; its statements that DLA Piper's "excuses also ring hollow and should be ignored" are as conclusory as its other arguments for sanctions. Plaintiff also submitted no evidence that DLA Piper sought to quash third-party subpoenas in bad faith, or that its attorney's-eyes-only designations were not legitimate. Plaintiff also disputes the veracity of certain declarations Jowers signed concerning his relationship with Legis Ventures (HK) Limited but does not present evidence that the attorneys who represented Jowers in this case were aware of any alleged falsity. Accordingly, Plaintiff's request for sanctions against DLA Piper is **DENIED**.

## B. Tauler Smith

The Court finds that Tauler Smith has acted much less professionally than DLA Piper, but ultimately, the Court finds that the rare remedy of sanctions under Section 1927 should not be awarded in this instance. *See Calhoun*, 34 F.3d at 1297. Jowers and Tauler Smith do not appear to dispute the substance of Plaintiff's accusations in its motions for sanctions. Instead, they object only to the timing of Plaintiff's motion, arguing that no court has made defense counsel liable at the end of a case for "miscellaneous alleged discovery misconduct that could have been addressed earlier in the proceedings." (Jowers Resp., Dkt. 368, at 2). They accuse Plaintiff of attacking their attorney client relationship and showing "open disregard for the system." (*Id.* at 2–3). However, the Court notes that the record is replete with evidence of Tauler Smith's pattern of abuse. In fact, the Court has repeatedly warned both Tauler Smith LLP and counsel Robert Tauler that his pattern of behavior could lead to sanctions. (*See, e.g.*, Order, Dkt. 236, at 13 (noting that Tauler's Motion to

15

Compel, (Dkt. 208), and reply were "a prime example of how far beyond the pale Mr. Tauler has gone in his abuse of discovery in this case"); Order, Dkt. 249 (detailing how Tauler allowed Jowers to submit a response to an order to show cause that was "not appropriate, or, frankly, helpful" without reviewing it); Order, Dkt. 265, at 3 (warning Tauler "that any further abuses of process . . . will result in sanctions"). However, ultimately, Plaintiff has not demonstrated that each of the examples it presents in its motions rises to the level of sanctions. And the Court notes that this litigation saga has been contentious—though to different degrees—on both sides. The Court is by no means condoning such behavior, but at the same time, the Court finds that Plaintiff has not ultimately carried its burden of providing clear and convincing evidence of "obviously unreasonable" and "outrageous" conduct. *Ratliff*, 508 F.3d at 234–35. Accordingly, Plaintiff's request for sanctions against Tauler Smith is **DENIED**.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees and Expenses and for Award of a Portion of Such Fees Against Jowers's Attorneys Under 28 U.S.C. § 1927, (Dkt. 347), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Sanctions, (Dkt. 360), is **DENIED**.

**IT IS ORDERED** that Plaintiff is awarded and shall recover from Jowers $1,905,335.00 in attorney's fees reasonably incurred in this matter.

**IT IS FURTHER ORDERED** that Plaintiff is awarded and shall recover from Jowers $19,515.32 in recoverable expenses.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions against DLA Piper LLP, DLA Piper attorney James Bookhout, and DLA Piper attorney Marc Katz is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff's request for sanctions against Tauler Smith LLP and Robert Tauler is **DENIED**.

**SIGNED** on January 29, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE