IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff MWK Recruiting, Inc./Counsel Holdings, Inc.'s ("Plaintiff")[1] Motion for Turnover and to Appoint a Post-Judgment Receiver, (Dkt. 375); Defendant Evan P. Jowers's ("Jowers") response in opposition to the motion, (Dkt. 384); Plaintiff's reply in support of its motion, (Dkt. 390); and Plaintiff's Notice of Request to Appoint Seth Kretzer as Post-Judgment Receiver, (Dkt. 393). After reviewing the motion, the parties' briefing, and the relevant case law, the Court finds that the motion should be granted.

**I. BACKGROUND**

The issues in this case stem primarily from an employment dispute between Jowers and Plaintiff. Plaintiff brought this action in state court on March 27, 2017, arguing, among other things, that Jowers had breached several contractual agreements, including his employment contract and two loan contracts. Following a two-day bench trial, the Court issued its findings of facts and conclusions of law and entered judgment in favor of Plaintiff on September 15, 2022. (Dkts. 344, 345). The Court awarded Plaintiff $3,640,132.60 in damages, and $826,749.63 in pre-judgment interest in an amended final judgment on July 25, 2023. (Am. Final Judgment, Dkt. 402). On the

---

[1] Plaintiff changed its name from MWK Recruiting, Inc. to Counsel Holdings, Inc. over the course of the litigation.

1

date of this order, the Court granted in part Plaintiff's Motion for Attorney's Fees and Expenses and for Award of a Portion of Such Fees Against Jowers's Attorneys Under 28 U.S.C. § 1927, (Dkt. 347), and ordered that Plaintiff is awarded and shall recover from Jowers $1,905,335.00 in attorney's fees and $19,515.32 in recoverable expenses.

On November 23, 2022, Plaintiff filed its Motion for Turnover and to Appoint a Post-Judgment Receiver. (Dkt. 375). Jowers responded in opposition to the motion, (Dkt. 384), and Plaintiff replied in support of its motion, (Dkt. 390). On February 24, 2023, Plaintiff filed a Notice of Request to Appoint Seth Kretzer as Post-Judgment Receiver. (Dkt. 393). Plaintiff requests that this Court appoint a receiver pursuant to the Texas Turnover Statute to take possession of the nonexempt property of Jowers, sell said property, and pay the proceeds to Plaintiff to the extent necessary to satisfy the judgment and fees associated with the turnover proceeding. (Mot. Turnover, Dkt. 375).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) allows a party to "obtain a stay by providing a bond or other security" on execution of the judgment and proceedings to enforce it "[a]t any time after judgment is entered." Fed. R. Civ. P. 62(b). In the absence of such a stay, the judgment is enforceable. Fed. R. Civ. P. 62. Federal Rule of Civil Procedure 69 states that a money judgment is enforced by a writ of execution and that the procedure on execution, as well as in related proceedings, must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69.

In Texas, the relevant law provides that a judgment creditor is entitled to aid from a court to reach property to obtain satisfaction on the judgment if the judgment debtor owns property that (1) cannot readily be attached or levied by ordinary legal process, and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann.

§ 31.002(a) (the "Texas Turnover Statute"). The Court may offer aid to a judgment creditor to reach such property in a number of ways, including by appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b)(3).

### III. DISCUSSION

Appointing a receiver and ordering turnover is an unusual and extraordinary remedy. The Court should only resort to receivership when absolutely necessary. As the voluminous record indicates, this is no ordinary case, and the parties have continued to file a number of motions in the aftermath of the bench trial held nearly a year-and-a-half ago. The Court finds that this case presents circumstances in which the appointment of a receiver could aid in the payment of the judgment.

The Court awarded Plaintiff $3,640,132.60 in damages, and $826,749.63 in pre-judgment interest in an amended final judgment on July 25, 2023. (Am. Final Judgment, Dkt. 402). On the date of this order, the Court granted in part Plaintiff's Motion for Attorney's Fees and Expenses and for Award of a Portion of Such Fees Against Jowers's Attorneys Under 28 U.S.C. § 1927, (Dkt. 347), and ordered that Plaintiff is awarded and shall recover from Jowers $1,905,335.00 in attorney's fees and $19,515.32 in recoverable expenses. Accordingly, Jowers owes Plaintiff $6,391,732.55.

Plaintiff requests that this Court appoint a receiver to take possession of the nonexempt property of Jowers, sell said property, and pay the proceeds to Plaintiff to the extent necessary to satisfy the judgment and fees associated with the turnover proceeding. (Mot. Turnover, Dkt. 375). In its motion, Plaintiff notes that "[t]he Judgment is just, due, unpaid, and remains unsatisfied" and that Jowers has not yet made any payments on the judgment. (Mot. Turnover, Dkt. 375, at 1–2). Plaintiff notes that Jowers has not responded substantively to Plaintiff's post-judgment discovery requests. (*Id.* at 2; *see also* Order on Motion to Compel, (Dkt. 408); Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Comply With Court Orders,

3

(Dkt. 413)). Plaintiff also notes that Jowers has moved to Hong Kong, where he has many assets that "are non-exempt and cannot be attached or levied on by ordinary means." (Mot. Turnover, Dkt. 375, at 2, 5). Plaintiff asks the Court to appoint a receiver pursuant to the Texas Turnover Statute so that Jowers will satisfy the judgment. (*Id.* at 5).

In his opposition, Jowers argues that Plaintiff incorrectly asks the Court to apply state law, not federal law. (Opposition, Dkt. 384, at 1–2). But under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution, whose procedure on execution, as well as in related proceedings, is based on the procedure of the state where the court is located. Fed. R. Civ. P. 69. And as noted above, the Texas Turnover Statute provides that a judgment creditor is entitled to aid from a court to reach property to obtain satisfaction on the judgment if the judgment debtor owns property that (1) cannot readily be attached or levied by ordinary legal process, and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (the "Texas Turnover Statute"). Jowers also argues that Plaintiff has not provided enough evidence about the necessity of the relief it seeks. (Opposition, Dkt. 384, at 2–3). But Plaintiff has detailed a number of reasons why this unusual remedy is warranted here, and the voluminous case record is replete with evidence as to the extent of Jowers's lack of cooperation with court orders in this case. Accordingly, the Court finds that Jowers's opposition is inapposite.

Jowers has not paid the underlying judgment awarded to Plaintiff in this case. Further, with the Court's order granting Plaintiff an award of attorney's fees and expenses today, Jowers currently owes Plaintiff $6,391,732.55. The Court finds that Jowers owns non-exempt property that cannot readily be attached or levied upon by ordinary legal process and that Jowers has not posted bond pursuant to Federal Rule of Civil Procedure 62(b) and the judgment remains wholly unsatisfied. Accordingly, the Court finds that it is necessary to appoint a receiver and order turnover in this case.

4

## IV.    CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Turnover and to Appoint a Post-Judgment Receiver, (Dkt. 375), is **GRANTED**. The Court finds that Jowers owns non-exempt property that cannot readily be attached or levied upon by ordinary legal process and that Jowers has not posted bond pursuant to Federal Rule of Civil Procedure 62(b) and the judgment remains wholly unsatisfied.

**IT IS THEREFORE ORDERED**, **ADJUDGED**, and **DECREED** that Seth H. Kretzer (the "Receiver"), a member of the bar of this Court, is hereby appointed Receiver in this case pursuant to 28 U.S.C. § 959; Fed. R. Civ. P. 66, 69; and Tex. Civ. Prac. & Rem. Code § 31.002(a); with the power and authority to take possession of and sell all non-exempt property of Jowers for the purpose of satisfying the Judgment.[2] The authority of the Receiver shall include, but not be limited to, taking possession of all leviable property of Jowers, including, but not limited to, the following non-exempt property: (1) all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of Jowers; (2) all financial accounts, including bank accounts, certificates of deposit, and money-market accounts; (3) all securities; (4) all equipment, vehicles, boats, and planes; (5) all safety deposit boxes or vaults; (6) all cash; (7) all negotiable instruments, including promissory notes, drafts, and checks; (8) all causes of action or choses in action; (9) all contract rights, whether present or future; and (10) all accounts receivable; (11) intangible property and property rights, including but not limited to intellectual property rights such as internet domains, patents, copyrights and trademarks; (12) all documents or records, including financial records, related to Jowers, any community property of the marital estate whether in the name of Jowers or his spouse, or any other property or property interests; (13) all

---

[2] The authority granted to the Receiver by this Order shall apply until the entire amended judgment is satisfied or until revoked by the Court.

5

community property of the marital estate whether held in the name of Jowers or his spouse. All such property shall be held in *custodia legis* of the Receiver as of the date of this Order.

**IT IS FURTHER ORDERED** that Jowers turn over to the Receiver (1) the documents contained on Exhibit "A" attached hereto, together with all documents and financial records which may be requested by the Receiver; and (2) all checks, cash, securities (stocks and bonds), promissory notes, documents of title, and contracts owned by or in the name of Jowers. Jowers must turn these items over to the Receiver within five (5) business days from receipt of request by the Receiver with such request being construed liberally to include without limitation by mail, email, or verbally.

**IT IS FURTHER ORDERED** that Jowers continue, until the judgment in this case is fully paid, to turn over to the Receiver at his address all checks, cash, securities, promissory notes, documents of title, and contracts. Jowers must turn these items over within three (3) days of Jowers's receipt and/or possession of such property. Paychecks for current wages and social security income are exempt from this Order.

**IT IS FURTHER ORDERED** that, in addition to the powers of the Receiver set forth herein, the Receiver shall have the following rights, authority, and powers with respect to Jowers's property: (1) the right to collect all accounts receivable of Jowers, including but not limited to any amounts owed to Jowers by any entity; (2) the right to change locks at all premises at which any property is situated; (3) the right to endorse and cash all checks and negotiable instruments payable to Jowers, except paychecks for current wages and all checks made payable to Plaintiff or Plaintiff's attorney either from Jowers or paid on Jowers's behalf; (4) the right to hire any person or company to move and store the property of Jowers; (5) the right, but not the obligation, to insure any property belonging to Jowers including without limitation any account or asset in which the Jowers is a signatory, a beneficiary, or otherwise exerts control or management; (6) the right to obtain from any financial institution, bank, credit union, or savings and loan association any financial records

belonging to or pertaining to Jowers; (7) the right to obtain copies of Jowers's lease, lease application, credit application, payment history, and checks for rents or other payment from any landlord, building owner, or building manager where Jowers or his business is a tenant; (8) the right to hire any person or company necessary to accomplish any right or power under this Order; (9) the right to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, and leased premises wherein any property of Jowers may be situated, and to review and obtain copies of all documents related to the same; (10) the right to obtain all records of ownership of real properties, personal properties, or motor vehicles of Jowers in the possession of any applicable tax assessor/collector or central appraisal district, including any records of payments made or correspondence; (11) the right to obtain all records pertaining to Jowers from any provider of utilities, telephone service, or cell phone service;[3] (12) the right to obtain credit reports on Jowers and witnesses from any consumer reporting agency, as defined by the Fair Credit Reporting Act, pursuant to 16 U.S.C. § 1681b(a)(1); (13) the right to obtain from any creditor of Jowers (including mortgage companies) copies of Jowers's credit applications, payment history, and copies of Jowers's checks for payments; (14) the right to collect rent owed to Jowers from any tenants; and (15) the right to obtain from any person or entity that compensates Jowers, including through wages or commission, an itemization of all such compensation for the twelve (12) months preceding the date of the request, as well as any compensation anticipated in the six (6) months following.

**IT IS FURTHER ORDERED** that, in addition to the powers of the Receiver set forth herein, the Receiver shall have the right, authority and power to request and obtain from providers of utilities, telecommunications, telephone, cell phone, cable, internet, data services, internet website hosts, email service providers, satellite television services, and all similar services (including AT&T,

---

[3] The Court finds that the requirements of Section 182.054(1) of the Texas Utility Code and Public Utility Commission Substantive Rule 25.272(g)(1) permit this disclosure.

CenturyLink, Charter Spectrum, DirecTV, DISH Network, Frontier, Google, T-Mobile, Verizon, Xfinity, Yahoo, and internet blogs and chat rooms) the production of any information regarding Jowers and Jowers's spouse's payments, payment history and financial information, including account information, telephone numbers, names, service addresses, IP addresses, call detail records, payment records, and bank and credit card information belonging to or pertaining to Jowers or Jowers's spouse. This Order serves as the court order required by 47 U.S.C. § 551 and satisfies all obligations of the responding party to obtain or receive a court order prior to disclosing material containing personally identifiable information of the subscriber and/or customer. The Receiver shall have the power and authority to take control of Jowers's website by transferring Jowers's domain names to the Receiver's Domain name management account. This Order specifically serves as the court order required by Section 3(b) of the ICANN Uniform Domain Name Dispute Resolution Policy and satisfies all obligations of the Receiver to obtain and receive a court order prior to changing and transferring the domain name registrations in Jowers's names. Requests for information made by the Receiver will have the power of subpoena under federal law, and failure to comply with such requests may be treated by the Court as contempt of court.

      **IT IS FURTHER ORDERED** that this Order constitutes a Charging Order under the Texas Business Organizations Code. This order constitutes a lien upon Jowers's partnership interest in any partnership and Jowers's membership interest in any limited liability company. The Receiver has the right to receive any distribution to which Jowers would be entitled from Jowers's partnership or membership interest.

      Jowers is **ORDERED** to cooperate with the Receiver and to provide the documents listed in Exhibit A of this Order. The Court may use the power of contempt for knowing failure to comply with this Order.

This Order constitutes authority for the Receiver to collect from the Texas Comptroller of Public Accounts' Unclaimed Property Division any funds held in Jowers's name. Said sums are **ORDERED** to be forwarded to the Receiver by the Texas Comptroller upon receipt of this Order.

The Court **ORDERS** that any funds from any state or federal program payable to Jowers be paid directly to the Receiver. This Order constitutes authority for federal or state administrators to direct such payments to the Receiver in the manner the Receiver requests.

The Court **ORDERS** that any funds due to Jowers from any entity be paid directly to the Receiver. This Order constitutes authority for these entities to direct such payments to the Receiver in the manner the Receiver requests.

All employees of Jowers and persons under the control of Jowers are **ORDERED** to assist the Receiver in carrying out the powers enumerated herein, including, but not limited to, identifying the location of financial documents, the identity of debtors of Jowers, and the location of all financial accounts of Jowers.

**IT IS FURTHER ORDERED** that the Receiver shall post bond of $30,000 with the Clerk of the Court.

**IT IS FURTHER ORDERED** that the Receiver's combined receiver's fee will be an amount equal to 20% of all fees coming into his possession (before deducting out-of-pocket costs), which the Court finds is a customary and usual fee for a turnover receiver. Receiver's fees and expenses are taxed as costs against Jowers and are in addition to amounts owed under the judgment. The Receiver is further directed and authorized to pay Plaintiff's attorney, Robert E. Kinney, as trustee, the remaining proceeds coming into his possession. No receiver's fees exceeding 20% of all proceeds coming into his possession shall be paid to the Receiver unless an application is filed with and ruled on by this Court. All of the Receiver's fees will be taxed as costs against Jowers.

**IT IS FINALLY ORDERED** that the Receiver take the oath of his office.

Notwithstanding any contrary language herein, this Order does not compel turnover of the Jowers's homestead, real property, checks for current wages, or other exempt property.

Any request for relief by Plaintiff not granted herein is denied without prejudice. Any successive requests for relief should include a showing of specific need.

**SIGNED** on January 29, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A TO RECEIVERSHIP ORDER**
**DOCUMENTS TO BE TURNED OVER TO THE RECEIVER**

Any and all records, as hereinafter described, concerning affairs of Jowers; unless otherwise noted, for the period 2016 through the present.

1. canceled checks;

2. bank statements; pass books and other bank or financial institution records;

3. federal income and state franchise tax returns;

4. life insurance policies;

5. all motor vehicle Certificates of Title;

6. stock certificates and bonds;

7. promissory notes;

8. bills of sale;

9. real property deeds and deeds of trust (regardless of date);

10. business journals, ledgers, accounts payable and receivable files;

11. pledges, security agreements and copies of financial statements;

12. state sales tax reports;

13. any other record or document evidencing any ownership to real or personal property or to any debt owed or money had (regardless of date);

14. all personal property returns filed with any taxing authority, including but not limited to any central appraisal district or tax assessor/collector;

15. all documents listing or summarizing property owned by Jowers for the preceding 72 months;

16. credit applications and other documents stating debtors' financial condition for the preceding 36 months; and

17. all documents and records related to the community property of Jowers's marital estate.