## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **COUNSEL HOLDINGS, INC.** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **1:18-CV-444-RP** |
| **EVAN P. JOWERS,** | § | |
| Defendant. | § | |
| | § | |

## RESPONSE IN OPPOSITION TO MOTION TO STAY ENFORCEMENT OF JUDGMENT

Evan Jowers ("**Jowers**") seeks a stay of enforcement of the Court's judgment in this matter (the "**Judgment**"). The original Judgment [Dkt. 345] is now approaching 18 months old, and Jowers does not assert that he has posted a supersedeous bond, nor that he has made any payment.  Facing collection activity that he may find difficult to avoid, Jowers now posits in his Motion to Stay Enforcement of Judgment (the "**Motion**") that the Court should recognize that the Judgment is about to be reversed by legislative action and should stay its execution even without any security having been posted. The Motion should be denied.

From the perspective of the Court, this case is currently closed. (*See* Final Judgment, Dkt. 345 ("**IT IS FINALLY ORDERED** that this case is **CLOSED**.")). The Court's only remaining duty at this point is to enforce its Judgment. The Fifth Circuit has made clear that Rule 62 governs the stay of proceedings to enforce a judgment: "Rule 62(d) establishes a general rule that losing parties in the district

court can obtain a stay pending appeal *only by giving a supersedeas bond*." *MM Steel, L.P. v. JSW Steel (Usa) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014) (cleaned up) (emphasis added). Jowers does not cite this general rule, nor does he offer any argument regarding why his situation should permit him to overcome the rule. Under the circumstances, the Court does not have the power to accept an invitation to engage in conjecture with Jowers about the future state of the law and stay execution of the Judgment, even if it wanted to do so.

Even assuming, *arguendo*, that the proposed rulemaking of the FTC that Jowers cites would apply to the type of non-solicitation agreement underlying part of the Judgment (it would not), basic legal research makes it clear that under no circumstances could the FTC issue rules with the power to retroactively invalidate the parties' contracts. Moreover, even Congress's power to do so is strictly limited, because there is a traditional presumption against such retroactive applicability of legal changes:

> "Since the early days of this Court, we have declined to give retroactive effect to statutes burdening private rights unless Congress had made clear its intent […] The largest category of cases in which we have applied the presumption against statutory retroactivity has involved new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance."

*Landgraf v. USI Film Prods.*, 511 U.S. 244, 271 (1994). The rule, as the Supreme Court held, is that, if the "statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Id.* at 280 (emphasis added).

In summary, Jowers hopes that the Court will presume as he does that many things will occur in Congress before his appeal has been dispatched, none of which appear to be in the offing. Further, he hopes that the Court will act outside of its authority under Rule 62 and stay enforcement of the Judgment. The Motion lacks any legal basis and should be denied.

Dated: February 20, 2024                              Respectfully Submitted,


/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF
COUNSEL HOLDINGS, INC.**