IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MWK RECRUITING, INC.,<br><br>      Plaintiff<br><br>v.<br><br>EVAN P. JOWERS,<br><br>      Defendant. | Civil Action No. 1:18-CV-444-RP |

## DEFENDANT EVAN P. JOWERS'S RESPONSE TO OPPOSITION TO MOTION TO STAY ENFORCEMENT OF JUDGMENT AND CERTIFICATE OF COMPLIANCE WITH RULE 5.1 REGARDING SERVICE OF THE UNITED STATES ATTORNEY GENERAL AND FTC CHAIRWOMAN

Defendant Evan P. Jowers ("Defendant") hereby submits this Response to Plaintiff's opposition to motion to stay enforcement of judgment. Contemporaneously filed with this response is Defendant's declaration that he is notifying the United States Attorney General and Chairwoman of the Federal Trade Commission that Plaintiff has called into question the Federal Trade Commission's ability to promulgate the proposed rule that will ban past, present, and future non-compete agreements under the Federal Trade Commission Act, along with Congress's ability to make such a statute. In support of his Motion, Defendant states.

Plaintiff has directly challenged the FTC's ability to promulgate the proposed rule. Federal Trade Commission, *Non-Compete Clause Rule Notice of Proposed Rulemaking*, Federal Register / Vol. 88, No. 12 / Thursday, January 19, 2023,

https://www.govinfo.gov/content/pkg/FR-2023-01-19/pdf/2023-00414.pdf (the "Proposed Rule"). Defendant incorporates the Proposed Rule by reference into this reply. Without citing *any cases* from the Fifth Circuit, Plaintiff baldly asserts that "general rules" and "basic research makes it clear that under no circumstances could the FTC issue rules with the power to retroactively invalidate the parties' contracts. Moreover, even Congress's power to do so is strictly limited, because there is a traditional presumption against such retroactive applicability of legal changes[.]" However, more thorough research and nuanced parsing of the statutes and rules demonstrates otherwise.

> As to retroactivity of a regulation or statute:
>
> To determine whether a regulation may be applied retroactively, a reviewing court first examines whether the regulation clearly expresses whether it is to be applied retroactively. *Landgraf v. U.S.I. Film Products*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). If there is no clear expression as to retroactivity, the court then considers whether the regulation would have a retroactive effect. *Id.*; *I.N.S. v. St. Cyr*, 533 U.S. 289, 321, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). **There is a retroactive effect when the new regulation "takes away or impairs vested rights ... creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past."** *St. Cyr*, 533 U.S. at 321, 121 S.Ct. 2271 (internal quotation marks footnote and citations omitted).

*Perez Pimentel v. Mukasey*, 530 F.3d 321, 326 (5th Cir. 2008)

It appears that counsel for Plaintiff is confused. There is no constitutional limitation on federal agencies or Congress burdening or otherwise changing the terms of contracts so long as such an action satisfies the rational basis test. As our Supreme Court held, there is a

> *strong deference* accorded legislation in the field of national economic policy is no less applicable when that legislation is applied retroactively. Provided

> that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches[.]

*Pension Ben. Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729, 104 S. Ct. 2709, 2717–18, 81 L. Ed. 2d 601 (1984) (emphasis added).

As President Biden announced in his Executive Order on Promoting Competition in the American Economy (and the FTC made clear in its notice of proposed rulemaking and Proposed Rule), the purpose of the rule, and its retroactive application itself, is justified by a rational basis—*e.g.*, freeing employees from restrictive corporate bondage and freeing them to compete in our economy will raise wages for average ordinary Americans, it allow new business to start and flourish, and promote marketplace competition amongst corporations to keep and retain talent. *Pension Ben. Guar. Corp.*, 467 U.S. 717, 730, (1984); The White House, *Executive Order on Promoting Competition in the American Economy*, https://www.whitehouse.gov/briefing-room/presidential-actions/2021/07/09/executive-order-on-promoting-competition-in-the-american-economy/ (July 9, 2021). Furthermore, as FTC Chairwoman Lina Khan stated, everyday American workers are losing $300 billion dollars a year due to non-compete agreements. *See* CNBC Television, *FTC Chair Lina Khan on noncompete ban: Workers are losing $300 billion a year from noncompetes*, https://www.youtube.com/watch?v=KlMnmukAB_0 (last retrieved March 5, 2024). Hammering the home of the importance of this proposed rule, President Biden stated at the State of the Union Address of February 7, 2023, that:

> Thirty million workers have to sign non-compete agreements for the jobs they take… But not anymore. We are banning those [non-compete] agreements, where companies will have to compete for workers and pay them what they are worth.

Clearly, the federal government is justified under our Constitution to retroactively ban these anti-competitive non-compete agreements. To the extent that Plaintiff's counsel contends that the FTC or Congress cannot ban non-compete agreements, such a position must stem from their misreading of the Contract Clause, **Article I, § 10, clause 1**, which states that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." But that limitation only applies to the States—not the FTC or Congress. Again, the Supreme Court has thoroughly "contrasted the limitations imposed on States by the Contract Clause with the less searching standards imposed on economic legislation by the Due Process Clauses" which is whether it satisfies the rational basis test. *Pension Ben. Guar. Corp.*, 467 U.S. at 733. And it is Plaintiff's burden under the rational basis test to demonstrate that the FTC and/or Congress acted in an arbitrary and irrational way. *See id.* at 729. Obviously, for the reasons announced by President Biden, FTC Chairwoman Khan, the White House, and the FTC, the proposed rule passes the rational basis test. But in the abundance of caution, the United States must be allowed the opportunity to thoroughly brief this important issue of national economic and constitutional concern. *See* Fed. R. Civ. P. 5.1.

And as to Plaintiff's arguments concerning Rule 62(d), there is nothing in the Federal Rules that abrogates the Court's inherent authority and "power to stay proceedings . . . on its docket with economy of time and effort for itself, for counsel, and for litigants."

Indeed, the case it cited for that proposition cites *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 (5th Cir. 1990), which itself cites exceptions. That case states:

> We have recognized an exception to this general rule for situations in which the losing party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal.

Simply put, Rule 62(d) is just one of many mechanisms to stay a judgment pending appeal in this Circuit. Defendant has moved the Court for a stay under the Court's inherent authority because: (1) the FTC's action that will retroactively moot the underlying judgment, (2) Congressional action that will do the same, (3) the Fifth Circuit is hearing oral argument in this case, and (4) Plaintiffs will not be prejudiced because the Court just recently appointed a receiver, the judgment enforcement process (for all intents and purposes) had just begun, and if/when the underlying judgment is mooted, Plaintiff will have to return Defendant's goods and account for a setoff for Defendant's entitlement to attorneys fees and costs under section 57.105, Florida Statutes. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936). Indeed, Defendant submits that this is the *exact* situation where a stay is warranted to protect the status quo.

**WHEREFORE**, Defendant respectfully requests that the Court stay the judgment, dismiss the complaint, allow the United States the opportunity to opine on Plaintiff's opposition that challenges the Federal Trade Commission's and Congress's ability to promulgate rules/statutes retroactively banning non-compete agreements, and for such other relief that the Court deems appropriate.

Executed on March 5, 2024

By: */s/Evan Jowers*
*Pro Se*
Email: evan@jowersvargas.com
Phone: 917-292-8675

## CERTIFICATE OF SERVICE

I hereby certify that, on March 5, 2024, a true and accurate copy of the foregoing document was served via the Court's drop box, return receipt requested to all counsel of record.

*/s/Evan Jowers*
Evan Jowers

## CERTIFICATE OF SERVICE
## ON THE ATTORNEY GENERAL AND THE FTC CHAIR

**I HEREBY CERTIFY** that I served a copy of Defendants Evan P. Jowers's Motion to Stay Enforcement of Judgment, Response in Opposition to Motion to Stay Enforcement of Judgment, and the Defendant Evan P. Jowers's Response to Opposition to Motion to Stay Enforcement of Judgment and Declaration of Compliance with Rule 5.1 Regarding Service of the United States Attorney General and FTC Chairwoman on United States Attorney General Merrick Garland and the Federal Trade Commission Chairwoman Lina Khan in compliance with Rule 5.1 via United States Certified Mail, Return Receipt Requested.

*/s/Evan Jowers*
Evan Jowers

## CERTIFICATE OF COMPLIANCE

To the extent that artificial intelligence has been used to help draft this motion, but all citations and legal analysis, have been reviewed by a human. *See* Notice of Proposed Amendment to 5th Cir. R. 32.3.

*/s/Evan Jowers*
Evan Jowers