IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff MWK Recruiting, Inc./Counsel Holdings, Inc.'s ("Plaintiff")[1] Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Comply With Court Orders, (Dkt. 413); Defendant Evan P. Jowers's ("Jowers") response in opposition to the motion, (Dkt. 415); and Plaintiff's reply in support of its motion, (Dkt. 417). Plaintiff also submitted a notice regarding the motion, (Dkt. 433), after the Court ordered the parties to provide an update on the motion, (Dkt. 430). After reviewing the motion, the parties' briefing, and the relevant case law, the Court grants the motion.

**I. BACKGROUND**

The issues in this case stem primarily from an employment dispute between Jowers and Plaintiff. Plaintiff brought this action in state court on March 27, 2017, arguing, among other things, that Jowers had breached several contractual agreements, including his employment contract and two loan contracts. Following a two-day bench trial, the Court issued its findings of facts and conclusions of law and entered judgment in favor of Plaintiff on September 15, 2022. (Dkts. 344, 345). The Court awarded Plaintiff $3,640,132.60 in damages, and $826,749.63 in pre-judgment interest in an amended final judgment on July 25, 2023. (Am. Final Judgment, Dkt. 402). On the

---

[1] Plaintiff changed its name from MWK Recruiting, Inc. to Counsel Holdings, Inc.

date of this order, the Court granted in part Plaintiff's Motion for Attorney's Fees and Expenses and for Award of a Portion of Such Fees Against Jowers's Attorneys Under 28 U.S.C. § 1927, (Dkt. 347), and ordered that Plaintiff is awarded and shall recover from Jowers $1,905,335.00 in attorney's fees and $19,515.32 in recoverable expenses.

On September 25 and 26, 2022, Counsel Holdings served Jowers with post-judgment discovery, specifically twenty-five requests for production and eighteen interrogatories. (Mot. Compel, Dkt. 376, at 1). Jowers did not produce the requested documents and filed various objections to the requests for production and interrogatories. (*Id.* at 2–3). On November 25, 2022, Plaintiff filed a Plaintiff's Motion to Compel Discovery Responses. (Mot. Compel, Dkt. 376). On August 23, 2023, the Court granted in part Plaintiff's motion to compel post-judgment discovery responses, (Dkt. 376). (Dkt. 408). The Court ordered Jowers to respond by September 25, 2023 to Plaintiff's interrogatories and requests for production, subject to certain limitations. (Dkt. 408).

On October 11, 2023, Plaintiff filed its Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Comply With Court Orders. (Dkt. 413). Jowers responded in opposition to the motion, (Dkt. 415), and Plaintiff replied in support of its motion, (Dkt. 417). Plaintiff also submitted a notice regarding the motion, (Dkt. 433), after the Court ordered the parties to provide an update on the motion, (Dkt. 430).

## II. LEGAL STANDARD

Courts may impose sanctions for civil contempt as exercises of their inherent powers to protect their proper functioning and ensure "submission to their lawful mandates." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 227 (1821)). This "justification for the contempt authority is at its pinnacle . . . where contumacious conduct threatens a court's immediate ability to conduct its proceedings." *Id.* at 832. Under Federal Rule of Civil Procedure 37(b)(2)(A)(vii), " If a party . . . fails to obey an order to

provide or permit discovery . . . the court where the action is pending may . . . treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." It is this Court's practice to first hold a hearing on whether to hold a party in contempt.

### III. DISCUSSION

On August 23, 2023, the Court granted in part Plaintiff's motion to compel post-judgment discovery responses, (Dkt. 376). (Dkt. 408). The Court ordered Jowers to respond by September 25, 2023 to Plaintiff's interrogatories and requests for production, subject to certain limitations. (Dkt. 408). In its motion for an order to show cause, Plaintiff noted that, "Jowers has failed to produce a single document in response to the Court's order, even though responsive documents clearly exist." (Dkt. 413, at 1). Accordingly, Plaintiff requested that this Court order Jowers to show cause as to why he should not be held in contempt of court for failing to provide post-judgment discovery. (*Id.*). Plaintiff also asked the Court to "expand the time frame of the information Jowers is required to produce beyond the date of the Court's initial Judgment to include all of 2020, 2021, and 2022," because his "interrogatory responses indicate that he has substantially dissipated the significant assets he has previously claimed to possess." (*Id.*).

In his one-page response, Jowers "admits that there was a delay in producing the required documents" but states that "this delay was unintentional and arose from an internal office oversight." (Dkt. 415, at 1).

In its notice to the Court, Plaintiff notes that after it filed its Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Comply With Court Orders, (Dkt. 413),

> Jowers's attorneys produced 20 additional pages (bates labeled JOWERS00045-00064) on October 23, 2023. These pages consisted entirely of the financial audit report for Legis Ventures (HK) Company Limited for the year ended March 2022. Thereafter, Jowers produced

3

> nothing else until yesterday, February 11, 2024, when he produced 94 additional pages.
>
> … These new documents are partially duplicates of documents previously produce[d] and do almost nothing to answer the vast majority of the issues raised in the Motion.

(Dkt. 433, at 1–2).

Jowers did not respond to the Court's order to provide an update on the motion. (Dkt. 430).

The Court finds that Jowers should be required to show cause as to why the Court should not consider holding him in contempt of court until he produces documents responsive to Plaintiff's discovery requests. In his one-page response, Jowers admits to "a delay in producing the required documents" but states that "this delay was unintentional and arose from an internal office oversight." (Dkt. 415, at 1). However, according to Plaintiff, Jowers has not provided sufficient discovery since then—nor has he updated the Court on his efforts to do so.

At the show cause hearing, the Court will consider whether to expand the timeline of the discovery responses as well.

## IV.     CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for an Order to Show Cause Why Defendant Should Not Be Held in Contempt for Failure to Comply With Court Orders, (Dkt. 413), is **GRANTED**.

**IT IS THEREFORE ORDERED** that Jowers shall show cause as to why he should not be held in contempt of court until he produces documents responsive to Plaintiff's discovery requests. A hearing on this order to show cause shall be held in Courtroom 4, on the Fifth Floor,

4

United States Courthouse, 501 West Fifth Street, Austin, TX, on **April 19, 2024, at 1:30 PM**. Jowers and counsel for Plaintiff are ordered to appear.

    **SIGNED** on March 12, 2024.

 

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE