IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Defendant Evan P. Jowers's ("Jowers") Motion to Stay Enforcement of Judgment. (Dkt. 434). Plaintiff MWK Recruiting, Inc./Counsel Holdings, Inc. ("Plaintiff")[1] filed a response in opposition. (Dkt. 437). Jowers also filed a reply in support. (Dkt. 442).[2] After reviewing the motion, the parties' briefing, and the relevant case law, the Court finds that the motion should be denied.

### I. BACKGROUND

The issues in this case stem primarily from an employment dispute between Jowers and Plaintiff. Plaintiff brought this action in state court on March 27, 2017, arguing, among other things, that Jowers had breached several contractual agreements, including his employment contract and two loan contracts. Following a two-day bench trial, the Court issued its findings of facts and conclusions of law and entered judgment in favor of Plaintiff on September 15, 2022. (Dkts. 344, 345). The Court awarded Plaintiff $3,640,132.60 in damages, and $826,749.63 in pre-judgment

---

[1] Plaintiff changed its name from MWK Recruiting, Inc. to Counsel Holdings, Inc. over the course of the litigation.
[2] Jowers filed a motion for extension of time to file a reply in support of his Motion to Stay Enforcement of Judgment, (Dkt. 434). (Dkt. 438; *see also* Corrected Mot., Dkt. 439). Plaintiff did not oppose Jowers's request. In light of the lack of opposition, **IT IS ORDERED** that the motion for extension, (Dkts. 438, 439), is **GRANTED**. Jowers's reply in support of his Motion to Stay Enforcement of Judgment, (Dkt. 442), is deemed timely filed.

1

interest in an amended final judgment on July 25, 2023. (Am. Final Judgment, Dkt. 402). On the date of this order, the Court granted in part Plaintiff's Motion for Attorney's Fees and Expenses and for Award of a Portion of Such Fees Against Jowers's Attorneys Under 28 U.S.C. § 1927, (Dkt. 347), and ordered that Plaintiff is awarded and shall recover from Jowers $1,905,335.00 in attorney's fees and $19,515.32 in recoverable expenses.

On November 23, 2022, Plaintiff filed its Motion for Turnover and to Appoint a Post-Judgment Receiver. (Dkt. 375). Jowers responded in opposition to the motion, (Dkt. 384), and Plaintiff replied in support of its motion, (Dkt. 390). On February 24, 2023, Plaintiff filed a Notice of Request to Appoint Seth Kretzer as Post-Judgment Receiver. (Dkt. 393). Plaintiff requests that this Court appoint a receiver pursuant to the Texas Turnover Statute to take possession of the nonexempt property of Jowers, sell said property, and pay the proceeds to Plaintiff to the extent necessary to satisfy the judgment and fees associated with the turnover proceeding. (Mot. Turnover, Dkt. 375). On January 29, 2024, the Court granted Plaintiff's Motion for Turnover and to Appoint a Post-Judgment Receiver, (Dkt. 375). (Dkt. 428). Subsequently, Plaintiff posted the required bond, (Dkt. 431), and Seth Kretzer filed the receiver's notarized oath, (Dkt. 432).

Jowers then filed a Motion to Stay Enforcement of Judgment. (Dkt. 434). Plaintiff filed a response in opposition. (Dkt. 437). Jowers then filed a reply in support of his motion. (Dkt. 442).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) allows a party to "obtain a stay by providing a bond or other security" on execution of the judgment and proceedings to enforce it "[a]t any time after judgment is entered." Fed. R. Civ. P. 62(b). In the absence of such a stay, the judgment is enforceable. Fed. R. Civ. P. 62; *see also Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir. 1990) ("Rule 62(d) establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond.").

## III. DISCUSSION

In his Motion to Stay Enforcement of Judgment, Jowers argues that the Court should stay enforcement of the judgment for two reasons: "(1) the Federal Trade Commission's imminent rulemaking will ban noncompete agreements in the United States and otherwise moot the judgment at issue in this case, and (2) that the United States Court of Appeals for the Circuit Court has ordered oral argument as to whether the final order of this Court should be reversed." (Dkt. 434, at 1). Plaintiff filed a response in opposition, noting that Jowers has not posted a supersedeas bond pursuant to Rule 62(d). (Dkt. 437). Jowers's reply focused primarily on his argument regarding the Federal Trade Commission. (Dkt. 442).

The Court concurs with Plaintiff. Under Rule 62(d), "losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp.*, 918 F.2d at 463–64; *see also* Fed. R. Civ. P. 62(b). If a party does not post a supersedeas bond to obtain a stay, the judgment is enforceable. Here, Jowers has not provided a supersedeas bond, so the judgment is enforceable. Accordingly, his motion to stay the enforcement of the judgment must be denied.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the motion for extension, (Dkts. 438, 439), is **GRANTED**. Jowers's reply in support of his Motion to Stay Enforcement of Judgment, (Dkt. 442), is deemed timely filed.

**IT IS FURTHER ORDERED** that Jowers's Motion to Stay Enforcement of Judgment, (Dkt. 434), is **DENIED**.

**SIGNED** on March 12, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE