IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MWK RECRUITING, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-444-RP |
| EVAN P. JOWERS, | § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Dismissed Defendant Yuliya Vinokurova's ("Vinokurova") Application for Attorneys' Fees and Expenses. (Dkt. 406). Plaintiff MWK Recruiting, Inc./Counsel Holdings, Inc. ("Plaintiff")[1] filed a response in opposition to the motion, (Dkt. 409), and Vinokurova filed a reply in support, (Dkt. 412). After reviewing the motion, the parties' briefing, and the relevant case law, the Court denies the motion.

### I. BACKGROUND

The issues in this case stem from an employment dispute between Evan Jowers ("Jowers") and Plaintiff. Plaintiff also sued Dismissed Defendants Vinokurova, Alejandro Vargas ("Vargas"), and Legis Ventures (HK) Company Limited ("Legis Ventures") (collectively, the "Dismissed Defendants"). Plaintiff brought this action in state court on March 27, 2017. Jowers then timely removed to this Court. (Dkt. 1). On March 25, 2019, Plaintiff filed a Second Amended Complaint that included four claims against Vinokurova, Vargas, Legis Ventures, and Jowers (collectively, "Defendants") for (1) federal trade secret misappropriation, (2) Texas trade secret misappropriation, (3) breach of contract, and (4) civil conspiracy. (2d Am. Compl., Dkt. 80). On April 17, 2019,

---

[1] Plaintiff changed its name from MWK Recruiting, Inc. to Counsel Holdings, Inc. during the course of the litigation.

1

Defendants moved to dismiss the second amended complaint. (Dkt. 84). On July 29, 2019, the Court granted in part and denied in part the motion to dismiss. (Order, Dkt. 87). The Court dismissed, *inter alia*, all four of Plaintiff's claims against Vinokurova for failure to state a claim upon which relief could be granted. (*Id.* at 31). On June 16, 2020, Jowers sought entry of final judgment as to the Dismissed Defendants. (Dkt. 177). The Court denied this request, indicating that it would render final judgment as to these parties and claims "after the district court renders its decision on the remaining claims or as to the remaining parties." (Order, Dkt. 229).

The rest of the case proceeded against the sole remaining Defendant, Jowers, for more than three years. Following a two-day bench trial, the Court issued its findings of fact and conclusions of law and entered judgment in favor of Plaintiff on September 15, 2022. (Dkts. 344). The Court issued a final judgment on September 19, 2022. (Final Judgment, Dkt. 345). The parties then filed three motions regarding the final judgment: (1) on September 23, 2022, Jowers once again sought entry of a final judgment as to the Dismissed Defendants, (Notice, Dkt. 346); (2) on October 10, 2022, Plaintiff moved to amend the judgment to, *inter alia*, clarify that the Dismissed Defendants were dismissed without prejudice, (Mot., Dkt. 354); and (3) the next day, Vinokurova moved to render judgment as to the Dismissed Defendants and to clarify whether these dismissals were with prejudice, (Mot., Dkt. 355). On July 25, 2023, the Court granted Vinokurova's motion with respect to her request to amend the final judgment to incorporate the July 29, 2019 dismissals and clarified that those claims were dismissed with prejudice.[2] (Order, Dkt. 401; *see also* Am. Final Judgment, Dkt. 402).

On August 8, 2023, Vinokurova filed her Application for Attorneys' Fees and Expenses. (Dkt. 406). In her motion, Vinokurova seeks $61,011 in attorney's fees from Plaintiff under Section

---

[2] Vinokurova also asked the Court to amend the judgment to explicitly permit Vinokurova to seek attorney's fees. The Court declined her request without prejudice. (Order, Dkt. 401, at 8 n.2).

2

15.51(c) of the Texas Covenants Not to Compete Act of the Texas Business and Commerce Code. (*Id.* at 1). Vinokurova states that she paid $61,011 to DLA Piper LLP for its representation of her, which lasted approximately eighteen months. (*Id.*). Plaintiff filed a response in opposition to the motion, (Dkt. 409), and Vinokurova filed a reply in support, (Dkt. 412).

## II. LEGAL STANDARD

### A. The Federal Rules of Civil Procedure

Under Federal Rule of Civil Procedure 54(d)(2)(B)(i), a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). "The Federal Rules of Civil Procedure were adopted in 1938 against the backdrop of the American Rule," the American custom that all parties pay their own attorney's fees. *Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017) (quoting *Marek v. Chesny*, 473 U.S. 1, 8 (1985)) (cleaned up).

### B. The Texas Business and Commerce Code

Under Texas law, the recovery of attorney's fees must be authorized by statute. *See Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Section 15.51(c) of the Texas Business and Commerce Code authorizes the recovery of attorney's fees in cases involving covenants not to compete under the following circumstances:

> If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, the promisor establishes that the promisee knew at the time of the execution of the agreement that the covenant did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee, the court may award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant.

Tex. Bus. & Comm. Code § 15.51(c). In other words, the recovery of attorney's fees is authorized if: (1) the non-compete agreement did not contain reasonable limitations as to time, geographical area, and scope of activity to be restrained; (2) the employer knew at the time of execution of the non-compete agreement that the limitations were overly restrictive; and (3) the employer sought to enforce the non-compete agreement to a greater extent than was necessary to protect its goodwill or other business interests. *Id.* Section 15.51(c) "preempts an award of attorney's fees under any other law." *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 645 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (cleaned up).

### C. The Lodestar Method

Federal courts sitting in diversity typically apply the lodestar method in calculating reasonable attorneys' fees under Texas law. *See, e.g.*, *Rappaport v. State Farm Lloyds*, 2001 WL 1467357, at *3 (5th Cir. 2001) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (describing the lodestar method as the "most useful starting point for determining the amount of a reasonable fee"); *see also Gordon v. Quicksilver Jet Sales, Inc.*, No. A-09-CA-409-SS, 2010 WL 3239266, at *1 (W.D. Tex. Aug. 16, 2010) (using the lodestar method to calculate attorneys' fees for plaintiff asserting breach of contract claim until Texas law). Under this approach, the district court first multiplies the number of hours reasonably expended on the litigation by a reasonable hourly billing rate. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *see also El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). Once the lodestar figure is initially determined, the court may adjust the figure upward or downward as necessary in light of several enumerated factors. *La. Power*, 50 F.3d at 324.[3] The

---

[3] The lodestar amount is presumptively reasonable and should only be adjusted in exceptional circumstances based on the following *Johnson* factors: (1) the time and labor required for litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorneys had to refuse other work to litigate the case; (5) the attorneys' customary fee; (6) whether the fee was fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was undesirable; (11) the type of attorney-client relationship and whether the relationship was

4

burden is on the party seeking attorneys' fees to demonstrate entitlement to the amount sought, including any adjustment or enhancement. *Jackson v. Host Int'l, Inc.*, 426 Fed. App'x. 215, 226 (5th Cir. 2011). An award of attorneys' fees is entrusted to the "sound discretion" of the district court. *Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990).

### III. DISCUSSION

At the outset, the Court notes that Vinokurova filed her motion for attorney's fees 14 days after the amended final judgment was entered. (*See* Am. Final Judgment, Dkt. 402; Mot., Dkt. 406). Therefore, her motion is timely under Rule 54(d)(2)(B)(i). The Court also notes that Vinokurova's employment agreement is governed by Texas law. (*See* Vinokurova Emp't Agreement, Dkt. 80-2, ¶ 12). Accordingly, Vinokurova's motion for attorney's fees is governed by Texas law.

Vinokurova's employment agreement contains the following language regarding non-competition:

> 8. <u>NON-SOLICITATION COVENANTS</u>
>
> 8.1: For a period of one year following the effective date of termination of the Employee's employment, the Employee shall not, in the course of the personnel placement service business, solicit or provide services to any candidate or client with whom the Employee had contact with, knowledge of, or access to during the twelve months immediately preceding the effective date of termination, and shall not assist any entity other than the Company in so doing.
>
> 8.2: For a period of one year following the effective date of termination of the Employee's employment, the Employee shall not solicit or hire away any employee of the Company, or any person whose employment with the Company has been terminated for less than six months, nor shall Employee induce, solicit, or otherwise encourage any supplier, independent contractor, or any other business relation of the Company, or in any way interfere with the relationship between any such employee, supplier, independent contractor, or other business relation and the Company (including, without limitation, making any negative or disparaging statements regarding the Company or its respective officers, directors, employees, or principals).

---

longstanding; and (12) awards made in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

(Vinokurova Emp't Agreement, Dkt. 80-2, ¶ 8).[4]

Vinokurova seeks attorney's fees under Section 15.51(c) to recover the attorney's fees she owes DLA Piper for its work on her case, which resulted in the Court granting her motion to dismiss Plaintiff's claims against her in the second amended complaint. (Mot., Dkt. 406).[5] In response, Plaintiff argues that Vinokurova has not met her burden under Section 15.51(c). (Resp., Dkt. 408). To state a claim to recover attorney's fees under Section 15.51(c), Vinokurova must allege that: (1) the non-compete agreement did not contain reasonable limitations as to time, geographical area, and scope of activity to be restrained; (2) Plaintiff knew at the time of execution of the non-compete agreement that the limitations were overly restrictive; and (3) Plaintiff sought to enforce the non-compete agreement to a greater extent than was necessary to protect its goodwill or other business interests. Tex. Bus. & Comm. Code 15.51(c).

Vinokurova fails on the first factor because the Court cannot find that the non-compete agreement was unreasonably broad with respect to time, geography, and scope. The Court did not adjudicate the merits of Vinokurova's non-compete agreement in its order dismissing her as a

---

[4] The employment agreement also includes an indemnity clause that plainly authorizes attorney's fees—but in the other direction. The contract provides in pertinent part:
> 10. INDEMNIFICATION
> 10.1 The Employee shall indemnify and save the Company harmless from all claims, demands, and actions arising out of the Employee's breach of this Agreement, and shall reimburse the Company for all costs, damages and expenses, **including reasonable attorney's fees,** which the Company pays or becomes obligated to pay by reason of such activities of breach.

(Vinokurova Emp't Agreement, Dkt. 80-2, ¶ 10.1 (emphasis added)). Vinokurova seeks attorney's fees from Plaintiff, not the other way around. However, Section 15.51(c) "makes no provision for an award of fees to an employer." *Glattly*, 332 S.W.3d at 645; *see also NuVaise, Inc. v. Lewis*, No. A-12-CA-1156-SS, 2014 WL 12873101, at *6 (W.D. Tex. Oct. 23, 2014) (finding that Section 15.51 precludes an employer from recovering attorney's fees for claim of breach of non-competition agreement).

[5] The Court notes that troublingly, Vinokurova does not distinguish between the time her attorneys spent on each of Plaintiff's four claims: (1) federal trade secret misappropriation, (2) Texas trade secret misappropriation, (3) breach of contract, and (4) civil conspiracy. (2d Am. Compl., Dkt. 80; *see also* Order, Dkt. 87, at 31 (dismissing, *inter alia*, all four of Plaintiff's claims against Vinokurova)). Vinokurova fails to separate her attorneys' work on the breach-of-contract claim from their work on the other three claims. (*See* Mot., Dkt. 406; Reply, Dkt. 412).

6

defendant. The Court simply found that there were not "sufficiently detailed allegations that Vinokurova breached the restrictive covenants" because Plaintiff did not detail "what information Vinokurova allegedly disclosed, what attorney candidates she placed, what contact she had with candidates, or whether her conduct occurred during the non-compete period in her agreement." (Order, Dkt. 87, at 28). Accordingly, while Vinokurova's claims were dismissed with prejudice, the Court never found that the non-compete agreement was unreasonable. The Court later found that a very similar non-compete agreement—Jowers's—was enforceable. (*See* Order, Dkt. 87, at 26–27 (citing identical language from the two employment agreements)); *see also* Order, Dkt. 344, at 32 (slightly reforming the scope of Jowers's employment agreement but upholding it as not overbroad, overlong, or unconscionable)).

Thus, Vinokurova has failed to meet her burden of establishing that the non-compete agreement was unreasonably broad in all three respects (time, geographic limitations, and scope). Accordingly, the Court will not analyze the other two factors and will exercise its discretion to deny Vinokurova's request for attorney's fees under Section 15.51(c). *See* Tex. Bus. & Com. Code Ann. § 15.51(c) ("[T]he court *may* award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant.") (emphasis added); *see also Pittsburgh Logistics Sys., Inc. v. Barricks*, No. 4:20-CV-04282, 2022 WL 2353334, at *10 (S.D. Tex. June 30, 2022) ("[a]ttorneys' fees awards are discretionary under" Section 15.51(c)) (citing Tex. Bus. & Comm. Code § 15.51(c)).

## IV.     CONCLUSION

For the reasons set forth above, Vinokurova's Application for Attorneys' Fees and Expenses, (Dkt. 406), is **DENIED**.

**SIGNED** on July 30, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE