# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **COUNSEL HOLDINGS, INC.** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 1:18-CV-444-RP | |
| **EVAN P. JOWERS,** § | | |
| Defendant. § | | |
| § | | |

## PLAINTIFF'S UNOPPOSED CONSOLIDATED MOTION FOR ADMINISTRATIVE CLOSURE, TERMINATION OF RECEIVERSHIP, AND RELEASE OF RECEIVER BOND

Counsel Holdings, Inc. ("**Plaintiff**") files this Unopposed Consolidated Motion for Administrative Closure, Termination of Receivership, and Release of Receiver Bond. In support, Plaintiff respectfully shows the Court as follows:

### I.   Background

This action arises from a judgment entered in favor of Plaintiff against Defendant Evan P. Jowers ("**Jowers**" or "**Defendant**"). Following entry of judgment, and in aid of enforcement, the Court entered its Order Granting Motion for Turnover and Appointing Post-Judgment Receiver on January 29, 2024 (Dkt. 428), appointing Seth H. Kretzer as receiver.

Pursuant to that Order, the receiver was required to post a bond in the amount of $30,000. The bond was deposited with the Clerk of Court on February 5, 2024 (Dkt. 431).

Following continued litigation and related proceedings, the Parties participated in a judicial settlement conference and thereafter entered into a written Stipulation of Settlement resolving the disputes at issue in this case and in a related federal action. The settlement provides for a structured payment arrangement extending over time and expressly contemplates that this action and the related federal action shall be administratively closed during the pendency of Defendant's payment obligations, with the Court retaining jurisdiction to reopen the cases in the event of a default.

The settlement further provides that, in connection with administrative closure of this action, the post-judgment receivership shall be terminated and the receiver bond released and returned.

Defendant does not oppose the relief requested in this Motion.

**II.     Argument**

**A.     Administrative Closure**

Federal courts possess inherent authority to manage their dockets, including the authority to administratively close cases that are inactive but may require reopening in the future. *See Southern Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004)**.** Administrative closure is not a dismissal, does not divest the Court of jurisdiction, and preserves the Court's ability to reopen the case upon motion. Here, the Parties have resolved the dispute but require the case to remain subject to reopening during the settlement payment

period. Administrative closure is therefore appropriate, conserves judicial resources, and is expressly contemplated by the Parties' settlement agreement.

### B. Termination of Receivership and Release of Bond

The receivership in this case was imposed solely as a post-judgment enforcement mechanism. In light of the Parties' settlement and the agreed administrative closure of the case, continuation of the receivership is no longer necessary.

Upon termination of the receivership and discharge of the receiver, there is no further basis for the $30,000 bond posted with the Clerk of Court to remain on deposit. The settlement expressly provides for release and return of the bond in connection with administrative closure of this action.

Accordingly, the Court should enter an order terminating the receivership, discharging the receiver, and directing the Clerk of Court to release and return the receiver bond.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1. administratively closing this action and the related federal action during the pendency of Defendant's settlement payment obligations;

2. retaining jurisdiction to reopen the action upon motion in the event of a default under the settlement agreement;

3. terminating the post-judgment receivership and discharging the receiver;

4. directing the Clerk of Court to release and return the $30,000 receiver bond deposited in connection with the receivership; and

5. granting such other and further relief as the Court deems just and proper.

Dated: December 18, 2025       Respectfully Submitted,

/s/ Robert E. Kinney
Robert E. Kinney
Texas State Bar No. 00796888
Robert@KinneyPC.com

**Robert E. Kinney**
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF
COUNSEL HOLDINGS, INC.**

### CERTIFICATE OF SERVICE

On December 18, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).